PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY (erroneously sued and served as "SHERIFF DEPUTY BADGE NUMBER 404532")**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>      Plaintiffs,<br><br>      v.<br><br>COUNTY OF LOS ANGELES;<br>SHERIFF DEPUTY BADGE<br>NUMBER 404532; And DOES 1<br>through 10,<br><br>      Defendants. | **Case No.: 2:22-cv-05367 RGK(MAAx)**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MOLSHREE GUPTA, ESQ.**<br><br>**Date:** November 7, 2022<br>**Time:** 9:00 a.m.<br>**Dept:** 850<br><br>[Proposed] Order Granting Motion to Dismiss and Request for Judicial Notice filed concurrently herewith]<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: TBD<br>Trial Date: TBD<br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

1

**TO PLAINTIFF JOSHUA ASSIFF, AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on November 7, 2022, at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 850 of the above-entitled court, located at 411 West Fourth Street, Santa Ana, California, Defendants COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY (erroneously sued and served as "SHERIFF DEPUTY BADGE NUMBER 404532") ("Defendants") will, and hereby do, move the court to *dismiss* the action pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) and/or to *strike* Plaintiff's prayer for punitive damages pursuant to Federal Rules of Civil Procedure, Rule 12(f) (the "Motion"). The Motion will be made on the grounds: a) Plaintiff Joshua Assif's ("Plaintiff")  the Fourteenth Amendment claim is superfluous and should be dismissed; the Complaint filed by Plaintiff and each of the two causes of action alleged therein, fail to state a claim upon which relief can be granted; c) Plaintiff's first cause of action against "Defendant DEPUTY" premised on the arrest without probable cause is barred under the doctrine of collateral estoppel; and d) Plaintiff has failed to state an entitlement to punitive or exemplary damages.

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and Request for Judicial Notice filed herewith, upon the pleadings, records and papers on file in this action, and upon such evidence as may be presented at the time of the hearing on this Motion.

Dated: September 28, 2022                    KJAR, MCKENNA & STOCKALPER, LLP


                                            By:    ___/s/Molshree Gupta_____
                                            PATRICK E. STOCKALPER
                                            MOLSHREE GUPTA
                                            Attorneys for Defendants,
                                            COUNTY OF LOS ANGELES and SERGEANT
                                            TRAVIS KELLY

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

On August 2, 2022, Plaintiff Joshua Assif ("Plaintiff") filed the instant Complaint for Violation of Civil Rights (the "Complaint").  Plaintiff alleges two causes of action: 1) First Cause of Action - 42 U.S.C. § 1983 Against Defendant DEPUTY; and 2) Second Cause of Action - Violation of 42 U.S.C. § 1983 - Unlawful Custom and Practice Against Defendant COUNTY (*Monell* Claim).

As a preliminary matter, Plaintiff's the Fourteenth Amendment claim is superfluous and should be dismissed.  Further, the Complaint and each of the two causes of action alleged therein, fail to state a claim upon which relief can be granted.  Moreover, Plaintiff's first cause of action against "Defendant DEPUTY" premised on the arrest without probable cause is barred under the doctrine of collateral estoppel.  Finally, Plaintiff has failed to state an entitlement to punitive or exemplary damages.

Therefore, and for each of the reasons set forth, the Complaint and/or his prayer for punitive damages must be dismissed pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 12(b)(6) and 12(f).

## II.  STATEMENT OF FACTS

Plaintiff alleges that, on or about September 24, 2021, he, a 21-year old black male, was pulled over and subsequently arrested by a male Caucasian motorcycle officer for no apparent reason and without probable cause.  (Complaint, ¶¶ 9-12.)  He further alleges that he was tasered, choked, pepper sprayed and beaten, all in violation of his constitutional rights.  (Complaint, ¶¶ 1, 12.)

As to the subject Deputy, Plaintiff alleges that he "acting under color or law or color of authority, deprived Plaintiff of his rights, privileges, or immunities secured by the State and Federal Constitutions, by arresting Plaintiff without probable cause and with use of excess force in violation of the Fourth and Fourteenth Amendment to the United States Constitution." (Complaint, ¶ 15.)  As to the County, alleges in a conclusory manner that the "County knowingly and intentionally promulgated, maintained, applied, enforced, and

continued policies, customs, practices and usages… include[ing], without limitation, the employment of motorcycle and other officers to make unnecessary and unwarranted traffic stops to bully and harass African American drivers. This would include among other things, the initiation of frivolous traffic stops, arrest without probably cause, and the use of excessive force to effectuate the arrest." (Complaint, ¶ 21.)

On September 25, 2021, a judicial officer of the State of California found that there was probable cause[1] for Plaintiff's subject arrest for California *Penal Code* sections 69 and 243(b), i.e. that there was probable cause to believe that Plaintiff committed a crime. (See Exhibits "A" – "C".)

## III.    PLAINTIFF FAILS TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED

The FRCP govern the sufficiency of a pleading in federal actions. *Harris v. Rand* (9th Cir. 2012) 682 F.3d 846, 850. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain factual allegations that plausibly show the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 556, 678. Rule 12(b)(6) of the FRCP provides for a Motion to Dismiss for failure to state a claim for relief.

Under Rule 12(b)(6) of the FRCP, a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus* (2007) 551 U.S. 89, 94. However, the presumption of truth does not apply to conclusory allegations, legal assertions couched as a factual allegation or mere restatements of the elements of a claim. *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678, 680-81. Furthermore, courts are not bound to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court

---

[1] Defendants request the Court to take judicial notice of a true and correct copy of the Probable Cause Determination, executed by Judicial Officer C. Estes on September 25, 2021, attached hereto as Exhibit "A." Defendants request further judicial notice of true and correct copies of the statutory language of California *Penal Code* sections 69 and 243(b), attached hereto as Exhibits "B" and "C," respectively.

4

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d 979, 988 (citation omitted), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft*, *supra*, 556 U.S. at 678 (internal citation and quotation omitted).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id.*  The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.*

Only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Ashcroft*, *supra*, 556 U.S. at 679.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.*  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"— "that the pleader is entitled to relief."  *Id.*  (citing *Fed. Rule Civ. Proc.* 8(a)(2)).

### a. PLAINTIFF'S FOURTEENTH AMENDMENT CLAIM IS SUPERFLOUS AND SHOULD BE DISMISSED

As a preliminary matter, claims of unreasonable arrest and seizure and/or excessive force during the arrest are governed by the Fourth Amendment's analysis.

"If, in a Section 1983 suit, the plaintiff's claims can be analyzed under an explicit textual source of rights in the Constitution, a court should not resort to the 'more subjective standard of substantive due process.'"  *Hufford v. McEnaney* (9th Cir. 2001) 249 F.3d 1142, 1151 (citing, *Armendariz v. Penman* (9th Cir. 1996) 75 F.3d 1311, 1319

(en banc); see, *Albright v. Oliver* (1994) 510 U.S. 266, 273 ("The first step in any [§ 1983] claim is to identify the specific constitutional right allegedly infringed."); *Graham v. Connor* (1989) 490 U.S. at 395 ("The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right...").

Where a Section 1983 plaintiff alleges that he has been unlawfully seized, the Court has held that the Fourth Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims. See, *Graham, supra*, 490 U.S. at 394. Indeed, "the Fourth Amendment applies to searches and seizures in the civil context and may serve to resolve the legality of these governmental actions without reference to other constitutional provisions." *U.S. v. James Daniel Good Real Property* (1993) 510 U.S. 43, 51.

Because the Fourth Amendment's legal standard governs all claims relating to "unreasonable search or seizures," including those alleged by Plaintiff's the Fourteenth Amendment claim is superfluous and should be dismissed.

### b. PLAINTIFF'S FIRST CAUSE OF ACTION FAILS AS A MATTER OF LAW

#### i. Plaintiff Cannot Establish Lack of Probable Cause

Probable cause to arrest or detain is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest or false imprisonment, as the lack of probable cause is a necessary element of each. *Mustafa v. City of Chicago* (7th Cir. 2006) 442 F.3d 544, 547; see also *Hutchinson v. Grant* (9th Cir. 1986) 796 F.2d 288, 290 (holding that "a police officer has immunity if he arrests with probable cause").

Under California Penal Code section 836, a peace officer may arrest a person without a warrant if the officer has probable cause to believe that the person to be arrested has committed a felony. Cal. *Penal Code* § 836(a)(3); see *United States v. DiRe* (1948) 332 U.S. 581, 589; *United States v. Branch* (9th Cir. 1973) 483 F.2d 955, 956.

While Plaintiff alleges that he was arrested without probable cause, a judicial officer found on September 25, 2022 that there was probable cause to believe that Plaintiff

committed violations of California *Penal Code* sections 69 (obstructing or resisting an officer) and 243(b) (battery against an officer) during the subject September 24, 2021 incident.

A "finding of probable cause … is a final judgment on the merits for the purposes of collateral estoppel under the California law...." *Evans v. Cnty. of Los Angeles* (C.D. Cal. 2021) 529 F. Supp. 3d 1082, 1095 (aff'd, No. 21-55406, 2022 WL 3359171 (9th Cir. Aug. 15, 2022)) (citing *McCutchen v. City of Montclair* (Cal. Ct. App. 1999) 73 Cal. App. 4th 1138, 1145-46).   Given that a judicial officer made a probable cause determination, i.e. a finding that "there (x) is … probable cause to believe [Plaintiff] … committed a crime," Plaintiff is collaterally estopped from alleging lack of probable cause.

### ii.  Plaintiff Cannot Establish Excessive Force

"Government employees generally are shielded by qualified immunity from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Jimenez v. County of Los Angeles* (Cal. Ct. App. 2005) 130 Cal. App. 4th 133, 144 (internal citations omitted). "By 'clearly established' the court means 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.' In other words, an officer is not liable for his 'reasonable mistakes.' " *Venegas v. County of Los Angeles* (Cal. Ct. App. 2007) 153 Cal. App. 4th 1230, 1241-1242.

"A public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. *Gov. Code* § 820.2. The discretionary immunity provided by Section 820.2 requires the defendant to have carried out a discretionary act "in the sense of assuming certain risks in order to gain other policy objectives." *Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 794.

7

California courts have held that a "decision that involves the exercise of analysis and judgment as to what is just and proper under the circumstances" is a discretionary act entitled to immunity from civil damage action. *Estate of Abdoilahi v. County of Sacramento* (E.D. Cal. 2005) 405 F. Supp. 2d 1194, 1214 (quoting, *Kemmerer v. County of Fresno* (1988) 200 Cal. App. 3d 1426, 1438. With respect to police actions, "section 820.2 provides immunity to peace officers for their discretionary acts in arrest situations." *Price v. County of San Diego* (S.D. Cal. 1998) 990 F. Supp. 1230, 1244.

"Inherent in [the] authorization to detain is the authority to use reasonable force to effectuate the detention." *Muehler v. Mena* (2005) 544 U.S. 93, 93. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation*." Graham v. Connor* (1989) 490 U.S. 386, 396-397.

Here, Plaintiff alleges that he "was tasered, choked, pepper sprayed, beaten…all in violation of [his] constitutional rights" (Complaint, ¶ 1.) Accepting Plaintiff's version of the facts, a reasonable officer in the subject Deputy's position could not have believed that employing force to quickly gain control of a chaotic situation was unlawful. See, *Gilligan v. County of Sonoma* (N.D. Cal. 2001) 2001 WL 1658287, 3 (Deputy did not employ excessive force in shoving his knee in the middle of the plaintiff's back and shoulders to effectuate an arrest); *Arpin v. Santa Clara Valley Transp. Agency* (9th Cir. 2001) 261 F.3d 912, 921-22 (finding reasonable use of force in handcuffing arrestee who stiffened her arm in resistance); *Eberle v. City of Anaheim* (9th Cir.1990) 901 F.2d 814, 816  (applying an index-finger control hold to a cooperative arrestee is reasonable where the officers were under a duty to keep a situation from escalating); *Forrester v. City of San Diego* (9th Cir. 1994) 25 F.3d 804, 805 (officers employed reasonable force in using pain compliance techniques to remove passive demonstrators).

Thus, even assuming Plaintiff's allegations are true, the facts alleged do not establish that the subject Deputy utilized unreasonable or excessive force to effectuate Plaintiff's arrest.  Therefore, the subject Deputy is entitled to qualified immunity.

### c. PLAINTIFF'S SECOND CAUSE OF ACTION FAILS AS A MATTER OF LAW

To recover against a municipal entity under Section 1983, a plaintiff must prove a pattern of unconstitutional acts by government officials which are "so permanent and well settled as to constitute an [unspoken] 'custom or usage' with the force of law." *Monell v. Department of Social Servs.* (1978) 436 U.S. 658, 98 S. Ct. 2018, 2036, 56 L.Ed.2d 611.   Further, liability under Section 1983 requires the identification of a municipal 'policy' or 'custom' that caused the plaintiff's injury.  *Bd. of County Comm'rs of Bryan County v. Brown* (1997) 520 U.S. 397, 403-04, 117 S. Ct. 1382, 137 L. Ed. 2d 626.

Since *Iqbal*, *supra*, courts have repeatedly rejected conclusory *Monell* allegations that lack factual content from which one could plausibly infer *Monell* liability. See, e.g., *Rodriguez v. City of Modesto* (9th Cir. 2013) 535 Fed. App'x 643, 646 (affirming district court's dismissal of *Monell* claim based only on conclusory allegations and lacking factual support); *Via v. City of Fairfield* (E.D. Cal.2011) 833 F. Supp. 2d 1189, 1196 (citing cases).

The Complaint alleges in a conclusory manner that the "County knowingly and intentionally promulgated, maintained, applied, enforced, and continued policies, customs, practices and usages… include[ing], without limitation, the employment of motorcycle and other officers to make unnecessary and unwarranted traffic stops to bully and harass African American drivers. This would include among other things, the initiation of frivolous traffic stops, arrest without probably cause, and the use of excessive force to effectuate the arrest." (Complaint, ¶ 21.)   Absent from the Complaint are any factual allegations supporting these conclusory statements.

In the absence of any facts to support their *Monell* claim, it is respectfully submitted that the Second Cause of Action for municipal liability under Section 1983 be dismissed, with prejudice.

## IV.   PLAINTIFF FAILS TO STATE AN ENTITLEMENT TO PUNITIVE DAMAGES

Under Rule 12(f) of the FRCP, the court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter.  Here, it is not controversial that Plaintiff is not entitled to punitive or exemplary damages against the County, as a municipality is immune from punitive damages under 42 U.S.C. § 1983.  *City of Newport v. Fact Concerts, Inc.* (1981) 453 U.S. 247, 271.  Nevertheless, Plaintiff seeks punitive damages on both causes of action.  (Complaint, at Prayer.)

Moreover, Plaintiff's Complaint alleges in conclusory statements against both Defendants that they were "wanton, willful, deliberate, and in conscious disregard of the rights and feelings of Plaintiff, was undertaken with the intent to cause Plaintiff injury and constitutes malice, actual, express and implied."  (Complaint, ¶¶ 18, 25.)   However, absent from the Complaint are any factual allegations supporting these conclusory statements, against either Defendant.

For the foregoing reasons, Defendants request that this Court strike the foregoing allegations regarding and prayer for punitive damages from the Complaint.

///
///
///
///
///
///
///
///
///

## V.    **CONCLUSION**

As Plaintiff's present Action is barred under both the doctrine of res judicata, by applicable statutes of limitation, and contains causes of action that are insufficiently pled. Therefore, the Complaint and Plaintiff's entire action should be dismissed pursuant to FRCP Rule 12(b)(6) and Plaintiff's allegations and prayer for punitive damages must be stricken. Accordingly, this Court should grant this Motion and issue an order dismissing the present Action forthwith.

Dated: September 28, 2022                    KJAR, MCKENNA & STOCKALPER, LLP

                                   By:    _/s/Molshree Gupta_____
                                          PATRICK E. STOCKALPER
                                          MOLSHREE GUPTA
                                          Attorneys for Defendants,
                                          COUNTY OF LOS ANGELES and SERGEANT
                                          TRAVIS KELLY

1

### DECLARATION OF MOLSHREE GUPTA

2    I, MOLSHREE, ESQ., declare and state as follows:

3        1.      I am an attorney at law duly licensed to practice as such before all the courts

4    of the State of California and am an associate in the law offices of Kjar, McKenna &

5    Stockalper, LLP, attorneys of record for moving parties, COUNTY OF LOS ANGELES

6    and SERGEANT TRAVIS KELLY in the action entitled *Kisaka v. University of*

7    *Southern California* CV 21-04757-CJC (GJS).

8        2.      I have personal knowledge of the matters set forth herein, and if called to

9    testify, I could and would competently testify to the facts set forth in this Declaration

10   based upon my personal knowledge.

11       3.      Attached as Exhibit "A" and incorporated herein by this reference is a true

12   and correct copy of Probable Cause Determination, executed by Judicial Officer C. Estes

13   on September 25, 2021.

14       4.      Attached as Exhibit "B" and incorporated herein by this reference is a true

15   and correct copy of the statutory language of California *Penal Code* section 69.

16       5.      Attached as Exhibit "C" and incorporated herein by this reference is a true

17   and correct copy of statutory language of California *Penal Code* sections 243.

18       6.      On September 21, 2022, I prepared and sent a meet and confer

19   correspondence to Plaintiff's counsel outlining Defendant's position, and that it was

20   Defendant's intent to file a motion to dismiss pursuant to FRCP Rule 12(b)(6) and to

21   strike pursuant to FRCP Rule 12(f).  Attached as Exhibit "D" and incorporated herein by

22   this reference is a true and correct copy of my September 21, 2022 correspondence to

23   Plaintiff's counsel.

24       7.      The subject Motion To Dismiss and To Strike was the appropriate means of

25   seeking a dismissal of Plaintiff's barred and improper claims and prayer from the

26   Complaint in order to protect Defendant's legal interests.

27   ///

28   ///

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 28, 2022, at El Segundo, California.

*/s/Molshree Gupta*
PATRICK E. STOCKALPER
MOLSHREE GUPTA

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES