# EXHIBIT D

## Spencer Carter

| | |
|---|---|
| **From:** | Spencer Carter |
| **Sent:** | Wednesday, September 21, 2022 11:13 AM |
| **To:** | Thomas Ferlauto |
| **Cc:** | Patrick Stockalper; Molshree Gupta; Suzanne Swartz |
| **Subject:** | 610-2: Assiff, Joshua vs. County of Los Angeles, et al. |
| **Attachments:** | Letter to PC encl. M&C re FRCP 12 Motions to Dismiss and Strike (final).PDF |

Good afternoon Counsel:

On behalf of Molshree Gupta, please find correspondence of today's date in this matter.  Should you have any questions or comments, please contact Ms. Gupta directly.

Regards,



**Spencer Carter**
Paralegal to Anastasia Olano & Molshree Gupta
**KJAR, MCKENNA & STOCKALPER LLP**
841 Apollo Street, Suite 100
El Segundo, CA 90245
(424) 217-3026 – Telephone
(424) 367-0401 – Facsimile
(424)-367-0374– Direct Dial
scarter@kmslegal.com
www.kmslegal.com

**THIS MESSAGE IS CONFIDENTIAL**, INTENDED FOR THE NAMED RECIPIENT(S) AND MAY CONTAIN INFORMATION THAT IS (I) PROPRIETARY TO THE SENDER, AND/OR, (II) PRIVILEGED, CONFIDENTIAL, AND/OR OTHERWISE EXEMPT FROM DISCLOSURE UNDER APPLICABLE STATE AND FEDERAL LAW, INCLUDING, BUT NOT LIMITED TO, PRIVACY STANDARDS IMPOSED PURSUANT TO THE FEDERAL HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 ("HIPAA"). IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR BY TELEPHONE AT (424) 217-3026 AND DESTROY THE ORIGINAL TRANSMISSION AND ITS ATTACHMENTS WITHOUT READING OR SAVING THEM TO DISK. THANK YOU.



KJAR
McKENNA
STOCKALPER

September 21, 2022

Via E-Mail: tmf@lawofficetmf.com
Thomas M. Ferlauto, Esq.
Law Office of Thomas M. Ferlauto, APC
25201 Paseo de Alicia, Ste. 270
Laguna Hills, CA 92653

Re: *Assiff, Joshua v County of Los Angeles, et al.*
Our File Number        :        610-2
Case No.               :        2:22-CV-05367-RAO
Trial Date:            :        Not Set

Dear Counsel:

This correspondence is to meet and confer regarding deficiencies in Plaintiff's Complaint in lieu of a Motion to Dismiss and Motion to Strike under Federal Rule of Civil Procedure 12, and to arrange a telephonic conference to further discuss these issues personally.  As you are aware, Defendants' responsive pleading must be filed no later than September 28, 2022.  As such, please advise your availability to confer on either September 22 or 23, 2022.

## Motion To Dismiss Under Fed.R.Civ.P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for a Motion to Dismiss for failure to state a claim for relief.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (internal citation and quotation omitted).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id.*  The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  *Id.*

Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Ashcroft*, *supra*, 556 U.S. at 679.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.*  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."  *Id.*  (citing *Fed. Rule Civ. Proc.* 8(a)(2)).

Kjar, McKenna & Stockalper, LLP  |  LA (424) 217-3026  |  OC (657) 237-7533  |  www.kmslegal.com

PLEASE REPLY TO: LOS ANGELES OFFICE

**Los Angeles County**
841 Apollo St, Suite 100
El Segundo, CA 90245

**Orange County**
7711 Center Avenue, Suite 350
Huntington Beach, CA 92647

Re: *Assiff, Joshua v County of Los Angeles, et al.*
September 21, 2022
Page 2



**First Cause of Action - Violation of 42 USC 1983 Against Defendant Deputy**

Plaintiff alleges that the subject Deputy "acting under color or law or color of authority, deprived Plaintiff of his rights, privileges, or immunities secured by the State and Federal Constitutions, ***by arresting Plaintiff without probable cause and with use of excess force*** in violation of the Fourth and Fourteenth Amendment to the United States Constitution." (Complaint, ¶ 15.)

**Plaintiff's Fourteenth Amendment Claim**:   As a preliminary matter, claims of unreasonable arrest and seizure and/or excessive force during the arrest are governed by the Fourth Amendment's analysis.

"If, in a Section 1983 suit, the plaintiff's claims can be analyzed under an explicit textual source of rights in the Constitution, a court should not resort to the 'more subjective standard of substantive due process.'" *Hufford v. McEnaney* (9th Cir. 2001) 249 F.3d 1142, 1151 (citing, *Armendariz v. Penman* (9th Cir. 1996) 75 F.3d 1311, 1319 (en banc); see, *Albright v. Oliver* (1994) 510 U.S. 266, 273 ("The first step in any [§ 1983] claim is to identify the specific constitutional right allegedly infringed."); *Graham v. Connor* (1989) 490 U.S. at 395 ("The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right...").

Where a Section 1983 plaintiff alleges that he has been unlawfully seized, the Court has held that the Fourth Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims. See, *Graham, supra*, 490 U.S. at 394.  Indeed, "the Fourth Amendment applies to searches and seizures in the civil context and may serve to resolve the legality of these governmental actions without reference to other constitutional provisions." *U.S. v. James Daniel Good Real Property* (1993) 510 U.S. 43, 51.

Because the Fourth Amendment's legal standard governs all claims relating to "unreasonable search or seizures," including those alleged by Plaintiff's the Fourteenth Amendment claim is superfluous and should be dismissed.

**Probable Cause**:  Probable cause to arrest or detain is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest or false imprisonment, as the lack of probable cause is a necessary element of each. *Mustafa v. City of Chicago* (7th Cir. 2006) 442 F.3d 544, 547; see also *Hutchinson v. Grant* (9th Cir. 1986) 796 F.2d 288, 290 (holding that "a police officer has immunity if he arrests with probable cause").

Under California *Penal Code* section 836, a peace officer may arrest a person without a warrant if the officer has probable cause to believe that the person to be arrested has committed a felony. Cal. *Penal Code* § 836(a)(3); see *United States v. DiRe* (1948) 332 U.S. 581, 589, 68 S. Ct. 222, 92 L. Ed. 210; United States v. Branch (9th Cir. 1973) 483 F.2d 955, 956.

Plaintiff is collaterally estopped from arguing lack of probable cause, because a "finding of probable cause … is a final judgment on the merits for the purposes of collateral estoppel under the

Re: *Assiff, Joshua v County of Los Angeles, et al.*
September 21, 2022
Page 3



California law...." *Evans v. Cnty. of Los Angeles* (C.D. Cal. 2021) 529 F. Supp. 3d 1082, 1095 (aff'd, No. 21-55406, 2022 WL 3359171 (9th Cir. Aug. 15, 2022)) (citing *McCutchen v. City of Montclair* (Cal. Ct. App. 1999) 73 Cal. App. 4th 1138, 1145-46, 87 Cal. Rptr. 2d 95). In the present case, a judicial officer made a probable cause determination, i.e. a finding that "there (x) is … probable cause to believe [Plaintiff] … committed a crime." (Enclosed herewith is a Probable Cause Determination, signed by C. Estes on September 25, 2021.)

**Excessive Force**: "Government employees generally are shielded by qualified immunity from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Jimenez v. County of Los Angeles* (2005) 130 Cal. App. 4th 133, 144 (internal citations omitted) (emphasis added). "By 'clearly established' the court means 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.' In other words, an officer is not liable for his 'reasonable mistakes.' " Venegas v. County of Los Angeles (2007) 153 Cal. App. 4th 1230, 1241-1242.

"A public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. *Gov. Code* § 820.2. The discretionary immunity provided by Section 820.2 requires the defendant to have carried out a discretionary act "in the sense of assuming certain risks in order to gain other policy objectives." *Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 794.

California courts have held that a "decision that involves the exercise of analysis and judgment as to what is just and proper under the circumstances" is a discretionary act entitled to immunity from civil damage action. *Estate of Abdoilahi v. County of Sacramento* (E.D. Cal. 2005) 405 F.Supp.2d 1194, 1214 (quoting, *Kemmerer v. County of Fresno* (1988) 200 Cal.App.3d 1426, 1438). With respect to police actions, "section 820.2 provides immunity to peace officers for their discretionary acts in arrest situations." *Price v. County of San Diego* (S.D. Cal. 1998) 990 F.Supp.1230, 1244.

"Inherent in [the] authorization to detain is the authority to use reasonable force to effectuate the detention." *Muehler v. Mena* (2005) 544 U.S. 93, 93. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Graham v. Connor* (1989) 490 U.S. 386, 396-397.

Here, Plaintiff alleges that he "was tasered, choked, pepper sprayed, beaten…all in violation of [his] constitutional rights" (Complaint, ¶ 1.) Even when accepting Plaintiff's version of the facts, a reasonable officer in the subject Deputy's position could not have believed that employing force to quickly gain control of a chaotic situation was unlawful. See, *Gilligan v. County of Sonoma* (N.D. Cal. 2001) 2001 WL 1658287, 3 (Deputy did not employ excessive force in shoving his knee in the middle of the plaintiff's back and shoulders to effectuate an arrest); *Arpin v. Santa Clara Valley Transp. Agency* (9th Cir. 2001) 261 F.3d 912, 921-22 (finding reasonable use of force in handcuffing arrestee who stiffened her arm in resistance); *Eberle v. City of Anaheim* (9th Cir.1990)

Re: *Assiff, Joshua v County of Los Angeles, et al.*
September 21, 2022
Page 4



901 F.2d 814, 816  (applying an index-finger control hold to a cooperative arrestee is reasonable where the officers were under a duty to keep a situation from escalating); *Forrester v. City of San Diego* (9th Cir. 1994) 25 F.3d 804, 805 (officers employed reasonable force in using pain compliance techniques to remove passive demonstrators).

Thus, even assuming Plaintiff's allegations are true, the facts alleged do not establish that the subject Deputy utilized unreasonable or excessive force to effectuate Plaintiff's' arrest. Therefore, the subject Deputy is entitled to qualified immunity.

## Second Cause of Action - Violation of 42 USC 1983 Unlawful Custom and Practice Against Defendant County (*Monell* Claim)

In order to recover against a government entity or supervisor under Section 1983, a plaintiff must prove a pattern of unconstitutional acts by government officials which are "so permanent and well settled as to constitute an [unspoken] 'custom or usage' with the force of law."  *Monell v. Department of Social Servs.* (1978) 436 U.S. 658, 98 S. Ct. 2018, 2036, 56 L.Ed.2d 611  . Further, liability under Section 1983 requires the identification of a municipal 'policy' or 'custom' that caused the plaintiff's injury.  *Bd. of County Comm'rs of Bryan County v. Brown* (1997) 520 U.S. 397, 403-04, 117 S. Ct. 1382, 137 L. Ed. 2d 626 .

Since *Iqbal*, *supra*, courts have repeatedly rejected conclusory *Monell* allegations that lack factual content from which one could plausibly infer *Monell* liability. See, e.g., *Rodriguez v. City of Modesto* (9th Cir. 2013) 535 Fed. App'x 643, 646 (affirming district court's dismissal of *Monell* claim based only on conclusory allegations and lacking factual support); *Via v. City of Fairfield* (E.D. Cal.2011) 833 F. Supp. 2d 1189, 1196 (citing cases).

The Complaint alleges in a conclusory manner that the "County knowingly and intentionally promulgated, maintained, applied, enforced, and continued policies, customs, practices and usages… include[ing], without limitation, the employment of motorcycle and other officers to make unnecessary and unwarranted traffic stops to bully and harass African American drivers. This would include among other things, the initiation of frivolous traffic stops, arrest without probably cause, and the use of excessive force to effectuate the arrest." (Complaint, ¶ 21.)  Absent from the Complaint are any factual allegations supporting these conclusory statements.

## Motion To Strike Under Fed.R.Civ.P. 12(b)(6)

Plaintiff is not entitled to punitive or exemplary damages against the County, as a municipality is immune from punitive damages under 42 U.S.C. § 1983.  *City of Newport v. Fact Concerts, Inc.* (1981) 453 U.S. 247, 271, 101 S. Ct. 2748, 2762, 69 L. Ed. 2d 616.

Moreover, Plaintiff's Complaint alleges in conclusory statements that "Defendant was wanton, willful, deliberate, and in conscious disregard of the rights and feelings of Plaintiff, was undertaken with the intent to cause Plaintiff injury and constitutes malice, actual, express and implied." (Complaint, ¶¶ 18, 25.)   Once again, absent from the Complaint are any factual allegations supporting these conclusory statements, against either the subject Deputy or the County.

Re: *Assiff, Joshua v County of Los Angeles, et al.*
September 21, 2022
Page 5



### <u>Conclusion</u>

As discussed above, please advise as soon as possible regarding your availability for a telephonic conference regarding the issues raised herein. We look forward to working amicably with you to resolve these issues.


Very truly yours,

KJAR MCKENNA & STOCKALPER

PATRICK E. STOCKALPER
MOLSHREE GUPTA

PES/sms

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

**PROBABLE CAUSE DETERMINATION (DECLARATION)**

| Location Booked: SCT | Booking No.: 6252590 | Arrest File No.: |
|---|---|---|

| Arrestee/Suspect (Last, First, Middle): ASSIFF, JOSHUA | DOB: 10/25/2000 |
|---|---|

| Arrestee/Suspect's Residential Address: 30150 LEXINGTON DR CASTAIC, CA 91384 | Location of Occurrence: 27567 SIERRA HWY, CANYON COUNTRY |
|---|---|

| Booking Charge(s): 69 PC, 243(B) PC | Misdemeanor ☒<br>Felony ☒ | Supplemental Holds/Warrants Charges: |
|---|---|---|

| Date/Time of Arrest: 09/24/2021 0830 hrs | 48 Hour Expiration Date and Time: 09/26/2021 0830 hrs |
|---|---|

| Arresting Agency/Division: 0601 - LASD - SANTA CLARITA VLY PATROL (SCV) | Arresting Officer(s): KELLY, T. | Employee No.: 404532 |
|---|---|---|

| Supervisor(s) Approving: Elsee, R.<br>Greene, K. | Employee No.: 451339<br>464259 | Date/Time: 09/24/2021 1329 hrs<br>09/25/2021 0859 hrs | Contact Phone No.: 661-255-1121<br>661-799-5130 |
|---|---|---|---|

Facts establishing elements of offense(s)/violation(s). Information identifying/connecting arrestee/suspect by name with the violation(s) listed:

S/Assiff was stopped for not stopping for a red traffic signal ( a violation of 21453(a) CVC). S/Assiff refused to provide his drivers license and was ordered out of the vehicle. As Sgt.Kelly took hold of S/Assiff left wrist, S/Assiff pulled away and kicked Sgt. Kelly in the leg. Sgt. Kelly requested for backup, and ordered S/Assiff out of the vehicle. S/Assiff was pepper sprayed, and as Sgt. Kelly and Dep. Clark were attempting to pull S/Assiff out of the vehicle, he punched Dep. Clark in the chest. S/Assiff continued resisting and kicking at Sgt. Kelly and Dep. Clark.

A taser was used by an assisting deputy to gain control of S/Assiff so he could be removed from the vehicle. S/Assiff was taken to the ground, where he continued to kick at Sgt. Kelly and resist being handcuffed. S/Assiff had to be tased once more before he complied and was handcuffed.

☐ **See attached reports incorporated herein by reference.**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on <u>09/24/2021</u>  <u>1106 hrs</u>  in the County of Los Angeles, California.
  (date)    (time)

| <u>e-signed</u> | <u>Kelly, T.</u> | <u>404532</u> |
|---|---|---|
| (Signature) | (Print Name) | (Employee No.) |

| **Telephonic Determination ONLY** | **Probable Cause Determination** |
|---|---|
| On _____, I was placed under oath and read the contents of the foregoing, including the contents of any attached reports or declaration, verbatim to the Honorable _____. The Judicial Officer advised me that there<br>(  ) **IS** (  ) **IS NOT** probable cause to believe this arrestee has committed a crime.<br>I declare under penalty of perjury that the foregoing is true and correct. Executed in Los Angeles County, California, on | On the basis of either reports reviewed and/or officer's declaration I hereby determine that there<br>( x ) **IS** (  ) **IS NOT** probable cause to believe this arrestee has committed a crime.<br><br><br><u>Estes, C. (e-signed)</u>    <u>09/25/2021 0915 hrs</u><br>(Judicial Officer's Signature) |
| _____ _____<br>(Signature)    (Employee No.) | <br>(Block Stamp) |

CRIM 064 Revised:  102108