THOMAS M. FERLAUTO (SBN 155503)
LAW OFFICE OF THOMAS M. FERLAUTO, APC
25201 Paseo de Alicia, Suite 270
Laguna Hills, California 92653
Telephone: 949-334-8650
Fax: 949-334-8691
Email: TMF@lawofficeTMF.com

Attorney for Plaintiff, JOSHUA ASSIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSHUA ASSIFF,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,**<br><br>　　　　**Defendants.** | Case No. 2:22-cv-05367 RGK (MAAx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS**<br><br>**Date:** November 7, 2022<br>**Time:** 9:00 a.m.<br>**Dept:** 850<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: TBD<br>Trial Date: TBD<br>Assigned to: Hon. R. Gary Klausner, District Judge, Courtroom 850<br>All Discovery Matters Referred to: Hon. Maria A. Audero, District Judge |

Plaintiff **JOSHUA ASSIFF** (hereinafter referred to as "ASSIFF" or "Plaintiff") hereby respectfully submits the following memorandum of points and authorities in opposition to the motion to dismiss under FRCP 12(b)(6) filed in this action by Defendants COUNTY OF LOS ANGELES ("COLA") and SERGEANT TRAVIS KELLY ("KELLY") (hereinafter COLA and KELLY shall collectively be referred to as "Defendants").

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES

…………………………………………………..………………….p. 6

I. INTRODUCTION

…………………………………………………..………………….p. 6

II. STANDARD OF RULING ON MOTION TO DISMISS

…………………………………………………..………………….p. 7

III. THERE IS NO COLLATERAL ESTOPPEL ON THE ISSUE OF PROBABLE CAUSE

…………………………………………………..………………….p. 9

IV. PLAINTIFF WAS ARRESTED WITH EXCESSIVE FORCE

…………………………………………………..………………….p. 11

V. PLAINTIFF HAS ADEQUATELY ALLEGED A "MONELL" CLAIM

…………………………………………………..………………….p. 12

VI. IN THE EVENT THAT THE COURT IS INCLINED TO GRANT ANY PART OF THE DEFENDANTS' MOTION, PLAINTIFF REQUESTS AN OPPORTUNITY TO AMEND

…………………………………………………..………………….p. 13

VII. CONCLUSION

…………………………………………………..………………….p. 14

# TABLE OF AUTHORITIES

**STATUTES AND RULES**

42 USC § 1983
……………………………………………………………………………………….p. 6

Federal Rule of Civil Procedure 12(b)(6)
 ……………………………………………………………………………………..p. 6,7

Federal Rule of Evidence 201
……………………………………………………………………………………….p. 9

Federal Rule of Civil Procedure 15(a)
………………………………………………………………………………….p. 13, 14

*CASES*

*Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011)
………………………………………………………………………………………..p. 8

*Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)
………………………………………………………………………………………..p. 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
………………………………………………………………………………………..p. 8

*Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998)
…………………………………………………………………………………..p. 8, 11, 13

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)
………………………………………………………………………………………..p. 8

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)
………………………………………………………………………………………..p. 8

*Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009)
………………………………………………………………………………………..p. 8

*In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996)
…………………………………………………………………………………p. 8, 9

*Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998)
…………………………………………………………………………………p. 9

*In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999)
…………………………………………………………………………………p. 9

*Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)
…………………………………………………………………………………p. 9

*Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir.1995)
…………………………………………………………………………………p. 9

*Younan v. Caruso*, 51 Cal.App.4th 401, 406-07, 59 Cal.Rptr.2d 103 (1996)
…………………………………………………………………………………p. 9

*Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996)
…………………………………………………………………………………p. 9

*Town of North Bonneville v. Callaway*, 10 F.3d 1505, 1508 (9th Cir.1993)
…………………………………………………………………………………p. 9

*Offshore Sportswear, Inc. v. Vuarnet International, B.V.*, 114 F.3d 848, 850 (9th Cir.1997)
…………………………………………………………………………………p. 10

*Evans v. Cnty. of Los Angeles*, 529 F. Supp. 3d 1082 (C.D. Cal. 2021)
…………………………………………………………………………………p. 10, 11

*Jimenez v. County of Los Angeles*, 130 Cal.App.4th 133 (Cal. Ct. App. 2005)
…………………………………………………………………………………p. 11

*Venegas v. County of Los Angeles*, 153 Cal.App.4th 1230, (Cal. Ct. App. 2007)
…………………………………………………………………………………p. 12

*United States v. Corinthian Colleges*, 655 F3d 984, 995 (9th Cir. 2011)
…………………………………………………………………………………p. 13

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

*Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F3d 930 (7th Cir. 2012)
………………………………………………………………………………….p. 13

*National Council of La Raza v. Chegavske,* 800 F3d 1032, 1041 (9th Cir. 2015)
………………………………………………………………………………….p. 13

*Davoodi v. Austin Independent School Dist.*, 755 F3d 307, 310 (5th Cir. 2014)
………………………………………………………………………………….p. 13, 14

*Foman v. Davis*, 371 US 178, 182, 83 S.Ct. 227, 230 (1962)
………………………………………………………………………………….p. 14

*Sonoma County Ass'n of Retired Employees v. Sonoma County,* 708 F3d 1109, 1117 (9th Cir. 2013)
………………………………………………………………………………….p. 14

*Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana,* 786 F3d 510, 520, 523 (7th Cir. 2015)
………………………………………………………………………………….p. 14

*Ynclan v. Department of Air Force,* 943 F2d 1388, 1391 (5th Cir. 1991)
………………………………………………………………………………….p. 14

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff **JOSHUA ASSIFF** (hereinafter referred to as "ASSIFF" or "Plaintiff") hereby respectfully submits the following memorandum of points and authorities in opposition to the motion to dismiss under FRCP 12(b)(6) filed in this action by Defendants COUNTY OF LOS ANGELES ("COLA") and SERGEANT TRAVIS KELLY ("KELLY") (hereinafter COLA and KELLY shall collectively be referred to as "Defendants").

## I. INTRODUCTION

Plaintiff is a 21-year old black male and a student at Antelope Valley College where he plays basketball. Plaintiff was driving from his home to a teammate's house in order to carpool to basketball practice. For no apparent reason and without probable cause, KELLY, a male Caucasian motorcycle Sheriff deputy, pulled Plaintiff over. For no apparent reason and without probable cause, KELLY – as well as other deputies who subsequently responded to the call – all tasered, choked, pepper sprayed, beat and arrested Plaintiff. Plaintiff has asserted two causes of action – the First Cause of Action against KELLY for violation of 42 USC § 1983 (arrest without probable cause and with excessive force), and the Second Cause of Action against COLA for violation of 42 USC § 1983 (*Monell* liability).

Defendants argue that the issue of probable cause has been conclusively determined, and Plaintiff is precluded by collateral estoppel from disputing a finding purportedly made on an ex parte booking form entitled Probable Cause Determination (Declaration) and apparently e-signed by a California Superior Court Judge. The fact that Defendants would even forward such an argument is worrisome. The "determination" was made only 24 hours after the arrest, before Plaintiff obtained counsel, while Plaintiff was not present, without an opportunity by Plaintiff or Plaintiff's counsel to be heard, and based solely on a six-line declaration e-signed by KELLY. This was not a final judgment on the merits or even a probable cause finding after a preliminary hearing. This issue was not litigated, Plaintiff was not a

party with an opportunity to be heard, and this was not a final determination on the merits. Collateral estoppel simply does not apply.

Defendants argue that KELLY is protected by qualified immunity, but qualified immunity is not a license for cops to beat innocent motorists. The allegations of the Complaint represent a clear and unmistakable violation of Plaintiff's rights that any law enforcement officer would realize was in violation of the law. Assuming the truthfulness of the allegations of the Complaint, KELLY is not entitled to qualified immunity and must be held liable for his actions.

Defendants argue that the *Monell* claim against COLA fails, because the allegations are conclusory and unsupported by facts. Once again, the facts alleged in the complaint are presumed to be true as well as any reasonable inferences drawn from those facts. Plaintiff alleges these non-conclusory facts to support his *Monell* claim: 1) The County has a policy or custom to employ motorcycle and other officers to make unnecessary and unwarranted traffic stops to bully and harass African American drivers. 2) The County has a policy or custom to bully and harass African American drivers by initiating frivolous traffic stops of African American drivers. 3) The County has a policy or custom to bully and harass African American drivers by arresting them without probable cause. 4) The County has a policy or custom to bully and harass African American drivers by using excessive force to effectuate their arrest. Assuming the truth of these facts, Plaintiff has sufficiently alleged a *Monell* claim.

This is the first time that the Court has examined the merits of Plaintiff's pleading. In the event that the Court finds any deficiencies, Plaintiff contends that the deficiencies can be corrected by amendment and respectfully requests an opportunity to do so.

## II. STANDARD OF RULING ON MOTION TO DISMISS

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court

properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); see *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). *In re American Cont'l*

*Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

### III. THERE IS NO COLLATERAL ESTOPPEL ON THE ISSUE OF PROBABLE CAUSE

Defendants argue that the issue of probable cause has been conclusively determined, and Plaintiff is precluded by Collateral Estoppel from disputing a finding purportedly made on an ex parte booking form entitled Probable Cause Determination (Declaration) and apparently e-signed by California Superior Court Judge Christopher Estes approximately 24 hours after the arrest. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case." *Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir.1995). Under both California and federal law, collateral estoppel applies only where it is established that (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding. [*Younan v. Caruso*, 51 Cal.App.4th 401, 406-07, 59 Cal.Rptr.2d 103 (1996); see also *Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996) – "(1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated [by the party against whom preclusion is asserted] in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." *Id*. citing *Town of North Bonneville v. Callaway*, 10 F.3d 1505, 1508 (9th Cir.1993)] "The

party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Offshore Sportswear, Inc. v. Vuarnet International, B.V.*, 114 F.3d 848, 850 (9th Cir.1997).

The Defendants' claim of collateral estoppel, based upon a one-paged ex parte e-signed booking form, must be rejected for a host of reasons. First, there is no showing that the issue was ever litigated in the first proceeding. Plaintiff was not present. Plaintiff was not represented. Plaintiff was not given any opportunity to be heard. Only KELLY's short one-sided declaration was even considered. Thus, the issue was never litigated, and Plaintiff cannot fairly be considered to be a party to the first "proceeding." Second, the first "proceeding" did not end with a final judgment on the merits. Under these circumstances, a *final* determination would be after a trial on the merits and a conviction of Plaintiff on the crimes alleged. However, that did not happen here. There was no trial on the merits. Plaintiff was never convicted of anything. *There was not even a preliminary hearing where Plaintiff might have had an opportunity to be heard*. There was no preliminary hearing, because there were no criminal proceedings. **This was a DA reject** – no charges were even brought by the District Attorney. The DA took one look at the body camera footage and presumably concluded, despite the violent arrest, there were no crimes committed by Plaintiff. Since Plaintiff was not a party, the issue was not litigated, and there was no final judgment on the merits, there is no issue preclusion on probable cause.

Defendants rely on *Evans v. Cnty. of Los Angeles,* 529 F. Supp. 3d 1082 (C.D. Cal. 2021) for their argument. However, they selectively edited the quote from that case to mislead this Court. They quote a "finding of probable cause … is a final judgment on the merits for the purposes of collateral estoppel under the California law...." (Defendants' Motion, Doc. #16, 7;4-5) However, the actual quote is a "finding of probable cause **to hold the defendant over for trial** is a final judgment on the merits for the purposes of collateral estoppel under the California law...." (*Evans v. Cnty. of Los Angeles, supra,* 529 F. Supp. 3d at 1095, emphasis added).

That omitted part of the quote, "to hold the defendant over for trial" is, of course, all important. *Evans*, and that quote, concerned the very different situation where the plaintiff had been criminally charged, the plaintiff was represented by counsel, the court held a formal adversarial proceeding in the form of a preliminary hearing, counsel for plaintiff was given an opportunity the cross-examine witnesses, present evidence and make arguments, and after that fully litigated proceeding the Court held there was probable cause to hold the plaintiff (the defendant in the criminal proceeding) over for trial. None of that is present here, and Defendants know that. That is why they deceptively edited the quote.

## IV. PLAINTIFF WAS ARRESTED WITH EXCESSIVE FORCE

The Defendants argue that excessive force cannot be established, because KELLY is protected by qualified immunity. However, on a motion to dismiss such as this, the allegations in the Complaint are presumed to be true, as well as all reasonable inferences to be drawn from them. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). In this case, it is alleged that:

> Plaintiff, a young black male, was driving through a predominately white neighborhood, but as it turns out, his own neighborhood, as he was on his way from his home to a teammate's house to pick him up to go to basketball practice. A sheriff's deputy pulled Plaintiff over for no apparent reason and without probable cause. Before Plaintiff knew what was happening, and for no apparent reason, Plaintiff was tasered, choked, pepper sprayed, beaten and arrested, all in violation of Plaintiff's constitutional rights. (Complaint 2:2-8)

Qualified Immunity is not a license for cops to beat innocent motorists for no apparent reason. It merely hold that governmental employees will only be held liable if their actions, "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Jimenez v. County of Los Angeles*, 130 Cal.App.4th 133, 144 (Cal. Ct. App. 2005). "By 'clearly established' the court means 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.' In other words, an officer is not liable for his 'reasonable mistakes.' "

*Venegas v. County of Los Angeles,* 153 Cal.App.4th 1230, 1241-1242 (Cal. Ct. App. 2007).

There is nothing *reasonable* about KELLY's conduct as alleged in the Complaint. KELLY, a motorcycle deputy with the Los Angeles Sheriffs Department, pulled over a young black man for no apparent reason and without probable cause. Then for no apparent reason KELLY "tasered, choked, pepper sprayed, beaten and arrested" Plaintiff. This conduct is a clear and unmistakable violation of Plaintiff's Constitutional rights. Any reasonable law enforcement officer would know that.

## V. PLAINTIFF HAS ADEQUATELY ALLEGED A "MONELL" CLAIM

Defendants argue that Plaintiff's *Monell* claim fails, not because the elements of the claim are not satisfied by the pleading, but because the allegations are conclusory and not supported by enough "facts" to support those conclusions. Sometimes it is difficult to determine what is a fact and what is a conclusion. In this case, Plaintiff has alleged these facts:

> The County knowingly and intentionally promulgated, maintained, applied, enforced, and continued policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendment respectively to the United States Constitution, which policies, customs, practices, and usages at all times herein mentioned caused Plaintiff's harm. **These policies, customs, practices and usages included, without limitation, the employment of motorcycle and other officers to make unnecessary and unwarranted traffic stops to bully and harass African American drivers. This would include among other things, the initiation of frivolous traffic stops, arrest without probably cause, and the use of excessive force to effectuate the arrest.** (Complaint 5:22-6:3, Emphasis Added)

It could be fairly argued that the first sentence quoted above is conclusory, but that conclusion is supported by the facts as alleged in the second sentence. Those facts include:

1) The County has a policy or custom to employ motorcycle and other officers to make unnecessary and unwarranted traffic stops to bully and harass African American drivers.

2) The County has a policy or custom to bully and harass African American drivers by initiating frivolous traffic stops of African American drivers.

3) The County has a policy or custom to bully and harass African American drivers by arresting them without probable cause.

4) The County has a policy or custom to bully and harass African American drivers by using excessive force to effectuate their arrest.

Again, for the purposes of this motion, all of these alleged facts must be presumed true, as well as any and all reasonable inferences to be drawn from those facts. [*Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998)] These facts, once proven at trial, are sufficient to support Plaintiff's *Monell* claim against COLA.

## VI. IN THE EVENT THAT THE COURT IS INCLINED TO GRANT ANY PART OF THE DEFENDANTS' MOTION, PLAINTIFF REQUESTS AN OPPORTUNITY TO AMEND

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. FRCP 15(a) expressly states the court "should freely give leave when justice so requires." [FRCP 15(a)(2); *United States v. Corinthian Colleges,* 655 F3d 984, 995 (9th Cir. 2011)—standard for granting leave to amend is "generous"; *Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F3d 930, 943 (7th Cir. 2012)]. FRCP 15(a) severely restricts the court's discretion to dismiss without leave to amend. Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice. [*National Council of La Raza v. Chegavske,* 800 F3d 1032, 1041 (9th Cir. 2015)—"black-letter law" that district court must give at least one chance to amend absent clear showing amendment would be futile; *Davoodi v. Austin Independent School Dist.*, 755 F3d

307, 310 (5th Cir. 2014)—dismissal after giving plaintiff only one chance to state case "is ordinarily unjustified" (internal quotes omitted)]  Federal policy strongly favors determination of cases on their merits. Therefore, the role of pleadings is limited, and leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party. [*Foman v. Davis,* 371 US 178, 182, 83 S.Ct. 227, 230 (1962); *Sonoma County Ass'n of Retired Employees v. Sonoma County,* 708 F3d 1109, 1117 (9th Cir. 2013)]  The liberal standard for permitting amendment "is especially important where the law is uncertain." [*Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana,* 786 F3d 510, 520, 523 (7th Cir. 2015)—liberal amendment standard needed "in the face of uncertain pleading standards after Twombly and Iqbal"]  Thus, while "leave to amend should not be granted automatically," the circumstances under which Rule 15(a) "permits denial of leave to amend are limited." [*Ynclan v. Department of Air Force,* 943 F2d 1388, 1391 (5th Cir. 1991)]

Plaintiff contends that any perceived deficiencies can be cured by amendment.

## VII. CONCLUSION

For the reasons set forth above, the motion to dismiss should be denied and the Defendants ordered to answer the Complaint.

DATED: October 17, 2022        The Law Office Of Thomas M. Ferlauto, APC

By: _____
Thomas M. Ferlauto
Attorney For: Plaintiff, JASHUA ASSIFF