PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and DEPUTY TRAVIS KELLY**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,<br><br>    Defendants. | **Case No.: 2:22-cv-05367 RGK(MAAx)**<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date:** November 7, 2022<br>**Time:** 9:00 a.m.<br>**Dept:** 850<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: TBD<br>Trial Date: TBD<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br><br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

1

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As a preliminary matter, Plaintiff's Opposition fails to address Defendants' argument that the Fourteenth Amendment claim is superfluous and should be dismissed. Plaintiff also fails to address Defendants' argument that the facts alleged do not show an entitlement to punitive or exemplary damages. Similarly, Plaintiff's Opposition fails to address Defendants' argument that the facts of the Complaint fail to show lack of probable cause required to maintain such a claim, or that excessive force was used by Defendant TRAVIS KELLY during the incident.

Finally, Plaintiff's Opposition also fails to establish that the alleged constitutional deprivation was caused by an alleged policy or custom of Defendant COUNTY OF LOS ANGELES. (*Bd. of County Comm'rs of Bryan County v. Brown* (1997) 520 U.S. 397, 403-04; *Lockett v. Cnty. of Los Angeles* (9th Cir. 2020) 977 F.3d 737, 741 (a plaintiff must plead facts alleging that "the policy was the moving force behind the constitutional violation").)

## II. PLAINTIFF HAS CONCEDED VARIOUS ARGUMENTS BY FAILING TO ADDRESS THEM IN HIS OPPOSITION BRIEF

Plaintiff fails to address and, thus, concedes various arguments raised in Defendants' Motion. (See *Jenkins v. County of Riverside* (9th Cir.2005) 398 F.3d 1093, 1095 n. 4 (deeming plaintiff's failure to address, in opposition brief, claims challenged in a motion, an "abandonment of those claims"); *Ramirez v. Ghilotti Bros. Inc.* (N.D. Cal. 2013) 941 F. Supp. 2d 1197, 1210 (holding that argument was conceded where the defendant failed to address it in its opposition).)

Here, Plaintiff fails to address the following arguments made in Defendants' moving papers:

- That his Fourteenth Amendment claim is superfluous and should be dismissed (Defendants' Motion at pp. 5-6));

2

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

- That he fails to state an entitlement of punitive or exemplary damages (Defendants' Motion at p. 10).

Moreover, Plaintiff does not oppose Defendants' Request for Judicial Notice as to Exhibits A-C, which were submitted in support of their FRCP Rule 12 Motion. As such, Plaintiff concedes these arguments, and this Court may grant Defendants' Rule 12 Motion on these grounds, as well as take notice of Defendants' Exhibits A-C.

### III. PLAINTIFF DOES NOT AND CANNOT SHOW LACK OF PROBABLE CAUSE FOR HIS ARREST

Plaintiff's Complaint implies that he was arrested for no reason other than for being a "21-year old black male." (Complaint, ¶¶ 1, 9.) The Complaint is so vague that it does not even identify the charge for which Plaintiff was arrested such that this Court can decide whether the facts alleged show a lack of probable cause. In fact, Plaintiff intentionally relies on his ambiguous and conclusory allegations regarding lack of probable cause because he cannot state any facts to establish or even maintain this claim past the pleading stage.

Defendants' FRCP Rule 12 Motion, however, establishes that Plaintiff was arrested for violations of California *Penal Code* sections 69 (obstructing or resisting an officer) and 243(b) (battery against an officer) during the subject September 24, 2021 incident. (*See* Exhibits "A" – "C", filed with the FRCP Rule 12 Motion.) It is notable that neither Plaintiff's Complaint nor his Opposition identify any allegations showing that Plaintiff was not obstructing or resisting an officer (California *Penal Code* section 69) or that Plaintiff did not commit battery against an officer (California *Penal Code* section 243(b)) at any point during the subject incident.

Rather, Plaintiff's Opposition relies on the argument that the District Attorney's office declined to pursue charges against Plaintiff to misrepresent to this Court that "[t]he DA took one look at the body camera footage and presumably concluded, despite the violent arrest, there were no crimes committed by Plaintiff." (Opposition, p. 10, ls.

3

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

16-19.)  In reality, charges against Plaintiff were dismissed due to a special directive of the District Attorney and this is the reason there was no trial on their merits.

## IV. PLAINTIFF'S ALLEGATIONS DO NOT SHOW EXCESSIVE FORCE

As established by Exhibits A-C submitted in supports of Defendants' FRCP Rule 12 Motion, judicial notice of which Plaintiff does not oppose, Plaintiff was arrested for obstructing or resisting an officer (California *Penal Code* section 69) and for committing battery against an officer (California *Penal Code* section 243(b)) during the subject incident.  However, Plaintiff's Complaint is devoid of any facts which acknowledge either that he resisted and/or obstructed and/or committed battery against an officer, or that any officer, including Defendant KELLY, used excessive or unreasonable force against Plaintiff while carrying out their duties during the subject incident.  In other words, ***Plaintiff's Complaint is devoid of any facts showing how a traffic stop ended in Plaintiff being tasered, choked, pepper sprayed, beaten and arrested***.  Essentially, the Court is left to fill in the blanks with respect to any facts showing that the alleged force was excessive or unreasonable.

Moreover, Plaintiff has not addressed the cases cited in Defendants' FRCP Rule 12 Motion which establish that employing force to quickly gain control of a chaotic situation was not unlawful. (See, *Gilligan v. County of Sonoma* (N.D. Cal. 2001) 2001 WL 1658287, 3 (Deputy did not employ excessive force in shoving his knee in the middle of the plaintiff's back and shoulders to effectuate an arrest); *Arpin v. Santa Clara Valley Transp. Agency* (9th Cir. 2001) 261 F.3d 912, 921-22 (finding reasonable use of force in handcuffing arrestee who stiffened her arm in resistance); *Eberle v. City of Anaheim* (9th Cir.1990) 901 F.2d 814, 816  (applying an index-finger control hold to a cooperative arrestee is reasonable where the officers were under a duty to keep a situation from escalating); *Forrester v. City of San Diego* (9th Cir. 1994) 25 F.3d 804, 805 (officers employed reasonable force in using pain compliance techniques to remove passive demonstrators).)

4

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

Given that Plaintiff's Complaint and Opposition fails to show that the alleged force was excessive of unreasonable under the circumstances, this Court cannot conclude that Plaintiff's allegation are sufficient to maintain a claim for excessive force.

## V. **PLAINTIFF CANNOT SHOW THAT THE ALLEGED FORCE AND HIS ARREST WERE CAUSED BY DEFENDANT COUNTY'S POLICY OF CUSTOM**

Defendants' FRCP Rule 12 Motion argues that liability under Section 1983 requires the identification of a municipal 'policy' or 'custom' that caused the plaintiff's injury. (*Bd. of County Comm'rs of Bryan County v. Brown* (1997) 520 U.S. 397, 403-04.)

While Plaintiff concedes that he pleads in a conclusory fashion (Opposition at p. 12, ls. 26-27) the existence of Defendant County's policies to employ motorcycle and other officers to make unnecessary and unwarranted traffic stops to bully and harass African American drivers, including the initiation of frivolous traffic stops, arrest without probably cause, and the use of excessive force to effectuate the arrest (Complaint, ¶ 21), both Plaintiff's Complaint and his Opposition fail to show that "the[alleged] policy was the moving force behind the constitutional violation." (*Lockett v. Cnty. of Los Angeles* (9th Cir. 2020) 977 F.3d 737, 741.)

## VI. **CONCLUSION**

Based on the above, and the on the arguments raised in the moving papers, Defendants respectfully request this Court should grant Defendant's FRCP Rule 12 Motion and issue an order dismissing the present action forthwith.

Dated: October 24, 2022          KJAR, MCKENNA & STOCKALPER, LLP

By: ___*/s/Molshree Gupta*___
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY