THOMAS M. FERLAUTO (SBN 155503)
LAW OFFICE OF THOMAS M. FERLAUTO, APC
25201 Paseo de Alicia, Suite 270
Laguna Hills, California 92653
Telephone: 949-334-8650
Fax: 949-334-8691
Email: TMF@lawofficeTMF.com

Attorney for Plaintiff, JOSHUA ASSIFF

PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and DEPUTY TRAVIS KELLY**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSHUA ASSIFF,**<br><br>      **Plaintiff,**<br><br>   v.<br><br>**COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,**<br><br>      **Defendants.** | Case No. 2:22-cv-05367 RGK (MAAx)<br><br>**JOINT REPORT OF PARTIES' INITIAL MEETING OF COUNSEL UNDER FRCP 26(f)** |

COMES NOW, JOSHUA ASSIFF (hereinafter referred to as "ASSIFF" or "Plaintiff") and Defendants COUNTY OF LOS ANGELES ("COLA") and SERGEANT TRAVIS KELLY ("KELLY") (hereinafter COLA and KELLY shall collectively be referred to as "Defendants") (hereinafter Plaintiff and Defendants shall jointly be referred to as the "Parties"), and the Parties respectfully provide their joint report of initial meeting of counsel pursuant to Federal Rules of Civil Procedure, Rule 26(f):

**CONFERENCE OF COUNSEL**: Pursuant to Federal Rules of Civil Procedure, Rule 26(f), a meeting of counsel was held via Zoom remote meeting software on October 17, 2022. In attendance were Plaintiff's counsel, Thomas M. Ferlauto, and Defendants' counsel, Molshree Gupta. In conferring, the parties considered the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; made or arranged for the disclosures required by Rule 26(a)(1); discussed issues about preserving discoverable information; and developed a proposed discovery plan.

**STATEMENT OF THE CASE**: *Plaintiff alleges* that Defendant, acting under color of law or color of authority, deprived Plaintiff of his rights, privileges, or immunities secured by the United States Constitution, by arresting Plaintiff without probable cause and with use of excess force in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff alleges that Plaintiff is a 21-year old black male and a student at Antelope Valley College where he plays basketball. Plaintiff was driving from his home to a teammate's house in order to carpool to basketball practice. For no apparent reason and without probable cause, KELLY, a male Caucasian motorcycle Sheriff deputy, pulled Plaintiff over. For no apparent reason and without probable cause, KELLY – as well as other deputies who subsequently responded to the call – all tasered, choked,

pepper sprayed, beat and arrested Plaintiff. Plaintiff has asserted two causes of action – the First Cause of Action against KELLY for violation of 42 USC § 1983 (arrest without probable cause and with excessive force), and the Second Cause of Action against COLA for violation of 42 USC § 1983 (*Monell* liability).

As a preliminary matter, Plaintiff's the Fourteenth Amendment claim is superfluous and should be dismissed. Further, the Complaint and each of the two causes of action alleged therein, fail to state a claim upon which relief can be granted. Moreover, Plaintiff's first cause of action against "Defendant DEPUTY" premised on the arrest without probable cause is barred under the doctrine of collateral estoppel. Additionally, Plaintiff has failed to state an entitlement to punitive or exemplary damages. Finally, Defendants deny Plaintiff's allegations and further contend that Plaintiff's allegations have no factual or legal merit.

**INITIAL DISCLOSURES**: The Parties made arrangement to make the disclosures required by Rule 26(a)(1) on or before October 26, 2022.

**PRESERVING DISCOVERABLE INFORMATION**: The Parties agreed to preserve all documents reasonably believed to be relevant to the subject matter of this litigation.

**DISCOVERY PLAN**:

(a) The Parties agreed that there was no need to make any changes in the timing, form, or requirement for disclosures under Rule 26(a), except that the parties agreed that the initial disclosures shall be made on or before October 26, 2022. The Parties did not agree when Fact discovery should be closed, but the Parties agreed that expert disclosures shall be made two weeks after the close of Fact discovery, and rebuttal expert disclosures shall be made two weeks after the initial expert disclosures.

     (b)    The Parties discussed the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:

          1)    The Parties agreed there was no need for phased discovery.

          2)    The Parties did not agree upon the date for completion of Fact discovery. Plaintiff recommends that Fact discovery be completed within 9 months from the date of this report. Defendants recommend that Fact discovery be completed within 12 months of the date of the filing of this report.

          3)    The Parties agreed that Expert discovery shall be completed within three months of the completion of Fact discovery.

     (c)    The Parties discussed issues about disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced. The Parties agreed that the production of electronically stored information shall be in .pdf format. Digital video evidence will be produced in a format that can be viewed by readily available computer applications.

     (d)    The Parties discussed issues about anticipated claims of privilege and of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502. The parties did not identify any issues that needed to be addressed other than the possible need for *Pitchess* motions before access to deputies' personnel files.

     (e)    The Parties discussed what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed. The Parties did not identify any additional limitations.

     (f)    The Parties discussed whether the court should issue any other orders under Rule 26(c) or under Rule 16(b) and (c). The Parties did not identify any

orders or issues other than the possible need for *Pitchess* motions before access to deputies' personnel files.

**ADDITIONAL ISSUES PURSUANT TO LOCAL RULE 26-1**: At the conference, the Parties also discussed the following matters in addition to those noted in F.R.Civ.P. 26(f):

(a) The Parties discussed the complexity of the case, and whether all or part of the procedures of the Manual For Complex Litigation (current edition) should be utilized. The Parties agreed that this case is NOT complex.

(b) The Parties discussed a motion schedule for dispositive or partially dispositive motions which are likely to be made, and a cutoff date by which all such motions shall be made. The Parties agreed that Defendant's dispositive motion shall be filed on or before the close of fact discovery.

(c) The Parties discussed alternative dispute resolution, including the selection of one of the three ADR Procedures specified in L.R. 16-15.4 as best suited to the circumstances of the case, and when the ADR session should occur. The Parties agreed on ADR PROCEDURE NO. 2 - The parties shall appear before a neutral selected from the Court's Mediation Panel. The parties did not agree when the mediation should take place. Plaintiff recommended within six months from the date of the filing of this report. Defendants recommended after the close of Fact discovery. However, the Parties may elect to pursue mediation earlier.

(d) The Parties discussed trial estimates. The Parties agreed that a preliminary estimate of the time required for trial is 4-7 days.

(e) The Parties discussed potential additional parties and the likelihood of appearance of additional parties. Plaintiff reserves the right to add additional defendants, including the other deputies responding to the call as and when they are identified. Defendants did not identify any additional parties.

(f)  The Parties discussed Expert Witnesses and the proposed timing of disclosures under F.R.Civ.P. 26(a)(2).  The parties did not agree when Fact discovery should be closed, but the parties agreed that expert disclosures shall be made two weeks after the close of Fact discovery, and rebuttal expert disclosures shall be made two weeks after the initial expert disclosures.

DATED: October 26, 2021          The Law Office Of Thomas M. Ferlauto, APC

By: _____
Thomas M. Ferlauto
Attorney For:  Plaintiff, JOSHUA ASSIFF

DATED: October 26, 2021          KJAR, McKENNA & STOCKALPER, LLP

By: _____
Molshree Gupta
Attorney For:  Defendants, COUNTY OF LOS ANGELES and TRAVIS KELLY