UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05367-RGK-MAA | Date | December 2, 2022 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Motion to Dismiss [DE 16]

## I.   INTRODUCTION

On August 2, 2022, Joshua Assiff ("Plaintiff") filed a complaint against the County of Los Angeles (the "County") and Sheriff Deputy Badge Number 404532, who the County concedes is Sergeant Travis Kelly ("Sgt. Kelly"; collectively, "Defendants"). (*See* Compl., ECF No. 1.) Plaintiff alleges claims under 42 U.S.C. § 1983 ("Section 1983") arising from a traffic stop and subsequent arrest. (*Id.*) Presently before the Court is Defendants' motion to dismiss all claims under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 16.) For the following reasons, the Court **GRANTS** Defendants' motion **in part** but allows Plaintiff **leave to amend**.

## II.   FACTUAL BACKGROUND

Plaintiff alleges the following facts:

Plaintiff is a 21-year-old black male. On September 24, 2021, Sgt. Kelly pulled him over for "no apparent reason and without probable cause." (Compl. ¶ 11.) Sgt. Kelly and other deputies then "tasered, choked, pepper sprayed, beat and arrested Plaintiff" for "no apparent reason and without probable cause." (*Id.* ¶ 12.) The County maintains a practice of "bully[ing] and harass[ing] African American drivers" by allowing its deputies to initiate frivolous traffic stops, make arrests without probable cause, and use excessive force. (*Id.* ¶ 21.)

## III.   JUDICIAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05367-RGK-MAA | Date | December 2, 2022 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al* | | |

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). The Court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

**IV.    DISCUSSION**

The Court evaluates the claims against each defendant in turn.

**A.    Claims against Sgt. Kelly**

Plaintiff brings his claims under Section 1983. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff alleges that Defendants violated his Fourth and Fourteenth Amendment[1] rights by making an unlawful arrest and by using excessive force.

**1.    *Unlawful Arrest***

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001). Plaintiff baldly alleges that Sgt. Kelly arrested him for "no apparent reason and without probable cause," (Compl. ¶ 12), but the Court need not accept this allegation as true

---

[1] Defendants make a baffling argument that Plaintiff's "Fourteenth Amendment claim is superfluous and should be dismissed." (Mot. at 6.) This argument reveals a fundamental misunderstanding of a crucial function of the Fourteenth Amendment. The Fourteenth Amendment incorporates the protections of the Fourth Amendment, among other amendments, against the States. *E.g.*, *Torres v. Madrid*, 141 S. Ct. 989, 997 (2021). Therefore, a Fourth Amendment claim against defendants acting under color of state law technically arises under the Fourteenth Amendment. There is nothing superfluous about a Fourteenth Amendment claim here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05367-RGK-MAA | Date | December 2, 2022 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al* | | |

because it is a "legal conclusion couched as a factual allegation." *See Twombly*, 550 U.S. at 555. Plaintiff alleges no facts supporting an inference that he was arrested without probable cause. As such, Plaintiff fails to state an unlawful arrest claim.

    2.    *Excessive Force*

Under the Fourth Amendment, an officer's use of force must be "'objectively reasonable' in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Plaintiff alleges that Sgt. Kelly "tasered, choked, pepper sprayed, [and] beat" Plaintiff "[f]or no apparent reason." (Compl. ¶ 11.) Taken as true, this use of force "for no apparent reason" supports a reasonable inference that Sgt. Kelly's actions were objectively unreasonable. Plaintiff therefore states a plausible excessive force claim.

Sgt. Kelly argues that he is protected by qualified immunity, but the Court declines to resolve that issue at this stage. "[R]esolving claims of qualified immunity at the motion-to-dismiss stage can sometimes present special problems for legal decision making, particularly when we are aided only by the skeletal factual picture sketched out in the complaint." *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 892 (9th Cir. 2022) (cleaned up). These problems exist here because Plaintiff's complaint contains only one factual allegation regarding excessive force. *See O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (noting that "dismissal is not appropriate unless we can determine, based on the complaint itself, that qualified immunity applies"). Sgt. Kelly's qualified immunity defense would be more appropriately decided on summary judgment, after the "parties have had the opportunity to develop a more comprehensive factual record." *Sabra*, 44 F.4th at 892.

    **B.**    **Claims against the County**

For liability against a municipality, a plaintiff must allege that he was deprived of a constitutional right and that the municipality "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." *Galen v. Cnty. of L.A.*, 477 F.3d 652, 667 (9th Cir. 2007) (quoting *Monell v. Dep't of Soc. Servs. of the City of N.Y.C.*, 436 U.S. 658, 694–95 (1978)). A plaintiff must allege either an official policy or a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992)).

Plaintiff alleges that the County violated Section 1983 by maintaining a practice of employing deputies to "bully and harass African American drivers" by way of initiating frivolous traffic stops, making arrests without probable cause, and using excessive force. (Compl. ¶ 21.) Plaintiff's allegation that the County maintained this practice is conclusory and need not be accepted as true. *See Twombly*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05367-RGK-MAA | Date | December 2, 2022 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al* | | |

550 U.S. at 555. By failing to allege facts supporting a custom or practice, Plaintiff premises the County's liability on the single incident alleged the complaint. But "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.*; *see also Davis v. Ellensburg*, 869 F.2d 1230 (9th Cir. 1989) (finding that evidence of a single arrest could not establish the existence of policy or custom). Because Plaintiff's lone allegation does not give rise to municipal liability under *Monell*, Plaintiff fails to state a claim against the County.

### C.     Leave to Amend

Plaintiff requests leave to amend. "It is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile." *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015). Amendment here would not be futile because the deficiencies that the Court identified above can be cured by alleging additional facts.

### V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss **in part**, dismissing Plaintiff's unlawful arrest claim against Sgt. Kelly and *Monell* claim against the County.[2] Plaintiff's excessive force claim against Sgt. Kelly remains. Plaintiff has until December 14, 2022 to file an amended complaint.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | JRE/k | |

---

[2] Defendants request that the Court take judicial notice of three exhibits. (*See* ECF No. 17.) The Court **DENIES** Defendant's request **as moot** because the exhibits are not relevant to the Court's decision on the motion to dismiss.