THOMAS M. FERLAUTO (SBN 155503)
LAW OFFICE OF THOMAS M. FERLAUTO, APC
25201 Paseo de Alicia, Suite 270
Laguna Hills, California 92653
Telephone: 949-334-8650
Fax: 949-334-8691
Email: TMF@lawofficeTMF.com

Attorney for Plaintiff, JOSHUA ASSIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSHUA ASSIFF,**<br><br>**Plaintiff,**<br><br>v.<br><br>**COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,**<br><br>**Defendants.** | **Case No. 2:22-cv-05367 RGK (MAAx)**<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS — 42 USC § 1983;**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff **JOSHUA ASSIFF** (hereinafter referred to as "ASSIFF" or "Plaintiff") and for causes of action against Defendants COUNTY OF LOS ANGELES (hereinafter referred to as "COLA"); SHERIFF DEPUTY BADGE NUMBER 404532 (hereinafter referred to as the "DEPUTY") and DOES 1 through 10, Inclusive, (collectively COLA, DEPUTY and all DOES 1 through 10, inclusive, shall herein be referred to as "Defendants") alleges as follows:

1. This is a story that happens far too often and has happened for far too long. Plaintiff, a young black male, was driving through a predominately white neighborhood, but as it turns out, his own neighborhood, as he was on his way from his home to a teammate's house to pick up him up to go to basketball practice. A sheriff's deputy pulled Plaintiff over for no apparent reason and without probable cause. Before Plaintiff knew what was happening, and for no apparent reason, Plaintiff was tasered, choked, pepper sprayed, beaten and arrested, all in violation of Plaintiff's constitutional rights.

## JURISDICTION

2. This court has subject matter jurisdiction over this dispute pursuant to 28 USC § 1331 granting Federal district courts original jurisdiction in actions arising under the Constitution, laws, or treaties of the United States. This dispute raises a Federal question under 42 USC § 1983.

## VENUE

3. Venue is appropriate in the Central District of California, because all Defendants reside in this State, in this county, and in this district. Furthermore, venue is proper in this district, because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE PARTIES

4. Plaintiff is an individual, currently residing in Los Angeles County, State of California.

5. Defendant COLA is and at all times herein mentioned has been a public entity and a county government in the State of California duly authorized and existing as such in and under the California Constitution, the laws of the State of California and the Charter of the County of Los Angeles. At all times herein mentioned, COLA

possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Los Angeles County Sheriff Department, (the "Department") its employees, its tactics, methods, customs, and usages related to traffic stops, criminal arrests, its supervision of personnel and other things.

6. Defendant DEPUTY is and at all times herein mentioned has been an individual acting under color of authority, as a Peace Officer, within the meaning of California Penal Code 830.1. DEPUTY was an employee of the Department acting under its direction and control, which knowingly and intentionally promulgated, maintained, applied, enforced, and suffered the continuation of acts, policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendment to the United States Constitution and the State of California's Constitution, which customs, practices, and usages at all times herein mentioned cause Plaintiff's harm.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of Court to amend this pleading to show the true names and capacities of such Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereupon alleges, that each of the fictitiously named Defendants was a legal cause of the injuries and damages suffered and alleged herein, and subject to the jurisdiction of the Court herein as necessary parties for the relief requested.

8. The Defendants, and each of them, were the agents, employees, joint venturers and co-conspirators of each of the remaining Defendants, and were acting within the course and scope of said agency, employment, joint venture or conspiracy at all relevant times. Each Defendant agreed in advance to the tortious objective of the conspiracy and committed affirmative acts in furtherance of the conspiracy. To the extent any act of any Defendant was not initially authorized, the same was subsequently ratified by the remaining Defendants.

## GENERAL ALLEGATIONS

9. Plaintiff is a 21-year old black male. Plaintiff is a student at Antelope Valley College where he plays basketball.

10. On or about September 24, 2021, **at approximately 7:50 a.m.** Plaintiff was driving from his home to a teammate's house in order to carpool to basketball practice. **Plaintiff was obeying all traffic laws, rules and regulations. At the intersection of Soledad Canyon Road and Sierra Highway, Plaintiff made a legal right hand turn on a green light.**

11. For no apparent reason and without probable cause, DEPUTY, a male Caucasian motorcycle officer pulled Plaintiff over.

12. **The encounter was captured on the DEPUTY's body worn camera. DEPUTY falsely accused Plaintiff of making an illegal right hand turn on a red light. Plaintiff politely protested his innocence, referring to the DEPUTY throughout the encounter as either "sir" or "officer." Merely 40 seconds into the encounter, DEPUTY angrily shouted at Plaintiff, "Gimme your driver's license or you're going to jail!" Merely 5 seconds after this demand, DEPUTY threw open Plaintiff's car door and laid hands upon Plaintiff in an effort to forcibly remove Plaintiff from the car. Plaintiff requested to speak with the DEPUTY's supervisor. DEPUTY immediately responded to Plaintiff's request by shouting, "I AM A SUPERVISOR!" and pepper spraying Plaintiff in the face.** For no apparent reason and without probable cause, DEPUTY – as well as other deputies apparently acting under color of law and apparently working for the Department and COLA who subsequently responded to the call – all tasered, choked, pepper sprayed, beat and arrested Plaintiff.

13. As a result this unnecessary battery and arrest, Plaintiff has suffered economic damages and non-economic damages, including great bodily injury and severe emotional distress.

///

## FIRST CAUSE OF ACTION

Violation of 42 USC 1983 Against Defendant DEPUTY

14. Plaintiff incorporates Paragraphs 1-13 above, as if fully restated herein.

15. Defendant DEPUTY, acting under color or law or color of authority, deprived Plaintiff of his rights, privileges, or immunities secured by the State and Federal Constitutions, by arresting Plaintiff without probable cause and with use of excess force in violation of the Fourth and Fourteenth Amendment to the United States Constitution.

16. As a direct, proximate and foreseeable result of Defendant's violation of 42 USC 1983 as alleged herein, Plaintiff has suffered economic damages as alleged above. The exact amount of this damage is not currently known to Plaintiff, who will seek leave of court to amend this complaint upon ascertaining the precise amount of said damages.

17. As a result of Defendants' tortious conduct as alleged above, Plaintiff has suffered, and will continue to suffer, non-economic damages. The full amount of these damages is not currently known to Plaintiff, who will seek leave of court to amend this complaint upon ascertaining the precise amount of said damages.

18. The conduct of the Defendant was wanton, willful, deliberate, and in conscious disregard of the rights and feelings of Plaintiff, was undertaken with the intent to cause Plaintiff injury and constitutes malice, actual, express and implied. Accordingly, Plaintiff is entitled to an award of exemplary damages against Defendants, in a sum to be established at trial sufficient to deter future similar conduct.

## SECOND CAUSE OF ACTION

(Monell Claim) Unlawful Custom and Practice Under 42 U.S.C. § 1983

Against Defendant COLA

19. Plaintiff incorporates Paragraphs 1-13 above, as if fully restated herein.

20. The County is and at all times herein mentioned has been a public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, the County possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the DEPUTY and the Department, respectfully, and their tactics, methods, customs, and usages related to traffic stops, criminal arrests, and personnel supervision, among other things.

21. The County knowingly and intentionally promulgated, maintained, applied, enforced, and continued policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendment respectively to the United States Constitution, which policies, customs, practices, and usages at all times herein mentioned caused Plaintiff's harm. These policies, customs, practices and usages included, without limitation, the employment of motorcycle and other officers to make unnecessary and unwarranted traffic stops to bully and harass African American drivers. This would include among other things, the initiation of frivolous traffic stops, arrest without probable cause, and the use of excessive force to effectuate the arrest. **The Los Angeles County Sheriff's Department has a long and sordid history of racial profiling and discriminatory traffic stops, particularly in the Antelope Valley. For years, black and Latino residents in the Antelope Valley complained they were the victims of racially biased stops and searches along with other mistreatment by Los Angeles County Sheriff's deputies. In 2013, the US Department of Justice, Civil Rights Division analyzed Sheriff's Department data from tens of thousands of vehicle and pedestrian stops, interviewed hundreds of people and reviewed volumes of internal sheriff's documents, and after this thorough analysis the Department of Justice "found that LASD's Antelope Valley stations have engaged in a pattern or practice of discriminatory and otherwise unlawful searches and seizures, including the use of unreasonable force, in violation of the Fourth Amendment, the Fourteenth**

**Amendment, and Title VI. We found also that deputies assigned to these stations have engaged in a pattern or practice of discrimination against African Americans in violation of the Fair Housing Act." (See, Exhibit 1) The findings forced the county to reach a legal settlement with federal authorities in 2015 that called for significant reforms and continued oversight. However, despite all of this, the racial profiling and discriminatory traffic stops in the Antelope Valley persist, as evidenced by continued gross racial disparities. According to an NCCD report from 2020 found on the Sheriff's Department's own website entitled, "An Analysis of Racial/Ethnic Disparities in Stops by Los Angeles County Sheriff's Deputies in the Antelope Valley" the report found that Black drivers make up 32% of all traffic stops even though they account for only 17% of the population. The report also found that black drivers once stopped were more likely to have both their vehicle and their persons searched, more likely to experience backseat detentions, and more likely to be asked if they are on probation or parole. All this is in spite of the fact that black drivers have a much lower contraband discovery rate (15.4%) than either their white or Hispanic counterparts (24.4% and 22.3% respectfully). (See, Exhibit 2) This problem with racial profiling and discriminatory traffic stops in the Antelope Valley is not an isolated single incident, but rather a persistent and ongoing problem recognized by the US Department of Justice, Civil Rights Division.**

22. The County knowingly maintains and permits official sub-rosa policies and customs of permitting the occurrence of the kinds of wrongs set forth in this Complaint, despite such occurrences being in direct contravention of County policy and the Penal Code.

23. As a direct, proximate and foreseeable result of Defendants' violation of 42 USC 1983 as alleged herein, Plaintiff has suffered economic damages as alleged above. The exact amount of this damage is not currently known to Plaintiff, who will

seek leave of court to amend this complaint upon ascertaining the precise amount of said damages.

24. As a result of Defendants' tortious conduct as alleged above, Plaintiff has suffered, and will continue to suffer, non-economic damages. The full amount of these damages is not currently known to Plaintiff, who will seek leave of court to amend this complaint upon ascertaining the precise amount of said damages.

25. The conduct of the Defendant was wanton, willful, deliberate, and in conscious disregard of the rights and feelings of Plaintiff, was undertaken with the intent to cause Plaintiff injury and constitutes malice, actual, express and implied. Accordingly, Plaintiff is entitled to an award of exemplary damages against Defendants, in a sum to be established at trial sufficient to deter future similar conduct.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

**On the FIRST CAUSE OF ACTION:**

    a) For compensatory, economic and non-economic damages in an amount to be proven at trial;

    b) For punitive damages to be proven at trial; and

    c) For costs of suit including reasonable attorney's fees.

**On the SECOND CAUSE OF ACTION:**

    a) For compensatory, economic and non-economic damages in an amount to be proven at trial;

    b) For punitive damages to be proven at trial; and

    c) For costs of suit including reasonable attorney's fees.

**ON ALL CAUSES OF ACTION:**

    a) For restoration of Plaintiff's wrongfully seized property;

1    b)   For pre and post-judgment interest on all damages and other relief awarded herein from all entities against whom such relief may be properly awarded; and

    c)   For all such other relief as this Court deems just and appropriate.

DATED: December  14 , 2022   The Law Office Of Thomas M. Ferlauto, APC



                                By: _____/s/_____
                                    Thomas M. Ferlauto
                                    Attorney For:  Plaintiff, JOSHUA ASSIFF

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: December 14, 2022   The Law Office Of Thomas M. Ferlauto, APC

By: _____
Thomas M. Ferlauto
Attorney For: Plaintiff, JOSHUA ASSIFF