PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY (erroneously sued and served as "SHERIFF DEPUTY BADGE NUMBER 404532")**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES;<br>SHERIFF DEPUTY BADGE<br>NUMBER 404532; And DOES 1<br>through 10,<br><br>Defendants. | **Case No.: 2:22-cv-05367 RGK(MAAx)**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MOLSHREE GUPTA, ESQ.**<br><br>**Date:** **January 30, 2023**<br>**Time:** 9:00 a.m.<br>**Dept:** 850<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br><br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

1

**TO PLAINTIFF JOSHUA ASSIFF, AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on January 30, 2023, at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 850 of the above-entitled court, located at 411 West Fourth Street, Santa Ana, California, Defendants COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY (erroneously sued and served as "SHERIFF DEPUTY BADGE NUMBER 404532") ("Defendants") will, and hereby do, move the court to *dismiss* the action pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) and/or to *strike* Plaintiff's prayer for punitive damages pursuant to Federal Rules of Civil Procedure, Rule 12(f) (the "Motion"). The Motion will be made on the grounds: a) Plaintiff fails to state a claim against "Defendant DEPUTY" for arrest without probable cause; b) Plaintiff fails to state a claim against Defendant COUNTY under 42 U.S.C. section 1983 *et seq*.; c) Plaintiff has failed to state an entitlement to punitive/exemplary damages and/or restoration; and d) Exhibits 1 and 2 attached (and allegations pertaining to same at paragraph 21 of the First Amended Complaint) should be stricken as the findings therein do not pertain to violations for which Plaintiff was arrested, i.e. arrests for violations of California *Penal Code* sections 69 (obstructing or resisting an officer) and 243(b) (battery against an officer).

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and Request for Judicial Notice filed herewith, upon the pleadings, records and papers on file in this action, and upon such evidence as may be presented at the time of the hearing on this Motion.

Dated: December 28, 2022          KJAR, MCKENNA & STOCKALPER, LLP

                                  By:    __/s/Molshree Gupta_____
                                  PATRICK E. STOCKALPER
                                  MOLSHREE GUPTA
                                  Attorneys for Defendants,
                                  COUNTY OF LOS ANGELES and SERGEANT
                                  TRAVIS KELLY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On August 2, 2022, Plaintiff Joshua Assiff ("Plaintiff") filed a Complaint for Violation of Civil Rights (the "Complaint").  Plaintiff alleged two causes of action: 1) First Cause of Action - 42 U.S.C. § 1983 Against Defendant DEPUTY; and 2) Second Cause of Action - Violation of 42 U.S.C. § 1983 - Unlawful Custom and Practice Against Defendant COUNTY (*Monell* Claim).

On December 2, 2022, this Court granted Defendants' Motion to Dismiss in part, dismissing Plaintiff's unlawful arrest claim and the second cause of action, with leave to amend.  On December 14, 2022, Plaintiff filed and served a First Amended Complaint, adding insufficient allegations pertaining to the dismissed claims, as discussed below.

After meeting and conferring, as discussed in the Declaration of Molshree Gupta, Esq., Defendants' Motion pursuant to Federal Rules of Civil Procedure, Rules 12(b)(6) and 12(f) (the "Motion") will be made on the grounds that Plaintiff fails to state a claim against "Defendant DEPUTY" for arrest without probable cause, that Plaintiff fails to state a claim against Defendant COUNTY under 42 U.S.C. section 1983 *et seq.*, and that Plaintiff has failed to state an entitlement to punitive or exemplary damages. Furthermore, Exhibits 1 and 2 attached (and allegations pertaining to same at paragraph 21 of the First Amended Complaint) should be stricken as the findings therein do not pertain to violations for which Plaintiff was arrested, i.e. arrests for violations of California *Penal Code* sections 69 (obstructing or resisting an officer) and 243(b) (battery against an officer).

## II.    STATEMENT OF FACTS

Plaintiff alleges that, on or about September 24, 2021, he, a 21-year old black male, was pulled over and subsequently arrested by a male Caucasian motorcycle officer for no apparent reason and without probable cause.  (First Amended Complaint, ¶¶ 9-12.)  Plaintiff's First Amended Complaint adds the allegation that, at approximately 7:50 a.m., Plaintiff was obeying all traffic laws, rules and regulations, and made a legal right hand turn on a green

light.  (First Amended Complaint, ¶ 10.)  Plaintiff's First Amended Complaint also adds the allegation that Defendant "DEPUTY falsely accused Plaintiff of making an illegal right hand turn on a red light," and that "Plaintiff politely protested his innocence."  (First Amended Complaint, ¶ 12.)  Plaintiff concedes that he was advised that failure to provide his driver's license, i.e. comply with a peace officer's command, would result in him going to jail.  (First Amended Complaint, ¶ 12.)  Plaintiff was thereafter arrested, and the remaining of the additional allegations at paragraph 12 pertain to Plaintiff's excessive force claim.  (First Amended Complaint, ¶ 12.)

As to the subject Deputy, Plaintiff alleges that he "acting under color or law or color of authority, deprived Plaintiff of his rights, privileges, or immunities secured by the State and Federal Constitutions, by arresting Plaintiff without probable cause and with use of excess force in violation of the Fourth and Fourteenth Amendment to the United States Constitution." (First Amended Complaint, ¶ 15.)  As to the County, alleges in a conclusory manner that the "County knowingly and intentionally promulgated, maintained, applied, enforced, and continued policies, customs, practices and usages… include[ing], without limitation, the employment of motorcycle and other officers to make unnecessary and unwarranted traffic stops to bully and harass African American drivers. This would include among other things, the initiation of frivolous traffic stops, arrest without probably cause, and the use of excessive force to effectuate the arrest."  (First Amended Complaint, ¶ 21.)

As to the County, Plaintiff's First Amended Complaint also adds the following conclusory and irrelevant allegations: "The Los Angeles County Sheriff's Department has a long and sordid history of racial profiling and discriminatory traffic stops, particularly in the Antelope Valley. For years, black and Latino residents in the Antelope Valley complained they were the victims of racially biased stops and searches along with other mistreatment by Los Angeles County Sheriff's deputies."  (First Amended Complaint, ¶ 21.)  Thereafter, Plaintiff's First Amended Complaint discusses Exhibit 1, conceding that the relevant findings of discrimination against African Americans are for violation of the Fair Housing Act, which is not at issue in this litigation.  (First Amended Complaint, ¶ 21.)

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MOLSHREE GUPTA, ESQ.

Plaintiff's First Amended Complaint also discusses findings of Exhibit 2, none of which pertain to either unreasonable or excessive uses of force or to unlawful arrests, which are the constitutional deprivations at issue in this litigation.  (First Amended Complaint, ¶ 21.)

On September 25, 2021, a judicial officer of the State of California found that there was probable cause[1] for Plaintiff's subject arrest for California *Penal Code* sections 69 and 243(b), i.e. that there was probable cause to believe that Plaintiff committed a crime.  (See Exhibits "A" – "C".)

## III.    <u>LEGAL AUTHORITY</u>

The FRCP govern the sufficiency of a pleading in federal actions. *Harris v. Rand* (9th Cir. 2012) 682 F.3d 846, 850.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain factual allegations that plausibly show the pleader is entitled to relief.  *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 556, 678.  Rule 12(b)(6) of the FRCP provides for a Motion to Dismiss for failure to state a claim for relief.

Under Rule 12(b)(6) of the FRCP, a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus* (2007) 551 U.S. 89, 94. However, the presumption of truth does not apply to conclusory allegations, legal assertions couched as a factual allegation or mere restatements of the elements of a claim. *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678, 680-81. Furthermore, courts are not bound to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors* (9th Cir. 2001)

---

[1] Defendants request the Court to take judicial notice of a true and correct copy of the Probable Cause Determination, executed by Judicial Officer C. Estes on September 25, 2021, attached hereto as Exhibit "A."  Defendants request further judicial notice of true and correct copies of the statutory language of California *Penal Code* sections 69 and 243(b), attached hereto as Exhibits "B" and "C," respectively.

266 F.3d 979, 988 (citation omitted), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft*, *supra*, 556 U.S. at 678 (internal citation and quotation omitted).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id.*  The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.*

Only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Ashcroft*, *supra*, 556 U.S. at 679.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.*  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.*  (citing *Fed. Rule Civ. Proc.* 8(a)(2)).

Under Rule 12(f) of the FRCP, the court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter.

## IV.   PLAINTIFF FAILS TO STATE A CLAIM FOR UNLAWFUL ARREST

As established by Exhibits A-C, Plaintiff was arrested on September 24, 2021 for violations of California *Penal Code* sections 69 (obstructing or resisting an officer) and 243(b) (battery against an officer).  As the Court's December 2, 2022 Order held, Plaintiff's initial Complaint alleged no facts supporting an inference that he was arrested without probable cause.   Plaintiff's First Amended Complaint continues to suffer from the same defect, and in fact, alleges additional facts which concede there was probable cause to arrest him for violations of California *Penal Code* sections 69 (obstructing or

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MOLSHREE GUPTA, ESQ.

resisting an officer) and 243(b) (battery against an officer).

Specifically, Plaintiff concedes at paragraphs 10 and 12 of the First Amended Complaint that he disagreed with a peace officer regarding the legality of a turn, he verbally argued with a peace officer, and that he declined to provide his driver's license to a peace officer, even after he was advised that continued failure to comply would result in an arrest, i.e. "going to jail." (First Amended Complaint, ¶¶ 10, 12.) As the Court has already noted, lack of probable cause is a necessary element of a claim for unlawful arrest. *Dubner v. City & Cnty. Of S.F.*, 266 F. 3d 959, 964 (9th Cir. 2001); *Mustafa v. City of Chicago* (7th Cir. 2006) 442 F.3d 544, 547; see also *Hutchinson v. Grant* (9th Cir. 1986) 796 F.2d 288, 290 (holding that "a police officer has immunity if he arrests with probable cause").

Under California Penal Code section 836, a peace officer may arrest a person without a warrant if the officer has probable cause to believe that the person to be arrested has committed a felony. Cal. *Penal Code* § 836(a)(3); see *United States v. DiRe* (1948) 332 U.S. 581, 589; *United States v. Branch* (9th Cir. 1973) 483 F.2d 955, 956. Since Plaintiff's own allegations concede that he failed to cooperate with and resisted a peace officer, he cannot establish that there was no probable cause for his arrest for violations of California *Penal Code* sections 69 (obstructing or resisting an officer) and 243(b) (battery against an officer).

Moreover, a "finding of probable cause … is a final judgment on the merits for the purposes of collateral estoppel under the California law...." *Evans v. Cnty. of Los Angeles* (C.D. Cal. 2021) 529 F. Supp. 3d 1082, 1095 (aff'd, No. 21-55406, 2022 WL 3359171 (9th Cir. Aug. 15, 2022)) (citing *McCutchen v. City of Montclair* (Cal. Ct. App. 1999) 73 Cal. App. 4th 1138, 1145-46). On September 25, 2021, a judicial officer made a probable cause determination, i.e. a finding that "there (x) is … probable cause to believe [Plaintiff] … committed a crime."

As such, Plaintiff cannot establish lack of probable cause to support a claim for unlawful arrest.

7

## V.   **PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE COUNTY**

To recover against a municipal entity under Section 1983, a plaintiff must prove a pattern of unconstitutional acts by government officials which are "so permanent and well settled as to constitute an [unspoken] 'custom or usage' with the force of law." *Monell v. Department of Social Servs.* (1978) 436 U.S. 658, 98 S. Ct. 2018, 2036, 56 L.Ed.2d 611.   Further, liability under Section 1983 requires the identification of a municipal 'policy' or 'custom' that caused the plaintiff's injury.  *Bd. of County Comm'rs of Bryan County v. Brown* (1997) 520 U.S. 397, 403-04, 117 S. Ct. 1382, 137 L. Ed. 2d 626.

Since *Iqbal*, *supra*, courts have repeatedly rejected conclusory *Monell* allegations that lack factual content from which one could plausibly infer *Monell* liability. See, e.g., *Rodriguez v. City of Modesto* (9th Cir. 2013) 535 Fed. App'x 643, 646 (affirming district court's dismissal of *Monell* claim based only on conclusory allegations and lacking factual support); *Via v. City of Fairfield* (E.D. Cal.2011) 833 F. Supp. 2d 1189, 1196 (citing cases).

The Court found on December 2, 2022 that Plaintiff's initial Complaint alleged in a conclusory manner that the "County knowingly and intentionally promulgated, maintained, applied, enforced, and continued policies, customs, practices and usages… include[ing], without limitation, the employment of motorcycle and other officers to make unnecessary and unwarranted traffic stops to bully and harass African American drivers. This would include among other things, the initiation of frivolous traffic stops, arrest without probably cause, and the use of excessive force to effectuate the arrest." (Complaint, ¶ 21.)   Plaintiff's *First Amended Complaint adds the following conclusory and irrelevant allegations*: "The Los Angeles County Sheriff's Department has a long and sordid history of racial profiling and discriminatory traffic stops, particularly in the Antelope Valley. For years, black and Latino residents in the Antelope Valley complained they were the victims of racially biased stops and searches along with other mistreatment by Los Angeles County Sheriff's deputies."  (First Amended Complaint, ¶

8

21.)  Once again, absent from the First Amended Complaint are any factual allegations supporting these conclusory statements.

While Plaintiff may argue that Exhibits 1 and 2 provide factual support for his allegations, Plaintiff's own allegations concede that the reports are irrelevant as the issues in this litigation.  Moreover, as discussed below, Defendants seek to strike Exhibit 1 and allegations pertaining to it, as the First Amended Complaint concedes that the relevant findings of discrimination against African Americans are for violation of the Fair Housing Act, which is not at issue in this litigation.  Defendants also seek to strike Exhibits 1 and 2, and the allegations pertaining to the, as the findings therein do not pertain to either 1) purported use(s) of excessive force or 2) purported unlawful arrests for violations of California *Penal Code* sections 69 (obstructing or resisting an officer) and 243(b) (battery against an officer) – which are the constitutional deprivations at issue in this litigation.

In the absence of any facts to support their *Monell* claim, it is respectfully submitted that the Second Cause of Action for municipal liability under Section 1983 be dismissed, with prejudice.

## VI.    MATTERS SUBJECT TO A MOTION TO STRIKE

Under Rule 12(f) of the FRCP, the court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter.

### A. PRAYER FOR PUNITIVE DAMAGES

Here, it is not controversial that Plaintiff is not entitled to punitive or exemplary damages against the County, as a municipality is immune from punitive damages under 42 U.S.C. § 1983.  *City of Newport v. Fact Concerts, Inc.* (1981) 453 U.S. 247, 271. Nevertheless, Plaintiff seeks punitive damages on both causes of action.  (First Amended Complaint, at Prayer.)

Moreover, Plaintiff's Complaint alleges in conclusory statements against both Defendants that they were "wanton, willful, deliberate, and in conscious disregard of the rights and feelings of Plaintiff, was undertaken with the intent to cause Plaintiff injury

9

and constitutes malice, actual, express and implied." (First Amended Complaint, ¶¶ 18, 25.)   However, absent from the First Amended Complaint are any factual allegations supporting these conclusory statements, against either Defendant.

For the foregoing reasons, Defendants request that this Court strike the foregoing allegations regarding and prayer for punitive damages from the First Amended Complaint.

## B. PRAYER FOR RESTORATION OF PROPERTY

Plaintiff's prayer for "restoration of Plaintiff's wrongfully seized property" is unsupported by any factual allegations.   Plaintiff's First Amended Complaint identifies no property of Plaintiff's which was wrongfully seized by Defendants.   As such, Defendants request that this Court strike the foregoing prayer from the First Amended Complaint pursuant to Rule 12(f) of the FRCP.

## C. EXHIBITS 1 AND 2

At paragraph 21 of the First Amended Complaint, Plaintiff adds the following allegations pertaining to, and incorporated by reference, Exhibit 1 and 2 to the First Amended Complaint:

**"In 2013, the US Department of Justice, Civil Rights Division analyzed Sheriff's Department data from tens of thousands of vehicle and pedestrian stops, interviewed hundreds of people and reviewed volumes of internal sheriff's documents, and after this thorough analysis the Department of Justice "found that LASD's Antelope Valley stations have engaged in a pattern or practice of discriminatory and otherwise unlawful searches and seizures, including the use of unreasonable force, in violation of the Fourth Amendment, the Fourteenth Amendment, and Title VI. We found also that deputies assigned to these stations have engaged in a pattern or practice of discrimination against African Americans in violation of the Fair Housing Act." (See, Exhibit 1) The findings forced the county to reach a legal settlement with federal authorities in 2015 that called for significant reforms and continued oversight. However, despite all of this, the racial profiling and discriminatory traffic stops in the Antelope Valley persist, as evidenced by continued gross racial disparities. According to an NCCD report from 2020 found on the Sheriff's Department's own website entitled, "An Analysis of Racial/Ethnic Disparities in Stops by Los Angeles County Sheriff's Deputies in the Antelope Valley" the report found that Black drivers make up 32% of all traffic stops even though they account for only 17% of the population. The report also found that black drivers once stopped were more likely to have both their vehicle and their persons searched, more likely to experience backseat detentions, and**

10

**more likely to be asked if they are on probation or parole. All this is in spite of the fact that black drivers have a much lower contraband discovery rate (15.4%) than either their white or Hispanic counterparts (24.4% and 22.3% respectfully). (See, Exhibit 2)"**

As discussed above, the First Amended Complaint concedes that the relevant findings of Exhibit 1 regarding discrimination against African Americans are for violation of the Fair Housing Act, which is not at issue in this litigation. (First Amended Complaint, ¶ 21.) Moreover, the First Amended Complaint fails to offer any findings of Exhibits 1 and 2 which pertain to either 1) purported use(s) of excessive force or 2) purported unlawful arrests for violations of California *Penal Code* sections 69 (obstructing or resisting an officer) and 243(b) (battery against an officer) – which are the constitutional deprivations at issue in this litigation.

As such, Exhibits 1 and 2, and the allegations pertaining to them, are nothing more that "immaterial, impertinent, or scandalous" matters, which are subject to being stricken under Rule 12(f) of the FRCP.

## VII.  **CONCLUSION**

Defendants respectfully submit that: Plaintiff's claims for unlawful arrest and municipal liability are insufficiently pled, and subject to dismissal under Rule 12(b)(6) of the FRCP; Plaintiff's prayer for punitive damages and restoration of property are unsupported by factual allegations, and subject to being stricken under the FRCP; and Plaintiff's Exhibits 1 and 2 (and allegation thereto) are "immaterial, impertinent, or scandalous" matters, and subject to being stricken under Rule 12(f) of the FRCP.

Accordingly, this Court should grant this Motion.

Dated: December 28, 2022         KJAR, MCKENNA & STOCKALPER, LLP

                                 By:    _/s/Molshree Gupta_____
                                        PATRICK E. STOCKALPER
                                        MOLSHREE GUPTA
                                        Attorneys for Defendants,
                                        COUNTY OF LOS ANGELES and SERGEANT
                                        TRAVIS KELLY

### DECLARATION OF MOLSHREE GUPTA

I, MOLSHREE, ESQ., declare and state as follows:

1.     I am an attorney at law duly licensed to practice as such before all the courts of the State of California and am an associate in the law offices of Kjar, McKenna & Stockalper, LLP, attorneys of record for moving parties, COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY in the action entitled *Assiff v. County of Los Angeles, et al.* CV-05367 RGK (MAA).

2.     I have personal knowledge of the matters set forth herein, and if called to testify, I could and would competently testify to the facts set forth in this Declaration based upon my personal knowledge.

3.     Attached as Exhibit "A" and incorporated herein by this reference is a true and correct copy of Probable Cause Determination, executed by Judicial Officer C. Estes on September 25, 2021.

4.     Attached as Exhibit "B" and incorporated herein by this reference is a true and correct copy of the statutory language of California *Penal Code* section 69.

5.     Attached as Exhibit "C" and incorporated herein by this reference is a true and correct copy of statutory language of California *Penal Code* sections 243.

6.     On December 20, 2022, I prepared and sent a meet and confer correspondence to Plaintiff's counsel outlining Defendant's position, and that it was Defendant's intent to file a motion to dismiss pursuant to FRCP Rule 12(b)(6) and to strike pursuant to FRCP Rule 12(f).  Attached as Exhibit "D" and incorporated herein by this reference is a true and correct copy of my December 20, 2022 correspondence to Plaintiff's counsel.

7.     On December 21, 2022, I engaged in written correspondence and telephonic conference with Plaintiff's counsel to resolve and narrow issues raised in my December 20, 2022 correspondence.  Attached as Exhibit "E" and incorporated herein by this reference is a true and correct copy of my December 21, 2022 correspondence with Plaintiff's counsel, including confirmation of our telephonic conference.

12

8.     The subject Motion To Dismiss and To Strike was the appropriate means of seeking a dismissal of Plaintiff's improper claims, allegations, and prayer from the First Amended Complaint in order to protect Defendant's legal interests.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 28, 2022, at El Segundo, California.

                          */s/Molshree Gupta*_____
                          PATRICK E. STOCKALPER
                          MOLSHREE GUPTA