# EXHIBIT E

# Spencer Carter

| | |
|---|---|
| **From:** | Molshree Gupta |
| **Sent:** | Wednesday, December 21, 2022 4:31 PM |
| **To:** | Thomas Ferlauto; Patrick Stockalper; Spencer Carter |
| **Subject:** | RE: Assif (610-2): Reminder to Select Mediator |

This will confirm that we just spoke on the phone, have a good day.



Molshree Gupta
Associate
**KJAR, McKENNA & STOCKALPER, LLP**

---

**From:** Molshree Gupta
**Sent:** Wednesday, December 21, 2022 4:22 PM
**To:** Thomas Ferlauto <tmf@lawofficetmf.com>; Patrick Stockalper <pstockalper@kmslegal.com>; Spencer Carter <scarter@kmslegal.com>
**Subject:** RE: Assif (610-2): Reminder to Select Mediator
**Importance:** High

Counsel,

The meet and confer needs to be telephonic.

Your statement that that my "letter seems intent on asserting every argument from the prior motion to dismiss regardless of the Court's ruling or the argument's merits" is simply not true. Perhaps you may want to note that we are not challenging your excessive force claim, as the court already held that the pleading was sufficient there.

With respect to the 14th amendment, it is unclear to me why the Court feels Plaintiff would need to mention it to "incorporate the protections of the Fourth Amendment claim against the States." That's what 42 U.S.C. § 1983 does; § 1983 is the statutory hook on which Plt's Fourth Amendment claim is premised. Mention of the 14th amendment creates ambiguity, and we need to preserve this argument regardless of the Court's commentary (and I should note - a footnote is hardly a ruling).

The Probable Cause Determination establishes, at the very least, that Plaintiff was not arrested for a traffic violation but rather for resisting an officer. Even if there is no collateral estoppel (which the court didn't address but maybe my inability to read got in the way), Plaintiff still has not alleged sufficient facts to show lack of probable cause for an arrest.

Thank you for the very helpful pointer re reading the exhibits. However, I note once again that none of the studies (based on the allegations of the FAC) are relevant to what occurred here (see arguments already made before).

Thanks,

1



Molshree Gupta
Associate
**KJAR, McKENNA & STOCKALPER, LLP**

---

**From:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Sent:** Wednesday, December 21, 2022 4:00 PM
**To:** Molshree Gupta <mgupta@kmslegal.com>; Patrick Stockalper <pstockalper@kmslegal.com>; Spencer Carter <scarter@kmslegal.com>
**Subject:** Re: Assif (610-2): Reminder to Select Mediator

Ms. Gupta:

Allow this email to serve as an effort meet and confer.

Your letter seems intent on asserting every argument from the prior motion to dismiss regardless of the Court's ruling or the argument's merits.

You argue the "14th Amendment Claim," whatever that is, should be dismissed, even though the Court already held that argument was "baffling."

You repeat the probable cause argument that I thought you had abandoned. There was no contested proceeding finding probable cause which would give rise to collateral estoppel, and you know it. To assert it again would be frivolous.

As for the Monell claim, the Court wanted allegations of a pattern, not just an isolated incident. I provided a well documented history of discriminatory traffic stops acknowledged by the US Department of Justice (Exhibit 1) and continued to the present (Exhibit 2). I suggest you read the US DOJ report. Your attention is directed to the summary of findings, page 22, where they found "deputies engaged in a pattern or practice of misconduct in violation of the Constitution" including "Stops that appear motivated by racial bias, in violation of the Fourteenth Amendment" and "The use of unreasonable force in violation of the Fourth Amendment." The report on page 23 explains, "Our analysis of stop and search activity in the Antelope Valley revealed biased law enforcement activity, as African Americans and, to a lesser extent, Latinos, are more likely to be stopped or searched than whites in the Antelope Valley." These disturbing discriminatory numbers found by the DOJ report are still present in the more recent analysis (Exhibit 2). There is nothing conclusory about the exhaustive facts and finding as set forth in these Exhibits. The Complaint sufficiently alleges a Monell claim.

Your motion to dismiss would be without merit. You should file a timely answer.

Sincerely,

Thomas M. Ferlauto

_____

LAW OFFICE OF
THOMAS M. FERLAUTO
**A Professional Law Corporation**

Direct Dial 310-849-7554

25201 Paseo de Alicia, Suite 270
Laguna Hills, CA  92653
Phone: 949-334-8650
Facsimile: 949-334-8691

**Email: TMF@lawofficeTMF.com**
Website:  www.lawofficeTMF.com

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

On Dec 21, 2022, at 3:02 PM, Molshree Gupta <mgupta@kmslegal.com> wrote:

Following up re my voicemail just now to M&C re the attached.  Please call me back at 424-397-1504

<image001.jpg>

Molshree Gupta
Associate
**KJAR, McKENNA & STOCKALPER, LLP**

---

**From:** Molshree Gupta
**Sent:** Wednesday, December 21, 2022 12:42 PM
**To:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Cc:** Patrick Stockalper <pstockalper@kmslegal.com>; Spencer Carter <scarter@kmslegal.com>
**Subject:** RE: Assif (610-2): Reminder to Select Mediator

Will let you know ASAP –

==Are you available this afternoon (2:30 p.m. or later) to telephonically confer re Defendants' MTD as to the FAC?==

<image001.jpg>

Molshree Gupta
Associate
**KJAR, McKENNA & STOCKALPER, LLP**

---

**From:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Sent:** Wednesday, December 21, 2022 10:50 AM
**To:** Molshree Gupta <mgupta@kmslegal.com>
**Cc:** Patrick Stockalper <pstockalper@kmslegal.com>; Spencer Carter <scarter@kmslegal.com>
**Subject:** Re: Assif (610-2): Reminder to Select Mediator

Yes.  April 17 will work.  Please let me know as soon as that date is confirmed.

Thanks,

Tom

_____

LAW OFFICE OF
THOMAS M. FERLAUTO
**A Professional Law Corporation**

**Direct Dial 310-849-7554**

**25201 Paseo de Alicia, Suite 270**
**Laguna Hills, CA  92653**
**Phone: 949-334-8650**
**Facsimile: 949-334-8691**

**Email: TMF@lawofficeTMF.com**
Website:  www.lawofficeTMF.com

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

On Dec 20, 2022, at 4:49 PM, Molshree Gupta <mgupta@kmslegal.com> wrote:

Below, please find Ms. Cheng's *Central District Panel* mediation availability:

| NEUTRAL | AVAILABILITY |
|---|---|
| **Phyllis Cheng, Esq.**<br>*$750/hour after the initial three (3) hours* | *April 17, 21, 24, 28*<br>*May 5, 9, 12, 19, 26* |

We are in lengthy trial in Riverside starting April 19, 2023.  But April 17 may work.  We will check with our client; can you please let us know if it works for you and Plaintiff?

Also, please see our M&C letter re Motion to Dismiss/Strike re FAC.  Do you have time to discuss tomorrow?

<image001.jpg>

Molshree Gupta
Associate
**KJAR, McKENNA & STOCKALPER, LLP**

---

**From:** Molshree Gupta
**Sent:** Friday, December 16, 2022 10:46 AM
**To:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Cc:** Patrick Stockalper <pstockalper@kmslegal.com>; Spencer Carter <scarter@kmslegal.com>
**Subject:** RE: Assif (610-2): Reminder to Select Mediator

4

Yes, we can do this next week.

<image001.jpg>

Molshree Gupta
Associate
**KJAR, McKENNA & STOCKALPER, LLP**

---

**From:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Sent:** Friday, December 16, 2022 10:39 AM
**To:** Molshree Gupta <mgupta@kmslegal.com>
**Cc:** Patrick Stockalper <pstockalper@kmslegal.com>; Spencer Carter <scarter@kmslegal.com>
**Subject:** Re: Assif (610-2): Reminder to Select Mediator

The stipulation requires a date and an agreement by the panel member to mediate on that date. Can you reach out to Ms. Cheng and get some available dates?

Thanks,

Tom

_____

LAW OFFICE OF
THOMAS M. FERLAUTO
**A Professional Law Corporation**

**Direct Dial 310-849-7554**

**25201 Paseo de Alicia, Suite 270**
**Laguna Hills, CA  92653**
**Phone: 949-334-8650**
**Facsimile: 949-334-8691**

**Email: TMF@lawofficeTMF.com**
**Website**:  **www.lawofficeTMF.com**

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

> On Dec 16, 2022, at 9:36 AM, Molshree Gupta <mgupta@kmslegal.com> wrote:
>
> Good morning, counsel:
>
> Yes, we are interested in mediating with Phyllis Cheng.
>
> Thanks,
>
> <image001.jpg>

Molshree Gupta
Associate
**KJAR, McKENNA & STOCKALPER, LLP**

---

**From:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Sent:** Thursday, December 1, 2022 12:36 PM
**To:** Molshree Gupta <mgupta@kmslegal.com>
**Subject:** Re: Assif (610-2): Reminder to Select Mediator

Yes.  We are willing to mediate at this time.  Let me know if your client would like to participate.

Thanks,

Tom

_____

LAW OFFICE OF
THOMAS M. FERLAUTO
**A Professional Law Corporation**

**Direct Dial 310-849-7554**

**25201 Paseo de Alicia, Suite 270**
**Laguna Hills, CA  92653**
**Phone: 949-334-8650**
**Facsimile: 949-334-8691**

**Email: TMF@lawofficeTMF.com**
**Website**: **www.lawofficeTMF.com**

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

> On Nov 28, 2022, at 11:33 AM, Molshree Gupta <mgupta@kmslegal.com> wrote:
>
> If your client is amenable to mediating sooner than the close of discovery, I can reach out to my client to discuss.
>
> <image001.jpg>
>
> Molshree Gupta
> Associate
> **KJAR, McKENNA & STOCKALPER, LLP**
>
> ---
>
> **From:** Thomas Ferlauto <tmf@lawofficetmf.com>
> **Sent:** Monday, November 28, 2022 11:31 AM
> **To:** Molshree Gupta <mgupta@kmslegal.com>
> **Cc:** Patrick Stockalper <pstockalper@kmslegal.com>;

6

Spencer Carter <scarter@kmslegal.com>
**Subject:** Re: Assif (610-2): Reminder to Select Mediator
**Importance:** High

I have requested additional time.

The stipulation requires us to reach out to the panel mediator, get their agreement to mediate, and state a specific agreed date for the mediation. When last we talked, we were in disagreement as to when mediation should take place. When would you like to mediate?

Thanks,

Tom

_____

LAW OFFICE OF
THOMAS M. FERLAUTO
**A Professional Law Corporation**

**Direct Dial 310-849-7554**

**25201 Paseo de Alicia, Suite 270**
**Laguna Hills, CA  92653**
**Phone: 949-334-8650**
**Facsimile: 949-334-8691**

**Email: TMF@lawofficeTMF.com**
**Website**: **www.lawofficeTMF.com**

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

> On Nov 28, 2022, at 8:34 AM, Molshree Gupta <mgupta@kmslegal.com> wrote:
>
> Good morning, Counsel:
>
> We like Mediator Phyllis Cheng from the mediator panel. Not sure about any of the others.
>
> Please advise re status of the related filing, which it appears is due today.
>
> Thanks,

Molshree Gupta
Associate
**KJAR, McKENNA & STOCKALPER, LLP**

---

**From:** ADR_Reminder@cacd.uscourts.gov <ADR_Reminder@cacd.uscourts.gov>
**Sent:** Monday, November 28, 2022 2:00 AM
**To:** TMF@LAWOFFICETMF.COM; Molshree Gupta <mgupta@kmslegal.com>
**Subject:** Reminder to Select Mediator

**Court: United States District Court, Central District of California**
**Case Number: 2:22-CV-05367**
**Case Name: Joshua Assiff v. County of Los Angeles et al**
**Date of Order: 11/07/2022**
This automated email has been generated because the case listed above has been flagged as one in which the presiding judge ordered the parties to participate in mediation before a member of the Court's Mediation Panel. This email will be sent to every attorney of record or pro se party whose email address is listed on the docket in this case. Anyone receiving this email message who has contact information for a participating attorney or pro se party whose email address is not on the docket should forward this email immediately.
In general, unless the Court sets other deadlines, parties have 21 days from the date of a referral order to select a mediator from the Court's Mediation Panel. (General Order 11-10, § 7.1.) A list of Panel Mediators is available on the Court's website at www.cacd.uscourts.gov/attorneys/adr/list-panel-mediators.

Once a mediator has been selected, the parties should file a form Stipulation Regarding Selection of Mediator (ADR-02), available at [www.cacd.uscourts.gov/forms/stipulation-regarding-selection-panel-mediator](www.cacd.uscourts.gov/forms/stipulation-regarding-selection-panel-mediator). If the parties do not file a Stipulation Regarding Selection of Mediator (ADR-02) within 21 days of the referral order, the ADR Program is required to assign a Panel Mediator to the case. (General Order 11-10, § 7.1.) If the parties are unable to agree on a mediator, the Stipulation Regarding Selection of Mediator (ADR-02) may be used to request that the ADR Program assign a mediator with expertise in an identified area of law.

Please check the deadlines set by the judge in your case. If this case has been referred to the Court's Mediation Panel, and more than 21 days have passed since the date of the referral, please file your Stipulation Regarding Selection of Mediator (ADR-02) immediately if you have not already done so. If the parties are working together to choose a mediator and need additional time to complete the process, you may request that the ADR Program delay making an assignment. To do so, send your request for an extension to [ADR_Coordinator@cacd.uscourts.gov](mailto:ADR_Coordinator@cacd.uscourts.gov), copying all counsel of record and pro se parties who have appeared in the case. If you do not either file your Stipulation Regarding Selection of Mediator (ADR-02) or request additional time in which to do so within 7 days of this email, the ADR Program will begin the process of finding a Panel Mediator to assign to your case.

This email was generated automatically based on the Court's initial referral order. If you have recently filed a Stipulation Regarding Selection of Mediator (ADR-02) or if other intervening events have made assignment of a Panel Mediator unnecessary, no further action is required in response to this email.

Please direct questions about the ADR Program to the ADR Program Office at ADR_Coordinator@cacd.uscourts.gov.

Please do not reply to this email. This is not a monitored email box.

<Letter to PC - M&C re MTD FAC.pdf>

<Letter to PC - M&C re MTD FAC.pdf>