PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and DEPUTY TRAVIS KELLY**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,<br><br>Defendants. | **Case No.: 2:22-cv-05367 RGK(MAAx)**<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br><br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

1
DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PLAINTIFF DOES NOT AND CANNOT SHOW UNLAWFUL ARREST

As a preliminary matter, Plaintiff's allegations regarding the legality of the manner in which he was operating his vehicle are irrelevant to the Court's inquiry regarding the legality of the subject arrest. Plaintiff appears to be arguing that if there was "not even probable cause for the traffic stop," then there cannot have been probable cause for the subsequent arrest. First, "probable cause" is not the standard which applies to traffic stops; second, even if it did, lack of probable cause for the traffic stop would have no impact on probable cause for the subject arrest, as Defendant's Motion to establishes that Plaintiff was arrested for violations of California *Penal Code* sections 69 (obstructing or resisting an officer) and 243(b) (battery against an officer). As such, the only allegations which the Court may consider pertain to facts regarding Plaintiff's either obstruction or resistance of a peace office and/or battery against a peace office.

Plaintiff attempts to rely on an allegation that only a "short amount of time [passed] between KELLY's demand for Plaintiff's license and KELLY's use of force to effectuate the arrest," to somehow argue that the arrest itself was unlawful. However, Plaintiff provides no argument or legal authority showing why a reasonable peace officer in KELLY's position could not have made a probable cause determination regarding the subject arrest in this amount of time. In doing so, Plaintiff squarely ignores Defendants' argument that his own allegations show that he verbally argued with a peace officer regarding the legality of a turn, and that he declined to provide his driver's license to a peace officer, even after he was advised that continued failure to comply would result in an arrest, i.e. "going to jail." (FAC, ¶¶ 10, 12.)

Oddly, Plaintiff argues that his FAC contains no allegation that he "verbally argued" but then cites that exact language for the Court, i.e. that "Plaintiff politely protested his innocence." (FAC, ¶ 12.) Plaintiff then attempts to rely on artful omissions of fact to argue that since there is "no allegation that Plaintiff refused to produce his driver's license," Defendants cannot argue that Plaintiff failed to obey a

2

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

peace officer's command. However, the allegations clearly establish that Plaintiff either "verbally argued" or "politely protested his innocence" for approximately 40 seconds before he was advised that failure to provide his driver's license would result in an arrest. (FAC, ¶ 12.) Moreover, Plaintiff has provided no legal authority to show that a determination of obstruction/resistance under *Penal Code* section 69 cannot occur within 40-45 seconds. It is not surprising that no such authority exists, as it is well known and accepted in our society that peace officers are required to make "split second" decisions.

Once again, it is notable that neither Plaintiff's First Amended Complaint nor his Opposition identify any allegations showing that Plaintiff was not obstructing or resisting an officer (California *Penal Code* section 69) or that Plaintiff did not commit battery against an officer (California *Penal Code* section 243(b)) at any point during the subject incident. Since Plaintiff's own allegations concede that he failed to cooperate with and resisted a peace officer, he cannot establish that there was no probable cause for his arrest for violations of California *Penal Code* sections 69 (obstructing or resisting an officer) and 243(b) (battery against an officer).

## II. PLAINTIFF CANNOT SHOW THAT THE ALLEGED FORCE AND HIS ARREST WERE CAUSED BY DEFENDANT COUNTY'S POLICY OR CUSTOM

In this litigation, Plaintiff claims to have suffered excessive force and unlawful arrest [for violations of California *Penal Code* sections 69 (obstructing or resisting an officer) and 243(b) (battery against an officer)]. Though Plaintiff alleges that the underlying traffic stop was racially motivated (or without probable cause, as Plaintiff's Opposition argues), neither the initial nor the First Amended Complaint state any claims tied to the traffic stop itself. As discussed above, this Court's inquiry regarding Plaintiff's claims for excessive force and unlawful arrest do not turn on the propriety of the traffic stop.

Plaintiff asserts that "Defendants attempt to mislead the Court on the import of Exhibit 1" when Defendant simply quoted the significant findings of Exhibit 1, as

3

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

alleged in the First Amended Complaint. And as Defendants' Motion demonstrates, the allegations of Plaintiff's own Fist Amended Complaint concede that Exhibits 1 and 2 are not relevant to Plaintiff's claims of excessive force and unlawful arrest. For example, Plaintiff alleges that Exhibit 2 pertains to "traffic stops … vehicle and [] person[] search[s], … backseat detentions, and … [being] asked if they are on probation or parole." (FAC, ¶ 21.) Plaintiff also concedes that Exhibit 1 pertains to "racial profiling and discriminatory traffic stops." (FAC, ¶ 21.)

To the extent that Plaintiff may argue that Exhibit 1 tangentially address "unreasonable force" in the context of a discriminatory traffic stop, Defendant argues that Plaintiff's claims fail to establish racial profiling. Note that the only allegation of racial profiling in this First Amended Complaint are that Plaintiff is African American; there is no additional conduct or communications attributed to KELLY which show racial profiling or discriminatory intent.

As such, Defendants maintain their position that Plaintiff's second cause of action against the COUNTY should be dismissed with prejudice for failure to allege a causal connection between the purported policy and custom and the claimed deprivation beyond conclusory and misleading allegations. Moreover, Exhibits 1 and 2 should be stricken from the First Amended Complaint as "immaterial, impertinent, or scandalous" matters.

### III.  PLAINTIFF HAS CONCEDED DEFENDANTS' MOTION TO STRIKE

Plaintiff fails to address and, thus, concedes various arguments raised in Defendants' Motion. (See *Jenkins v. County of Riverside* (9th Cir.2005) 398 F.3d 1093, 1095 n. 4 (deeming plaintiff's failure to address, in opposition brief, claims challenged in a motion, an "abandonment of those claims"); *Ramirez v. Ghilotti Bros. Inc.* (N.D. Cal. 2013) 941 F. Supp. 2d 1197, 1210 (holding that argument was conceded where the defendant failed to address it in its opposition).)

Here, Plaintiff fails to address the following arguments made in Defendants' moving papers:

4

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

- That he fails to state an entitlement to punitive or exemplary damages (Defendants' Motion at pp. 9-10).
- That he fails to state an entitlement to restoration of property (Defendants' Motion at p. 10).

As such, Plaintiff concedes these arguments, and this Court may grant Defendants' Motion to Strike as to Plaintiffs' prayers punitive for exemplary damages and restoration of property.

## IV. CONCLUSION

Based on the above, and the on the arguments raised in the moving papers, Defendants respectfully request this Court should grant Defendant's FRCP Rule 12 Motion and issue an order dismissing the present action forthwith.

Dated: January 13, 2023        KJAR, MCKENNA & STOCKALPER, LLP

By: ___/s/Molshree Gupta_____
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and DEPUTY TRAVIS KELLY

5

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES