UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05367-RGK-MAA | Date | February 16, 2023 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Motion to Dismiss and to Strike First Amended Complaint [DE 29]

## I.  INTRODUCTION

On December 14, 2022, Plaintiff filed a First Amended Complaint ("FAC") against the County of Los Angeles (the "County") and Sheriff Deputy Badge Number 404532, who the County concedes is Sergeant Travis Kelly ("Sgt. Kelly"; collectively, "Defendants"). (ECF No. 27.) Plaintiff alleges claims under 42 U.S.C. § 1983 ("Section 1983") arising from a traffic stop and subsequent arrest. Presently before the Court is Defendants' Motion to Dismiss and to Strike the FAC. (ECF No. 29.) For the following reasons, the Court **GRANTS** Defendants' Motion **in part** and **DENIES** Plaintiff leave to amend.

## II.  FACTUAL BACKGROUND

Plaintiff alleges the following facts:

Plaintiff is a 21-year-old black male student at Antelope Valley College. On September 24, 2021, at approximately 7:50 AM, Plaintiff was "obeying all traffic laws, rules, and regulations" when he "made a legal right hand turn on a green light." (FAC ¶ 10.) Sgt. Kelly pulled him over for "no apparent reason and without probable cause." (*Id.* ¶ 11.) Sgt. Kelly "falsely accused Plaintiff of making an illegal right hand turn on a red light" to which Plaintiff "politely protested his innocence." (*Id.* ¶ 12.) Sgt. Kelly then "angrily shouted at Plaintiff, 'Gimme your driver's license or you're going to jail!'" (*Id.*) Five seconds after his demand, Sgt. Kelly forcibly removed Plaintiff from the vehicle, and Sgt. Kelly and other deputies "tasered, choked, pepper sprayed, beat and arrested Plaintiff" for "no apparent reason and without probable cause." (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05367-RGK-MAA | Date | February 16, 2023 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al* | | |

The County maintains a practice of "bully[ing] and harass[ing] African American drivers" by allowing its deputies to initiate frivolous traffic stops, make arrests without probable cause, and use excessive force. (*Id.* ¶ 21.) In 2013, the U.S. Department of Justice found that the County's Antelope Valley stations "engaged in a pattern or practice of discriminatory and otherwise unlawful searches and seizures, including the use of unreasonable force, in violation of the Fourth Amendment, the Fourteenth Amendment, and Title VI." (*Id.*) The Department of Justice further found that deputies "engaged in a pattern or practice of discrimination against African Americans in violation of the Fair Housing Act." (*Id.*) Further, a 2020 report from the National Council on Crime & Delinquency found that black drivers were more likely to be stopped, searched, and "experience backseat detentions" in Antelope Valley despite a lower contraband discovery rate. (*Id.*)

### III. MOTION TO DISMISS

#### A. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). The Court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

#### B. DISCUSSION

Plaintiff brings claims for unlawful arrest and excessive force against Sgt. Kelly, as well as a *Monell* claim against the County. Defendants move to dismiss Plaintiff's claim for unlawful arrest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05367-RGK-MAA | Date | February 16, 2023 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al* | | |

against Sgt. Kelly, and Plaintiff's *Monell* claim against the County. The Court evaluates the claims in turn.

### 1. *Unlawful Arrest Against Sgt. Kelly*

Plaintiff brings his unlawful arrest claim under Section 1983. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001).

Plaintiff alleges that leading up to his arrest, he was "obeying all traffic laws, rules, and regulations" when he "made a legal right hand turn on a green light." (FAC ¶ 10.) Plaintiff further alleges that Sgt. Kelly pulled Plaintiff over and "falsely accused Plaintiff of making an illegal right hand turn." (*Id.*) Finally, he alleges that after Plaintiff "politely protested his innocence," Sgt. Kelly angrily demanded Plaintiff's license, and arrested him a mere five seconds later. (*Id.*) In this manner, Plaintiff adequately alleges that Sgt. Kelly arrested Plaintiff for "no apparent reason and without probable cause" so as to state a claim for unlawful arrest. (*Id.*)

Defendants argue that Plaintiff fails to state a claim for unlawful arrest because Plaintiff fails to plausibly allege that his arrest was without probable cause. In particular, Defendants argue that Plaintiff cannot plausibly allege a lack of probable cause because (1) Plaintiff's allegations demonstrate that Plaintiff resisted arrest, thereby conceding probable cause, and (2) Plaintiff is collaterally estopped from alleging a lack of probable cause because a judicial officer made a finding of probable cause. Both arguments fail.

#### i. Resisting Arrest

Defendants argue that Plaintiff's allegations demonstrate that Plaintiff resisted arrest, thereby creating probable cause for his arrest. Defendants argue that according to the FAC, Plaintiff "verbally argued with [Sgt. Kelly], and that he declined to provide his driver's license to [Sgt. Kelly], even after he was advised that continued failure to comply would result in an arrest." (Defs.' Mot. Dismiss at 6). Defendants mischaracterize Plaintiff's allegations, however. Plaintiff does not allege that he "verbally argued" with Sgt. Kelly. Rather, Plaintiff alleges that he "politely protested his innocence." (FAC ¶ 10.) Likewise, Plaintiff does not allege that he "declined to provide his driver's license." The FAC is silent on that issue, simply alleging that Plaintiff was arrested after being given a mere five seconds to comply with Sgt. Kelly's demands. (*Id.*) These allegations fall short of showing that Plaintiff resisted arrest. If anything, when construed "in the light most favorable to the nonmoving party," these allegations show that Plaintiff was arrested without probable cause. *See Davis*, 691 F.3d at 1159.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05367-RGK-MAA | Date | February 16, 2023 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al* | | |

*ii. The Probable Cause Determination*

In conjunction with their Motion, Defendants request that the Court take judicial notice of multiple exhibits. One such exhibit is a Probable Cause Determination (the "Determination") which Defendants represent demonstrates a finding of probable cause by a state judicial officer. Defendants argue that the Court should consider this exhibit because "courts are not bound to 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" (Defs.' Mot. Dismiss at 5 (quoting *Sprewell v. Golden State Warriors* (9th Cir. 2001)).) Defendants thereby argue that Plaintiff's unlawful arrest claim should be dismissed because the finding of probable cause set forth in the Determination estops Plaintiff from re-litigating the issue. However, Defendants fail to meet the requirements for judicial notice. Federal Rule of Evidence 201(b) explains in relevant part:

> **(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
> **(1)** is generally known within the trial court's territorial jurisdiction; or
> **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Defendants fail to explain how the Determination fits into either category. For that reason, the Court declines to take judicial notice of the Determination.[1]

Moreover, even if the Court were to take judicial notice of the Determination, Defendants fail to demonstrate that collateral estoppel is appropriate. Defendants quote from *Evans v. Cnty. of L.A.* for the proposition that a "finding of probable cause . . . is a final judgment on the merits for the purposes of collateral estoppel under the California law. . . .'" (Defs.' Mot. Dismiss at 7 (omissions in original).) However, Defendants conveniently omit part of the court's holding. The court in *Evans* found that a "finding of probable cause **to hold defendant over for trial** is a final judgment on the merits for the purposes of collateral estoppel under the California law. . . ." *Evans v. Cnty. of L.A.*, 529 F. Supp. 3d at 1095 (emphasis added). Here, there is no indication that the Determination was a finding of probable cause to hold Plaintiff over for trial. Moreover, Defendants completely ignore the fact that a final judgment on the merits is merely one of five elements that must each be established to assert collateral estoppel. *See id.* at 1094 (citing *Lucido v. Super. Ct.*, 51 Cal. 3d 335, 341 (1990)). Defendants make no attempt to establish any of the other elements, nor do they provide any caselaw suggesting that a party

---

[1] Because the Court does not rely on Defendants' remaining exhibits, the remainder of Defendants' request for judicial notice is **DENIED** as **moot**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05367-RGK-MAA | Date | February 16, 2023 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al* | | |

may circumvent the other four elements other than its misquoted analysis of *Evans*. Accordingly, Plaintiff states a plausible claim for unlawful arrest against Sgt. Kelly.

    2.    <u>*Monell Claim Against the County*</u>

For liability against a municipality, a plaintiff must allege that he was deprived of a constitutional right and that the municipality "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." *Galen v. Cnty. of L.A.*, 477 F.3d 652, 667 (9th Cir. 2007) (quoting *Monell v. Dep't of Soc. Servs. of the City of N.Y.C.*, 436 U.S. 658, 694–95 (1978)). A plaintiff must allege either an official policy or a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff alleges that the County violated Section 1983 by maintaining a practice of employing deputies to "bully and harass African American drivers" by way of initiating frivolous traffic stops, making arrests without probable cause, and using excessive force. (FAC ¶ 21.) In support of this allegation, Plaintiff alleges that the U.S. Department of Justice ("DOJ") found in a 2013 report that the County "engaged in a pattern or practice of discriminatory and otherwise unlawful searches and seizures, including the use of unreasonable force, in violation of the Fourth Amendment, the Fourteenth Amendment, and Title VI," as well as "engaged in a pattern or practice of discrimination against African Americans in violation of the Fair Housing Act." (*Id.*) Plaintiff further alleges that the National Council on Crime & Delinquency ("NCCD") found in a 2020 report that black drivers were more likely to be stopped, searched, and detained by the County despite a lower contraband discovery rate. (*Id.*) In this manner, Plaintiff adequately alleges that the County engaged in "practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." *See Trevino*, 99 F.3d at 918.

Defendants argue that the DOJ and NCCD reports are irrelevant and fail to plausibly support Plaintiff's policy or practice claim. Defendants argue that the DOJ report is irrelevant because Plaintiff "concedes that the relevant findings of discrimination against African Americans are for violation of the Fair Housing Act, which is not at issue in the litigation." (Defs.' Mot. Dismiss at 9.) Defendants further argue that the reports are irrelevant because neither report relates to the use of excessive force or unlawful arrests. Defendants' arguments are bewildering. In the FAC, Plaintiff clearly alleges that the DOJ found a pattern of Fourth and Fourteenth Amendment violations, "including the use of unreasonable force." (FAC ¶ 21.) Likewise, Plaintiff alleges that the NCCD found that black drivers were more likely to "experience backseat detentions." (*Id.*) In this manner, the DOJ and NCCD reports

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05367-RGK-MAA | Date | February 16, 2023 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al* | | |

are relevant and plausibly support Plaintiff's policy or practice claim. Accordingly, Plaintiff states a plausible *Monell* claim against the County.

For these reasons, Plaintiff has sufficiently stated his claims against Sgt. Kelly and the County. Thus, the Court **DENIES** Defendants' Motion to Dismiss.

## IV.   MOTION TO STRIKE

### A.   JUDICIAL STANDARD

Under Rule 12(f), a court may "strike from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In evaluating a motion to strike, the court must "view the pleading under attack in the light most favorable to the pleader." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005). Motions to strike are disfavored, *see Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996), and "are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).

### B.   DISCUSSION

Defendants move to strike Plaintiff's prayer for punitive damages, prayer for restoration of property, and Exhibits 1 and 2 to the FAC. The Court addresses each in turn.

1.   *Prayer for Punitive Damages*

   i.   *Sgt. Kelly*

Defendants move to strike Plaintiff's prayer for punitive damages against Sgt. Kelly because Plaintiff fails to state sufficient factual allegations to support the conclusory allegation that Sgt. Kelly's actions were "wanton, willful, [and] deliberate." (FAC ¶¶ 18, 25.) Defendants have brought the incorrect motion. When seeking to remove a prayer for punitive damages from a complaint, defendants may either bring a motion to strike under Rule 12(f) or a motion to dismiss the prayer for relief under Rule 12(b)(6). Which motion is proper "turns on the rationale used by Defendants to justify the motion." *Logue v. Curtis Mgmt. Co.*, 2019 WL 2249981, at *2 (S.D. Cal. May 24, 2019). A motion to strike should be used to "strike a prayer for relief where the damages sought are not recoverable as a matter of law." *Gay-Straight All. Network v. Visalia Unified Sch. Dist.*, 262 F. Supp. 2d 1088, 1110 (E.D. Cal. 2001). But when a defendant is challenging the sufficiency of factual allegations supporting a prayer for relief, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05367-RGK-MAA | Date | February 16, 2023 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al* | | |

"proper medium . . . is through Rule 12(b)(6)." *Consumer Sols. REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009).

Here, Defendants challenge the allegations that underlie Plaintiff's prayer for punitive damages, and thus should have moved for dismissal under Rule 12(b)(6). Defendants make no argument that such damages are not legally recoverable or that the prayer is "redundant, immaterial, impertinent, or scandalous." *See* Fed. R. Civ. P. 12(f). Because Defendants have not presented a proper argument for striking the prayer for punitive damages, the Court **DENIES** Defendants' Motion to Strike as to the prayer for punitive damages against Sgt. Kelly.

　　　　ii.　*The County*

Defendants move to strike Plaintiff's prayer for punitive damages against the County because punitive damages are unavailable as a matter of law. It is well-established that a municipality is immune from punitive damages under Section 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Accordingly, the Court **STRIKES** Plaintiff's prayer for punitive damages against the County.

　　　　2.　*Prayer for Restoration of Property*

Defendants also move to strike Plaintiff's prayer for restoration of property because Plaintiff's prayer is unsupported by factual allegations. Again, Defendants have brought the incorrect motion. Because Defendants challenge the allegations underlying Plaintiff's prayer for restoration of property, Defendants should have moved for dismissal under Rule 12(b)(6). Thus, the Court **DENIES** Defendants' Motion to Strike as to the prayer for restoration of property.

　　　　3.　*Exhibits 1 and 2 to the FAC*

Defendants move to strike Exhibits 1 and 2 to the FAC, the DOJ and NCCD reports respectively, arguing that the exhibits are irrelevant to Plaintiff's claims and therefore "immaterial, impertinent, or scandalous." As discussed above, however, the exhibits are relevant and material, as they support Plaintiff's allegations that the County maintained a policy or practice of discrimination as part of Plaintiff's *Monell* claim. Thus, the Court **DENIES** Defendants' Motion to Strike as to Exhibits 1 and 2.

**V.　LEAVE TO AMEND**

Plaintiff requests leave to amend. "It is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05367-RGK-MAA | Date | February 16, 2023 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al* | | |

futile." *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015). Amendment here would be futile, as the only deficiency identified above, Plaintiff's prayer for punitive damages against the County, cannot be cured by alleging additional facts because punitive damages against the County are unavailable as a matter of law. Accordingly, the Court **DENIES** Plaintiff leave to amend.

### VI.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss and Strike the FAC **in part**, striking Plaintiff's prayer for punitive damages against the County. Plaintiff's prayer for punitive damages against Sgt. Kelly remains.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sf |