PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY (erroneously sued and served as "SHERIFF DEPUTY BADGE NUMBER 404532")**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,<br><br>Defendants. | **Case No.: 2:22-cv-05367 RGK(MAAx)**<br><br>**DEFENDANTS COUNTY OF LOS ANGELES AND SERGEANT TRAVIS KELLY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br><br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

COMES NOW Defendants COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY **(erroneously sued and served as "SHERIFF DEPUTY BADGE**

1

**NUMBER 404532"**) and answering Plaintiff's Complaint for itself and for no other parties, admit, denies and alleges as follows:

1.      Answering paragraph 1, Defendants admit the following allegations: "Plaintiff, a young black male, was driving."  Defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the remaining allegations.

## JURISDICTION

2.      Answering paragraph 2, Defendants admit that jurisdiction is properly with this Court.

## VENUE

3.      Answering paragraph 3, Defendants admits that jurisdiction is appropriately in the Central District of California.

## THE PARTIES

4.      Answering paragraph 4, Defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

5.      Answering paragraph 5, Defendants admit the allegations.

6.      Answering paragraph 6, Defendants admit the following allegations: "Defendant DEPUTY is and at all times herein mentioned has been an individual acting under color of authority, as a Peace Officer, within the meaning of California Penal Code 830.1. DEPUTY was an employee of the Department."  Defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the remaining allegations.

7.      Answering paragraph 7, Defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

2

8.      Answering paragraph 8, Defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

## GENERAL ALLEGATIONS

9.      Answering paragraph 9, Defendants admit the following allegations: "Plaintiff is a [] black male."  Defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

10.      Answering paragraph 10, Defendants admit the following allegations: "On or about September 24, 2021, [] Plaintiff was driving."  Defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

11.      Answering paragraph 11, Defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

12.      Answering paragraph 10, Defendants admit that a portion of the "encounter was captured on the DEPUTY's body worn camera."  Defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

13.      Answering paragraph 13, Defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

## FIRST CAUSE OF ACTION

14.      Answering paragraph 14, which incorporates by reference the allegations of other paragraphs of the pleading, Defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

15.      Answering paragraph 15, Defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

16.     Answering paragraph 16, Defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

17.     Answering paragraph 17, Defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

18.     Answering paragraph 18, Defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

## SECOND CAUSE OF ACTION

19.     Answering paragraph 19, which incorporates by reference the allegations of other paragraphs of the pleading, Defendants to the same extent incorporate by reference the answers provided herein to those paragraphs.

20.     Answering paragraph 20, Defendants admit the allegations.

21.     Answering paragraph 21, Defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

22.     Answering paragraph 22, Defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

23.     Answering paragraph 23, Defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

24.     Answering paragraph 24, Defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

DEFENDANTS COUNTY OF LOS ANGELES AND SERGEANT TRAVIS KELLY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

25.     Answering paragraph 25, Defendants lack sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, Defendants allege each of the following:

## FIRST AFFIRMATIVE DEFENSE

1.     Defendants allege that neither the First Amended Complaint on file in this action, nor any of the alleged causes of action therein, state facts sufficient to constitute a cause of action on which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.     As to the federal claims and theories of recovery, the individual defendants are protected from liability under the doctrine of qualified immunity, because the individual defendants' conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known and was reasonable based upon the information that it possessed at the time.  The individual defendants reasonably believed "in good faith" that what they did was lawful and appropriate, and relied upon information provided to them.  Moreover, the individual defendants acted under a reasonable, even if mistaken, belief that what they did was reasonable, appropriate and lawful.

## THIRD AFFIRMATIVE DEFENSE

3.     These answering Defendants allege that the damages, if any, alleged by Plaintiff was caused in whole or in part, or were contributed to by reason of the negligence and intentional acts of Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff has failed, in whole or in part, to mitigate his damages.

///

///

5

**FIFTH AFFIRMATIVE DEFENSE**

5.      That the incidents referred to in the First Amended Complaint, and resulting damages, if any, to Plaintiff was proximately caused or contributed to by Plaintiff's own negligence or culpable conduct, and such negligence or culpable conduct was greater than the negligence, if any, of this answering Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

6.      That any damage suffered by Plaintiff was a direct and proximate result of his own misconduct and actions or the misconduct or actions of a third person.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      That the acts complained of this answering Defendants were justified and privileged under the circumstances.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      This answering Defendants did not have or enact any policy, statute, ordinance or custom which denied or infringed upon any of Plaintiff's alleged constitutional rights.

**NINTH AFFIRMATIVE DEFENSE**

9.      This answering Defendants cannot be held liable under 42 U.S.C. §1983 on a Respondent Superior Theory.

**TENTH AFFIRMATIVE DEFENSE**

10.     That to the extent Plaintiff's causes of actions against this answering Defendants sound in negligence, that no recovery can be predicated upon 42 U.S.C. § 1983.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     The actions of the individual defendants were privileged to the extent that they could use the force reasonably necessary to respond to the situation with which they were confronted.

///

///

## TWELFTH AFFIRMATIVE DEFENSE

12. That the incident referred to Plaintiff's First Amended Complaint and all injuries and damages, if any, resulting there from were the result of an unavoidable incident so far as these answering Defendants are concerned.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Neither a public entity, nor a public employee, is liable for his/her act or omission, exercising due care, in the execution or enforcement of any law.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendants sued in their official capacities are immune from the imposition of punitive damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. That the acts or omissions, if any, of this answering Defendants were not a substantial factor in bringing about the Plaintiff's alleged damages, if any, and therefore, were not a contributing cause thereof, but were superseded by the acts or omission of others, which are independent, intervening, and proximate causes of any such injuries or damages allegedly suffered.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. At all times mentioned in Plaintiff's Complaint, this answering Defendants did not personally participate in any of the Plaintiff's alleged violations of his constitutional rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.   Plaintiff was not exposed to an excessive risk of harm for which he incurred serious injury.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.   The damages alleged by Plaintiff were the result of independent, intervening acts, over which these answering Defendants had no control, which resulted in a superseding cause of Plaintiff's alleged injuries.

///

7

### NINETEENTH AFFIRMATIVE DEFENSE

19.   This action is barred by the applicable statutes of limitations.

### TWENTIETH AFFIRMATIVE DEFENSE

20.   Plaintiffs' claims are barred by the doctrine of unclean hands.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.   Plaintiffs' claims are barred by the doctrine of laches.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.   Plaintiffs have failed to join all necessary parties to this action.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.   Plaintiffs' First Amended Complaint fails to state a cause of action against Defendant COUNTY pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), as there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or custom.

### TWENTY-FOUR AFFIRMATIVE DEFENSE

24.   Plaintiff's First Amended Complaint, each purported cause of action therein and factual allegations therein, considered separately or as a whole, are uncertain and ambiguous.

### TWENTY-FIVE AFFIRMATIVE DEFENSE

25.   Except as otherwise provided by statute, public employees of the State of California and its departments or agencies, including the COUNTY OF LOS ANGELES, are not liable for any injury or damages to Plaintiff caused by the act or omission of another person, including, but not limited to, the acts or omissions of another public employee. (Gov. Code, § 820.8.)

### TWENTY-SIX AFFIRMATIVE DEFENSE

26.   COUNTY OF LOS ANGELES is not liable for any injury or damages to Plaintiff, if Plaintiff suffered any such injury or damages, resulting from an exercise of

discretion vested in a public employee, whether or not such discretion is abused. (Gov. Code, §§ 815.2, sudb. (b), 820.2.)

### TWENTY-SEVEN AFFIRMATIVE DEFENSE

27.    If and to the extent that the allegations of Plaintiff's Complaint attempt to enlarge upon the facts and contentions set forth in his Government Claim, if there was any, Plaintiff's Complaint fails to state a cause of action and is barred by Government Code sections 905.2, 911.2 and 950.2.

### TWENTY-EIGHT AFFIRMATIVE DEFENSE

28.    COUNTY OF LOS ANGELES is not liable for any injury or damages to Plaintiff, if Plaintiff suffered any such injury or damages, by way of vicarious liability, respondeat superior; or otherwise, where the public employee whose conduct allegedly caused the injury or damage is not liable or is immune from liability. (Gov. Code, § 815.2).

### TWENTY-NINE AFFIRMATIVE DEFENSE

29.    There is no liability for any injury or damages, if any there were, resulting from failure to discharge any mandatory duties as reasonable diligence was exercised to discharge any duty there may have been. (Gov. Code, § 815.6).

### THIRTY AFFIRMATIVE DEFENSE

30.    COUNTY OF LOS ANGELES owes no duty of care to Plaintiff, and nor any COUNTY OF LOS ANGELES employee within the scope of employment stood or stands in such a special relationship to Plaintiff so as to give rise to any duty running to Plaintiff.

### THIRTY-ONE AFFIRMATIVE DEFENSE

31.    Plaintiff willingly, voluntarily and knowingly assumed each, every, and all the risks and hazards involved in the activities alleged in Plaintiff's Complaint.

///
///
///

DEFENDANTS COUNTY OF LOS ANGELES AND SERGEANT TRAVIS KELLY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### THIRTY-TWO AFFIRMATIVE DEFENSE

32.     The risk of injury, if there was any risk, was created by an act or omission which was reasonable within the meaning of Government Code sections 835.4, 840.4, and 840.6.

### THIRTY-THREE AFFIRMATIVE DEFENSE

33.     If it is found that any Defendant is legally responsible for the damages, if any, which Defendants specifically deny, then such damages were proximately caused by or contributed to by Plaintiffs or others, whether served or not, and it is necessary that the proportionate degree of fault of every such person be determined and prorated by the trier of fact, and that any judgment which might be rendered against any Defendant be reduced by that percentage of fault to be found to exist of Plaintiffs or others and causative fault, whether sued herein or not.

### THIRTY-FOUR AFFIRMATIVE DEFENSE

34.     These Defendants presently have insufficient knowledge or information upon which to form a belief as to whether Defendants may have additional affirmative defenses to Plaintiff's Complaint. Defendant therefore reserves the right to assert additional defenses in the event that discovery indicates that such affirmative defenses are appropriate.

///
///
///
///
///
///
///
///
///
///

## DEMAND FOR JURY TRIAL

Defendants hereby demand and request a trial by jury in this matter.

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff take nothing by this action;

2.    That the action be dismissed;

3.    That Defendants be awarded costs of suit;

4.    That Defendants be awarded other and further relief as the Court may deem just and proper, including an award of attorney's fees pursuant to 42 U.S.C. §1988.


Dated: March 6, 2023                    KJAR, MCKENNA & STOCKALPER, LLP

                              By:    _/s/ Molshree Gupta_____
                                   PATRICK E. STOCKALPER
                                   MOLSHREE GUPTA
                                   Attorneys for Defendants,
                                   COUNTY OF LOS ANGELES and SERGEANT
                                   TRAVIS KELLY