PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,<br><br>Defendants. | **Case No.: 2:22-cv-05367 RGK(MAAx)**<br><br>**DEFENDANTS, COUNTY OF LOS ANGELES AND SERGEANT TRAVIS KELLY'S APPLICATION TO CONTINUE TRIAL AND PRETRIAL DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br><br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

**TO ALL PARTIES HEREIN AND THEIR ATTORNEY OF RECORD:**

  **PLEASE TAKE NOTICE** that Defendants COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY apply hereby, pursuant to *Federal Rules of Civil*

1

DEFENDANTS, COUNTY OF LOS ANGELES AND SERGEANT TRAVIS KELLY'S APPLICATION TO CONTINUE TRIAL AND PRETRIAL DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES

*Procedure* 7(b), 16 and 40, and *Local Rules* 7-3, 7-4, and 40-1, for an order continuing the Trial Date from July 25, 2023 so that it may begin on October 24, 2023 or October 31, 2023. Defendants further apply for an extension of the discovery cut-off and expert disclosure deadline from May 10, 2023 to August 10, 2023, and the Motion cut-off from May 24, 2023 to August 24, 2023.

      This Application is based on the accompanying Declarations of Sergeant Travis Kelly, a party to this action, and Molshree Gupta, counsel for Defendants. The reasons for the seeking of an order is the unavailability Sergeant Travis Kelly, a party to this action, due to a work-related injury for which he is currently treating and does not currently have a return-to-work date, as set forth in his concurrently-filed Declaration. There have been no prior requests for continuance of the Trial and Pre-Trial Conference dates in this action.

      As set forth in the Declaration of Molshree Gupta, counsel for Plaintiff was advised of the substance of this application and counsel for Defendants met and conferred with counsel for Plaintiff, and further attempted to obtain Plaintiff's agreement regarding a Stipulation for Trial Continuance, as required by Local Rule 7-3.

Dated: May 10, 2023        KJAR, MCKENNA & STOCKALPER, LLP

By: _/s/ Molshree Gupta_____
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION & STATEMENT OF FACTS

On November 7, 2022, this Court set a Jury Trial to proceed on July 25, 2023, at 9:00 a.m., and a Pretrial Conference for July 10, 2023, at 9:00 a.m. (Gupta Decl., ¶ 3; s*ee* Docket #23, Minute Order re Pre-Trial and Trial Dates.)  On the same date, the Court set a motion cur-off date of May 10, 2023, and a discovery cut-off date of April 26, 2023.  (Gupta Decl., ¶ 4; s*ee* Docket #23.)

On March 31, 2023, without first inquiring as to the parties' availability, Plaintiff served notices for the depositions of Defendants Kelly and the County's person most knowledgeable for April 25 and 26, 2023, respectively.  (Gupta Decl., ¶ 5.)   Plaintiff had previously noticed these depositions or requested the availability of these parties for a deposition; these depositions were set unilaterally.  (Gupta Decl., ¶ 5.)

On April 5, 2023, the parties filed a Joint Stipulation to extend pre-trial deadlines, and a proposed order.  (Gupta Decl., ¶ 6; s*ee* Docket #41.)  On April 7, 2023, this Court entered an order to extend pre-trial deadlines as follows: 1) the Discovery cut-off is continued to May 10, 2023; the expert disclosure deadline is continued to May 10, 2023; the Motion cut-off is continued to May 24, 2023; the ADR completion deadline is continued to June 9, 2023.  (Gupta Decl., ¶ 6; s*ee* Docket #42.)

Thereafter, counsel for Defendants learned that Defendant Kelly was out on medical leave due to a work-related injury.  (Gupta Decl., ¶ 7.)  On April 12, 2023, counsel for Defendants advised Plaintiff's counsel of the same.  (Gupta Decl., ¶ 7.)  Upon further investigation, it was discovered that Defendant Kelly would not return to work prior to the discovery cut-off date of May 17, 2023.  (Gupta Decl., ¶ 7.)  On April 13, 2023, counsel for Defendants advised Plaintiff's counsel of the foregoing, and requested a stipulation to continue Trial and related dates.  (Gupta Decl., ¶ 7.)  In response, Plaintiff's counsel took the position that Defendant Kelly's unavailability due to medical leave would not impact his ability to participate in this litigation.  (Gupta

Decl., ¶ 7.) Plaintiff's counsel declined to stipulation to continue, as requested. (Gupta Decl., ¶ 7.)

On April 17, 2023, Defendants served objections to Plaintiff's notices for the depositions of Defendants Kelly and the County's person most knowledgeable. (Gupta Decl., ¶ 8.) On April 24, 2023, counsel for Defendant again wrote to Plaintiff's counsel to request a stipulation to continue Trial and related dates – to attempt a second meet and confer on the issue. (Gupta Decl., ¶ 8.) Plaintiff's counsel declined to stipulation to continue, as requested. (Gupta Decl., ¶ 8.)

Thereafter, Defendant began preparing this Application. (Gupta Decl., ¶ 9.) However, due to Defendant Kelly's medical leave, counsel for Defendants had some difficulty in reaching him to obtain his Declaration in support of this Motion. (Gupta Decl., ¶ 9.) This Motion is filed upon receipt of Defendant Kelly's supporting Declaration, which is required to establish good cause for this Motion. (Gupta Decl., ¶ 9.)

## II. LEGAL ANALYSIS

### A. LEGAL STANDARD

Under Rule 16 of the *Federal Rules of Civil Procedure* ("FRCP"), a party must show good cause before modifying a pretrial schedule. (*Fed. R. Civ. P.* 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").)

Courts within this circuit consider the following four factors when evaluating whether to deny or grant a request for a continuance: (1) the extent of the moving party's diligence in preparing for the case for trial; (2) the usefulness of the continuance, or the likelihood "that the need for a continuance could have been met if the continuance had been granted"; (3) the extent to which granting the continuance would inconvenience the Court, the opposing party, and the witnesses; and (4) the extent to which the moving party might suffer prejudice from the Court denying the request for a continuance. (*United States v. Flynt* (9th Cir. 1985) 756 F.2d 1352, 1358–59.)

The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. (*Johnson v. Mammoth Recreations, Inc.* (9th Cir. 1992) 975 F.2d 604, 609.) Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. (*Id.*)

Good cause is a non-rigorous standard, and requests for continuance of deadlines should be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party. (See *Ahanchian v. Xenon Pictures, Inc.* (9th Cir. 2010) 624 F.3d 1253, 1259 ("[R]equests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.' ")).

### B. GOOD CAUSE EXISTS TO CONTINUE THE TRIAL AND PRETRIAL DATES DUE TO DEFENDANT KELLY'S MEDICAL CONDITITION

Good cause exists for a continuance of the Trial and Pretrial dates in this matter because Defendant Kelly, a party and a key witness to this action, is unavailable to participate in this litigation due to being on medical leave associated with a work-related injury. (Kelly Decl., ¶¶ 4, 5.) As noted, a showing of good cause for a motion of continuance focuses on the party's "reasons for seeking modification." (See *Johnson*, 975 F.2d at 609.) The unavailability of a party and key witness to participate in the litigation and Trial preparation is extraordinarily good cause for Defendants' request.

Specifically, for about two months, Defendant Kelly has on medical leave pursuant to a work-related injury to his back, neck and ulnar nerve. (Kelly Decl., ¶ 5.) He is presently treating for this condition and does not know when he will be able to return to work. (Kelly Decl., ¶ 5.)

He currently has an appointment with the doctor evaluating his condition on June 1, 2023. (Kelly Decl., ¶ 6.) On this date, he will learn more about his present condition

and have a discussion regarding the next steps in treatment; he will also learn whether he can be scheduled for a surgery for his arm. (Kelly Decl., ¶ 6.) On this date, he plans to discuss his participation in this litigation, including any restrictions or instructions with respect to sitting for a deposition and/or participating in Trial. (Kelly Decl., ¶ 6.) He will also not know whether and when he may be able to return to work until June 1, 2023, at which time his doctor will evaluate his condition and advise as to the recommended treatment course. (Kelly Decl., ¶ 7.)

Plaintiff first noticed by Deposition on or about March 31, 2023. (Kelly Decl., ¶ 8.) At this time, Defendant Kelly had already been on medical leave for over a month. (Kelly Decl., ¶ 8.) Plaintiff noticed my deposition to proceed outside of Los Angeles County in Laguna Hills, California – which is approximately 80 miles away from his assigned Sheriff's Station in Santa Clarita, California and the location where this incident occurred in Canyon Country, California. (Kelly Decl., ¶ 9.) While Defendant Kelly did not have any objection to appear for a deposition, he will need to consult with his doctor on June 1, 2023, to determine any instructions and restrictions to extensive travel for the deposition and/or prolonged in person examination. (Kelly Decl., ¶ 10.)

In addition, Defendant Kelly had agreed to appear for a deposition prior to his June 1, 2023, doctor's appointment, but requested that Plaintiff's counsel agree to proceed via Zoom or another virtual platform, and, pursuant to applicable procedural and time limitations, further agree to suspend the deposition to be rescheduled for a mutually agreeable date if Defendant Kelly is unable to complete his deposition in one session due to his condition. (Kelly Decl., ¶ 11; Gupta Decl., ¶ 10.) Despite this offer, Plaintiff's counsel has chosen not to accommodate Defendant Kelly's request for accommodation. (Gupta Decl., ¶ 10.)

/ / /
/ / /
/ / /

## C. *THE TRIAL HAS NOT PREVIOUSLY BEEN CONTINUED AND NO PARTY WILL BE PREJUDICED BY THE REQUESTED CONTINUANCE*

Plaintiff filed this action on August 2, 2023. (Gupta Decl., ¶ 11.) The Trial in this matter has not previously been continued. (Gupta Decl., ¶ 11.) Defendants request a continuance of the Trial and pre-Trial dates of approximately 90 days to complete the deposition of Defendant Kelly and to obtain any supplemental expert opinions based on the same. (Gupta Decl., ¶ 11.)

Defendants request this continuance because Defendant Kelly has been on medical leave and is presently unaware whether he is able to sit for a deposition or otherwise participate in the currently scheduled Trial, and the conditions or restrictions under which he can do so. (Kelly Decl., ¶¶ 5-7; Gupta Decl., ¶ 12.) It is defense counsel's understanding and belief that this information cannot be determined until Defendant Kelly's June 1, 2023 doctor's appointment. (Gupta Decl., ¶ 12.)

Plaintiff will not be prejudiced by this request, as he has requested and indicated that he requires Defendants' depositions in this action. (Gupta Decl., ¶ 13.)

## III. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court continue the Trial Date from July 25, 2023 so that it may begin on October 24, 2023 or October 31, 2023. Defendants further respectfully request an extension of the discovery cut-off and expert disclosure deadline from May 10, 2023 to August 10, 2023, and the Motion cut-off from May 24, 2023 to August 24, 2023.

Dated: May 10, 2023   KJAR, MCKENNA & STOCKALPER, LLP

By: _____
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On May 10, 2023, I served the foregoing document described as **DEFENDANTS, COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY'S APPLICATION TO CONTINUE TRIAL AND PRETRIAL DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

**By Mail**  I caused such envelope(s) to be deposited in the mail at El Segundo, California. The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX  **By Email** Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List. My email address is mnixon@kmslegal.com.

**By Personal Service** I caused such document to be Personally Served on the parties listed in the Service List.

XX  **State**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 10, 2023, at El Segundo, California.

_____
Maria Nixon

# SERVICE LIST

**Assiff, Joshua vs. County of Los Angeles, et al.**
Central District- Case No.: 2:22-cv-05367 RGK(MAAx)

| Thomas M. Ferlauto, Esq.<br>Law Office of Thomas M. Ferlauto, APC<br>25201 Paseo de Alicia, Ste. 270<br>Laguna Hills, CA 92653<br>EM: tmf@lawofficetmf.com | Attorney for Plaintiff,<br>**JOSHUA ASSIFF** |
|---|---|

DEFENDANTS, COUNTY OF LOS ANGELES AND SERGEANT TRAVIS KELLY'S APPLICATION TO CONTINUE TRIAL AND PRETRIAL DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES