THOMAS M. FERLAUTO (SBN 155503)
LAW OFFICE OF THOMAS M. FERLAUTO, APC
25201 Paseo de Alicia, Suite 270
Laguna Hills, California 92653
Telephone: 949-334-8650
Fax: 949-334-8691
Email: TMF@lawofficeTMF.com

Attorney for Plaintiff, JOSHUA ASSIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES;<br>SHERIFF DEPUTY BADGE<br>NUMBER 404532;<br>And DOES 1 through 10,<br><br>Defendants. | Case No. 2:22-cv-05367 RGK (MAAx)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO DEFENDANT'S APPLICATION TO CONTINUE TRIAL AND PRE-TRIAL DEADLINES; DECLARATION OF THOMAS M. FERLAUTO<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to: Hon. R. Gary Klausner, District Judge, Courtroom 850<br><br>All Discovery Matters Referred to: Hon. Maria A. Audero, District Judge |

Plaintiff JOSHUA ASSIFF (hereinafter referred to as "ASSIFF" or "Plaintiff") hereby respectfully submits the following memorandum of points and authorities in response to the application to continue trial and pre-trial deadlines filed in this action by Defendants COUNTY OF LOS ANGELES ("COLA") and SERGEANT TRAVIS

KELLY ("KELLY") (hereinafter COLA and KELLY shall collectively be referred to as "Defendants").

## I. INTRODUCTION

Plaintiff is a 21-year old black male and a student at Antelope Valley College where he plays basketball. Plaintiff was driving from his home to a teammate's house in order to carpool to basketball practice. For no apparent reason and without probable cause, KELLY, a male Caucasian motorcycle Sheriff deputy, pulled Plaintiff over. For no apparent reason and without probable cause, KELLY – as well as other deputies who subsequently responded to the call – all tasered, choked, pepper sprayed, beat and arrested Plaintiff. Plaintiff has asserted two causes of action – the First Cause of Action against KELLY for violation of 42 USC § 1983 (arrest without probable cause and with excessive force), and the Second Cause of Action against COLA for violation of 42 USC § 1983 (*Monell* liability).

## II. STATEMENT OF FACTS RELEVANT TO THIS APPLICATION

1. Defendants seek to continue the trial and pre-trial deadlines. Plaintiff recognizes that additional time may be necessary to complete discovery in this action, however, only because of Defendants' failure to provide discovery on a timely basis.

2. Plaintiff has complied with all of his discovery obligations. Plaintiff appeared for his deposition and gave testimony on April 14, 2023. Plaintiff made his expert witness disclosure -- including expert witness report -- in a timely fashion on May 10, 2023. Defendants have already noticed the deposition of Plaintiff's expert for May 31, 2023.

3. Defendants have not complied with their discovery obligations. KELLY failed to appear for his scheduled deposition on April 25, 2023. COLA failed to appear for its scheduled deposition on April 26, 2023. (See, Notices of Nonappearances attached hereto as **Exhibit 1**.) Neither Defendant made an expert witness disclosure on May 10, 2023.

4. The discovery cut-off in this action is currently May 10, 2023.

5. The expert disclosure deadline is currently May 10, 2023.

6. Plaintiff properly noticed KELLY's deposition for April 25, 2023.

7. Plaintiff properly noticed the deposition of the persons most knowledgeable at COLA about certain relevant topics for April 26, 2023.

8. At the time these depositions were noticed, Plaintiff was NOT aware that KELLY was on medical leave, injured or otherwise unavailable to testify.

9. It was not until April 12, 2023 that Defendants first notified Plaintiff that KELLY might be on medical leave. (See, **Exhibit A** Gupta Email April 12, 2023: "I very recently learned that Sgt. Kelly is currently out on medical leave.")

10. In spite of the fact that Defendants learned that KELLY was on medical leave and unavailable for a deposition in early to mid-April, Defendants waited almost a month, until the very day of the May 10 discovery cut-off, to bring this application and present any evidence of KELLY's condition.

11. Plaintiff has always offered to work with Defendants in rescheduling Defendants' depositions. Plaintiff offered to move the depositions from April 25 and 26 if Defendants would offer alternative dates for the depositions prior to the discovery cut-off. Plaintiff made such requests on April 11, 12, 13, 17, 18, 21 and 24 (See, for example, **Exhibit B**, Ferlauto Email April 13, 2023 "Kelly is scheduled for 4/25 and COLA is scheduled for 4/26. Before we can move those dates, we need to select a mutually agreeable alternative. Please provide me with alternative dates." **Exhibit C**, Ferlauto Email April 21, 2023 "I need to take your clients' depositions before that discovery cut-off. Those depositions are currently scheduled for next week. Unless we settle on mutually agreeable alternative dates, I need to go forward as scheduled and note your clients' non-appearance. Please let me know what you intend to do.")

12. Defendants never offered alternative dates for either KELLY or COLA before the discovery cut-off.

13. Plaintiff repeatedly requested that if Defendants were going to move the Court to extend deadlines that they do so as soon as possible. Plaintiff made such requests on April 17, 21 and 24. (See, for example, **Exhibit 2** (attached hereto) Ferlauto Email April 17, 2023 -- "If you are going to seek to extend any more dates, I suggest you prepare and file your motion as soon as possible. Once we see the factual circumstances presented in you motion, we will decide whether we oppose or stipulate to the relief requested.") Defendants did not bring this application prior to the dates set for Defendants' depositions.

14. Since Defendants had not brought this application prior to the dates set for Defendants' depositions, and since Defendants had not provided alternative dates for these depositions prior to the discovery cut-off, Plaintiff had no choice but to go forward with the depositions as noticed and have the court reporter note Defendants' failure to appear. The Court reporter fees for these two Certificates of Nonappearance was $1,400.00.

15. Although KELLY may be on medical leave, Defendants have never explained why the deposition of COLA could not proceed as noticed or at least before the discovery cut-off.

## VII. CONCLUSION

Plaintiff will leave it to the Court's discretion as to whether to grant the relief requested by this application or entertain a motion by Plaintiff for issue or evidentiary sanctions against Defendants for their failure to give discovery. [See, FRCP 37(d)(1)(A)(i); *Henry v. Gill Industries, Inc.* (9th Cir. 1993) 983 F2d 943, 947; *Hilao v. Estate of Marcos* (9th Cir. 1996) 103 F3d 762, 764-765 -- A party who fails to appear for deposition is subject to sanctions even in the absence of a prior order.] Obviously, if the Court is not inclined to grant said issue or evidentiary sanctions, Plaintiff would support the relief requested in this application (at least as to the discovery cut-off) as Plaintiff needs a fair opportunity to conduct the discovery that the Defendants failed to provide.

DATED: May 11, 2022          The Law Office Of Thomas M. Ferlauto, APC

By: _____
Thomas M. Ferlauto
Attorney For: Plaintiff, JASHUA ASSIFF

# **DECLARATION OF THOMAS M. FERLAUTO**

I, Thomas M. Ferlauto, attorney of record herein for Plaintiff JOSHUA ASSIFF, have personal knowledge of the following facts and declare as follows:

1. Defendants seek to continue the trial and pre-trial deadlines. Plaintiff recognizes that additional time may be necessary to complete discovery in this action, however, only because of Defendants' failure to provide discovery on a timely basis.

2. Plaintiff has complied with all of his discovery obligations. Plaintiff appeared for his deposition and gave testimony on April 14, 2023. Plaintiff made his expert witness disclosure -- including expert witness report -- in a timely fashion on May 10, 2023. Defendants have already noticed the deposition of Plaintiff's expert for May 31, 2023.

3. Defendants have not complied with their discovery obligations. KELLY failed to appear for his scheduled deposition on April 25, 2023. COLA failed to appear for its scheduled deposition on April 26, 2023. (See, Notices of Nonappearances attached hereto as **Exhibit 1**.) Neither Defendant made an expert witness disclosure on May 10, 2023.

4. The discovery cut-off in this action is currently May 10, 2023.

5. The expert disclosure deadline is currently May 10, 2023.

6. Plaintiff properly noticed KELLY's deposition for April 25, 2023.

7. Plaintiff properly noticed the deposition of the persons most knowledgeable at COLA about certain relevant topics for April 26, 2023.

8. At the time these depositions were noticed, Plaintiff was NOT aware that KELLY was on medical leave, injured or otherwise unavailable to testify.

9. It was not until April 12, 2023 that Defendants first notified Plaintiff that KELLY might be on medical leave. (See, **Exhibit A** Gupta Email April 12, 2023: "I very recently learned that Sgt. Kelly is currently out on medical leave.")

10. In spite of the fact that Defendants learned that KELLY was on medical leave and unavailable for a deposition in early to mid-April, Defendants waited

almost a month, until the very day of the May 10 discovery cut-off, to bring this application and present any evidence of KELLY's condition.

11. Plaintiff has always offered to work with Defendants in rescheduling Defendants' depositions. Plaintiff offered to move the depositions from April 25 and 26 if Defendants would offer alternative dates for the depositions prior to the discovery cut-off. Plaintiff made such requests on April 11, 12, 13, 17, 18, 21 and 24 (See, for example, **Exhibit B**, Ferlauto Email April 13, 2023 "Kelly is scheduled for 4/25 and COLA is scheduled for 4/26. Before we can move those dates, we need to select a mutually agreeable alternative. Please provide me with alternative dates." **Exhibit C**, Ferlauto Email April 21, 2023 "I need to take your clients' depositions before that discovery cut-off. Those depositions are currently scheduled for next week. Unless we settle on mutually agreeable alternative dates, I need to go forward as scheduled and note your clients' non-appearance. Please let me know what you intend to do.")

12. Defendants never offered alternative dates for either KELLY or COLA before the discovery cut-off.

13. Plaintiff repeatedly requested that if Defendants were going to move the Court to extend deadlines that they do so as soon as possible. Plaintiff made such requests on April 17, 21 and 24. (See, for example, **Exhibit 2** (attached hereto) Ferlauto Email April 17, 2023 -- "If you are going to seek to extend any more dates, I suggest you prepare and file your motion as soon as possible. Once we see the factual circumstances presented in you motion, we will decide whether we oppose or stipulate to the relief requested.") Defendants did not bring this application prior to the dates set for Defendants' depositions.

14. Since Defendants had not brought this application prior to the dates set for Defendants' depositions, and since Defendants had not provided alternative dates for these depositions prior to the discovery cut-off, Plaintiff had no choice but to go forward with the depositions as noticed and have the court reporter note Defendants'

failure to appear. The Court reporter fees for these two Certificates of Nonappearance was $1,400.00.

15. Although KELLY may be on medical leave, Defendants have never explained why the deposition of COLA could not proceed as noticed or at least before the discovery cut-off.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 11th day of May, 2023 in Laguna Hills, Orange County, California.

_____
THOMAS M. FERLAUTO

Exhibit 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSHUA ASSIFF,                )
                              )
        Plaintiff,             )
                              )  Case No.
    vs.                       )  2:22-cv-05367 RGK (MAAx)
                              )
COUNTY OF LOS ANGELES;         )  AFFIDAVIT RE
SHERIFF DEPUTY BADGE           )  NONAPPEARANCE OF
NUMBER 404532; and             )  DEFENDANT
DOES 1 through 10,             )
                              )
        Defendants.            )
_____)

I, Barbara C. Meek, a Certified Shorthand Reporter in and for the State of California, do hereby certify:

That at the hour of 10:00 a.m. on Tuesday, April 25, 2023, I appeared remotely via Zoom videoconference for the purpose of reporting the deposition of Travis Kelly, a defendant herein.

```
 1        At that time and place there also appeared
 2   Thomas M. Ferlauto, attorney for the plaintiff, and
 3   McCauley Mayeda, Zoom videoconference host.
 4        There being no appearance by the witness,
 5   either in person or through counsel, I departed the
 6   Zoom videoconference at 10:15 a.m.
 7
 8        EXECUTED this 25th day of April,
 9   2023.
10
11   [signature: Barbara C. Meek]
12   BARBARA C. MEEK, CSR #8090
13   Certified Shorthand Reporter in
14   and for the State of California
```

# ORIGINAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| vs. ) | 2:22-cv-05367 RGK (MAAx) |
| ) | |
| COUNTY OF LOS ANGELES; ) | AFFIDAVIT RE |
| SHERIFF DEPUTY BADGE ) | NONAPPEARANCE OF |
| NUMBER 404532; and ) | DEFENDANT |
| DOES 1 through 10, ) | |
| ) | |
| Defendants. ) | |

    I, Barbara C. Meek, a Certified Shorthand Reporter in and for the State of California, do hereby certify:

    That at the hour of 10:00 a.m. on Wednesday, April 26, 2023, I appeared remotely via Zoom videoconference for the purpose of reporting the deposition of the Person Most Knowledgeable for the

```
 1  County of Los Angeles, a defendant herein.
 2          At that time and place there also appeared
 3  Thomas M. Ferlauto, attorney for the plaintiff, and
 4  Jacob Mayeda, Zoom videoconference host.
 5          There being no appearance by the defendant,
 6  either in person or through counsel, I departed the
 7  Zoom videoconference at 10:15 a.m.
 8
 9          EXECUTED this 26th day of April,
10  2023.
11
12          [signature]
13          BARBARA C. MEEK, CSR #8090
14          Certified Shorthand Reporter in
15          and for the State of California
16
17
18
19
20
21
22
23
24
25
```

# Radogna & Associates

P.O. Box 862  
West Covina, CA 91791  
626-331-9516

**PLEASE NOTE NEW ADDRESS**

| DATE | INVOICE NO. |
|---|---|
| 4/29/2023 | 23-126 |

Bill To

Law Offices of Thomas M. Ferlauto  
Thomas Ferlauto, Esq.  
25201 Paseo de Alilcia  
Suite 270  
Laguna Hills, Ca 92653

Ship To

Law Offices of Thomas M. Ferlauto  
Thomas Ferlauto, Esq.  
25201 Paseo de Alilcia  
Suite 270  
Laguna Hills, Ca 92653

| CASE NAME | DEPONENT | Date Taken | Reporter | TAX I.D. NO. |
|---|---|---|---|---|
| Assif vs. COLA | TRAVIS KELLY | 4/25/2023 | BM | 45-2069704 |

| DESCRIPTION | AMOUNT |
|---|---|
| Original and One Copy | 700.00 |

| TERMS | Net 30 | PAYMENT DUE BY: 5/29/2023 | TOTAL | $700.00 |
|---|---|---|---|---|

Thank you. Your business is always appreciated.

PLEASE PUT OUR INVOICE NUMBER ON YOUR CHECK

A CHARGE OF 1.5% PER MONTH (18% PER ANNUM) WILL BE APPLIED TO ALL PAST-DUE BALANCES

ALL AMOUNTS CHARGEABLE TO ATTORNEYS AND/OR LAW FIRM. NO CREDIT IS GIVEN TO LITIGANTS

**Radogna & Associates**

P.O. Box 862
West Covina, CA 91791
626-331-9516

PLEASE NOTE NEW ADDRESS

| DATE | INVOICE NO. |
|---|---|
| 4/29/2023 | 23-127 |

Bill To

Law Offices of Thomas M. Ferlauto
Thomas Ferlauto, Esq.
25201 Paseo de Alilcia
Suite 270
Laguna Hills, Ca 92653

Ship To

Law Offices of Thomas M. Ferlauto
Thomas Ferlauto, Esq.
25201 Paseo de Alilcia
Suite 270
Laguna Hills, Ca 92653

| CASE NAME | DEPONENT | Date Taken | Reporter | TAX I.D. NO. |
|---|---|---|---|---|
| Assif vs. COLA | PMK FOR COLA | 4/26/2023 | BM | 45-2069704 |

| DESCRIPTION | AMOUNT |
|---|---|
| Original and One Copy | 700.00 |

| TERMS | Net 30 | PAYMENT DUE BY: 5/29/2023 | TOTAL | $700.00 |
|---|---|---|---|---|

Thank you. Your business is always appreciated.

PLEASE PUT OUR INVOICE NUMBER ON YOUR CHECK

A CHARGE OF 1.5% PER MONTH (18% PER ANNUM) WILL BE APPLIED TO ALL PAST-DUE BALANCES

ALL AMOUNTS CHARGEABLE TO ATTORNEYS AND/OR LAW FIRM. NO CREDIT IS GIVEN TO LITIGANTS

Exhibit 2

**From:** Thomas Ferlauto tmf@lawofficetmf.com
**Subject:** Re: 610-2: Assiff, Joshua vs. County of Los Angeles, et al.
**Date:** April 17, 2023 at 11:12 AM
**To:** Molshree Gupta mgupta@kmslegal.com
**Cc:** Spencer Carter scarter@kmslegal.com, Patrick Stockalper pstockalper@kmslegal.com, Maria L. Nixon mnixon@kmslegal.com
**Bcc:** Thomas Ferlauto TMF@lawofficeTMF.com



==If you are going to seek to extend any more dates, I suggest you prepare and file your motion as soon as possible. Once we see the factual circumstances presented in you motion, we will decide whether we oppose or stipulate to the relief requested.==

Until the dates are extended by the court we still need to complete discovery before the current discovery cut-off. Kelly is still currently scheduled for 4/25 and COLA for 4/26. Please let me know as soon as possible whether you will be producing witnesses on those dates or whether we need to select another date before the discovery cut-off. Again, we can do Sergeant Kelly on Saturdays if necessary.

Thanks,

Tom

---

LAW OFFICE OF
THOMAS M. FERLAUTO
A PROFESSIONAL LAW CORPORATION

DIRECT DIAL 310-849-7554

25201 PASEO DE ALICIA, SUITE 270
LAGUNA HILLS, CA 92653
PHONE: 949-334-8650
FACSIMILE: 949-334-8691

EMAIL: TMF@LAWOFFICETMF.COM
WEBSITE: WWW.LAWOFFICETMF.COM

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.