PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and DEPUTY TRAVIS KELLY**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,<br><br>Defendants. | **Case No.: 2:22-cv-05367 RGK(MAAx)**<br><br>**DEFENDANTS, COUNTY OF LOS ANGELES AND DEPUTY TRAVIS KELLY'S REPLY IN SUPPORT OF APPLICATION TO CONTINUE TRIAL AND PRE-TRIAL DEADLINES**<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br><br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PLAINTIFF'S MISREPRESENTATIONS OF FACT

Plaintiff's Opposition makes several key misrepresentations 1) Neither Defendant made an expert witness disclosure on May 10, 2023; 2) Plaintiff properly noticed Defendant Kelly's deposition for April 25, 2023; 3) Plaintiff properly noticed the deposition of the persons most knowledgeable at COLA about certain relevant topics for April 26, 2023; and 4) Plaintiff has always offered to work with Defendants in rescheduling Defendants' depositions.

The **truth** is as follows: 1) both Defendants made their expert witness disclosure on May 10, 2023; 2) Plaintiff did not properly notice either deposition of Defendant Kelly or the deposition of the persons most knowledgeable at COLA – he did not meet and confer with Defendants to request the deponents' availability and he further violated FRCP 30(b)(6) by failing to "confer in good faith about the matters for examination," either before or promptly after the notice was served; and 3) Plaintiff's counsel has not been cooperative or accommodating with respect to the discovery limitations, as indicated by the fact that he proceeded with a non-appearance of these Defendants despite having knowledge of their objections to the depositions and confirmation from defense counsel that these depositions would need to be rescheduled.

## II. DEFENDANTS SHOULD NOT BE SUBJECTED TO SANCTIONS FOR PLAINTIFF'S LACK OF PROFESSIONAL CIVILITY

Plaintiff requests that is Court "entertain a motion by Plaintiff for issue or evidentiary sanctions against Defendants for their failure to give discovery." However, Defendants have never declined to give discovery in this action; rather, as demonstrated by the Motion, Defendant Kelly has requested accommodations for this medical condition to provide a deposition. In addition, Plaintiff did not properly notice and confer, as required under FRCP 30.

Moreover, Plaintiff has not been diligent with discovery in this matter. After requesting Plaintiff's availability for deposition multiple times, Defendants were forced

2

DEFENDANTS, COUNTY OF LOS ANGELES AND DEPUTY TRAVIS KELLY'S REPLY IN SUPPORT OF APPLICATION TO CONTINUE TRIAL AND PRE-TRIAL DEADLINES

to unilaterally notice the deposition to proceed on March 24, 2023 after Plaintiff's counsel failed to respond. Upon receipt of the notice, Plaintiff did not formally object to appearing for his deposition, but Plaintiff's counsel informed the defense that the deposition would not proceed as noticed. Unlike Plaintiff, however, Defendants did not take a non-appearance; rather, Defendants chose to proceed civilly and professionally, and work with Plaintiff's counsel to complete the deposition prior to the discovery cut-off, based on his preference.

In contrast, Plaintiff's counsel waited almost 5 months after Trial setting to schedule Defendant's deposition, and never once conferred with opposing counsel for the deponents' availability or the subject matter of the entity deposition, as required by the rules. Then, upon receipt of both timely formal objections and notification from counsel as to the unavailability of the deponents on the noticed dates, Plaintiff proceeded with a non-appearance anyway.

While Plaintiff's counsel cannot be forced to be civil or professional, this Court should certainly not reward his lack of diligence and discourtesy with imposition of sanctions against defense counsel.

Dated: May 12, 2023                    KJAR, MCKENNA & STOCKALPER, LLP


By: _____/s/ Molshree Gupta_____
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and DEPUTY TRAVIS KELLY

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On May 12, 2023, I served the foregoing document described as **DEFENDANTS, COUNTY OF LOS ANGELES AND DEPUTY TRAVIS KELLY'S REPLY IN SUPPORT OF APPLICATION TO CONTINUE TRIAL AND PRE-TRIAL DEADLINES** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

**By Mail**  I caused such envelope(s) to be deposited in the mail at El Segundo, California.  The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX  **By Email** Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List.  My email address is mnixon@kmslegal.com.

**By Personal Service** I caused such document to be Personally Served on the parties listed in the Service List.

XX  **State**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 12, 2023, at El Segundo, California.

_____
Maria Nixon

4

DEFENDANTS, COUNTY OF LOS ANGELES AND DEPUTY TRAVIS KELLY'S REPLY IN SUPPORT OF APPLICATION TO CONTINUE TRIAL AND PRE-TRIAL DEADLINES

## SERVICE LIST

**Assiff, Joshua vs. County of Los Angeles, et al.**
Central District- Case No.: 2:22-cv-05367 RGK(MAAx)

| | |
|---|---|
| Thomas M. Ferlauto, Esq.<br>Law Office of Thomas M. Ferlauto, APC<br>25201 Paseo de Alicia, Ste. 270<br>Laguna Hills, CA 92653<br>EM: tmf@lawofficetmf.com | Attorney for Plaintiff,<br>**JOSHUA ASSIFF** |

DEFENDANTS, COUNTY OF LOS ANGELES AND DEPUTY TRAVIS KELLY'S REPLY IN SUPPORT OF APPLICATION TO CONTINUE TRIAL AND PRE-TRIAL DEADLINES