PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and DEPUTY TRAVIS KELLY**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>                    Plaintiffs,<br><br>          v.<br><br>COUNTY OF LOS ANGELES;<br>SHERIFF DEPUTY BADGE<br>NUMBER 404532; And DOES 1<br>through 10,<br><br>                    Defendants. | **Case No.: 2:22-cv-05367 RGK(MAAx)**<br><br>**DECLARATION OF SERGEANT KEITH GREENE**<br><br>*(Filed Concurrently with Defendants' Motion for Partial Summary Judgment)*<br><br>Date:      June 26, 2023<br>Time:      9:00 a.m.<br>Crtrm:     850<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br><br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

## DECLARATION OF SERGEANT KEITH GREENE

I, SERGEANT KEITH GREENE, declare and state as follows:

1. I am currently employed by the Los Angeles County Sheriff's Department ("LASD") in the rank of Sergeant. I have been employed at LASD as a sworn deputy for approximately 22 years. On the date of the incident, September 24, 2021, my duties involved serving as Watch Commander for the Santa Clarita Valley Station of the LASD.

2. This declaration is made in connection with the Defendants' Motion for Partial Summary Judgment in the above-entitled matter.

3. The following facts are stated from my personal knowledge, except those facts stated on information and belief which I believe to be true, and if called as a witness I could and would so competently testify thereto under oath.

4. The County of Los Angeles and its Sheriff's Department take steps to ensure that its deputies act lawfully and do not violate civil rights when enforcing the law.

5. There does not exist, nor did there exist at the time of the events underlying this action that gives rise to this litigation in September 2021, within the LASD, nor does the LASD condone, a custom, practice or policy of conducting unreasonable searches and seizures.

6. In my experience with the LASD, there has never existed any policy, custom, or practice of random stopping of citizens without cause, nor has there ever been any policy, custom, or practice of racial profiling or discriminating against citizens based on their race or ethnicity.

7. There does not exist, nor did there exist at the time of the events underlying this action that gives rise to this litigation, within the LASD, nor does the LASD condone, a custom, practice or policy of permitting the use of excessive force against any person.

8. There does not exist, nor did there exist at the time of the events underlying this action that gives rise to this litigation, within the LASD, nor does the LASD condone, a

custom, practice or policy of permitting unlawful arrests.

9.  There does not exist, nor did there exist at the time of the events underlying this action that gives rise to this litigation, within the LASD, nor does the LASD condone, a custom, practice or policy of retaliating against citizens based on their exercise of First Amendment rights.

10. There does not exist at the LASD, nor did there exist at the time of the events underlying this action, a custom, practice or policy of employing and retaining as deputies and other personnel who the County of Los Angeles knew or reasonably should have known had dangerous propensities for abusing their authority and/or for mistreating citizens by failing to follow written LASD policies, including by conducting unreasonable searches and seizures or using excessive force.

11. There does not exist at the LASD, nor did there exist at the time of the events underlying this action, a custom, practice or policy of inadequately supervising, training, controlling, assigning, and disciplining deputies and other personnel including who the County of Los Angeles allegedly knew, or in the exercise of reasonable care, should have known had a propensity for abusing their authority and/or for mistreating citizens by failing to follow written LASD policies, including by conducting unreasonable searches and seizures or using excessive force.

12. There does not exist at the LASD, nor did there exist at the time of the events underlying this action, a custom, practice or policy of maintaining inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling alleged intentional misconduct by deputies of the LASD.

13. There does not exist at the LASD, nor did there exist at the time of the events underlying this action, a custom, practice or policy of failing to discipline County of Los Angeles deputies' misconduct.

14. There does not exist at the LASD, nor did there exist at the time of the events underlying this action, a custom, practice or policy of ratifying any alleged intentional

Declaration of Sergeant Keith Greene

misconduct of deputies of the LASD.

15. On September 24, 2021, Sergeant Kelly was assigned by LASD to the Santa Clarita Valley Station.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 24, 2023, at SANTA CLARITA, California.


SERGEANT KEITH GREENE

Declaration of Sergeant Keith Greene

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On May 24, 2023, I served the foregoing document described as **DECLARATION OF SERGEANT KEITH GREENE** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

**By Mail**  I caused such envelope(s) to be deposited in the mail at El Segundo, California.  The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX  **By Email** Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List.  My email address is mnixon@kmslegal.com.

**By Personal Service** I caused such document to be Personally Served on the parties listed in the Service List.

XX  **State**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 24, 2023, at El Segundo, California.

_____
Maria Nixon

## SERVICE LIST

### <u>Assiff, Joshua vs. County of Los Angeles, et al.</u>
Central District- Case No.: 2:22-cv-05367 RGK(MAAx)

| | |
|---|---|
| Thomas M. Ferlauto, Esq.<br>Law Office of Thomas M. Ferlauto, APC<br>25201 Paseo de Alicia, Ste. 270<br>Laguna Hills, CA 92653<br>EM: tmf@lawofficetmf.com | Attorney for Plaintiff,<br>**JOSHUA ASSIFF** |

Declaration of Sergeant Keith Greene