PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and DEPUTY TRAVIS KELLY**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,<br><br>Defendants. | **Case No.: 2:22-cv-05367 RGK(MAAx)**<br><br>**DECLARATION OF SERGEANT TRAVIS KELLY**<br><br>*(Filed Concurrently with Defendants' Motion for Partial Summary Judgment)*<br><br>Date:       June 26, 2023<br>Time:      9:00 a.m.<br>Crtrm:     850<br><br>Action Filed:           August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date:              July 25, 2023<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br><br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

## DECLARATION OF SERGEANT TRAVIS KELLY

I, SERGEANT TRAVIS KELLY, declare and state as follows:

1. I am currently employed by the Los Angeles County Sheriff's Department ("LASD") in the rank of Sergeant. I have been employed at LASD as a sworn deputy since 1991.

2. This declaration is made in connection with the Motion for Summary Judgment or, in the alternative, Partial Summary Judgment in the above-entitled matter.

3. The following facts are stated from my personal knowledge, except those facts stated on information and belief which I believe to be true, and if called as a witness I could and would so competently testify thereto under oath.

4. On September 24, 2021, at approximately 7:50 a.m., I observed a black GMC Terrain (later determined by me to be driven by Plaintiff Assiff) make a right-hand turn without stopping for the steady circular red traffic signal (violation of California *Vehicle Code* section 21453(b)) and without yielding to pedestrians in the crosswalk (violation of California *Vehicle Code* section 21950(a)). A true and correct copy of my September 24, 2021 Incident Report is attached hereto as **Exhibit A**.

5. I initiated a traffic stop, and activated my non-department issued personal Body Worn Camera ("BWC") as I was dismounting my motorcycle at the outset of the traffic stop. A true and correct copy of the aforementioned September 24, 2021 BWC footage is lodged [see *Notice of Lodging*] concurrently, and referenced hereto, as **Exhibit B**.

6. From the beginning of the traffic stop, Plaintiff was argumentative about the reason for the traffic stop, and contradicted my statement that Plaintiff made a right-hand turn without stopping for the red traffic signal.

7. While Plaintiff was speaking, I could smell a strong odor of burnt marijuana emitting from his vehicle. See **Exhibit A1**. Due to Plaintiff's agitation, rapid speech, and odor of marijuana, I believed Plaintiff may have been under the influence of

marijuana. See **Exhibit A.**

8. I requested Plaintiff's driver's license multiple times, but Plaintiff continued arguing and did not provide his driver's license. At the third request for Plaintiff's driver's license, I warned Plaintiff, "give me your driver's license or you're going to jail."

9. In response to the third request for Plaintiff's driver's license, Plaintiff stated "let me grab my phone," and began to reach towards the center console of the vehicle with his right hand. Immediately thereafter, I opened Plaintiff's driver's door and ordered Plaintiff to exit the vehicle. Plaintiff responded "no I'm not."

10. I then made physical contact with Plaintiff's left wrist for a brief moment to pull him out of the vehicle, but Plaintiff pulled his left arm away. During this brief struggle, I felt Plaintiff kick me. See **Exhibit A**.

11. I then stepped back slightly from Plaintiff, radioed for backup, and yelled out for assistance to Deputy Joshua Clark, who was in the same parking lot. I believe Plaintiff began to video record the incident on his cellphone.

12. Thereafter, I again ordered Plaintiff to exit his vehicle multiple times, and warned Plaintiff that he would be pepper sprayed for failing to comply. Plaintiff continued to refuse to comply with my verbal commands.

13. I then deployed my pepper-spray against Plaintiff, and initiated second physical contact with Plaintiff to pull him out of the vehicle. At this time, I radioed that I was involved in a fight.

14. Soon thereafter, Deputy Clark arrived and attempted to aid me with pulling Plaintiff out of the vehicle. I saw Plaintiff punch Deputy Clark in the chest, and I punched Plaintiff in the face. See **Exhibit A**.

15. While we continued to struggle with Plaintiff, Deputy Garrett Gallegos arrived on the scene, and deployed his Taser to Plaintiff's back. We were able to bring Plaintiff out of his vehicle and to the ground next to it. Once on the ground, Plaintiff continued kicking and pulling his arms away despite commands to get onto his stomach

and stop resisting.

16. I punched Plaintiff twice in the stomach to get him to comply, and Deputy Gallegos again deployed his Taser to Plaintiff in an attempt to gain compliance.

17. I ordered Plaintiff to roll onto his stomach and place his hands behind his back, and warned that the Taser would be used again if he did not comply. Plaintiff then rolled onto his stomach, stopped resisting and was placed in handcuffs.

18. Based on the foregoing, I believed there was probable cause to arrest Plaintiff for violation of California *Penal Code* sections 69 (resisting an officer) and 243(b) (battery against the person of an officer).

19. I did not intend to use unreasonable or excessive force against Plaintiff at any point during the incident.

20. At no point during my encounter with Plaintiff did I ever retaliate against him for anything he said or did to me or other LASD deputies, nor did I ever retaliate against Plaintiff for recording the incident.

21. At no point during my encounter with Plaintiff were my actions due to racial animus or discriminatory motive. Nor at any point during the encounter with Plaintiff did I witness any other LASD deputy act out of racial animus or discriminatory motive, or otherwise conduct themselves unlawfully or unreasonably. I did not racially profile Plaintiff in initiating the traffic stop.

22. Furthermore, at no point during my interaction with Plaintiff did I act with malice, oppression or in reckless disregard of Plaintiff's rights, nor did I observe any other deputy act in such manner toward Plaintiff.

23. It is my understanding and belief that, on or about September 24, 2021, the County and LASD maintained and strictly enforced policies and procedures regarding traffic stops, as well as the use of force, including de-escalation procedures.

24. During my employment with LASD, I received all required LASD training concerning how to conduct traffic stops and how to appropriately respond to passive and

active resistance from motorists while conducting traffic stops. Further, I received LASD training concerning de-escalation procedures that may be used while conducting these traffic stops.

25. On the date of the subject incident, I was assigned and employed with LASD Santa Clarita Valley station. At no point have I been assigned to nor worked with LASD Antelope Valley stations, including LASD Lancaster and Palmdale stations.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 24, 2023, at El Segundo, California.

_____
SERGEANT TRAVIS KELLY

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On May 24, 2023, I served the foregoing document described as **DECLARATION OF SERGEANT TRAVIS KELLY** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

**By Mail**  I caused such envelope(s) to be deposited in the mail at El Segundo, California.  The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX  **By Email** Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List.  My email address is mnixon@kmslegal.com.

**By Personal Service** I caused such document to be Personally Served on the parties listed in the Service List.

XX  **State**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 24, 2023, at El Segundo, California.

_____
Maria Nixon

# SERVICE LIST

**Assiff, Joshua vs. County of Los Angeles, et al.**
Central District- Case No.: 2:22-cv-05367 RGK(MAAx)

| Thomas M. Ferlauto, Esq.<br>Law Office of Thomas M. Ferlauto, APC<br>25201 Paseo de Alicia, Ste. 270<br>Laguna Hills, CA 92653<br>EM: tmf@lawofficetmf.com | Attorney for Plaintiff,<br>**JOSHUA ASSIFF** |
|---|---|