**EXHIBIT D-2**

KeyCite Red Flag - Severe Negative Treatment

Enacted LegislationAmended by 2022 Cal. Legis. Serv. Ch. 197 (S.B. 1493) (WEST),

> West's Annotated California Codes
>   Penal Code (Refs & Annos)
>     Part 1. Of Crimes and Punishments (Refs & Annos)
>       Title 8. Of Crimes Against the Person
>         Chapter 9. Assault and Battery (Refs & Annos)

West's Ann.Cal.Penal Code § 243

§ 243. Battery; punishment

Effective: January 1, 2016

Currentness

(a) A battery is punishable by a fine not exceeding two thousand dollars ($2,000), or by imprisonment in a county jail not exceeding six months, or by both that fine and imprisonment.

(b) When a battery is committed against the person of a peace officer, custodial officer, firefighter, emergency medical technician, lifeguard, security officer, custody assistant, process server, traffic officer, code enforcement officer, animal control officer, or search and rescue member engaged in the performance of his or her duties, whether on or off duty, including when the peace officer is in a police uniform and is concurrently performing the duties required of him or her as a peace officer while also employed in a private capacity as a part-time or casual private security guard or patrolman, or a nonsworn employee of a probation department engaged in the performance of his or her duties, whether on or off duty, or a physician or nurse engaged in rendering emergency medical care outside a hospital, clinic, or other health care facility, and the person committing the offense knows or reasonably should know that the victim is a peace officer, custodial officer, firefighter, emergency medical technician, lifeguard, security officer, custody assistant, process server, traffic officer, code enforcement officer, animal control officer, or search and rescue member engaged in the performance of his or her duties, nonsworn employee of a probation department, or a physician or nurse engaged in rendering emergency medical care, the battery is punishable by a fine not exceeding two thousand dollars ($2,000), or by imprisonment in a county jail not exceeding one year, or by both that fine and imprisonment.

(c)(1) When a battery is committed against a custodial officer, firefighter, emergency medical technician, lifeguard, process server, traffic officer, or animal control officer engaged in the performance of his or her duties, whether on or off duty, or a nonsworn employee of a probation department engaged in the performance of his or her duties, whether on or off duty, or a physician or nurse engaged in rendering emergency medical care outside a hospital, clinic, or other health care facility, and the person committing the offense knows or reasonably should know that the victim is a nonsworn employee of a probation department, custodial officer, firefighter, emergency medical technician, lifeguard, process server, traffic officer, or animal control officer engaged in the performance of his or her duties, or a physician or nurse engaged in rendering emergency medical care, and an injury is inflicted on that victim, the battery is punishable by a fine of not more than two thousand dollars ($2,000), by imprisonment in a county jail not exceeding one year, or by both that fine and imprisonment, or by imprisonment pursuant to subdivision (h) of Section 1170 for 16 months, or two or three years.

(2) When the battery specified in paragraph (1) is committed against a peace officer engaged in the performance of his or her duties, whether on or off duty, including when the peace officer is in a police uniform and is concurrently performing the duties

required of him or her as a peace officer while also employed in a private capacity as a part-time or casual private security guard or patrolman and the person committing the offense knows or reasonably should know that the victim is a peace officer engaged in the performance of his or her duties, the battery is punishable by a fine of not more than ten thousand dollars ($10,000), or by imprisonment in a county jail not exceeding one year or pursuant to subdivision (h) of Section 1170 for 16 months, or two or three years, or by both that fine and imprisonment.

(d) When a battery is committed against any person and serious bodily injury is inflicted on the person, the battery is punishable by imprisonment in a county jail not exceeding one year or imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years.

(e)(1) When a battery is committed against a spouse, a person with whom the defendant is cohabiting, a person who is the parent of the defendant's child, former spouse, fiancé, or fiancée, or a person with whom the defendant currently has, or has previously had, a dating or engagement relationship, the battery is punishable by a fine not exceeding two thousand dollars ($2,000), or by imprisonment in a county jail for a period of not more than one year, or by both that fine and imprisonment. If probation is granted, or the execution or imposition of the sentence is suspended, it shall be a condition thereof that the defendant participate in, for no less than one year, and successfully complete, a batterer's treatment program, as described in Section 1203.097, or if none is available, another appropriate counseling program designated by the court. However, this provision shall not be construed as requiring a city, a county, or a city and county to provide a new program or higher level of service as contemplated by Section 6 of Article XIII B of the California Constitution.

(2) Upon conviction of a violation of this subdivision, if probation is granted, the conditions of probation may include, in lieu of a fine, one or both of the following requirements:

(A) That the defendant make payments to a battered women's shelter, up to a maximum of five thousand dollars ($5,000).

(B) That the defendant reimburse the victim for reasonable costs of counseling and other reasonable expenses that the court finds are the direct result of the defendant's offense.

For any order to pay a fine, make payments to a battered women's shelter, or pay restitution as a condition of probation under this subdivision, the court shall make a determination of the defendant's ability to pay. In no event shall any order to make payments to a battered women's shelter be made if it would impair the ability of the defendant to pay direct restitution to the victim or court-ordered child support. If the injury to a married person is caused in whole or in part by the criminal acts of his or her spouse in violation of this section, the community property shall not be used to discharge the liability of the offending spouse for restitution to the injured spouse, required by Section 1203.04, as operative on or before August 2, 1995, or Section 1202.4, or to a shelter for costs with regard to the injured spouse and dependents, required by this section, until all separate property of the offending spouse is exhausted.

(3) Upon conviction of a violation of this subdivision, if probation is granted or the execution or imposition of the sentence is suspended and the person has been previously convicted of a violation of this subdivision or Section 273.5, the person shall be imprisoned for not less than 48 hours in addition to the conditions in paragraph (1). However, the court, upon a showing of good cause, may elect not to impose the mandatory minimum imprisonment as required by this subdivision and may, under these circumstances, grant probation or order the suspension of the execution or imposition of the sentence.

(4) The Legislature finds and declares that these specified crimes merit special consideration when imposing a sentence so as to display society's condemnation for these crimes of violence upon victims with whom a close relationship has been formed.

(5) If a peace officer makes an arrest for a violation of paragraph (1) of subdivision (e) of this section, the peace officer is not required to inform the victim of his or her right to make a citizen's arrest pursuant to subdivision (b) of Section 836.

(f) As used in this section:

(1) "Peace officer" means any person defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2.

(2) "Emergency medical technician" means a person who is either an EMT-I, EMT-II, or EMT-P (paramedic), and possesses a valid certificate or license in accordance with the standards of Division 2.5 (commencing with Section 1797) of the Health and Safety Code.

(3) "Nurse" means a person who meets the standards of Division 2.5 (commencing with Section 1797) of the Health and Safety Code.

(4) "Serious bodily injury" means a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement.

(5) "Injury" means any physical injury which requires professional medical treatment.

(6) "Custodial officer" means any person who has the responsibilities and duties described in Section 831 and who is employed by a law enforcement agency of any city or county or who performs those duties as a volunteer.

(7) "Lifeguard" means a person defined in paragraph (5) of subdivision (d) of Section 241.

(8) "Traffic officer" means any person employed by a city, county, or city and county to monitor and enforce state laws and local ordinances relating to parking and the operation of vehicles.

(9) "Animal control officer" means any person employed by a city, county, or city and county for purposes of enforcing animal control laws or regulations.

(10) "Dating relationship" means frequent, intimate associations primarily characterized by the expectation of affectional or sexual involvement independent of financial considerations.

(11)(A) "Code enforcement officer" means any person who is not described in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 and who is employed by any governmental subdivision, public or quasi-public corporation, public agency, public

service corporation, any town, city, county, or municipal corporation, whether incorporated or chartered, who has enforcement authority for health, safety, and welfare requirements, and whose duties include enforcement of any statute, rules, regulations, or standards, and who is authorized to issue citations, or file formal complaints.

(B) "Code enforcement officer" also includes any person who is employed by the Department of Housing and Community Development who has enforcement authority for health, safety, and welfare requirements pursuant to the Employee Housing Act (Part 1 (commencing with Section 17000) of Division 13 of the Health and Safety Code); the State Housing Law (Part 1.5 (commencing with Section 17910) of Division 13 of the Health and Safety Code); the Manufactured Housing Act of 1980 (Part 2 (commencing with Section 18000) of Division 13 of the Health and Safety Code); the Mobilehome Parks Act (Part 2.1 (commencing with Section 18200) of Division 13 of the Health and Safety Code); and the Special Occupancy Parks Act (Part 2.3 (commencing with Section 18860) of Division 13 of the Health and Safety Code).

(12) "Custody assistant" means any person who has the responsibilities and duties described in Section 831.7 and who is employed by a law enforcement agency of any city, county, or city and county.

(13) "Search and rescue member" means any person who is part of an organized search and rescue team managed by a government agency.

(14) "Security officer" means any person who has the responsibilities and duties described in Section 831.4 and who is employed by a law enforcement agency of any city, county, or city and county.

(g) It is the intent of the Legislature by amendments to this section at the 1981-82 and 1983-84 Regular Sessions to abrogate the holdings in cases such as People v. Corey, 21 Cal. 3d 738, and Cervantez v. J.C. Penney Co., 24 Cal. 3d 579, and to reinstate prior judicial interpretations of this section as they relate to criminal sanctions for battery on peace officers who are employed, on a part-time or casual basis, while wearing a police uniform as private security guards or patrolmen and to allow the exercise of peace officer powers concurrently with that employment.

**Credits**
(Enacted in 1872. Amended by Code Am.1873-74, c. 614, p. 428, § 21; Code Am.1875-76, c. 290, p. 110, § 1; Stats.1881, c. 16, p. 11, § 1; Stats.1961, c. 1639, p. 3578, § 1; Stats.1965, c. 1985, p. 4510, § 1; Stats.1966, 1st Ex.Sess., c. 21, p. 308, § 3, eff. April 18, 1966; Stats.1968, c. 1222, p. 2321, § 56; Stats.1972, c. 618, p. 1137, § 113; Stats.1975, c. 1114, p. 2707, § 1; Stats.1976, c. 420, p. 1018, § 2; Stats.1976, c. 1126, p. 5040, § 3; Stats.1976, c. 1138, p. 5057, § 3; Stats.1976, c. 1139, p. 5105, § 150.5, operative July 1, 1977; Stats.1980, c. 1117, p. 3589, § 2; Stats.1980, c. 1340, p. 4718, § 2.2; Stats.1981, c. 678, p. 2476, § 2; Stats.1982, c. 1300, p. 4800, § 2; Stats.1982, c. 1353, p. 5048, § 2; Stats.1983, c. 1092, § 252, eff. Sept. 27, 1983, operative Jan. 1, 1984; Stats.1984, c. 475, § 2; Stats.1984, c. 1665, § 2; Stats.1986, c. 713, § 2; Stats.1987, c. 828, § 11; Stats.1988, c. 816, § 2; Stats.1989, c. 191, § 2; Stats.1992, c. 184 (A.B.2439), § 1; Stats.1993, c. 421 (A.B.2066), § 1; Stats.1993-94, 1st Ex.Sess., c. 28 (A.B.93), § 1, eff. Nov. 30, 1994; Stats.1996, c. 904 (A.B.2224), § 4; Stats.1996, c. 1077 (A.B.2898), § 14.5; Stats.1997, c. 592 (A.B.149), § 1; Stats.1998, c. 699 (A.B.1767), § 1; Stats.1999, c. 660 (S.B.563), § 1; Stats.2000, c. 236 (A.B.1899), § 1; Stats.2003, c. 274 (S.B.919), § 2; Stats.2011, c. 15 (A.B.109), § 292, eff. April 4, 2011, operative Oct. 1, 2011; Stats.2011, c. 249 (S.B.390), § 2.3; Stats.2011, c. 250 (S.B.406), § 1.3; Stats.2012, c. 162 (S.B.1171), § 122; Stats.2012, c. 867 (S.B.1144), § 15; Stats.2015, c. 626 (A.B.545), § 1, eff. Jan. 1, 2016.)

Notes of Decisions (148)

West's Ann. Cal. Penal Code § 243, CA PENAL § 243
Current with urgency legislation through Ch. 545 of 2022 Reg.Sess. Some statute sections may be more current, see credits for details.

**End of Document**                              © 2022 Thomson Reuters. No claim to original U.S. Government Works.