PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,<br><br>Defendants. | **Case No.: 2:22-cv-05367 RGK(MAAx)**<br><br>**OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE HEARING ON MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br><br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

Defendants COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY hereby respectfully submit the following memorandum of points and authorities in opposition to Plaintiff's ex parte application to continue the hearing on Defendant's Motion For Summary Judgment from June 26, 2023 to July 10, 2023 or to otherwise provide Plaintiff with additional time to file his opposition.

1

OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE HEARING ON MOTION FOR PARTIAL SUMMARY JUDGMENT

## I.   INTRODUCTION

Plaintiff's ex parte application is a hollow in light of this opposition/response to Defendants' recent application to continue Trial and pre-Trial deadlines to accommodate the very same discovery he now seeks to continue.  [*See* Docket #44.]

Moreover, Plaintiff continues to misrepresent the following to this Court: 1)  that he "properly noticed KELLY's deposition for April 25, 2023"; 2) that he "properly noticed the deposition of the persons most knowledgeable at COUNTY OF LOS ANGELES about 9 certain relevant topics for April 26, 2023"; and 3) that "Defendants have not complied with their discovery obligations."  (Declaration of Thomas Ferlauto in Support of Ex Parte Application ("Ferlauto Dec."), ¶¶ 4, 6, 7.)  The truth is that Plaintiff did not properly notice either deposition of Defendant Kelly or the deposition of the persons most knowledgeable at COLA – he did not meet and confer with Defendants to request the deponents' availability and he further violated FRCP 30(b)(6) by failing to "confer in good faith about the matters for examination," either before or promptly after the notice was served.

Moreover, in a Stipulation filed with this Court on April 5, 2023, Plaintiff's counsel admitted by signature that he unilaterally set notices for the Depositions of Sergeant Kelly and The County to occur on April 25 and 26, 2023, respectively.  [*See* Docket #41.]  Further, Plaintiff's counsel has not been cooperative or accommodating with respect to the discovery limitations, as indicated by the fact that he proceeded with a non-appearance of these Defendants despite having knowledge of their objections to the depositions and confirmation from defense counsel that these depositions would need to be rescheduled.

## II.   PLAINTIFF FAILED TO OBTAIN DISCOVERY DUE TO HIS OWN LACK OF DILIGENCE

On November 7, 2022, this Court set a Jury Trial to proceed on July 25, 2023, at 9:00 a.m., and a Pretrial Conference for July 10, 2023, at 9:00 a.m.  (Gupta Decl., ¶ 4;

1  *see* Docket #23.)  On the same date, the Court set a motion cut-off date of May 10, 2023,
2  and a discovery cut-off date of April 26, 2023. (Gupta Decl., ¶ 4; *see* Docket #23.)
3        On March 31, 2023, without first inquiring as to the parties' availability, Plaintiff
4  served notices for the depositions of Defendants Kelly and the County's person most
5  knowledgeable for April 25 and 26, 2023, respectively. (Gupta Decl., ¶ 5.) Plaintiff
6  had previously noticed these depositions or requested the availability of these parties for
7  a deposition; these depositions were set unilaterally. (Gupta Decl., ¶ 5.)
8        On April 5, 2023, the parties filed a Joint Stipulation to extend pre-trial deadlines,
9  and a proposed order. (Gupta Decl., ¶ 6; *see* Docket #41.)  Therein, Plaintiff's counsel
10 admitted that he unilaterally set notices for the Depositions of Sergeant Kelly and The
11 County to occur on April 25 and 26, 2023, respectively.  (Gupta Decl., ¶ 6; *see* Docket
12 #41.)  On April 17, 2023, Defendants served objections to Plaintiff's notices for the
13 depositions of Defendants Kelly and the County's person most knowledgeable based
14 upon unavailability.  (Gupta Decl., ¶ 7.)
15       As demonstrated above, Plaintiff's counsel waited almost 7 months after filing this
16 action, and almost 5 months after Trial setting, to schedule Defendants' depositions.
17 Moreover, Plaintiff never once conferred with opposing counsel for the deponents'
18 availability or the subject matter of the entity deposition, as required by the Federal
19 Rules of Civil Procedure. Then, upon receipt of both timely formal objections and
20 notification from counsel as to the unavailability of the deponents on the noticed dates,
21 Plaintiff proceeded with a non-appearance anyway.
22       **III.    PLAINTIFF HAS FORGONE MULTIPLE OPPORTUNITIES TO**
23                **DEPOSE THE COUNTY'S PERSON MOST KNOWLEDGEABLE**
24       Defendants have offered Plaintiff various dates for the depositions of Defendant
25 County's person(s) most knowledgeable as to 8 of the 9 enumerated categories, and
26 maintained its timely objection to the final (9th) category enumerated by Plaintiff.
27 (Gupta Decl., ¶ 8.)  The witnesses have been prepared to proceed, but Plaintiff's counsel
28 has declined to proceed with the depositions.  (Gupta Decl., ¶ 8.)

On May 18, 2023, Plaintiff's counsel wrote to Defendants' counsel to communicate the intent not to proceed with the depositions of Defendant County's persons most knowledgeable unless each of the various witnesses are all made available on the same date. (Gupta Decl., ¶ 9.) Moreover, Plaintiff's counsel hinted that he did not want to proceed with these depositions until after the scheduled Mediation on June 2, 2023. (Gupta Decl., ¶ 9.)

Plaintiff is not entitled to judicial relief caused by his own strategic decision to forego completing discovery and depositions necessary to oppose Defendants' Motion for Partial Summary Judgment in favor of other priorities.

### IV.   PLAINTIFF'S REQUESTED CONTINUANCE IS NOT IN THE INTEREST OF JUSTICE

Plaintiff represents to this Court that he "has not sought or obtained any previous extensions of this deadline." (*See* Docket #50, Ex Parte Application at p. 2, l. 7.) As discussed above, the parties previously stipulated to continue the motion cut-off on April 5, 2023, and the Court granted said relief. As such, Plaintiff has both sought and obtained an extension of his MSJ opposition (which he should have anticipated) less than 2 months ago.

Plaintiff also states that the requested relief would be in the interest of justice, which is not true. It does not serve justice to allow Plaintiff to delay his discovery efforts, thwart Defendants' efforts to correct Plaintiff's lack of diligence, and then make hollow requests for the same relief less than a month later.

/ / /

/ / /

/ / /

## V. CONCLUSION

For the foregoing reasons, Plaintiff's request for additional time to file an opposition to Defendants' Motion for Partial Summary Judgment should be denied.

Dated: June 1, 2023                    KJAR, MCKENNA & STOCKALPER, LLP

By: _____/s/ Molshree Gupta_____
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On June 1, 2023, I served the foregoing document described as **OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE HEARING ON MOTION FOR PARTIAL SUMMARY JUDGMENT** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

    **By Mail**  I caused such envelope(s) to be deposited in the mail at El Segundo, California.  The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX    **By Email** Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List.  My email address is mnixon@kmslegal.com.

    **By Personal Service** I caused such document to be Personally Served on the parties listed in the Service List.

XX    **State**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 1, 2023, at El Segundo, California.

*/s/ Maria Nixon*

Maria Nixon

# SERVICE LIST

**Assiff, Joshua vs. County of Los Angeles, et al.**
Central District- Case No.: 2:22-cv-05367 RGK(MAAx)

| | |
|---|---|
| Thomas M. Ferlauto, Esq.<br>Law Office of Thomas M. Ferlauto, APC<br>25201 Paseo de Alicia, Ste. 270<br>Laguna Hills, CA 92653<br>EM: tmf@lawofficetmf.com | Attorney for Plaintiff,<br>**JOSHUA ASSIFF** |
| Philip Cohen, Esq.<br>Law Offices of Philip Kent Cohen, APC<br>100 Wilshire Boulevard, Suite 1300<br>Santa Monica, CA  90401<br>Telephone:  310/451-9111<br>Facsimile:   310/451-9119<br>EM:  pcohen@pcohenlaw.com | Co-Attorney for Plaintiff.<br>**JOSHUA ASSIFF** |

OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE HEARING ON MOTION FOR PARTIAL SUMMARY JUDGMENT