UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05367-RGK-MAA | Date | June 1, 2023 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Re: Plaintiff's Ex Part Application to Continue Hearing on Motion for Summary Judgment [DE 50]**

On August 2, 2022, Joshua Assiff ("Plaintiff") filed a Complaint against the County of Los Angeles and Sergeant Travis Kelly. At a scheduling conference on November 7, 2022, the Court set the discovery cut-off date for April 26, 2023 and the motion cut-off date for May 10, 2023. The pretrial conference was scheduled for July 10, 2023 with a jury trial set to begin on July 25, 2023.

On April 5, 2023, the Parties filed a Joint Stipulation to Extend Pretrial Deadlines. The Court continued the discovery cut-off date to May 10, 2023 and the motion cut-off date to May 24, 2023. On May 28, 2023, Plaintiff filed the instant Ex Parte Application to Continue Hearing on Motion for Summary Judgment. (ECF No. 50.)

The Court finds that Plaintiff does not meet the high standard required for an ex parte application. (*See* Standing Order at 5–6, ECF No. 15 ("Ex parte applications are solely for extraordinary relief and should be used with discretion.").) To justify ex parte relief, the movant must show: (1) his "cause will be irreparably prejudiced" if the motion is scheduled and noticed in the usual manner; and (2) that he is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Plaintiff does not satisfy the *Mission Power* standard. As discussed above, the Court has already extended deadlines in this matter. In the Application, Plaintiff asks for additional time to take depositions. Plaintiff's counsel admits that he noticed Defendants' depositions on March 31, 2023—less than one month before the discovery cut-off date at the time. (Ferlauto Decl. ¶¶ 6–7, ECF No. 50.) Plaintiff's counsel provides no explanation for why he initiated these depositions so late in the discovery process. Accordingly, the Court finds that Plaintiff created his own emergency and denies the Application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05367-RGK-MAA | Date | June 1, 2023 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al* | | |

For the foregoing reasons, the Court **DENIES** the Application.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/ak |