THOMAS M. FERLAUTO (SBN 155503)
LAW OFFICE OF THOMAS M. FERLAUTO, APC
25201 Paseo de Alicia, Suite 270
Laguna Hills, California 92653
Telephone: 949-334-8650
Fax: 949-334-8691
Email: TMF@lawofficeTMF.com

Attorney for Plaintiff, JOSHUA ASSIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>  Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES;<br>SHERIFF DEPUTY BADGE<br>NUMBER 404532;<br>And DOES 1 through 10,<br><br>  Defendants. | Case No. 2:22-cv-05367 RGK (MAAx)<br><br>**DECLARATION OF THOMAS M. FERLAUTO IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**<br><br>DATE: June 26, 2023<br>TIME: 9:00 a.m.<br>COURTROOM: 850<br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br>Assigned to: Hon. R. Gary Klausner, District Judge, Courtroom 850 |

I, Thomas M. Ferlauto, declare as follows:

1.  I am an attorney licensed to practice law in all of the courts in the State of California, and I am Plaintiff's counsel of record herein. Consequently, I have personal knowledge of the following:

2. On April 14, 2023, I attended the deposition of Plaintiff Joshua Assiff. Attached hereto as **Exhibit 1** are true and accurate excerpts of Plaintiff's deposition transcript.

3. On May 30, 2023, I attended the deposition of Defendant Travis Kelly ("Defendant Kelly"). As of the date of the filing of this opposition, the deposition transcript for Defendant Kelly has not been prepared. Plaintiff will submit to the Court the applicable portions of Defendant Kelly's deposition transcript as soon as it is prepared. However, at the time of the filing this opposition, in lieu of the official transcript, Defendant Kelly testified in sum and substance as follows:

    a. Defendant Kelly in his deposition conceded that after he requested Plaintiff's driver's license, Plaintiff was in the process of producing his driver's licenses when Defendant Kelly, not Plaintiff, re-engaged Plaintiff in the debate over the color of the light.

    b. Defendant Kelly in his deposition conceded that the he did not see Plaintiff's kick him. His motorcycle pants were thickly padded, and it may have been Plaintiff's knee with which he came into contact.

    c. Defendant Kelly in his deposition conceded that he could not see Plaintiff punch Deputy Clark in the chest on the video and had trouble locating where in the video it allegedly occurred.

    d. 

    e.



f.

4. Attached hereto as **Exhibit 2** is a true and accurate excerpt from the Supervisor's Report on Use of Force produced by the County in this action as part of its initial disclosure obligation. This document was designated as CONFIDENTIAL by the County pursuant to a stipulated protective order.

5. Attached hereto as **Exhibit 3** is a true and accurate copy of Defendant the County of Los Angeles Sheriff's Department's Responses to Plaintiff's Request For Documents, Set Two.

6. Attached hereto as **Exhibit 4** is a true and accurate (though redacted) portion of Defendant Kelly's personnel file. This document was produced in this action by the County in response to discovery requests. This document was designated as CONFIDENTIAL by the County pursuant to a stipulated protective order.

7. Attached hereto as **Exhibit 5** is a true and accurate (though redacted) portion of Defendant Kelly's personnel file. This document was produced in this action by the County in response to discovery requests. This document was designated as CONFIDENTIAL by the County pursuant to a stipulated protective order.

8. Attached hereto as **Exhibit 6** is a true and accurate (though redacted) portion of Defendant Kelly's personnel file. This document was produced in this

1  action by the County in response to discovery requests.  This document was
2  designated as CONFIDENTIAL by the County pursuant to a stipulated protective
3  order.

4  9. Attached hereto as **Exhibit 7** is a true and accurate (though redacted)
5  portion of Defendant Kelly's personnel file.  This document was produced in this
6  action by the County in response to discovery requests.  This document was
7  designated as CONFIDENTIAL by the County pursuant to a stipulated protective
8  order.

9  10. Attached hereto as **Exhibit 8** is a true and accurate (though redacted)
10 portion of Defendant Kelly's personnel file.  This document was produced in this
11 action by the County in response to discovery requests.  This document was
12 designated as CONFIDENTIAL by the County pursuant to a stipulated protective
13 order.

14 11. Attached hereto as **Exhibit 9** is a true and accurate (though redacted)
15 portion of Defendant Kelly's personnel file.  This document was produced in this
16 action by the County in response to discovery requests.  This document was
17 designated as CONFIDENTIAL by the County pursuant to a stipulated protective
18 order.

19 12. Attached hereto as **Exhibit 10** is a true and accurate (though redacted)
20 portion of Defendant Kelly's personnel file.  This document was produced in this
21 action by the County in response to discovery requests.  This document was
22 designated as CONFIDENTIAL by the County pursuant to a stipulated protective
23 order.

24 13. Attached hereto as **Exhibit 11** is a true and accurate (though redacted)
25 portion of Defendant Kelly's personnel file.  This document was produced in this
26 action by the County in response to discovery requests.  This document was
27 designated as CONFIDENTIAL by the County pursuant to a stipulated protective
28 order.

14. Attached hereto as **Exhibit 12** is a true and accurate (though redacted) portion of Defendant Kelly's personnel file. This document was produced in this action by the County in response to discovery requests. This document was designated as CONFIDENTIAL by the County pursuant to a stipulated protective order.

15. Attached hereto as **Exhibit 13** is a true and accurate (though redacted) portion of Defendant Kelly's personnel file. This document was produced in this action by the County in response to discovery requests. This document was designated as CONFIDENTIAL by the County pursuant to a stipulated protective order.

16. Attached hereto as **Exhibit 14** is a true and accurate copy of the Complaint filed by the United States of America against the County on April 28, 2015 in Case No. CV 15-03174. Plaintiff respectfully requests the Court to take judicial notice of this filing under Federal Rules of Evidence Rule 201.

17. Attached hereto as **Exhibit 15** is a true and accurate copy of the Settlement Agreement between the United States of America and the County filed on April 28, 2015 in Case No. CV 15-03174. Plaintiff respectfully requests the Court to take judicial notice of this filing under Federal Rules of Evidence Rule 201.

18. Attached hereto as **Exhibit 16** is a true and accurate copy of An Analysis of Racial/Ethnic Disparities in Stops by Los Angeles County Sheriff's Deputies in the Antelope Valley Dated September 2020. This report was personally downloaded by me from the Los Angeles County Sheriff's Department website on December 22, 2022. Plaintiff respectfully requests the Court to take judicial notice of this filing under Federal Rules of Evidence Rule 201.

19. Plaintiff requests the Court deny Defendants' motion for partial summary judgment under Rules of Federal Procedure Rule 56(d) or in the alternative defer ruling on the motion to permit time for Plaintiff to conduct discovery, take depositions, and obtain declarations.

20. Plaintiff has complied with all of his discovery obligations. Plaintiff appeared for his deposition and gave testimony on April 14, 2023. Plaintiff made his expert witness disclosure -- including expert witness report -- in a timely fashion on May 10, 2023.

21. Defendants have not complied with their discovery obligations.

22. The discovery cut-off in this action was and is May 10, 2023.

23. On March 31, 2023, Plaintiff properly noticed Defendant Kelly's deposition for April 25, 2023. Plaintiff offered to reset the deposition for any mutually agreeable date prior to the discovery cut-off.

24. On March 31, 2023, Plaintiff properly noticed the deposition of the persons most knowledgeable at the Defendant County of Los Angeles about 9 certain relevant topics for April 26, 2023. The 9 topics were specified as follows: (1) The traffic stop policies and procedures for the Los Angeles County Sheriff's Department in effect on September 24, 2021. (2) The de-escalation policies and procedures for the Los Angeles County Sheriff's Department in effect on September 24, 2021. (3) The use of force policies and procedures for the Los Angeles County Sheriff's Department in effect on September 24, 2021. (4) The education and training of Defendant Kelly in the traffic stop policies and procedures for the Los Angeles County Sheriff's Department in effect on September 24, 2021. (5) The education and training of Defendant Kelly in the de-escalation policies and procedures for the Los Angeles County Sheriff's Department in effect on September 24, 2021. (6) The education and training of Defendant Kelly in the use of force policies and procedures for the Los Angeles County Sheriff's Department in effect on September 24, 2021. (7) The supervision of Defendant Kelly on September 24, 2021. (8) The investigation into Defendant Kelly's conduct in the incident that is the subject matter of this litigation and that took place on September 24, 2021. (9) The efforts by the County of Los Angeles and the Los Angeles Sheriff's Department to comply with the

1  Settlement Agreement entered in USDC Case No. CV-15-03174. Plaintiff offered to
2  reset the deposition for any mutually agreeable date prior to the discovery cut-off.

3      25.    Defendants failed to offer alternative deposition dates prior to the
4  discovery cut-off for Defendant Kelly, and Defendant Kelly failed to appear for his
5  scheduled deposition on April 25, 2023.

6      26.    Defendants failed to offer alternative deposition dates prior to the
7  discovery cut-off for Defendant the County of Los Angeles, and Defendant the
8  County of Los Angeles failed to appear for its scheduled deposition on April 26, 2023.

9      27.    On May 10, 2023, Defendants brought an ex parte application seeking
10 to continue the trial date and other pre-trial deadlines. Plaintiff filed a qualified
11 opposition to Defendants' ex parte application. Plaintiff opposed the application to
12 continue dates, but only if the Court was inclined to grant issue or evidence sanctions
13 against the Defendants for their failure to appear for their depositions. However, if
14 the Court was not inclined to grant issue or evidence sanctions, Plaintiff did not
15 oppose the application and agreed that a continuance was necessary for Plaintiff to
16 complete the discovery that Defendants wrongfully refused to provide.

17     28.    On May 12, 2023, the Court denied Defendants' motion to continue trial
18 and other pre-trial deadlines, but permitted the parties to agree to conduct the
19 depositions of the Defendants (who failed to appear at their noticed depositions) after
20 the discovery cut-off.

21     29.    In response to the Court's order, Defendants offered two dates for the
22 deposition of Defendant Kelly, but then withdrew one of them. Thus, Defendants
23 only offered one available date for Defendant Kelly. Plaintiff accepted that one date,
24 and the deposition of Defendant Kelly was taken May 30, 2023. However, due to
25 the Court Reporter's calendar and work flow, the deposition transcript will not be
26 available until after June 5, 2023 – the date that the opposition to Defendants' motion
27 for summary judgment is due.

28

30. For the deposition of the persons most knowledgeable on 9 topics at Defendant the County of Los Angeles, Defendants have only offered two partial dates for two witnesses on two topics. Defendants offered a partial date with limited time for questioning for one witness on one topic and a partial date with limited time for questioning (during my son's high school graduation ceremony) for another topic. Defendants have not offered a workable mutually agreeable date for the deposition of Defendant the County of Los Angeles. Thus, the deposition will not be conducted and deposition transcript of this deposition will not be available until after June 5, 2023 – the date that the opposition to Defendants' motion for summary judgment is due.

31. On May 24, 2023, Defendants filed this motion for partial summary judgement set for hearing on June 26, 2023, with an opposition deadline of June 5, 2023. To oppose this motion on the merits, Plaintiff will require the deposition transcript of both Defendant Kelly and Defendant the County of Los Angeles. However, the transcript of Kelly's deposition will not be prepared, and the deposition of the County of Los Angeles will not have even taken place yet. Since Plaintiff's expert needs this discovery to complete his report, even his opinions will not be complete.

32. Having reviewed the motion, I can state that the depositions of Defendants Kelly and the County of Los Angeles and the updated expert report of Jeffrey J. Nobel will be crucial to opposing the motion and establishing the existence of factual issues that need to be tried. The transcript of the deposition of Defendant Kelly is needed to properly present the evidence set forth in paragraph 4, above. The transcript of deposition of the County of Los Angeles is needed to more thoroughly present the evidence set forth in paragraphs 4 and 6-18, above. The updated expert report of Jeffrey J. Nobel (taking in consideration the depositions of Defendants Kelly and the County of Los Angeles) is necessary to address the claim against the County of Los Angeles.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 5th day of June, 2023 in Orange County, California.

_____
THOMAS M. FERLAUTO