PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,<br><br>Defendants. | **Case No.: 2:22-cv-05367 RGK(MAAx)**<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 2 TO PRECLUDE ANY EVIDENCE, ARGUMENT OR TESTIMONY RE: COMPLAINTS, INVESTIGATIONS, REPORTS, AGREEMENTS, AND OTHER FILINGS PERTAINING TO CASE NO. CV 15-03174; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*(Declaration of Molshree Gupta filed concurrently)*<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br><br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

1

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT defendants COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY (collectively "Defendants") hereby move this Court for an order in limine to preclude Plaintiff JOSHUA ASSIFF and his counsel from introducing at trial any evidence, references to evidence, witness testimony, contentions, or cross-examination relating to any complaints, investigations, findings, reports, agreements, and other filings pertaining to the prior investigations of the Los Angeles Sheriff's Department ("LASD"), particularly racial profiling and discriminatory traffic stops in the Antelope Valley, including but not limited to United States District Court, Central District of California, Case No. CV 15-03174.

Defendants bring this Motion on the grounds that such evidence is irrelevant to the issues to be tried; amounts to inadmissible character evidence; is more prejudicial than it is probative; lacks sufficient evidentiary foundation; and would therefore only serve to unduly prejudice defendants, waste time, confuse the issues, and mislead the jury.

Defendants further move this Court to instruct plaintiffs and their counsel and to require them to advise all witnesses:

1. Not to attempt to convey to the jury, directly or indirectly, any of the facts mentioned in this Motion without first obtaining permission of the Court outside the presence and hearing of the jury;

2. Not to make any reference to the fact that this Motion has been filed; and

3. To warn and caution each of plaintiffs' witnesses to strictly follow the same instructions.

/ / /

/ / /

/ / /

This motion is made following compliance with the meet and confer requirements of Local Rule 7-3. This Motion is based upon the Memorandum of Points and Authorities and Declaration of Molshree Gupta, served herewith, upon the pleadings and papers on file herein, and upon such other and further oral argument and evidence as may be presented at the hearing on this Motion.

Dated: June 9, 2023      KJAR, MCKENNA & STOCKALPER, LLP

By: _____
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY

3

DEFENDANTS' MOTION IN LIMINE NO. 2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION & ARGUMENT

This is a 42 U.S.C. §1983 alleged excessive force case arising out of a traffic stop and subsequent arrest of Plaintiff JOSHUA ASSIFF ("Plaintiff") by Defendant SERGEANT TRAVIS KELLY ("Defendant Kelly") on September 24, 2021, in the Santa Clarita Valley. Plaintiff alleges that Defendant Kelly pulled him over for no apparent reason; tasered, choked, pepper sprayed and beat him; and arrested him without probable cause, all in violation of his constitutional rights.

Plaintiff's First Amended Complaint alleges that the Los Angeles County Sheriff's Department ("LASD" "has a long and sordid history of racial profiling and discriminatory traffic stops, particularly in the Antelope Valley… In 2013, the US Department of Justice, Civil Rights Division analyzed Sheriff's Department data…The findings forced the county to reach a legal settlement with federal authorities in 2015 that called for significant reforms and continued oversight. However, despite all of this, the racial profiling and discriminatory traffic stops in the Antelope Valley persist, as evidenced by continued gross racial disparities." [First Amended Complaint, Dckt. #27, ¶ 21.]

Defendants anticipate Plaintiff will attempt to introduce evidence, references to evidence, witness testimony, contentions, or cross-examination relating to complaints, investigations, findings, reports, agreements, and other filings pertaining to the prior investigations of the Los Angeles Sheriff's Department ("LASD"), particularly racial profiling and discriminatory traffic stops in the Antelope Valley, including but not limited to United States District Court, Central District of California, Case No. CV 15-03174.

However, Defendants have introduced evidence in support of their Motion for Partial Summary Judgment which establishes that Defendant Kelly was assigned to the Santa Clarita Valley Station of the LASD on the date of the subject incident. The

1  foregoing evidence further establishes that Defendant Kelly never worked for the LASD
2  in the Antelope Valley.
3      For the foregoing reasons, and those set forth below, Defendants respectfully
4  request the Court preclude such evidence at trial.

## II. LEGAL AUTHORITY FOR MOTIONS IN *LIMINE*

6      A motion in *limine* "is any motion, whether made before or during trial, to exclude
7  anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United
8  States* (1984) 469 U.S. 38, 40. Motions in *limine* are well recognized in practice and by
9  case law. See *Ohler v. United States* (2000) 529 U.S. 753, 758; *United States v. Cook*
10 (9th Cir. 1979) 608 F.2d 1175, 1186.
11     The purpose is to avoid the futile attempt of "unring[ing] the bell" when jurors
12 have seen or heard inadmissible evidence, even when stricken from the record. See
13 *Brodit v. Cambra* (9th Cir.2003) 350 F.3d 985, 1004-05 (citing *Kelly v. New West Fed.
14 Sav.* (1996) 49 Cal. App. 4th 659, 669). Motions in limine also serve to streamline trials,
15 by settling evidentiary disputes in advance. See *U.S. v. Tokash* (7th Cir. 2002) 282 F.3d
16 962, 968.

## III. THE SUBJECT EVIDENCE IS WHOLLY IRRELEVANT TO THE CLAIMS IN THIS CASE

19     Evidence is relevant if it has any tendency to make a fact more or less probable
20 than it would be without the evidence, and the fact is of consequence in determining the
21 action. Fed. R. Evid. 401. Relevant evidence is admissible unless barred by the U.S.
22 Constitution, a federal statute, the Federal Rules of Evidence, or other U.S. Supreme
23 Court rules. Fed. R. Evid. 402. Irrelevant evidence is not admissible. Fed. R. Evid. 402.
24     Here, complaints, investigations, findings, reports, agreements, and other filings
25 pertaining to the prior investigations of the LASD, particularly racial profiling and
26 discriminatory traffic stops in the Antelope Valley, including but not limited to United
27 States District Court, Central District of California, Case No. CV 15-03174, have no
28 tendency to make any disputed fact that is of consequence to the determination of this

1 action more or less probable.  What is relevant to the claims alleged in this case is
2 whether there were complaints of Defendant Kelly's use of force or arrests, whether such
3 complaints were investigated and resulted in disciplinary action, and the results of
4 investigations involving excessive use of force or a departure from, or violation of,
5 established procedures or policy.

6 However, Defendants have introduced evidence in support of their Motion for
7 Partial Summary Judgment which establishes that Defendant Kelly was assigned to the
8 Santa Clarita Valley Station of the LASD on the date of the subject incident.  The
9 foregoing evidence further establishes that Defendant Kelly never worked for the LASD
10 in the Antelope Valley. Therefore, such evidence would be irrelevant, and in turn, the
11 Court should preclude it from trial.

## IV. THE SUBJECT EVIDENCE SHOULD BE BARRED AS INADMISSIBLE CHARACTER EVIDENCE

Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. Fed. R. Evid. 404.  The Ninth Circuit has long held that evidence of prior acts of a Defendant police officer in a civil rights action is inadmissible. *Gates v. Rivera* (9th. Cir. 1993) 993 F.2d, 697, 700. In *Gates*, the defendant police officer, Rivera, was allowed to testify that in his 16-1/2 years as a police officer, he had not shot anyone and that he had never before discharged his weapon. *Id.* at 700. The Appellate Court noted that such evidence was not admissible in a civil rights action under Federal Rules of Evidence 404, and held that such evidence was irrelevant since intent was not an issue in an excessive force case. *Ibid.* Rather, the question to be resolved is whether objectively, the officer's use of force was reasonable. *Ibid.*

"In any event, issues of motive and intent are especially irrelevant in [excessive force cases]. A test "in an excessive force case is an objective one." [Citation omitted]. Thus, "an officer's evil intentions will make a 4th Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an

objectively unreasonable use of force constitutional." *Morgan v. City Marmaduke, Ark.* (8th Cir. 1992) 958 F.2d 207, 212, citing *Graham v. Connor* (1989) 490 U.S. 386, 397, 109 Sup. Ct. 1865, 104 L.E.2d 443.

Here, the reason plaintiffs would attempt to introduce evidence complaints, investigations, findings, reports, agreements, and other filings pertaining to the prior investigations of the LASD, particularly racial profiling and discriminatory traffic stops in the Antelope Valley, including but not limited to United States District Court, Central District of California, Case No. CV 15-03174, would be to show the bad character of the LASD (i.e. Defendant County) in general. This is demonstrated by Plaintiff's continued reliance on this evidence despite knowing that that Defendant Kelly was assigned to the Santa Clarita Valley Station of the LASD on the date of the subject incident. Plaintiff continues this assertion despite being in possession of evidence, by and through Defendants' Motion for Partial Summary Judgment, that Defendant Kelly never worked for the LASD in the Antelope Valley.

Despite being aware that this kind of evidence is explicitly barred by Rule 404, as it would amount to inadmissible character evidence, Plaintiff will argue that during the subject incident the deputies acted in accordance with his alleged bad character. Accordingly, the Court should preclude this evidence.

## V. THE SUBJECT EVIDENCE SHOULD BE EXCLUDED PURSUANT TO FRE 403

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Rule 403 requires the prejudice be "unfair." *U.S. v. Young* (D.S.D. 1990) 754 F. Supp. 739, 742. "Unfair" in this context means the evidence has an undue tendency to suggest a jury decision based upon an improper basis, usually an emotional one. *Id.* at 742. Additionally, where evidence is not closely related

1  to the issue being charged and is otherwise irrelevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. *U.S. v. Guerrero* (9th Cir. 1984) 756 F.2d 1342, 1348; *U.S. v. Black* (9th Cir. 1994) 20 F.3d 1458, 1464.

Even if evidence of complaints, investigations, findings, reports, agreements, and other filings pertaining to the prior investigations of the LASD, particularly racial profiling and discriminatory traffic stops in the Antelope Valley, including but not limited to United States District Court, Central District of California, Case No. CV 15-03174, had any probative value, which it does not, it would be substantially outweighed by a danger of unfair prejudice to Defendants. If the jury hears evidence of any other purported wrongdoing by any other member of LASD, it will likely punish Defendant County of Los Angeles for that other wrongdoing, regardless of the liability in this case.

Moreover, because the subject evidence has no probative value, introduction of such evidence will inherently waste time. Moreover, by introducing evidence of complaints, investigations, findings, reports, agreements, and other filings pertaining to the prior investigations of the LASD, particularly racial profiling and discriminatory traffic stops in the Antelope Valley, including but not limited to United States District Court, Central District of California, Case No. CV 15-03174, the jury will likely believe that it must decide issues relating to those other incidents, thereby confusing the issues and misleading the jury.

In short, any probative value of such evidence is substantially outweighed by the probability that its admission will create substantial danger of unfair prejudice, of confusing the issues, and of misleading the jury, and waste time. For this reason as well, the Court should preclude the subject evidence from trial.

## VI.   MEET AND CONFER

On June 8, 2023, and on June 9, 2023, counsel for Defendants wrote to counsel for Plaintiff to request to met and conferred on the substance of this Motion in *Limine*. Gupta Decl. ¶ 4. No agreement could be reached. Gupta Decl. ¶ 4.

## VII. CONCLUSION

Based on the foregoing, defendants respectfully request the Court grant this Motion in *Limine*, and preclude plaintiffs and their counsel from introducing at trial any evidence, references to evidence, witness testimony, contentions, or cross examination relating to complaints, investigations, findings, reports, agreements, and other filings pertaining to the prior investigations of the LASD, particularly racial profiling and discriminatory traffic stops in the Antelope Valley, including but not limited to United States District Court, Central District of California, Case No. CV 15-03174.

Dated: June 9, 2023                    KJAR, MCKENNA & STOCKALPER, LLP

By: _____
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On June 9, 2023, I served the foregoing document described as **DEFENDANTS' MOTION IN LIMINE NO. 2 TO PRECLUDE ANY EVIDENCE, ARGUMENT OR TESTIMONY RE: COMPLAINTS, INVESTIGATIONS, REPORTS, AGREEMENTS, AND OTHER FILINGS PERTAINING TO CASE NO. CV 15-03174; MEMORANDUM OF POINTS AND AUTHORITIES** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

**By Mail** I caused such envelope(s) to be deposited in the mail at El Segundo, California. The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX **By Email** Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List. My email address is mnixon@kmslegal.com.

**By Personal Service** I caused such document to be Personally Served on the parties listed in the Service List.

XX **State** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 9, 2023, at El Segundo, California.

*/s/ Maria Nixon*

Maria Nixon

# SERVICE LIST

**Assiff, Joshua vs. County of Los Angeles, et al.**
Central District- Case No.: 2:22-cv-05367 RGK(MAAx)

| | |
|---|---|
| Thomas M. Ferlauto, Esq.<br>Law Office of Thomas M. Ferlauto, APC<br>25201 Paseo de Alicia, Ste. 270<br>Laguna Hills, CA 92653<br>EM: tmf@lawofficetmf.com | Attorney for Plaintiff,<br>**JOSHUA ASSIFF** |
| Philip Cohen, Esq.<br>Law Offices of Philip Kent Cohen, APC<br>100 Wilshire Boulevard, Suite 1300<br>Santa Monica, CA  90401<br>Telephone:  310/451-9111<br>Facsimile:   310/451-9119<br>EM:  pcohen@pcohenlaw.com | Co-Attorney for Plaintiff.<br>**JOSHUA ASSIFF** |

DEFENDANTS' MOTION IN LIMINE NO. 2