PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,<br><br>Defendants. | **Case No.: 2:22-cv-05367 RGK(MAAx)**<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE OR LIMIT PLAINTIFF'S EXPERT JEFFREY NOBEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**(***Declaration Of Molshree Gupta Filed Concurrently*)<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br><br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT defendants COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY (collectively "Defendants") hereby move this Court for an order in limine to exclude or limit evidence, references, argument and testimony from Plaintiff JOSHUA ASSIFF's police practices expert, Jeffrey Nobel.

Defendants bring this Motion on the grounds that this evidence is irrelevant, without proper foundation under FRE 702, and unfairly prejudicial, confusing and/or a waste of time. Therefore, it is inadmissible and should be excluded pursuant to Federal Rules of Evidence §§ 402, 403 and 404. Any attempt to convey this information to the jury would be highly improper and unfairly prejudicial to Defendants, even if the court were to sustain an objection and instruct the jury to not consider these facts. Thus, this motion seeks a ruling in advance.

Defendants further move this Court to instruct plaintiffs and their counsel and to require them to advise all witnesses:

1. Not to attempt to convey to the jury, directly or indirectly, any of the facts mentioned in this Motion without first obtaining permission of the Court outside the presence and hearing of the jury;

2. Not to make any reference to the fact that this Motion has been filed; and

3. To warn and caution each of plaintiffs' witnesses to strictly follow the same instructions.

/ / /

/ / /

/ / /

This motion is made following compliance with the meet and confer requirements of Local Rule 7-3. This Motion is based upon the Memorandum of Points and Authorities and Declaration of Molshree Gupta, served herewith, upon the pleadings and papers on file herein, and upon such other and further oral argument and evidence as may be presented at the hearing on this Motion.

Dated: June 9, 2023                    KJAR, MCKENNA & STOCKALPER, LLP


By: _____/s/ Molshree Gupta_____
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION & ARGUMENT

This is a 42 U.S.C. §1983 alleged excessive force case arising out of a traffic stop and subsequent arrest of Plaintiff JOSHUA ASSIFF ("Plaintiff") by Defendant SERGEANT TRAVIS KELLY ("Defendant Kelly") on September 24, 2021, in the Santa Clarita Valley. Plaintiff alleges that Defendant Kelly pulled him over for no apparent reason; tasered, choked, pepper sprayed and beat him; and arrested him without probable cause, all in violation of his constitutional rights.

On May 10, 2023, Plaintiff designated an police practices expert named Mr. Jeffrey Nobel. **Exhibit \***. This motion serves to exclude Mr. Nobel as an expert entirely or, in the alternative, certain opinions by Mr. Nobel as they lack sufficient evidentiary foundation, are mere argument, credibility, or evidence weighing opinions, opinions re: intent and motivation, etc. and, thus, are speculative, not helpful to the jury, and are not admissible. See *Federal Rules of Evidence*, Rules 401, 402, 403, and 702.

Under *Federal Rules of Evidence*, Rule 104(a), "[p]reliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b)." Accordingly and pursuant to FRE 104(a), Defendants request such a Daubert hearing outside the presence of the jury to review his testimony if this Court is inclined to deny this motion. *City of Tuscaloosa v. Harcros Chem. Inc.* (11th Cir. 1998) 158 F.3d 548, 564-65 n. 21.

## II.     LEGAL AUTHORITY FOR MOTIONS IN *LIMINE*

A motion in *limine* "is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States* (1984) 469 U.S. 38, 40. Motions in *limine* are well recognized in practice and by case law. See *Ohler v. United States* (2000) 529 U.S. 753, 758; *United States v. Cook* (9th Cir. 1979) 608 F.2d 1175, 1186.

The purpose is to avoid the futile attempt of "unring[ing] the bell" when jurors have seen or heard inadmissible evidence, even when stricken from the record. See *Brodit v. Cambra* (9th Cir.2003) 350 F.3d 985, 1004-05 (citing *Kelly v. New West Fed. Sav.* (1996) 49 Cal. App. 4th 659, 669). Motions in limine also serve to streamline trials, by settling evidentiary disputes in advance. See *U.S. v. Tokash* (7th Cir. 2002) 282 F.3d 962, 968.

### III.   LEGAL STANDARD FOR EXPERT TESTIMONY

Due to the "special kind prejudice" improper expert testimony may cause, the admissibility requirements of expert testimony are stringent, the party presenting the expert bears the burden of proving the admissibility of the expert's opinions, and the Court has a duty to screen expert testimony "to ensure that the expert testimony both rests on reliable foundation and is relevant." *Acad. of Motion Pictures Arts & Scis. v. GoDaddy.com, Inc.* (CD. Cal. June 21, 2013) 2013 WL 12122803, at *2 (emphasis added); *Daubert v. Merrell Dow Pharm., Inc.* (1993) 509 U.S. 579, 589-90 ("*Daubert I*"); *Kumho Tire Co. v. Carmichael* (1999) 526 U.S. 137, 147; *Daubert v. Merrell Dow Pharma., Inc.* (1995) 43 F.3d 1311, 1315 ("*Daubert II*"); *see also* Fed. Rules Evid. 702.

*Federal Rule of Evidence* 702 ("Rule 702") governs the admissibility of expert testimony stating, "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."

Relevant expert testimony "must be 'tied to the facts' of the case" and "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702; *Daubert I*, 509 U.S. at 591; *Cooper v. Brown* (9th Cir. 2007) 510 F.3d 870, 942 (emphasis added and citing *Daubert II*, 43 F.3d at 1315.)

It is well-established that expert testimony that weighs factual evidence and/or assigns credibility to certain sources of evidence over others does not assist the trier of fact. See, e.g., *United States v. Toledo* (10th Cir.1993) 985 F.2d 1462, 1470 (holding that

"[t]he credibility of witnesses is generally not an appropriate subject for expert testimony."); *United States v. Ward* (3d Cir. 1948) 169 F.2d 460, 462 ("[T]he 'expert' may not go so far as to usurp the exclusive function of the jury to weigh the evidence and determine credibility," or offer improper legal opinions).

## IV. <u>UNDISCLOSED OPINIONS MUST BE EXCLUDED</u>

Rule 26 governs discovery and the duty to disclose. Subsection (a)(2) governs disclosure of expert testimony. It states that each party must disclose to the opposition the identity of any expert witness. Fed.R.Civ.P. 26(a)(2)(A). That disclosure must be accompanied by a written report containing: (1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming them; (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; (5) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (6) a statement of the compensation to be paid for the study and testimony in the case. Fed.R.Civ.P. 26(a)(2)(B). Rule 37(c)(1) gives teeth to these requirements by automatically excluding any evidence not properly disclosed under Rule 26(a), irrespective of the party's bad faith or willfullness. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001).

Plaintiff's May 10, 2023, Expert Disclosure attached an expert report by Mr. Nobel which provided the following opinions: 1) Sergeant Kelly's Failure to Use De-Escalation Techniques Was Inconsistent with Generally Accepted Police Practices [**Exhibit B,** Mr. Nobel's Report, pp. 14-15]; 2) Sergeant Kelly's Use of Pepper Spray on Mr. Assiff was Objectively Unreasonable, Excessive and Inconsistent with Generally Accepted Police Practices [**Exhibit B,** Mr. Nobel's Report, pp. 15-20]. Despite acknowledging that he received and reviewed Defendant County of Los Angeles' Responses to Plaintiff's Request for Production, Sets One and Two, and providing the Los Angeles Sheriff's Department Policies as bases for his opinions, Mr. Nobel offered no facts, opinions or conclusions with

respect to either Plaintiff's claims or allegations regarding unlawful arrest, *Monell* liability or punitive damages. In fact, Mr. Nobel's opinions are limited to the subject use of force.

Accordingly, such undisclosed and unsupported opinions be excluded.

## V. SPECULATIVE OPINIONS MUST BE EXCLUDED

It is well-established that that experts may not offer speculative opinions, including regarding a defendant's intent, motive, state of mind, etc. *Billington v. Smith* (9th Cir. 2002) 292 F.3d 1177, 1189, abrogated on other grounds re: "provocation theory" by *Cty. of Los Angeles, Calif. v. Mendez* (2017) 137 S. Ct. 1539; *In re: Rezulin Products Liability Litigation* (S.D. N.Y. 2004) 309 F.Supp.2d 531, 545-46.

Mr. Nobel opines that "[h]ad Sergeant Kelly followed generally accepted police practices and his department policy and used de-escalation to gain voluntary compliance, it is likely that no force would have been necessary." [**Exhibit B,** Mr. Nobel's Report, p. 15.] This opinion makes an unsupported conclusion that Defendant Kelly did not follow generally accepted police practices and his department policy and used de-escalation to gain voluntary compliance. Moreover, speculation as to what may have happened in a hypothetical is not helpful to a jury. The relevant inquiry is whether Defendant Kelly's purported use of force was reasonable under the circumstances in the underlying incident, not some other hypothetical situation.

As to Defendant Kelly's intent and motive. Mr. Nobel opines that "Sergeant Kelly unnecessarily … create[ed] the need to use force that would have likely not have been otherwise necessary." [**Exhibit B,** Mr. Nobel's Report, p. 15.] Mr. Nobel also opines as to the intent behind Defendant Kelly's communications with Plaintiff during the subject incident. Specifically, Mr. Nobel opines that, "instead of simply telling Mr. Assiff why he had been stopped, Sergeant Kelly initiated the conversation by asking Mr. Assiff the color of the light when he made his turn." [**Exhibit B,** Mr. Nobel's Report, p. 15.] This opinion assumes that Defendant Kelly's communications were not intended to communication the reason for the traffic stop.

Accordingly, Mr. Nobel cannot testify or speculate as to any hypotheticals, or Defendant Kelly's intention or motivations during the incident.

## VI. OPINIONS BASED ON HINDSIGHT ANALYSIS MUST BE EXCLUDED

The reasonableness of the force used "must be judged from the perspective of a reasonable officer on the scene, rather with the 20/20 vision of hindsight… Reasonableness must embody allowance for the fact that police officers are often forced to make split second judgments—in circumstances that are tense, uncertain, and rapidly evolving" *Graham v. Connor* (1989) 490 U.S. 386, 396; (citing *Terry v. Ohio* (1968) 392 U.S. 1, 20-22; *Monzon v. City of Murrieta* (9th Cir. Oct. 27, 2020) No. 19-55164, 2020 WL 6293163, at *5.

A police practices experts hindsight analysis and critique does not alone render their opinions relevant, admissible, or helpful to the jury. Mr. Nobel's May 10, 2023, Report states the following improper opinions:

"Had Sergeant Kelly followed generally accepted police practices and his department policy and used de-escalation to gain voluntary compliance, it is likely that no force would have been necessary." [**Exhibit B,** Mr. Nobel's Report, p. 15.]

## VII. MR. NOBEL'S OPINIONS REGARDING DEFENDANT KELLY'S USE OF PEPPER SPRAY DUE TO PLAINTIFF'S "PASSIVE RESISTANCE" MUST BE EXCLUDED

Mr. Noble opines that "while Mr. Assiff was not complying with Sergeant Kelly's command he was not actively resisting, but merely passively resisting." [**Exhibit B,** Mr. Nobel's Report, p. 18.] However, immediately thereafter, Mr. Noble concedes that "active resistance is defined as "Physically evasive movements to defeat an officer's attempt at control, including bracing, tensing, running away, or verbally or physically signaling an intention to avoid or prevent being taken into or retained in custody." [**Exhibit B,** Mr.

Nobel's Report, p. 18.] The foregoing concession, in light of his summary of the incident which concedes that Plaintiff actively resisted Defendant Kelly during the incident, erodes the admissibility of his opinion. Specifically, Mr. Nobel concedes that: 1) when "Sergeant Kelly… reached into the vehicle and tried to pull Mr. Assiff out[,] Mr. Assiff resisted by pulling away…"; 2) "Sergeant Kelly claimed that Mr. Assiff kicked him as he opened the driver's door…"; 3) "Sergeant Kelly told Mr. Assiff to get out of the vehicle or he would be pepper sprayed and [] Mr. Assiff refused…"; 4) "Deputy Clark arrived to assist Sergeant Kelly and both deputies tried to pull Mr. Assiff out of the car…"; "Sergeant Kelly said … Mr. Assiff puched Deputy Clark in the chest…". [**Exhibit B,** Mr. Nobel's Report, p. 6.]

## VIII. MR. NOBEL'S OPINIONS REGARDING DEFENDANT KELLY'S USE OF FORCE MUST BE EXCLUDED

Mr. Noble opines that Defendant Kelly's punch to Plaintiff's face with a fist was objectively unreasonable because the video does not show Plaintiff punching any deputy during the incident. [**Exhibit B,** Mr. Nobel's Report, pp. 18-19.] However, none of the videos depicting the incident show any deputy striking Plaintiff either. Mr. Noble proffers his opinion on the fact that Defendant Kelly admits to punching Plaintiff in the face but he lacks substantiating evidence that it occurred.

Mr. Nobel reveals his inability to be fair and impartial in his review, because it would be unfair and not factual to assert that Plaintiff did not punch or kick the deputies while asserting that the deputies did hit Plaintiff. If Mr. Nobel can take Defendant Kelly at his word that he struck Plaintiff in the face with his fist, why did he not take Defendant Kelly at his word that Plaintiff kicked him at the outset of this incident or that Plaintiff was not only an active resister but an aggressive assaulter, making Defendant Kelly's actions in striking Plaintiff objectively reasonable?

Allowing Plaintiff's expert to opine in light of apparent bias, specifically in light of the threat of the "special kind prejudice" posed by improper expert testimony, would be unfair to Defendant.

## IX. MR. NOBEL'S OPINIONS REGARDING DEPUTY CLARK'S USE OF FORCE MUST BE EXCLUDED

Mr. Noble opines that Deputy Clark's use of a "neck hold" was an objectively unreasonable use of force. [**Exhibit B,** Mr. Nobel's Report, pp. 19-20.] Mr. Noble uses the Plaintiff's video as evidence that Deputy Clark wrapped his arm around Plaintiff's neck, but the still photo offered as proof shows that Deputy Clark had his arm just above the neck at the back of the head and on the jaw. Moreover, the entire video is very quick (30 seconds) and inconclusive as to how long Deputy Clark's arm was in the area of Plaintiff's neck.

Once again, by unfairly characterizing Deputy Clark's conduct, Mr. Nobel reveals his inability to be fair and impartial in his review. Allowing Plaintiff's expert to opine in light of apparent bias, specifically in light of the threat of the "special kind prejudice" posed by improper expert testimony, would be unfair to Defendant.

## X. MEET AND CONFER

On June 8, 2023, and on June 9, 2023, counsel for Defendants wrote to counsel for Plaintiff to request to met and conferred on the substance of this Motion in *Limine*. Gupta Decl. ¶ 4. No agreement could be reached. Gupta Decl. ¶ 4.

/ / /

/ / /

/ / /

## XI. CONCLUSION

Based on the foregoing, defendants respectfully request the Court grant this Motion in *Limine*, and exclude or limit evidence, references, argument and testimony from Plaintiff JOSHUA ASSIFF's police practices expert, Jeffrey Nobel.

Dated: June 9, 2023              KJAR, MCKENNA & STOCKALPER, LLP

                                 By: ___/s/ Molshree Gupta_____
                                 PATRICK E. STOCKALPER
                                 MOLSHREE GUPTA
                                 Attorneys for Defendants,
                                 COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On June 9, 2023, I served the foregoing document described as **DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE OR LIMIT PLAINTIFF'S EXPERT JEFFREY NOBEL; MEMORANDUM OF POINTS AND AUTHORITIES** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

**By Mail** I caused such envelope(s) to be deposited in the mail at El Segundo, California. The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX **By Email** Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List. My email address is mnixon@kmslegal.com.

**By Personal Service** I caused such document to be Personally Served on the parties listed in the Service List.

XX **State** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 9, 2023, at El Segundo, California.

_____
Maria Nixon

# SERVICE LIST

**Assiff, Joshua vs. County of Los Angeles, et al.**
Central District- Case No.: 2:22-cv-05367 RGK(MAAx)

| | |
|---|---|
| Thomas M. Ferlauto, Esq.<br>Law Office of Thomas M. Ferlauto, APC<br>25201 Paseo de Alicia, Ste. 270<br>Laguna Hills, CA 92653<br>EM: tmf@lawofficetmf.com | Attorney for Plaintiff,<br>**JOSHUA ASSIFF** |
| Philip Cohen, Esq.<br>Law Offices of Philip Kent Cohen, APC<br>100 Wilshire Boulevard, Suite 1300<br>Santa Monica, CA  90401<br>Telephone:  310/451-9111<br>Facsimile:   310/451-9119<br>EM:  pcohen@pcohenlaw.com | Co-Attorney for Plaintiff.<br>**JOSHUA ASSIFF** |