PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY**
(*Defendants is exempt from filing fees pursuant to Government Code § 6103*)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,<br><br>    Defendants. | **Case No.: 2:22-cv-05367 RGK(MAAx)**<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 5 TO PRECLUDE ANY EVIDENCE EXCLUDE EVIDENCE OF THIRD-PARTY OPINIONS REGARDING LIABILITY IN THIS MATTER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(*Declaration Of Molshree Gupta, Esq. Filed Concurrently*)<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT defendants COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY (collectively "Defendants") hereby move this Court for an order in *limine* to exclude from trial any comments, findings and/or opinions from third-parties associated with the Los Angeles Sheriff's Department's ("LASD") review regarding the subject incident as evidence of liability.

Defendants bring this Motion on the grounds that such evidence is irrelevant to the issues to be tried; it amounts to hearsay; it amounts to subsequent remedial measures; and such evidence would only serve to unduly prejudice defendants, waste time, confuse the issues, and mislead the jury.

Defendants further move this Court to instruct plaintiffs and their counsel and to require them to advise all witnesses:

1. Not to attempt to convey to the jury, directly or indirectly, any of the facts mentioned in this Motion without first obtaining permission of the Court outside the presence and hearing of the jury;

2. Not to make any reference to the fact that this Motion has been filed; and

3. To warn and caution each of plaintiffs' witnesses to strictly follow the same instructions.

/ / /
/ / /
/ / /

This motion is made following compliance with the meet and confer requirements of Local Rule 7-3. This Motion is based upon the Memorandum of Points and Authorities and Declaration of Molshree Gupta, served herewith, upon the pleadings and papers on file herein, and upon such other and further oral argument and evidence as may be presented at the hearing on this Motion.

Dated: June 9, 2023                KJAR, MCKENNA & STOCKALPER, LLP

By: _____
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION & ARGUMENT

This is a 42 U.S.C. §1983 alleged excessive force case arising out of a traffic stop and subsequent arrest of Plaintiff JOSHUA ASSIFF ("Plaintiff") by Defendant SERGEANT TRAVIS KELLY ("Defendant Kelly") on September 24, 2021, in the Santa Clarita Valley. Plaintiff alleges that Defendant Kelly pulled him over for no apparent reason; tasered, choked, pepper sprayed and beat him; and arrested him without probable cause, all in violation of his constitutional rights.

Defendants anticipate Plaintiff will attempt to introduce comments, findings and/or opinions of third-parties associated with the Los Angeles Sheriff's Department's ("LASD") review regarding the subject incident as evidence of liability. For the reasons set forth below, Defendants respectfully request the Court preclude such evidence at trial.

## II. LEGAL AUTHORITY FOR MOTIONS IN *LIMINE*

A motion in *limine* "is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States* (1984) 469 U.S. 38, 40. Motions in *limine* are well recognized in practice and by case law. See *Ohler v. United States* (2000) 529 U.S. 753, 758; *United States v. Cook* (9th Cir. 1979) 608 F.2d 1175, 1186.

The purpose is to avoid the futile attempt of "unring[ing] the bell" when jurors have seen or heard inadmissible evidence, even when stricken from the record. See *Brodit v. Cambra* (9th Cir.2003) 350 F.3d 985, 1004-05 (citing *Kelly v. New West Fed. Sav.* (1996) 49 Cal. App. 4th 659, 669). Motions in limine also serve to streamline trials, by settling evidentiary disputes in advance. See *U.S. v. Tokash* (7th Cir. 2002) 282 F.3d 962, 968.

/ / /

/ / /

## III. THE SUBJECT EVIDENCE IS WHOLLY IRRELEVANT TO THE CLAIMS IN THIS CASE

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevant evidence is admissible unless barred by the U.S. Constitution, a federal statute, the Federal Rules of Evidence, or other U.S. Supreme Court rules. Fed. R. Evid. 402. Irrelevant evidence is not admissible. Fed. R. Evid. 402.

Here, comments, findings and/or opinions of members of the LASD regarding the incident have no tendency to make a fact that is of consequence in determining the action more or less probable than it would be without the evidence, and are therefore wholly irrelevant to this lawsuit. For that reason alone, the Court should preclude such evidence.

## IV. THE SUBJECT EVIDENCE IS INADMISSIBLE HEARSAY

"Hearsay" means a statement that the declarant does not make while testifying at the current trial or hearing, and a party offers in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c)(1)-(2). Unless provided otherwise by a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court, hearsay is not admissible. Fed. R. Evid. 802.

Here, comments, findings and/or opinions of third-parties associated with the LASD's review of the subject incident are statements made by a declarant while not testifying at the trial in this matter. Thus, to the extent Plaintiff would offer such documents and their contents for the truth of the matter asserted, it would be inadmissible as hearsay. For this reason as well, the Court should preclude the comments, findings and/or opinions of reviewing members of the LASD regarding the incident from trial.

## V. THE SUBJECT EVIDENCE SHOULD BE BARRED AS INADMISSIBLE CHARACTER EVIDENCE

Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. Fed.

R. Evid. 404. The Ninth Circuit has long held that evidence of prior acts of a Defendant police officer in a civil rights action is inadmissible. *Gates v. Rivera* (9th. Cir. 1993) 993 F.2d, 697, 700. In *Gates*, the defendant police officer, Rivera, was allowed to testify that in his 16-1/2 years as a police officer, he had not shot anyone and that he had never before discharged his weapon. *Id.* at 700. The Appellate Court noted that such evidence was not admissible in a civil rights action under Federal Rules of Evidence 404, and held that such evidence was irrelevant since intent was not an issue in an excessive force case. *Ibid.* Rather, the question to be resolved is whether objectively, the officer's use of force was reasonable. *Ibid.*

"In any event, issues of motive and intent are especially irrelevant in [excessive force cases]. A test "in an excessive force case is an objective one." [Citation omitted]. Thus, "an officer's evil intentions will make a 4th Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." *Morgan v. City Marmaduke, Ark.* (8th Cir. 1992) 958 F.2d 207, 212, citing *Graham v. Connor* (1989) 490 U.S. 386, 397, 109 Sup. Ct. 1865, 104 L.E.2d 443.

Here, the reason Plaintiff would attempt to introduce evidence of comments, findings and/or opinions of third-parties associated with the LASD's review of the subject incident would be to show the bad character of Defendant Kelly and the LASD (i.e. Defendant County) in general. That kind of evidence is explicitly barred by Rule 404, as it would amount to inadmissible character evidence. Accordingly, the Court should preclude this evidence.

### VI. THE SUBJECT EVIDENCE SHOULD BE EXCLUDED PURSUANT TO FRE 403

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

cumulative evidence. Fed. R. Evid. 403.  Rule 403 requires the prejudice be "unfair." *U.S. v. Young* (D.S.D. 1990) 754 F. Supp. 739, 742. "Unfair" in this context means the evidence has an undue tendency to suggest a jury decision based upon an improper basis, usually an emotional one. *Id.* at 742. Additionally, where evidence is not closely related to the issue being charged and is otherwise irrelevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. *U.S. v. Guerrero* (9th Cir. 1984) 756 F.2d 1342, 1348; *U.S. v. Black* (9th Cir. 1994) 20 F.3d 1458, 1464.

In *Maddox v. City of Los Angeles* (9th Cir. 1986) 792 F.2d 1408, the Ninth Circuit upheld the trial court's ruling in denying the admissibility of an internal affairs investigation on grounds the police officers would be unduly prejudiced by introduction of subsequent disciplinary proceedings: "The jury might have inferred that Officer Harris was guilty of wrongdoing merely because the police department conducted disciplinary proceedings. The jury might have given unfair or undue weight to this evidence or they might have been confused as to the relevance of the evidence . . . ." *Id.* at 1417.

Even if comments, findings and/or opinions of third-parties associated with the LASD's review of the subject incident had any probative value, which they do not, it would be substantially outweighed by a danger of unfair prejudice to Defendants.  If the jury hears evidence of any comments or findings by LASD relating to how the conduct of Defendant Kelly or any other involved deputy could have been better, it will likely punish Defendants, regardless of the liability in this case.

Moreover, because the subject evidence has no probative value, introduction of such evidence will inherently waste time. Moreover, by introducing evidence of comments or findings by LASD relating to how the conduct of Defendant Kelly or any other involved deputy could have been better, the jury may wrongly conclude that the conduct of Defendant Kelly or any other involved deputy was unconstitutional or fell below the LASD's standard.  In short, any probative value of such evidence is substantially outweighed by the probability that its admission will create substantial

danger of unfair prejudice, of confusing the issues, and of misleading the jury, and waste time.

For this reason as well, the Court should preclude the subject evidence from trial.

### VII. MEET AND CONFER

On June 8, 2023, and on June 9, 2023, counsel for Defendants wrote to counsel for Plaintiff to request to met and conferred on the substance of this Motion in *Limine*. Gupta Decl. ¶ 4. No agreement could be reached. Gupta Decl. ¶ 4.

### VIII. CONCLUSION

Based on the foregoing, defendants respectfully request the Court grant this Motion in *Limine*, and preclude plaintiffs and their counsel from introducing at trial any evidence, references to evidence, witness testimony, contentions, or cross examination relating to other claims, lawsuits, settlements, verdicts, judgments, complaints, discipline, administrative investigations or proceedings, or other alleged incidents concerning Defendant Kelly or any other member of LASD.

Dated: June 9, 2023                    KJAR, MCKENNA & STOCKALPER, LLP

By: _____
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On June 9, 2023, I served the foregoing document described as **DEFENDANTS' MOTION IN LIMINE NO. 5 TO PRECLUDE ANY EVIDENCE EXCLUDE EVIDENCE OF THIRD-PARTY OPINIONS REGARDING LIABILITY IN THIS MATTER; MEMORANDUM OF POINTS AND AUTHORITIES** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

**By Mail**  I caused such envelope(s) to be deposited in the mail at El Segundo, California.  The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX  **By Email** Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List.  My email address is mnixon@kmslegal.com.

**By Personal Service** I caused such document to be Personally Served on the parties listed in the Service List.

XX  **State**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 9, 2023, at El Segundo, California.

_____
Maria Nixon

# SERVICE LIST

**Assiff, Joshua vs. County of Los Angeles, et al.**
Central District- Case No.: 2:22-cv-05367 RGK(MAAx)

| | |
|---|---|
| Thomas M. Ferlauto, Esq.<br>Law Office of Thomas M. Ferlauto, APC<br>25201 Paseo de Alicia, Ste. 270<br>Laguna Hills, CA 92653<br>EM: tmf@lawofficetmf.com | Attorney for Plaintiff,<br>**JOSHUA ASSIFF** |
| Philip Cohen, Esq.<br>Law Offices of Philip Kent Cohen, APC<br>100 Wilshire Boulevard, Suite 1300<br>Santa Monica, CA  90401<br>Telephone:  310/451-9111<br>Facsimile:   310/451-9119<br>EM:  pcohen@pcohenlaw.com | Co-Attorney for Plaintiff.<br>**JOSHUA ASSIFF** |