PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY**
(*Defendants is exempt from filing fees pursuant to Government Code § 6103*)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,<br><br>Defendants. | **Case No.: 2:22-cv-05367 RGK(MAAx)**<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 6 TO PRECLUDE EVIDENCE OF DAMAGES NOT DISCLOSED IN A COMPUTATION OF DAMAGES AND PLAINTIFF'S ALLEGED PAIN AND SUFFERING; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(*Declaration Of Molshree Gupta, Esq. Filed Concurrently*)<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT defendants COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY (collectively "Defendants") hereby move this Court for an order in limine to preclude Plaintiff JOSHUA ASSIFF and his counsel from introducing at trial any evidence, references to evidence, witness testimony, contentions, or cross-examination relating to evidence of financial damages not properly disclosed in a Rule 26 Computation of Damages.

Defendants further move this Court to instruct plaintiffs and their counsel and to require them to advise all witnesses:

1. Not to attempt to convey to the jury, directly or indirectly, any of the facts mentioned in this Motion without first obtaining permission of the Court outside the presence and hearing of the jury;

2. Not to make any reference to the fact that this Motion has been filed; and

3. To warn and caution each of plaintiffs' witnesses to strictly follow the same instructions.

This motion is made following compliance with the meet and confer requirements of Local Rule 7-3. This Motion is based upon the Memorandum of Points and Authorities and Declaration of Molshree Gupta, served herewith, upon the pleadings and papers on file herein, and upon such other and further oral argument and evidence as may be presented at the hearing on this Motion.

Dated: June 9, 2023                    KJAR, MCKENNA & STOCKALPER, LLP

By: /s/ Molshree Gupta
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION & ARGUMENT

This is a 42 U.S.C. §1983 alleged excessive force case arising out of a traffic stop and subsequent arrest of Plaintiff JOSHUA ASSIFF ("Plaintiff") by Defendant SERGEANT TRAVIS KELLY ("Defendant Kelly") on September 24, 2021, in the Santa Clarita Valley.  Plaintiff alleges that Defendant Kelly pulled him over for no apparent reason; tasered, choked, pepper sprayed and beat him; and arrested him without probable cause, all in violation of his constitutional rights.

This motion serves to exclude Plaintiff's claimed financial damages as Plaintiff failed to disclose a computation of damages as required under Rule 26(a)(1)(A)(iii), and does not demonstrate such failure was substantially justified or is harmless. Fed. R. Civ. P. 37 ("If a party fails to provide information . . . as required by Rule 26(a), the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless); *Weaver v. U.S. Dep't of Agric., Forest Serv*. (E.D. Cal. Jan. 11, 2013) 2013 WL 144974, at *6 ("Plaintiff's failure to provide a computation of damages at the initial disclosure stage would entitle the government to file a motion *in limine* precluding Plaintiff from using a computation of damages to prove injuries at trial.").

In the instant matter, Plaintiff's Initial Disclosure - Damages provide that the "reasonable value of the medical, psychological, hospital, nursing, and similar care and supplies that plaintiff reasonably needed and actually obtained, and the present value of such care and supplies that plaintiff is reasonably certain to need in the future… $100,000.00," and "reasonable value of legal services that plaintiff reasonably needed and actually obtained to defend and clear himself… $10,000." [**Exhibit C**, Plaintiff's Initial Disclosures – Damages, p. 2; Declaration of Molshree Gupta, *filed concurrently*, ¶6.]  No supplemental disclosure has even been made. [Declaration of Molshree Gupta, *filed concurrently*, ¶6.]

/ / /

/ / /

Plaintiff's discovery responses and document production in this action only identify the following special damages:

| | |
|---|---|
| Henry Mayo | $9067.10 |
| Bail bond | $2500.00 |
| Towing | $267.00 |
| SC EMER MED GRP | $492.00 |
| Payam Yermain Chiropractor | $3880.00 |
| **Total** | **$16,206.00** |

[**Exhibit D**, Plaintiff's Initial Disclosures – Documents, and Plaintiff's Document Production 1-29 (redacted); **Exhibit E**, Plaintiff's Responses to Requests for Production of Documents, Set 1, and Plaintiff's Document Production 32-39 (redacted); Declaration of Molshree Gupta, *filed concurrently*, ¶7.] Plaintiff's production of evidence amounts of special damages of $16,206 only, nowhere near the $110,000 claimed in his disclosure of damages. [Declaration of Molshree Gupta, *filed concurrently*, ¶¶ 6-8.]

Thus, Plaintiff must be precluded from introducing any evidence of alleged quantifiable damages, such as bills, which have not yet been disclosed or produced in discovery.

## II.   LEGAL AUTHORITY FOR MOTIONS IN *LIMINE*

A motion in *limine* "is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States* (1984) 469 U.S. 38, 40. Motions in *limine* are well recognized in practice and by case law. See *Ohler v. United States* (2000) 529 U.S. 753, 758; *United States v. Cook* (9th Cir. 1979) 608 F.2d 1175, 1186.

The purpose is to avoid the futile attempt of "unring[ing] the bell" when jurors have seen or heard inadmissible evidence, even when stricken from the record. See *Brodit v. Cambra* (9th Cir.2003) 350 F.3d 985, 1004-05 (citing *Kelly v. New West Fed. Sav.* (1996) 49 Cal. App. 4th 659, 669). Motions in limine also serve to streamline trials,

by settling evidentiary disputes in advance. See *U.S. v. Tokash* (7th Cir. 2002) 282 F.3d 962, 968.

## III. PLAINTIFF'S FINANCIAL DAMAGES MUST BE EXCLUDED

*Federal Rules of Civil Procedure* Rule 26(a)(1)(A)(iii) requires at the beginning of the action each plaintiff to provide to the other parties "a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

Plaintiff was required to disclose "a computation of each category of damages" claimed—including counterclaims and cross-claims—and to make available for copying any non-privileged documents or evidentiary materials on which the damage calculation is based (e.g., medical or repair bills, business records showing loss of profits, etc.). Fed. R. Civ. P. 26(a)(1)(A)(iii); see *Hoffman v. Construction Protective Services, Inc.* (9th Cir. 2008) 541 F.3d 1175, 1179. Rule 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures "in a timely manner" when the prior response is "incomplete or incorrect." *Hoffman* at 1179. "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Id.* (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.* (9th Cir. 2001) 259 F.3d 1101, 1106). Plaintiff is not then allowed to request a specific amount of such damages at trial unless plaintiff first supplemented his or her disclosures to provide defendant with that computation of damages. *Maharaj v. California Bank & Trust* (E.D. Cal. 2013) 288 FRD 458, 464.

Here, neither Plaintiff's Initial Disclosures nor his responses to discovery evidence the requisite Computation of Damages under Rule 16. Plaintiff's production of evidence amounts of special damages of $16,206 only, nowhere near the $110,000 claimed in his disclosure of damages. Moreover, Plaintiff cannot and does not demonstrate that his failure to supplement and/or otherwise amend his Initial Disclosure of special damages

of $110,000 was substantially justified or is harmless. Plaintiff's failure to provide a computation of damages with the specificity required by Rule 26 should preclude introduction of evidence and testimony related to damages including but not limited to evidence of alleged quantifiable damages, such as bills, which have not yet been disclosed or produced in discovery. See *Olaya v. Wal-Mart Stores, Inc.* (D. Nev. 2012) 2012 U.S. Dist. LEXIS 111079, *3-15 (Plaintiff provided damages information after Rule 26(a) deadline in a personal injury action. The court excluded evidence of damages due to the late disclosures.).

## IV. MEET AND CONFER

On June 8, 2023, and on June 9, 2023, counsel for Defendants wrote to counsel for Plaintiff to request to meet and conferred on the substance of this Motion in *Limine*. Gupta Decl. ¶ 4. No agreement could be reached. Gupta Decl. ¶ 4.

## V. CONCLUSION

Based on the foregoing, defendants respectfully request the Court grant this Motion in *Limine*, and preclude plaintiffs and their counsel from introducing at trial any evidence, references to evidence, witness testimony, contentions, or cross examination relating to other claims, lawsuits, settlements, verdicts, judgments, complaints, discipline, administrative investigations or proceedings, or other alleged incidents concerning Defendant Kelly or any other member of LASD.

Dated: June 9, 2023                    KJAR, MCKENNA & STOCKALPER, LLP


By: _____/s/ Molshree Gupta_____
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On June 9, 2023, I served the foregoing document described as **DEFENDANTS' MOTION IN LIMINE NO. 6 TO PRECLUDE EVIDENCE OF DAMAGES NOT DISCLOSED IN A COMPUTATION OF DAMAGES AND PLAINTIFF'S ALLEGED PAIN AND SUFFERING; MEMORANDUM OF POINTS AND AUTHORITIES** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

**By Mail**  I caused such envelope(s) to be deposited in the mail at El Segundo, California.  The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX   **By Email** Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List.  My email address is mnixon@kmslegal.com.

**By Personal Service** I caused such document to be Personally Served on the parties listed in the Service List.

XX   **State**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 9, 2023, at El Segundo, California.

Maria Nixon

# SERVICE LIST

**Assiff, Joshua vs. County of Los Angeles, et al.**
Central District- Case No.: 2:22-cv-05367 RGK(MAAx)

| | |
|---|---|
| Thomas M. Ferlauto, Esq.<br>Law Office of Thomas M. Ferlauto, APC<br>25201 Paseo de Alicia, Ste. 270<br>Laguna Hills, CA 92653<br>EM: tmf@lawofficetmf.com | Attorney for Plaintiff,<br>**JOSHUA ASSIFF** |
| Philip Cohen, Esq.<br>Law Offices of Philip Kent Cohen, APC<br>100 Wilshire Boulevard, Suite 1300<br>Santa Monica, CA  90401<br>Telephone:  310/451-9111<br>Facsimile:   310/451-9119<br>EM:  pcohen@pcohenlaw.com | Co-Attorney for Plaintiff.<br>**JOSHUA ASSIFF** |