PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,<br><br>Defendants. | **Case No.: 2:22-cv-05367 RGK(MAAx)**<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 7 TO PRECLUDE EVIDENCE OF PLAINTIFF'S ECONOMIC DAMAGES THAT ARE NOT REASONABLE AND/OR NECESSARY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(*Declaration Of Molshree Gupta, Esq. Filed Concurrently*)<br><br>Action Filed: August 3, 2022<br>**Pretrial Conference: July 10, 2023**<br>Trial Date: July 25, 2023<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT defendants COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY (collectively "Defendants") hereby move this Court for an order in limine to preclude Plaintiff JOSHUA ASSIFF and his counsel from introducing at trial any evidence, references to evidence, witness testimony, contentions, or cross-examination relating to Plaintiffs economic damages that are not reasonable and/or necessary. This Motion is made on the grounds that such evidence would be highly prejudicial to Defendants if admitted into evidence at the time of trial.

Defendants further move this Court to instruct plaintiffs and their counsel and to require them to advise all witnesses:

1. Not to attempt to convey to the jury, directly or indirectly, any of the facts mentioned in this Motion without first obtaining permission of the Court outside the presence and hearing of the jury;

2. Not to make any reference to the fact that this Motion has been filed; and

3. To warn and caution each of plaintiffs' witnesses to strictly follow the same instructions.

/ / /

/ / /

/ / /

1    This motion is made following compliance with the meet and confer requirements
2  of Local Rule 7-3. This Motion is based upon the Memorandum of Points and
3  Authorities and Declaration of Molshree Gupta, served herewith, upon the pleadings and
4  papers on file herein, and upon such other and further oral argument and evidence as
5  may be presented at the hearing on this Motion.

Dated: June 9, 2023                KJAR, MCKENNA & STOCKALPER, LLP

By: _/s/ Molshree Gupta_____
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and SERGEANT
TRAVIS KELLY

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.    INTRODUCTION & ARGUMENT

This is a 42 U.S.C. §1983 alleged excessive force case arising out of a traffic stop and subsequent arrest of Plaintiff JOSHUA ASSIFF ("Plaintiff") by Defendant SERGEANT TRAVIS KELLY ("Defendant Kelly") on September 24, 2021, in the Santa Clarita Valley.  Plaintiff alleges that Defendant Kelly pulled him over for no apparent reason; tasered, choked, pepper sprayed and beat him; and arrested him without probable cause, all in violation of his constitutional rights. Plaintiff claims that he has suffered economic damages and non-economic damages, including great bodily injury and severe emotional distress.  [First Amended Complaint, Dckt. #27, ¶ 13.]

In the instant matter, Plaintiff's Initial Disclosure - Damages provide that the "reasonable value of the medical, psychological, hospital, nursing, and similar care and supplies that plaintiff reasonably needed and actually obtained, and the present value of such care and supplies that plaintiff is reasonably certain to need in the future… $100,000.00," and "reasonable value of legal services that plaintiff reasonably needed and actually obtained to defend and clear himself… $10,000." [**Exhibit C**, Plaintiff's Initial Disclosures – Damages, p. 2; Declaration of Molshree Gupta, *filed concurrently*, ¶6.]  No supplemental disclosure has even been made.  [Declaration of Molshree Gupta, *filed concurrently*, ¶6.]

Plaintiff's discovery responses and document production in this action only identify the following special damages:

| | |
|---|---|
| Henry Mayo | $9067.10 |
| Bail bond | $2500.00 |
| Towing | $267.00 |
| SC EMER MED GRP | $492.00 |
| Payam Yermain Chiropractor | $3880.00 |
| **Total** | **$16,206.00** |

[**Exhibit D**, Plaintiff's Initial Disclosures – Documents, and Plaintiff's Document Production 1-29 (redacted); **Exhibit E**, Plaintiff's Responses to Requests for Production of Documents, Set 1, and Plaintiff's Document Production 32-39 (redacted); Declaration of Molshree Gupta, *filed concurrently*, ¶7.]

Plaintiff's production of evidence amounts of special damages of $16,206 only, nowhere near the $110,000 claimed in his disclosure of damages. [Declaration of Molshree Gupta, *filed concurrently*, ¶¶ 6-8.] To date, Plaintiff has never provided any documents pertaining to, or identified any treatment providers who gave, mental health care to address his purported emotional distress. [Declaration of Molshree Gupta, *filed concurrently*, ¶ 9.] It should also be noted that Plaintiff has not provided any evidence to Defendants that the bills have been paid in full. [Declaration of Molshree Gupta, *filed concurrently*, ¶ 10.]

By way of this Motion, Defendants seek to exclude any evidence of or testimony regarding Plaintiff's economic damages that are not reasonable and/or necessary. In particular, with regard to the total amount of her medical expenses regarding injuries sustained in the subject incident, without first establishing (1) that total amount as being reasonable and/or necessary and (2) that the total is for services that were all rendered on account of injuries sustained during the subject incident.

## II.   LEGAL AUTHORITY FOR MOTIONS IN *LIMINE*

A motion in *limine* "is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States* (1984) 469 U.S. 38, 40. Motions in *limine* are well recognized in practice and by case law. See *Ohler v. United States* (2000) 529 U.S. 753, 758; *United States v. Cook* (9th Cir. 1979) 608 F.2d 1175, 1186.

The purpose is to avoid the futile attempt of "unring[ing] the bell" when jurors have seen or heard inadmissible evidence, even when stricken from the record. See *Brodit v. Cambra* (9th Cir.2003) 350 F.3d 985, 1004-05 (citing *Kelly v. New West Fed. Sav.* (1996) 49 Cal. App. 4th 659, 669). Motions in limine also serve to streamline trials,

by settling evidentiary disputes in advance. See *U.S. v. Tokash* (7th Cir. 2002) 282 F.3d 962, 968.

## III. ECONOMIC DAMAGES WHICH CANNOT BE ESTABLISHED AS REASONABLE AND NECESSARY MUST BE EXCLUDED

*Federal Rules of Evidence* Rule 403 authorizes the exclusion of relevant evidence when its "probative value is substantially outweighed by the danger of **unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time**, or needless presentation of cumulative evidence." See Fed. R. Ev., Rule 403; see also *Old Chief v. United States* (1997) 519 U.S. 172, 180 (emphasis added). In *Liew v. Official Receiver and Liquidator* (9th Cir. 1982) 685 F. 2d 1192, the Ninth Circuit held that trial courts have, "very broad discretion in applying Rule 403 and absent abuse, the exercise of its discretion will not be disturbed on appeal."

Under Rule 403, unfair prejudice is "an undue tendency to suggest decision on an improper basis." *U.S. v. Lyons* (9th Cir. 2006) 472 F.3d 1055, 1066. For the reasons that follow, allowing any reference to, comment upon, or attempt to introduce any testimony or other evidence concerning Plaintiffs alleged economic damages that are not reasonable and/or necessary would result in unfair prejudice to the defendants.

Here, Defendants contend that the total charges for Plaintiff's medical bills are not evidence of the reasonable value of the services provided to Plaintiff. A plaintiff may recover as damages for past medical expenses no more than the reasonable value of the services provided. *Howell v. Hamilton Meats & Provisions, Inc.* (Cal. 2011) 52 Cal. 4th 541, 555. Such damages are **limited to the *lesser* of (1) the amount paid or incurred for past medical services, and (2) the reasonable value of the services**. *Id.* at 556. The Court in Howell held that an injured plaintiff whose medical expenses are paid by private insurance can recover damages for past medical expenses in an amount no greater than the amount that the plaintiffs medical providers, pursuant to prior agreement, accepted as full payment for the services. *Id.* at 566. The Court stated that there can be significant disparities between the amounts charged by medical providers and the costs of providing services, the

price of a particular service can "vary tremendously ... from hospital to hospital in California" (*Id.* at 561), and "a medical care provider's billed price for particular services is not necessarily representative of either the cost of providing those services or their market value." *Id.* at 560-562, 564.

The Court in *Ochoa v. Dorado* (Cal. Ct. App. 2014) 228 Cal. App.4th 120 expanded on the *Howell* ruling and held that **unpaid medical bills are not evidence of the reasonable value of the services provided and cannot support an award of damages for past medical expenses**. The *Ochoa* ruling made clear that its holding was not limited to the circumstance where the medical providers had previously agreed to accept a lesser amount as full payment for the services provided but also applied to circumstances [such as the instant case] where no such prior agreement existed. As noted by the Court, "the full amount billed by medical providers is not an accurate measure of the value of medical services because many patients pay discounted rates, and standard rates for a given service can vary tremendously, sometimes by a factor of five or more, from hospital to hospital in California." *Id.* at 136.

Based on this line of authority, Defendants respectfully request that the totals of Plaintiff's medical bills are meaningless in the absence that said bills have been paid and/or represent the reasonable value of the services provided as they pertain to the subject incident.

### IV.   MEET AND CONFER

On June 8, 2023, and on June 9, 2023, counsel for Defendants wrote to counsel for Plaintiff to request to meet and conferred on the substance of this Motion in *Limine*. Gupta Decl. ¶ 4. No agreement could be reached. Gupta Decl. ¶ 4.

/ / /

/ / /

/ / /

## V. **CONCLUSION**

Based on the foregoing, defendants respectfully request the Court grant this Motion in *Limine*, and preclude plaintiffs and their counsel from introducing at trial any evidence, references to evidence, witness testimony, contentions, or cross examination relating to Plaintiffs economic damages that are not reasonable and/or necessary.

Dated: June 9, 2023                KJAR, MCKENNA & STOCKALPER, LLP

By: _____*/s/ Molshree Gupta*_____
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On June 9, 2023, I served the foregoing document described as **DEFENDANTS' MOTION IN LIMINE NO. 7 TO PRECLUDE EVIDENCE OF PLAINTIFF'S ECONOMIC DAMAGES THAT ARE NOT REASONABLE AND/OR NECESSARY; MEMORANDUM OF POINTS AND AUTHORITIES** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

**By Mail**  I caused such envelope(s) to be deposited in the mail at El Segundo, California.  The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX  **By Email** Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List.  My email address is mnixon@kmslegal.com.

**By Personal Service** I caused such document to be Personally Served on the parties listed in the Service List.

XX  **State**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 9, 2023, at El Segundo, California.

Maria Nixon

# SERVICE LIST

**Assiff, Joshua vs. County of Los Angeles, et al.**
Central District- Case No.: 2:22-cv-05367 RGK(MAAx)

| | |
|---|---|
| Thomas M. Ferlauto, Esq.<br>Law Office of Thomas M. Ferlauto, APC<br>25201 Paseo de Alicia, Ste. 270<br>Laguna Hills, CA 92653<br>EM: tmf@lawofficetmf.com | Attorney for Plaintiff,<br>**JOSHUA ASSIFF** |
| Philip Cohen, Esq.<br>Law Offices of Philip Kent Cohen, APC<br>100 Wilshire Boulevard, Suite 1300<br>Santa Monica, CA  90401<br>Telephone:  310/451-9111<br>Facsimile:   310/451-9119<br>EM:  pcohen@pcohenlaw.com | Co-Attorney for Plaintiff.<br>**JOSHUA ASSIFF** |