PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>  Plaintiffs,<br><br>  v.<br><br>COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,<br><br>  Defendants. | **Case No.: 2:22-cv-05367 RGK(MAAx)**<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 9 TO BIFURCATE LIABLITY FROM DAMAGES, AND PUNITIVE DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES**<br>(*Declaration Of Molshree Gupta, Esq. Filed Concurrently*)<br><br>Action Filed: August 3, 2022<br>**Pretrial Conference: July 10, 2023**<br>Trial Date: July 25, 2023<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT defendants COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY (collectively "Defendants") hereby move this Court for an order in *limine* to bifurcate trial into two phases as follows:

- Phase One: Defendants request that the first phase address the liability of Defendants, and whether Defendants should be subject to an award of punitive damages;
- Phase Two: Defendants request that a second phase, if necessary, address the issue of any compensatory and/or punitive damages award, if any, if the jury in Phase 1 determines liability and/or that an award of punitive damages is appropriate.

Defendants bring this Motion on the grounds that pursuant to Rule 42(b) of the *Federal Rules of Civil Procedure*, separate trials on the issues of liability and punitive damages are needed in the furtherance of convenience, to avoid risk of substantial prejudice and jury confusion, and to promote the expeditious and economical trial of this action. The motion is also made on the basis of Rule 403 of the *Federal Rules of Evidence* to prevent the jury from considering "other acts" evidence and/or allowing such evidence to improperly influence the jury's liability verdict.

/ / /

/ / /

/ / /

This motion is made following compliance with the meet and confer requirements of Local Rule 7-3. This Motion is based upon the Memorandum of Points and Authorities and Declaration of Molshree Gupta, served herewith, upon the pleadings and papers on file herein, and upon such other and further oral argument and evidence as may be presented at the hearing on this Motion.

Dated: June 9, 2023            KJAR, MCKENNA & STOCKALPER, LLP

By: _____/s/ Molshree Gupta_____
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION & ARGUMENT

This is a 42 U.S.C. §1983 alleged excessive force case arising out of a traffic stop and subsequent arrest of Plaintiff JOSHUA ASSIFF ("Plaintiff") by Defendant SERGEANT TRAVIS KELLY ("Defendant Kelly") on September 24, 2021, in the Santa Clarita Valley. Plaintiff alleges that Defendant Kelly pulled him over for no apparent reason; tasered, choked, pepper sprayed and beat him; and arrested him without probable cause, all in violation of his constitutional rights. Plaintiff seeks compensatory and punitive damages.

This motion serves to respectfully request that the Court issue an order to bifurcate trial into two phases as follows:

- o Phase One: Defendants request that the first phase address the liability of Defendants, and whether Defendants should be subject to an award of punitive damages;
- o Phase Two: Defendants request that a second phase, if necessary, address the issue of any compensatory and/or punitive damages award, if any, if the jury in Phase 1 determines liability and/or that an award of punitive damages is appropriate.

This Motion is made on the grounds that pursuant to Rule 42(b) of the *Federal Rules of Civil Procedure*, separate trials on the issues of liability AND damages (compensatory and punitive) are needed in furtherance of convenience, to avoid prejudice and jury confusion, and to promote the expeditious and economical trial of this action.

Defendants request that this case be bifurcated and that liability and damages (compensatory and punitive) be tried in two separate phases. Defendants believe that bifurcation n will best serve the interests of judicial economy and fairness to Defendants. If Plaintiff is allowed to address the issues of compensatory and punitive damages before

liability, particularly liability based on malice, fraud, or oppression, has been established, Defendants will be prejudiced at trial.

## II. *FEDERAL RULES OF CIVIL PROCEDURE*, RULE 42(b), AUTHORIZES THIS COURT TO ORDER SEPARATE TRIALS ON ANY ISSUE

Rule 42(b) of the *Federal Rules of Civil Procedure* states in relevant part that, "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of . . . any separate issue . . .." Fed. R. Civ. Proc. 42(b). The district court has "broad discretion to order separate trials" under this Rule. *Davis & Cox v. Summa Corp*. 751 F.2d 1507, 1517 (9th Cir. 1985). Factors to be considered in deciding whether to order separate trials include: avoiding prejudice, separability of the issues, convenience, judicial economy, and risk of confusion. *Bates v. United Parcel Service* (N.D. Cal. 2001) 204 F.R.D. 440, 448. Other factors to be considered include: complexity of the issues, factual proof, and the possibility that the first trial may be dispositive of the case. *Calmar, Inc. v. Emson Research, Inc*. (C.D. Cal. 1994) 850 F.Supp. 861, 866.

## III. *FEDERAL RULES OF EVIDENCE*, RULE 401, 403, JUDICIAL ECONOMY AND THE AVOIDANCE OF SUBSTANTIAL PREJUDICE MANDATE BIFURCATION OF LIABILITY (COMPENSATORY AND PUNITIVE) FROM DAMAGES

In the instant case, separation of liability from damages will result in the most expeditious and efficient trial. *Federal Rules of Civil Procedure* §§ 13(I), 20(b) and 42(b), authorize the Court, in the furtherance of convenience and judicial economy and/or to avoid prejudice, to separate issues for trial. Liability and damages, including compensatory and punitive damages, are separate issues that should be tried separately. Trying damages separately from liability will avoid the risk of jury confusion arising from the factual proof required for damages, will further convenience and is conducive to expedition and economy.

The liability of the officers must be decided first. *Quintanilla v. City of Downey* (9th Cir. 1996, cert. denied) 834 F.3d 353 (cert. denied, 117 S. Ct. 972). Liability in this case hinges on the issue of whether or not Plaintiff was subjected to excessive force or unlawful arrest, and whether the Plaintiff was deprived of a constitutional right due to a custom or policy of the County. The evidence, while at times conflicting, will come from the witnesses at the scene.

Allowing evidence as to Plaintiff's damages, especially any evidence as to alleged pain and suffering, before a determination of liability is irrelevant under FRE 401 and extremely prejudicial to Defendants under Rule 403 of the *Federal Rules of Evidence*. As to Plaintiff's damages, any evidence as to his alleged emotional and/or financial damages also is irrelevant under Rule 401 and highly prejudicial to Defendants under Rule 403. The only purpose in allowing such evidence during the liability phase is to bias the jury in favor of Plaintiff by playing on the jurors' sympathies. Allowing this type of evidence also will take up an undue amount of time and resources if the jury finds that Defendants are not liable. If Plaintiff prevails, any additional time may still be saved because a plaintiff's verdict may open immediate further settlement negotiations.

As to the issue of punitive damages, Defendants are not opposed to the jury making a finding as to the predicate question of malice, fraud or oppression during the liability phase. However, any evidence and testimony regarding punitive damages would delve into private financial matters that are irrelevant to the issue of whether Defendants may be held liable in this case. Questions relevant to the amount of punitive damages, such as "Do you own a home?"; "Do you rent?"; "What is your net worth?"; "What are your debts?", etc., would be an unnecessary waste of time should Defendants prevail on the issue of liability. Allowing the introduction of such evidence has no probative value on the issue of liability. Even if there were some probative value, it is substantially outweighed by the danger of undue prejudice it would cause Defendants, as they may be denied a fair trial.

Hearing such evidence during the liability phase would only serve to confuse the issues and mislead the jury. Hearing evidence of their financial condition also could prompt the jury to punish Defendants even if malice, fraud, or oppression has not been established. Questions related to punitive damages and financial condition also are irrelevant to whether Defendant County had an unconstitutional custom, policy or practice that caused the alleged constitutional violations. Thus, presentation of punitive damages evidence prior to a determination of liability could cause undue prejudice to Defendants, as a jury could determine liability simply based on the amount of Defendants' wealth and/or resources.

Accordingly, this Court should order that the issues of liability and damages, including compensatory and punitive damages, be tried separately. The Court further should order that questions concerning financial condition will not be allowed until the punitive damages phase, if any.

Liability must be resolved before damages are considered as the evidence pertinent to the two issues is usually wholly unrelated. Bifurcation of liability and damages is a necessary issue to be resolved against the Plaintiff due to the prejudice that would result as to the Defendants. *Westchester Speciality Insurance Services, Inc. v. U.S. Fire Insurance Co*. (11th Cir. 1997) 119 F.3d 1505, 1512 n.14.

The District Court may separate trials. *Federal Rules of Civil Procedure*, Rules 20(b), 42(b); *see Hydrite Chem Co. v. Calumet Lubricants* Co. (7th Cir. 1995) 47 F.3d 887, 891, *Sanford v. Johns-Manville Sales Corp*. (5th Cir. 1991) 923 F.2d 1142, 1146 n.7. Federal Rules of Evidence, Rule 403 provides that:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

1    Factors to be considered in deciding whether to order separate trials include:
2    avoiding prejudice, separability of the issues, convenience, judicial economy, and risk of
3    confusion. *Bates v. United Parcel Service* (N.D. Cal. 2001) 204 F.R.D. 440, 448. Other
4    factors to be considered include: complexity of the issues, factual proof, and the
5    possibility that the first trial may be dispositive of the case. *Calmar, Inc. v. Emson*
6    *Research, Inc*. (C.D. Cal. 1994) 850 F.Supp. 861, 866.

7    In the instant case, in order to avoid prejudice to the officers, punitive damages
8    must be tried separately to prevent the jury from considering "other acts" evidence
9    and/or allowing such evidence to influence the jury's liability verdict.

10   A District Court may bifurcate, or further sub-divide a case at whatever point the
11   division will promote economy and accuracy in adjudication. *Hydrite Chem*, 47 F.3d at
12   891. When the Court orders a separate trial, the parties are required to try issues
13   separately in two (or more) proceedings, but the Court will enter only on final judgment.

14   In the case before the Court here, the issues are clearly separable and can be tried
15   separately without confusing the jury. *Angelo v. Armstrong World Indus., Inc*. (10th Cir.
16   1993) 11 F.3d 957, 964-65; *see, e.g., Castle v. Cohen* (3d Cir. 1988) 840 F.2d 173, 176
17   (court separated contract claim from securities fraud issues).

18   Bifurcating the issues will avoid the significant and certain prejudice to the
19   parties. *See, e.g., Westchester Specialty Ins. Servs., Inc. v. U.S. Fire Ins. Co*. (11th Cir.
20   1997) 119 F.3d 1505, 1512 n.14 (splitting liability and damages stages may eliminate
21   prejudice to the parties), *Quintanilla v. City of Downey* (9th Cir. 1996) 84 F.3d 353, 356
22   (risk of prejudice and confusion by introducing evidence of police dog attacks on
23   persons other than plaintiff), *McLaughlin v. State Farm Mut. Auto. Ins. Co*. (7th Cir.
24   1994)  30 F.3d 861, 870 (risk of prejudice in presenting a contract claim and punitive
25   damage claim arising from insurer's decision not to pay a claim), *Angelo* (10th Cir. 1993)
26   11 F.3d at 965  (bifurcated liability and damages), *Gafford v. G.E. Co*. (6th Cir. 1993)
27   997 F.2d 150, 171-72, *Barr Lab., Inc. v. Abbott Lab.* (3rd Cir. 1992) 978 F.2d 98, 115
28   (bifurcated issue of relevant product market).

In the instant Case, trying liability claims first, without introducing evidence that is prejudicial to the first claims, but is necessary for the other claims, will avoid prejudice and confusion. *Angelo*, 11 F.3d at 965, *Mattison v. Dallas Carrier Corp*. (4th Cir. 1991) 947 F.2d 95, 110 (bifurcated liability and compensatory damages from the amount of punitive damages).

Bifurcation clearly improves the truth-finding function of the jury, compelling jurors to decide cases only on evidence tending to prove or disprove liability. In addition to the avoidance of prejudicial sympathy, the separation of the trial on the damage issue will serve the ends of "economy and expedition", for it must be kept in mind that the jury need not assume the burden of analyzing damages until the issue of liability is resolved in favor of the plaintiff.

For the foregoing reasons, it is respectfully submitted that this Court bifurcate punitive damages from individual liability for this trial.

## IV.   MEET AND CONFER

On June 8, 2023, and on June 9, 2023, counsel for Defendants wrote to counsel for Plaintiff to request to meet and conferred on the substance of this Motion in *Limine*. Gupta Decl. ¶ 4. No agreement could be reached. Gupta Decl. ¶ 4.

/ / /

/ / /

/ / /

## V. CONCLUSION

For the foregoing reasons Defendants respectfully request that the Court grant Defendants' instant motion *in limine* to bifurcate trial into two phases as follows:

- Phase One: Defendants request that the first phase address the liability of Defendants, and whether Defendants should be subject to an award of punitive damages;
- Phase Two: Defendants request that a second phase, if necessary, address the issue of any compensatory and/or punitive damages award, if any, if the jury in Phase 1 determines liability and/or that an award of punitive damages is appropriate.

Dated: June 9, 2023  KJAR, MCKENNA & STOCKALPER, LLP

By: _____/s/ Molshree Gupta_____
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On June 9, 2023, I served the foregoing document described as **DEFENDANTS' MOTION IN LIMINE NO. 9 TO BIFURCATE LIABLITY FROM DAMAGES, AND PUNITIVE DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

**By Mail**  I caused such envelope(s) to be deposited in the mail at El Segundo, California.  The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX  **By Email** Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List.  My email address is mnixon@kmslegal.com.

**By Personal Service** I caused such document to be Personally Served on the parties listed in the Service List.

XX  **State**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 9, 2023, at El Segundo, California.

Maria Nixon

# SERVICE LIST

**Assiff, Joshua vs. County of Los Angeles, et al.**
Central District- Case No.: 2:22-cv-05367 RGK(MAAx)

| | |
|---|---|
| Thomas M. Ferlauto, Esq.<br>Law Office of Thomas M. Ferlauto, APC<br>25201 Paseo de Alicia, Ste. 270<br>Laguna Hills, CA 92653<br>EM: tmf@lawofficetmf.com | Attorney for Plaintiff,<br>**JOSHUA ASSIFF** |
| Philip Cohen, Esq.<br>Law Offices of Philip Kent Cohen, APC<br>100 Wilshire Boulevard, Suite 1300<br>Santa Monica, CA 90401<br>Telephone: 310/451-9111<br>Facsimile: 310/451-9119<br>EM: pcohen@pcohenlaw.com | Co-Attorney for Plaintiff.<br>**JOSHUA ASSIFF** |