THOMAS M. FERLAUTO (SBN 155503)
LAW OFFICE OF THOMAS M. FERLAUTO, APC
25201 Paseo de Alicia, Suite 270
Laguna Hills, California 92653
Telephone: 949-334-8650
Fax: 949-334-8691
Email: TMF@lawofficeTMF.com

Attorney for Plaintiff, JOSHUA ASSIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSHUA ASSIFF,**<br><br>  **Plaintiff,**<br><br>  v.<br><br>**COUNTY OF LOS ANGELES;**<br>**SHERIFF DEPUTY BADGE**<br>**NUMBER 404532;**<br>**And DOES 1 through 10,**<br><br>  **Defendants.** | **Case No. 2:22-cv-05367 RGK (MAAx)**<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 1 FOR ISSUE AND EVIDENCE SANCTIONS FOR FAILURE TO PRODUCE WITNESSES FOR DEPOSITION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to: Hon. R. Gary Klausner, District Judge, Courtroom 850 |

TO THE COURT, ALL PARTIES IN THIS ACTION, AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff, JOSHUA ASSIFF (hereinafter "Plaintiff") hereby makes this motion in limine for issue or evidence sanctions against Defendants COUNTY OF LOS ANGELES for its failure to produce witnesses for its duly notice deposition.

1

PLAINTIFF'S MOTION IN LIMINE #1: FOR ISSUE AND EVIDENCE SANCTIONS FOR FAILURE TO PRODUCE WITNESSES FOR DEPOSITION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

The remedy sought by this motion is an order precluding Defendants TRAVIS KELLY and COUNTY OF LOS ANGELES and their counsel from introducing at trial any evidence, references to evidence, witness testimony, contentions, or cross-examination relating to the following issues, and that each of these issues shall be conclusively established in Plaintiff's favor:

1. The traffic stop policies and procedures for the Los Angeles County Sheriff's Department in effect on September 24, 2021.

2. The de-escalation policies and procedures for the Los Angeles County Sheriff's Department in effect on September 24, 2021.

3. The use of force policies and procedures for the Los Angeles County Sheriff's Department in effect on September 24, 2021.

4. The education and training of Defendant Kelly in the traffic stop policies and procedures for the Los Angeles County Sheriff's Department in effect on September 24, 2021.

5. The education and training of Defendant Kelly in the de-escalation policies and procedures for the Los Angeles County Sheriff's Department in effect on September 24, 2021.

6. The education and training of Defendant Kelly in the use of force policies and procedures for the Los Angeles County Sheriff's Department in effect on September 24, 2021.

7. The supervision of Defendant Kelly on September 24, 2021.

8. The investigation into Defendant Kelly's conduct in the incident that is the subject matter of this litigation and that took place on September 24, 2021.

9. The efforts by the County of Los Angeles and the Los Angeles Sheriff's Department to comply with the Settlement Agreement entered in USDC Case No. CV-15-03174.

This motion shall be made pursuant to FRCP 37(d)(1)(A)(i) and on the grounds that Defendant failed to attend its noticed deposition.

PLAINTIFF'S MOTION IN LIMINE #1: FOR ISSUE AND EVIDENCE SANCTIONS FOR FAILURE TO PRODUCE WITNESSES FOR DEPOSITION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1  This motion is made following compliance with the meet and confer
2  requirements of Local Rule 7-3. This Motion is based upon the Memorandum of
3  Points and Authorities and Declaration of Thomas M. Ferlauto, served herewith,
4  upon the pleadings and papers on file herein, and upon such other and further oral
5  argument and evidence as may be presented at the hearing on this Motion.

8  DATED: June 12, 2022       The Law Office Of Thomas M. Ferlauto, APC

10           By: _____
11                Thomas M. Ferlauto
              Attorney For: Plaintiff, JOSHUA ASSIFF

3

PLAINTIFF'S MOTION IN LIMINE #1: FOR ISSUE AND EVIDENCE SANCTIONS FOR FAILURE TO PRODUCE WITNESSES FOR DEPOSITION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, JOSHUA ASSIFF (hereinafter "Plaintiff") hereby respectfully submits the following memorandum of points and authorities in support of his motion in limine for issue or evidence sanctions against Defendants COUNTY OF LOS ANGELES for its failure to produce witnesses for its duly notice deposition.

## I. INTRODUCTION

Plaintiff is a 21-year old black male and a student at Antelope Valley College where he plays basketball. Plaintiff was driving from his home to a teammate's house in order to carpool to basketball practice. For no apparent reason and without probable cause, KELLY, a male Caucasian motorcycle Sheriff deputy, pulled Plaintiff over. For no apparent reason and without probable cause, KELLY – as well as other deputies who subsequently responded to the call – all tasered, choked, pepper sprayed, beat and arrested Plaintiff. Plaintiff has asserted two causes of action – the First Cause of Action against KELLY for violation of 42 USC § 1983 (arrest without probable cause and with excessive force), and the Second Cause of Action against COUNTY OF LOS ANGELES for violation of 42 USC § 1983 (*Monell* liability).

Plaintiff has complied with all of his discovery obligations. Plaintiff appeared for his deposition and gave testimony on April 14, 2023. Plaintiff made his expert witness disclosure -- including expert witness report -- in a timely fashion on May 10, 2023.

Defendants have not complied with their discovery obligations.

The discovery cut-off in this action was and is May 10, 2023.

On March 31, 2023, Plaintiff properly noticed the deposition of the persons most knowledgeable at COUNTY OF LOS ANGELES about 9 certain relevant topics for April 26, 2023. (**Exhibit 1**) Plaintiff offered to reset the deposition for any mutually agreeable date prior to the discovery cut-off.

Defendants failed to offer alternative deposition dates prior to the discovery cut-off for Defendant the COUNTY OF LOS ANGELES, and Defendant the

COUNTY OF LOS ANGELES failed to appear for its scheduled deposition on April 26, 2023. (**Exhibit 2**)

On May 10, 2023, Defendants brought an ex parte application seeking to continue the trial date and other pre-trial deadlines.

On May 12, 2023, the Court denied Defendants' motion to continue trial and other pre-trial deadlines, but permitted the parties to agree to conduct the depositions of the Defendants (who failed to appear at their noticed depositions) after the discovery cut-off.

In response to the Court's Order, Defendants produced Defendant KELLY for his deposition. However, Defendants have not produced any witnesses for the COUNTY OF LOS ANGELES on the 9 issues identified in the deposition notice. Counsel for Plaintiff met and conferred with counsel for Defendants on dates. Plaintiff offered a wide selection of dates for the depositions. Plaintiff's only requirement was that whichever date is selected that sufficient time (7 hours) be available for questioning.

Defendants failed to offer witnesses on all topics, and failed to offer any witnesses with sufficient time for questioning. Defendants offered a partial date with limited time for questioning for one witness on one topic and a partial date with limited time for questioning for another witness on another topic – and at a time Plaintiff's counsel was not available. It is difficult to determine what was actually offered, because Defendants refused to identify witnesses according to the topic numbers as set forth in the deposition notice. Plaintiff's counsel continued to request dates for these depositions, but Defendant stopped responding and no other dates were ever offered. No witnesses were ever produced.

## II.  THE COURT CAN GRANT THE RELIEF REQUESTED BY THIS MOTION

A party who fails to appear for deposition is subject to sanctions even in the absence of a prior order. [See, FRCP 37(d)(1)(A)(i); *Henry v. Gill Industries,*

*Inc.* (9th Cir. 1993) 983 Fed.2d 943, 947; *Hilao v. Estate of Marcos* (9th Cir. 1996) 103 Fed.3d 762, 764-765]  Even without a prior order, the Court has the authority to manage its affairs. [See, *Residential Funding Corp. v. Degeorge Fin'l Corp.* (2nd Cir. 2002) 306 Fed.3d 99, 106-107; *Unigard Security Ins. Co. v. Lakewood Eng. & Mfg. Corp.* (9th Cir. 1992) 982 Fed.2d 363, 368—sanctions for suppression of evidence] Where the discovery violation is the failure to produce requested evidence, the district court may either:

• delay the start of a trial (at the expense of the party that breached its obligation);

• declare a mistrial if trial has already commenced; or

• proceed with a trial and give an adverse inference instruction. [*Residential Funding Corp. v. Degeorge Fin'l Corp., supra,* 306 Fed.3d at 107]  An adverse inference instruction is proper in some cases even if the discovery violation was merely negligent, rather than intentional. [*Residential Funding Corp. v. Degeorge Fin'l Corp., supra,* 306 Fed.3d at 108-109]

## III.   MEET AND CONFER

On June 8, 2023, counsel for Plaintiff wrote to counsel for Defendant to request to meet and conferred on the substance of this Motion in Limine. (**Exhibit 4**) Counsel for Defendant never responded and no agreement could be reached.

## IV.   CONCLUSION

For the reasons set forth above, issue and evidence sanctions should be imposed on Defendant the COUNTY OF LOS ANGELES for its failure to appear at its noticed deposition.

DATED: June 12th, 2023       The Law Office Of Thomas M. Ferlauto, APC

By: _____
Thomas M. Ferlauto
Attorney For: Plaintiff, JOSHUA ASSIFF