**From:** Thomas Ferlauto tmf@lawofficetmf.com
**Subject:** Re: Assiff (610-2) M&C re MILs
**Date:** June 8, 2023 at 4:57 PM
**To:** Molshree Gupta mgupta@kmslegal.com
**Cc:** Philip Cohen pcohen@pcohenlaw.com, Patrick Stockalper pstockalper@kmslegal.com, Maria L. Nixon mnixon@kmslegal.com



Counsel:

We would also like to discuss some motions in limine:

A. Issue and evidence sanctions against Defendant for failing to appear at depositions. To preclude any evidence, reference to evidence, witness testimony, contentions or cross examinations of the following topics and that all these issues be determined in Plaintiff's favor:

    1. The traffic stop policies and procedures for the Los Angeles County Sheriff's Department in effect on September 24, 2021.

    2. The de-escalation policies and procedures for the Los Angeles County Sheriff's Department in effect on September 24, 2021.

    3. The use of force policies and procedures for the Los Angeles County Sheriff's Department in effect on September 24, 2021.

    4. The education and training of Defendant Kelly in the traffic stop policies and procedures for the Los Angeles County Sheriff's Department in effect on September 24, 2021.

    5. The education and training of Defendant Kelly in the de-escalation policies and procedures for the Los Angeles County Sheriff's Department in effect on September 24, 2021.

    6. The education and training of Defendant Kelly in the use of force policies and procedures for the Los Angeles County Sheriff's Department in effect on September 24, 2021.

    7. The supervision of Defendant Kelly on September 24, 2021.

    8. The investigation into Defendant Kelly's conduct in the incident that is the subject matter of this litigation and that took place on September 24, 2021.

    9. The efforts by the County of Los Angeles and the Los Angeles Sheriff's Department to comply with the Settlement Agreement entered in USDC Case No. CV-15-03174.

B. Excluding or limiting all evidence, references, argument and testimony from Defendant's police practices expert.

    1. Mr. Gray's opinions fail the Daubert analysis, lack sufficient evidentiary foundation, cannot be stated to any reasonable scientific probability, are improper credibility and/or evidence weighing opinions, and, thus, are speculative, not helpful to the jury, and are not admissible.

    2. It does not assist the jury determine whether the purported conduct was constitutional.

    3. It is permeated with improper legal conclusions.

    4. Finally, we will seek an order limiting Mr. Gray's testimony to only those opinions which were expressed in his May 10, 2023 report.

_____

LAW OFFICE OF
THOMAS M. FERLAUTO
A Professional Law Corporation

Direct Dial 310-849-7554

25201 Paseo de Alicia, Suite 270
Laguna Hills, CA  92653
Phone: 949-334-8650
Facsimile: 949-334-8691

Email: TMF@lawofficeTMF.com
Website: www.lawofficeTMF.com

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error,

please delete it immediately.

On Jun 8, 2023, at 4:40 PM, Molshree Gupta <mgupta@kmslegal.com> wrote:

Counsel:

Please accept this correspondence as our good faith attempt to meet and confer to resolve the necessity of the following proposed Motion in *Limine* by the Defendants:

1. To preclude any evidence, references to evidence, witness testimony, contentions, or cross-examination relating to claims, lawsuits, settlements, verdicts, judgments, complaints, discipline, administrative investigations or proceedings, or other alleged incidents concerning Defendants or any other member of the Los Angeles County Sheriff's Department.
    a. Defendants bring this Motion on the grounds that such evidence is irrelevant to the issues to be tried; it amounts to inadmissible character evidence; and such evidence would only serve to unduly prejudice defendants, waste time, confuse the issues, and mislead the jury.
2. To preclude any evidence, references to evidence, witness testimony, contentions, or cross-examination relating to the complaints, investigations, reports, agreements, and other filings pertaining to Case No. CV 15-03174.
    a. This incident did not occur in the Antelope Valley. The involved individual defendant never worked in Antelope Valley.
    b. Defendants bring this Motion on the grounds that such evidence is irrelevant to the issues to be tried; it amounts to inadmissible character evidence; and such evidence would only serve to unduly prejudice defendants, waste time, confuse the issues, and mislead the jury.
3. To preclude any evidence, references to evidence, witness testimony, contentions, or cross-examination relating to "An Analysis of Racial/Ethnic Disparities in Stops by Los Angeles County Sheriff's Deputies in the Antelope Valley" and/or any other publications, etc. pertaining to conduct by Los Angeles County Sheriff's Deputies in the Antelope Valley.
    a. This incident did not occur in the Antelope Valley. The involved individual defendant never worked in Antelope Valley.
    b. Defendants bring this Motion on the grounds that such evidence is irrelevant to the issues to be tried; it amounts to inadmissible character evidence; and such evidence would only serve to unduly prejudice defendants, waste time, confuse the issues, and mislead the jury.
4. Excluding or limiting all evidence, references, argument and testimony from Plaintiff's police practices expert.
    a. Mr. Nobel's opinions fail the *Daubert* analysis, lack sufficient evidentiary foundation, cannot be stated to any reasonable scientific probability, are improper credibility and/or evidence weighing opinions, and, thus, are speculative, not helpful to the jury, and are not admissible.
    b. It does not assist the jury determine whether the purported conduct was constitutional.
    c. It is permeated with improper legal conclusions.
    d. Finally, we will seek an order limiting Mr. Nobel's testimony to only those opinions which were expressed in his May 10, 2023 report.
5. Exclude from trial any evidence from third-parties regarding liability in this matter.
    a. Such evidence is irrelevant to the issues to be tried; it amounts to hearsay; it amounts to subsequent remedial measures; and such evidence would

it amounts to subsequent remedial measures, and such evidence would only serve to unduly prejudice defendants, waste time, confuse the issues, and mislead the jury
6. Excluding or limiting evidence of financial damages not disclosed in compliance with Rule 26;
    a. Plaintiff failed to disclose a computation of damages with requisite specification, as required under Rule 26(a)(1)(A)(iii).
7. Excluding any evidence of or testimony regarding Plaintiffs economic damages that are not reasonable and/or necessary.
    a. Such evidence would be highly prejudicial to Defendants if admitted into evidence at the time of trial.
8. Precluding all evidence, references, argument and testimony referring to Plaintiff as young, immature, and/or otherwise childish.
    a. Plaintiff was an adult, approximately twenty-one (21). Accordingly, references to Plaintiff as a child or photographs of Plaintiff as a baby or child are solely to garner sympathy from the jury and enflame their emotions to Defendants' prejudice and must be excluded.
9. To bifurcate trial into two phases as follows:
    a. Phase One: Defendants request that the first phase address the liability of Defendants, and whether Defendants should be subject to an award of punitive damages;
    b. Phase Two: Defendants request that a second phase, if necessary, address the issue of any compensatory and/or punitive damages award, if any, if the jury in Phase 1 determines liability and/or that an award of punitive damages is appropriate.
    c. Grounds:
        i. Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, separate trials on the issues of liability and punitive damages are needed in the furtherance of convenience, to avoid risk of substantial prejudice and jury confusion, and to promote the expeditious and economical trial of this action.
        ii. Federal Rule of Evidence 403 to prevent the jury from considering "other acts" evidence and/or allowing such evidence to improperly influence the jury's liability verdict.

Please advise re your availability tomorrow to M&C re the above.

Thanks,
<image001.jpg>

Molshree Gupta
Partner
**KJAR, McKENNA & STOCKALPER, LLP**
841 Apollo Street, Suite 100
El Segundo, California 90245
424-397-1504 – Direct No.
424-217-3026 – Main No. (Ext. 1069)
424-367-0384 – Direct Fax No.
mgupta@kmslegal.com
www.kmslegal.com

[www.kmslegal.com](www.kmslegal.com)

**THIS MESSAGE IS CONFIDENTIAL**, INTENDED FOR THE NAMED RECIPIENT(S) AND MAY CONTAIN INFORMATION THAT IS (I) PROPRIETARY TO THE SENDER, AND/OR, (II) PRIVILEGED, CONFIDENTIAL, AND/OR OTHERWISE EXEMPT FROM DISCLOSURE UNDER APPLICABLE STATE AND FEDERAL LAW, INCLUDING, BUT NOT LIMITED TO, PRIVACY STANDARDS IMPOSED PURSUANT TO THE FEDERAL HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 ("HIPAA"). IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR BY TELEPHONE AT 424-217-3026 AND DESTROY THE ORIGINAL TRANSMISSION AND ITS ATTACHMENTS WITHOUT READING OR SAVING THEM TO DISK. THANK YOU.