THOMAS M. FERLAUTO (SBN 155503)
LAW OFFICE OF THOMAS M. FERLAUTO, APC
25201 Paseo de Alicia, Suite 270
Laguna Hills, California 92653
Telephone: 949-334-8650
Fax: 949-334-8691
Email: TMF@lawofficeTMF.com

Attorney for Plaintiff, JOSHUA ASSIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF LOS ANGELES;<br>SHERIFF DEPUTY BADGE<br>NUMBER 404532;<br>And DOES 1 through 10,<br><br>　　　　Defendants. | Case No. 2:22-cv-05367 RGK (MAAx)<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE OR LIMIT EXPERT TESTIMONY OF DEFENDANT'S EXPERT MICHAEL GRAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to: Hon. R. Gary Klausner, District Judge, Courtroom 850 |

　　TO THE COURT, ALL PARTIES IN THIS ACTION, AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

　　PLEASE TAKE NOTICE THAT Plaintiff, JOSHUA ASSIFF (hereinafter "Plaintiff") hereby move this Court for an order in limine to exclude or limit evidence, references, argument and testimony from Defendants' police practices expert, Michael Gray.

Plaintiff bring this Motion on the grounds that this evidence is irrelevant, without proper foundation under FRE 702, and unfairly prejudicial, confusing and/or a waste of time. Therefore, it is inadmissible and should be excluded pursuant to Federal Rules of Evidence §§ 402, 403 and 404. Any attempt to convey this information to the jury would be highly improper and unfairly prejudicial to Plaintiff, even if the court were to sustain an objection and instruct the jury to not consider these facts. Thus, this motion seeks a ruling in advance.

Plaintiff further move this Court to instruct Defenadts and their counsel and to require them to advise all witnesses:

1.   Not to attempt to convey to the jury, directly or indirectly, any of the facts mentioned in this Motion without first obtaining permission of the Court outside the presence and hearing of the jury;

2.   Not to make any reference to the fact that this Motion has been filed; and

3.   To warn and caution each of plaintiffs' witnesses to strictly follow the same instructions.

This motion is made following compliance with the meet and confer requirements of Local Rule 7-3. This Motion is based upon the attached Memorandum of Points and Authorities, the Declaration of Thomas M. Ferlauto, served herewith, upon the pleadings and papers on file herein, and upon such other and further oral argument and evidence as may be presented at the hearing on this Motion.

DATED: June 12, 2022             The Law Office Of Thomas M. Ferlauto, APC

By: _____
Thomas M. Ferlauto
Attorney For:  Plaintiff, JOSHUA ASSIFF

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, JOSHUA ASSIFF (hereinafter "Plaintiff") hereby respectfully submits the following memorandum of points and authorities in support of his motion in limine to limit evidence, references, argument and testimony from Defendants' police practices expert, Michael Gray.

## I. INTRODUCTION

Plaintiff is a 21-year old black male and a student at Antelope Valley College where he plays basketball. Plaintiff was driving from his home to a teammate's house in order to carpool to basketball practice. For no apparent reason and without probable cause, KELLY, a male Caucasian motorcycle Sheriff deputy, pulled Plaintiff over. For no apparent reason and without probable cause, KELLY – as well as other deputies who subsequently responded to the call – all tasered, choked, pepper sprayed, beat and arrested Plaintiff. Plaintiff has asserted two causes of action – the First Cause of Action against KELLY for violation of 42 USC § 1983 (arrest without probable cause and with excessive force), and the Second Cause of Action against COUNTY OF LOS ANGELES for violation of 42 USC § 1983 (Monell liability).

On May 10, Defendant served their expert witness disclosure that contained the report of Michael Gray. Unlike Plaintiff expert who properly limited his opinions to matters of generally accepted police practices, Defendants' expert opines on improper matter that form the ultimate legal issues presented by this case such as:

1) Whether Defendant Kelly had "probable cause" to arrest Plaintiff (**Exhibit 3**, p.11, ¶ 4.b.)

2) Whether Defendant Kelly used "excessive force" to arrest Plaintiff (**Exhibit 3**, p. 11, ¶ 4.d.)

3) Whether customs or policies promulgated, maintained, or enforced by the LASD caused Plaintiff's harm (**Exhibit 3**, p. 11, ¶ 4.e.)

4) Whether an LASD custom or practice violated the civil rights of its citizens. (**Exhibit 3**, p. 12, ¶ 4.g.)

## II. THE COURT CAN GRANT THE RELIEF REQUESTED BY THIS MOTION

A motion in *limine* "is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States* (1984) 469 U.S. 38, 40. Motions in *limine* are well recognized in practice and by case law. See *Ohler v. United States* (2000) 529 U.S. 753, 758; *United States v. Cook* (9th Cir. 1979) 608 F.2d 1175, 1186. The purpose is to avoid the futile attempt of "unring[ing] the bell" when jurors have seen or heard inadmissible evidence, even when stricken from the record. See *Brodit v. Cambra* (9th Cir.2003) 350 F.3d 985, 1004-05 (citing *Kelly v. New West Fed. Sav.* (1996) 49 Cal. App. 4th 659, 669). Motions in limine also serve to streamline trials, by settling evidentiary disputes in advance. See *U.S. v. Tokash* (7th Cir. 2002) 282 F.3d 962, 968

## III. LEGAL STANDARD FOR EXPERT TESTIMONY

The admissibility requirements of expert testimony are stringent, the party presenting the expert bears the burden of proving the admissibility of the expert's opinions, and the Court has a duty to screen expert testimony "to ensure that the expert testimony both rests on reliable foundation and is relevant." *Acad. of Motion Pictures Arts & Scis. v. GoDaddy.com, Inc.* (CD. Cal. June 21, 2013) 2013 WL 12122803, at *2 (emphasis added); *Daubert v. Merrell Dow Pharm., Inc.* (1993) 509 U.S. 579, 589-90 ("*Daubert I*"); *Kumho Tire Co. v. Carmichael* (1999) 526 U.S. 137, 147; *Daubert v. Merrell Dow Pharma., Inc.* (1995) 43 F.3d 1311, 1315 ("*Daubert II*"); *see also* Fed. Rules Evid. 702.

*Federal Rule of Evidence* 702 ("Rule 702") governs the admissibility of expert testimony stating, "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Relevant expert

testimony "must be 'tied to the facts' of the case" and "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702; *Daubert I*, 509 U.S. at 591; *Cooper v. Brown* (9th Cir. 2007) 510 F.3d 870, 942 (emphasis added and citing *Daubert II*, 43 F.3d at 1315.)

Legal conclusions (i.e., opinions on an ultimate issue of law) are *not* "helpful" and therefore should be excluded. "Each courtroom comes equipped with a 'legal expert' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." [*Burkhart v. Washington Metropolitan Area Transit Auth*. (DC Cir. 1997) 112 F3d 1207, 1213; *Nationwide Transport Finance v. Cass Information Systems, Inc*. (9th Cir. 2008) 523 F3d 1051, 1058-1060   It is error to permit an expert to testify in terms having specialized legal meaning distinct from ordinary usage. [*Burkhart v. Washington Metropolitan Area Transit Auth*., supra, 112 F3d at 1215; *Woods v. Lecureux* (6th Cir. 1997) 110 F3d 1215, 1219-1220—in 42 USC § 1983 civil rights action against prison warden, expert witness prohibited from using term "deliberately indifferent" to describe defendant's conduct]

## IV.    UNDISCLOSED OPINIONS SHOULD BE EXCLUDED

Rule 26 governs discovery and the duty to disclose. Subsection (a)(2) governs disclosure of expert testimony. It states that each party must disclose to the opposition the identity of any expert witness. Fed.R.Civ.P. 26(a)(2)(A). That disclosure must be accompanied by a written report containing: (1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming them; (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; (5) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (6) a statement of the compensation to be paid for the study and testimony in the case. Fed.R.Civ.P. 26(a)(2)(B). Rule 37(c)(1) gives teeth to these requirements by automatically excluding any evidence not properly disclosed under Rule 26(a),

5

PLAINTIFF'S MOTION IN LIMINE #1: FOR ISSUE AND EVIDENCE SANCTIONS FOR FAILURE TO PRODUCE WITNESSES FOR DEPOSITION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

irrespective of the party's bad faith or willfullness. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001).

### III. MEET AND CONFER

On June 8, 2023, counsel for Plaintiff wrote to counsel for Defendant to request to meet and conferred on the substance of this Motion in Limine. (**Exhibit 4**) Counsel for Defendant never responded and no agreement could be reached.

### IV. CONCLUSION

For the reasons set forth above, the testimony of Defendants' police expert Michael Gray should be excluded or limited.

DATED: June 12th, 2023        The Law Office Of Thomas M. Ferlauto, APC

By: _____
Thomas M. Ferlauto
Attorney For: Plaintiff, JOSHUA ASSIFF

6

PLAINTIFF'S MOTION IN LIMINE #1: FOR ISSUE AND EVIDENCE SANCTIONS FOR FAILURE TO PRODUCE WITNESSES FOR DEPOSITION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT