PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,<br><br>Defendants. | Case No.: 2:22-cv-05367 RGK(MAAx)<br><br>**DEFENDANTS' REPLY IN SUPPORT MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**Date:** June 26, 2023<br>**Time:** 9:00 a.m.<br>**Crtrm:** 850<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850 |

/ / /

/ / /

/ / /

1

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

1  COME NOW Defendants COUNTY OF LOS ANGELES and SERGEANT
2  TRAVIS KELLY, and hereby submit the following memorandum of points and
3  authorities in reply to Plaintiff's Opposition to Defendants' motion for summary partial
4  summary judgment.

7  Dated: June 12, 2023                    KJAR, MCKENNA & STOCKALPER, LLP

9                                 By: _____*molshreegupta*_____
10                                       PATRICK E. STOCKALPER
                                         MOLSHREE GUPTA
11                                       Attorneys for Defendants,
                                         COUNTY OF LOS ANGELES and DEPUTY
12                                       TRAVIS KELLY

# **TABLE OF CONTENTS**

TABLE OF CONTENTS…………………………………………………………………3

TABLE OF AUTHORITIES……………………………………………………………..4

I. INTRODUCTION................................................................................................... 5

II. STATEMENT OF LAW ........................................................................................ 7

    A.    No Reasonable Juror Court Find That Defendant Kelly Lacked Probable Cause to Arrest Plaintiff for Resisting and/or Battering A Law Enforcement Officer………………………………………………………………………7

        1.    Plaintiff's Arguments Do Not establish Lack of Probable Cause for the Subject Arrest………………………………………………………7

        2.    Plaintiff's Arguments Do Not Overcome Qualified Immunity………9

    B.    There is No Evidence to Support Plaintiff's Punitive Damages Claims……9

    C.    There is No evidence to Support Plaintiff's *Monell* Claim……………..…10

        1.    Plaintiff Admitted that Defendant Kelly Did Not Pull Him Over Due to His Race……………………………………………………………10

        2.    Plaintiff's evidence of LAASD' Custom and Policy Does Not even Pertain to the Santa Clarita Valley or Its LASD Station……………11

        3.    Plaintiff's Efforts to Malign Defendant Kelly Are Ineffective……...11

III. PLAINTIFF IS NOT ENTITLED TO ADDITIONAL TIME TO OPPOSE THIS MOTION ...................................................................................................................12

IV. CONCLUSION .......................................................................................................13

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

# TABLE OF AUTHORITIES

**CASES**

*Monell v. Dep't of Social Services of City of N.Y.*
    (1978) 436 U.S. 658 ................................................................................................. 6, 10, 13

**STATUTES**

*PENAL CODE* SECTION 69 ............................................................................................... 5, 7, 9
*Penal Code* section 243(b)…………………………………………………………..5, 7, 9

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Joshua Assiff's ("Plaintiff") Opposition to Defendants SERGEANT TRAVIS KELLY ("Defendant Kelly") and COUNTY OF LOS ANGELES' ("Defendant County") Motion for Partial Summary Judgment fails to demonstrate any material issues of fact as to his claims for unlawful arrest and punitive damages against Defendant Kelly, and municipal liability against Defendant County.

*Unlawful arrest*: Plaintiff argues, based solely on his allegations and deposition testimony, that "he was unlawfully arrested … [because t]here was no probable cause for the traffic stop in the first place…" (Opposition, Dckt. #53-2, at p. 15, ls. 14-24.) However, as has been clarified repeatedly throughout the course of this litigation, Plaintiff was not arrested for a traffic violation; rather, he was arrested for violation of California *Penal Code* sections 69 (resisting an officer) and 243(b) (battery against the person of an officer). As such, his subjective belief about the legality of the traffic stop is irrelevant and immaterial to the <u>Court's inquiry on this claim, i.e. whether a reasonable law enforcement officer in Defendant Kelly's position believed there was probable cause</u> to arrest Plaintiff under *Penal Code* sections 69 (resisting an officer) and 243(b) (battery against the person of an officer).

As discussed below, Plaintiff's arguments in support of this claim for unlawful arrest is based upon improper speculation by Plaintiff as to Defendant Kelly's motive in initiating the traffic stop and further speculation as to his purportedly retaliatory conduct, as well as blatant misrepresentations by his counsel as to Defendant Kelly's purported racial animus, all of which are belied by Plaintiff's concession in deposition that Defendant Kelly had not seen his skin color or hair when he first initiated the traffic stop and that Plaintiff believed Defendant Kelly initiated the traffic stop because he believed there was a traffic violation, as well as the objective evidence which shows Plaintiff's noncompliance with Defendant Kelly's verbal orders, and continued physical resistance despite multiple warnings.

As such, Plaintiff cannot establish his claim for unlawful arrest.

*Punitive Damages:* Plaintiff's Opposition concedes that Defendant Kelly's conduct during the subject incident is, at worst, below the standard of generally accepted police practice. As such, Plaintiff cannot show Defendant Kelly's malice, oppression or intentional disregard required to maintain his punitive damages claim.

*Municipal Liability*: Plaintiff concedes that the "LASD has a very comprehensive Use of Force manual that gives thorough and specific details on the use of force and the reporting of such use of force." [See Fact No. 59; Plaintiff did not dispute this fact.] Despite this concession, Plaintiff relies on unrelated findings of an investigation, which he admits did not involve the region of Los Angeles County where this incident occurred or the LASD station(s) which were the subject of the irrelevant investigation, to assert liability in this case against Defendant County. This is improper evidence of a constitutional violation in this action.

Moreover, even after investigating Defendant Kelly's personnel history, Plaintiff is unable to identify a single instance where Defendant Kelly's prior conduct which fits Plaintiff's theory of liability in this case. In other words, nothing in Defendant Kelly's personnel file indicates a history of racial profiling, discriminatory traffic stops, unlawful arrests or unreasonable uses of force. To overcome this substantial hurdle, Plaintiff stitched together a self-serving and defamatory summary of hearsay statements contained in Defendant Kelly's personnel records, and attempted to bolster it with factual misrepresentation from Thomas Ferlauto, Esq. regarding the deposition testimony of Defendant Kelly.

Plaintiff has not produced competent, admissible evidence to demonstrate that his alleged constitutional injury was caused by an expressly adopted official policy or a longstanding practice or custom of LASD. Therefore, Plaintiff cannot maintain his claim for *Monell* liability.

/ / /

/ / /

## II. STATEMENT OF LAW

### A. No Reasonable Juror Court Find That Defendant Kelly Lacked Probable Cause to Arrest Plaintiff for Resisting And/Or Battering A Law Enforcement Officer

#### 1. Plaintiff's Arguments Do Not Establish Lack of Probable Cause For the Subject Arrest

As put forth in the instant motion, the indisputable evidence demonstrates that Defendant Kelly had probable cause to arrest Plaintiff for violation of California *Penal Code* sections 69 (resisting an officer) and 243(b) (battery against the person of an officer), based upon Plaintiff's failure to comply with verbal commands and warnings, as well as his aggressive physical resistance to efforts by Defendant Kelly and other LASD deputies to remove him from his vehicle.

As to Plaintiff's assertion that the traffic stop was racially motivated at the outset (Opposition, Dckt. #53-2, at p. 15, l. 24), he conceded at his Deposition that Defendant Kelly had not seen him (only his vehicle) when he first initiated the traffic stop. Specifically, when asked whether he believed Defendant pulled him over because of the color of his skin, Plaintiff responded: "I think that once he pulled me over and saw the color of my skin and my hair, I think that's when it tipped the iceberg." (**Exhibit "H,"** Plaintiff's Deposition at 135:12-18.) Defendants' counsel then attempted to clarify, "But when he initiated the traffic stop, when he asked you to pull over, you –" and Plaintiff cut off the question by responding, "He just thought I ran the red light." (**Exhibit "H,"** Plaintiff's Deposition at 135:19-21.) As such, Plaintiff himself has conceded that the traffic stop was not racially motivated.

Plaintiff's next argument that Defendant Kelly "retaliated against Plaintiff and used force against him not for anything illegal that Plaintiff did, but for attempting to record the encounter on his mobile phone" (Opposition, Dckt. #53-2, at p. 15, ls. 25-27) is nothing short of misdirection. As Defendants' Motion for Partial Summary Judgment

establishes, and Plaintiff fails to dispute, the evidence establishes as follows: Plaintiff remained argumentative with Defendant Kelly, failed to provide his driver's license despite multiple requests by Defendant Kelly, remained noncompliant with Defendant Kelly's lawful commands despite multiple verbal warnings as the consequence, and physically resisted efforts by Defendant Kelly and other LASD deputies to remove his from his vehicle.

At his Deposition, Plaintiff conceded that he made a conscious decision to not comply with and to physically resist Defendant Kelly and other LASD deputies during the incident. (**Exhibit "H,"** Plaintiff's Deposition at 124:11-125:10 (Plaintiff's admission that he was consciously resisting Defendant Kelly and struggling to remain in his vehicle); 126:5-16 (Plaintiff's admission that he was consciously resisting two to three LASD deputies and struggling to remain in his vehicle); 137:22-138:15 (Plaintiff's admission to conscious decision to resist Defendant Kelly by pulling his arm away when he touched it to pull him out of the vehicle).) While Plaintiff's noncompliance and aggressive resistance are evidence not only by objective evidence and Plaintiff's own spontaneous admissions, any representation as to Defendant Kelly's purportedly retaliatory state of mind is pure speculation by Plaintiff and his counsel.

Moreover, Defendants' Motion establishes that a detained motorist cannot refuse to comply with verbal commands by a law enforcement officer simply because he/she disagrees with the underlying violation for which he/she is being detained. Obstruction of law enforcement actively, regardless of the underlying disagreement as to its validity, is adequate grounds for an arrest; battery on a law enforcement office who is engaged in law enforcement actively is also grounds for an arrest. Because Plaintiff's Opposition fails to show that a reasonable law enforcement officer in Defendant Kelly's position would not believe there was probable cause to arrest Plaintiff, and he cannot factually establish that he did not obstruct or batter Defendant Kelly or any other LASD personnel during the underlying incident, his claim for unlawful arrest fails as a matter of law.

### 2. Plaintiff's Arguments Do Not Overcome Qualified Immunity

As a preliminary matter, Plaintiff's argument on qualified immunity misses the mark, because it targets the excessive force claim, which is not the subject of Defendant Kelly's summary adjudication request. By failing to address Defendant Kelly's entitlement to qualified immunity as to the unlawful arrest claim, Plaintiff essentially concedes this issue.

Moreover, no clearly established law would have put Defendant Kelly on notice that his arrest of Plaintiff for violation of California *Penal Code* sections 69 (resisting an officer) and 243(b) (battery against the person of an officer) lacked probable cause. Plaintiff's Opposition does not actually contest application of qualified immunity or offer any precedent regarding clearly established law at the time.

In other words, Plaintiff has cited no cases or legal authority which gave Defendant Kelly notice that a motorist could be noncompliant to law enforcement commands, engage in conduct which obstructs law enforcement activity and/or otherwise physically resist a detention simply because he disagreed with the validity of a traffic stop. Rather, the law is clear that the motorist's opportunity to contest the validity of the traffic stop or citation would be in traffic court and a motorist may also test the constitutionality of a traffic stop through a civil claim or legal action for unlawful seizure[1].

### B. There Is No Evidence To Support Plaintiffs' Punitive Damages Claim

Plaintiff argues in opposition to Defendant Kelly's motion for summary adjudication of the punitive damages claim that the same is a question of fact for the jury. (Opposition, Dckt. #53-2, at p. 18, l. 10). However, under the summary judgment standard, this court may dismisses the prayer for punitive damages if it decides that no reasonable jury could find for Plaintiff's claim.

Plaintiff then argues that the "evidence suggests Defendant Kelly acted without probable cause and his violent use of force was excessive, objectively unreasonable and

---

[1] It is notable that Plaintiff's First Amended Complaint does not state a claim for unlawful seizure.

inconsistent with generally accepted police practices." (Opposition, Dckt. #53-2, at p. 18, ls. 11-13). In other words, Plaintiff wants this Court to allow Defendant Kelly to proceed in this litigation under the threat of punitive damages based on the mere suggestion that his conduce fell below generally accepted police practices, i.e. the suggestion negligence.

As Plaintiff knows, he cannot maintain an entitlement to punitive damages unless the evidence establishes that a reasonable jury could find that he acted with malice, oppression, or intentional disregard of Plaintiff's constitutional rights. Given that Plaintiff has offered no evidence to counter Defendant Kelly's declaration that he did not, and that his conduct was intended to gain compliance from Plaintiff, Plaintiff cannot maintain his claim for punitive damages against Defendant Kelly.

### C. There Is No Evidence To Support Plaintiffs' *Monell* Claim

#### 1. Plaintiff Admitted That Defendant Kelly Did Not Pull Him Over Due To His Race

Plaintiff has asserted throughout this action, and even argued in Opposition to Defendants' subject Motion, that Defendant Kelly initiated the subject traffic stop in conformity with the LASD's purported custom and policy of racial profiling and discriminatory traffic stops. However, Plaintiff has already make a spontaneous admission under oath that he does not believe Defendant Kelly saw the color of his skin at the time he initiated the subject traffic stop. (**Exhibit "H,"** Plaintiff's Deposition at 135:12-21.) He maintained this position even after he was asked to clarify. (*Id.*) Rather, Plaintiff conceded that he believed Defendant Kelly initiated the traffic stop because he believed Plaintiff had violated a traffic law. (*Id.*)

Given that Plaintiff concedes Defendant Kelly did not know his race at the time he initiated the subject traffic stop, he cannot argue that Defendant Kelly acted in conformity with the LASD's purported custom and policy of racial profiling and discriminatory traffic stops. Plaintiff also cannot argue that he suffered any constitutional deprivation

### 2. Plaintiff's Evidence Of LASD's Custom and Policy Does Not Even Pertain To the Santa Clarita Valley or Its LASD Station

The evidence on Defendant Motion establishes that the incident occurred in the Santa Clarita Valley, not the Antelope Valley; Defendant Kelly was assigned to work at the Santa Clarita Valley station of the LASD on the date of the incident; Defendant Kelly was never assigned by Defendant County to work at any Antelope Valley station during his over 30 years of employment. Nevertheless, Plaintiff continues to present as credible, reliable evidence unrelated, hearsay findings concerning the Antelope Valley stations.

While Plaintiff's Opposition substantively concedes that the findings do not pertain to the subject station, he vaguely argues that Santa Clarita is a "northern area of the County and just one Sheriff's Department station adjacent to but south of the actual Antelope Valley." (Opposition, Dckt. #53-2, p. 17, ls. 14-16.) None of this matters, given Plaintiff has provided no evidence to show that Defendant Kelly had a history of racial profiling or discriminatory traffic stops (see below).

### 3. Plaintiff's Efforts to Malign Defendant Kelly Are Ineffective

Plaintiff has provided absolutely no evidence that Defendant Kelly's personnel file reflects a history of racial profiling or discriminatory traffic stops. Rather, Plaintiff stitched together a self-serving and defamatory summary of hearsay statements contained in Defendant Kelly's personnel records, and attempted to bolster it with factual misrepresentation from Thomas Ferlauto, Esq. regarding the deposition testimony of Defendant Kelly. (See Declaration of Patrick Stockalper, filed concurrently).

As a preliminary matter, none of the personnel records submitted in support of this argument are competent, admissible evidence. (See Defendants' Objections to Plaintiff's evidence, and Defendants' Motion in Limine No. 1, filed June 9, 2023). Moreover, even if the personnel records were evidence, they fail to substantiate Plaintiff's theory of liability – that Defendant Kelly's conduct was in conformity of Defendant County's purported custom and policy of racial profiling or discriminatory

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

traffic stops. While Plaintiff may opine that Defendant Kelly is a bad motorcycle cop, he has no evidence of Defendant Kelly ever participated in racial profiling or discriminatory traffic stops while employed by the County.

Because Plaintiff cannot show that Defendant Kelly racially profiled or discriminated against him, or that Defendant Kelly's personnel file reflects a history of racial profiling or discriminatory traffic stops, Plaintiff cannot show that he suffered a constitutional violation as a result of Defendant County's purported custom and policy of racial profiling or discriminatory traffic stops.

### III. PLAINTIFF IS NOT ENTITLED TO ADDITIONAL TIME TO OPPOSE THIS MOTION

Plaintiff argues that for additional time to oppose this Motion on substantially the same grounds as the grounds on which Plaintiff sough *ex parte* relief of a continuance of the hearing on the subject Motion. On June 1, 2023, this Court denied Plaintiff's request for *ex parte* relief, finding that "Plaintiff created his own emergency" by waiting until the close of discovery to notice the depositions he needed to prove his claims. (Docket #52, p. 1.) Given the Court's June 1, 2023, Order (Docket #52), it is inappropriate for Plaintiff to seek the same relief in his Opposition, filed June 5, 2023.

/ / /

/ / /

/ / /

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

## IV. CONCLUSION

Based on the foregoing, the moving papers, and all pleadings (including Defendants Motions in Limine Nos. 1-5, filed June 9, 2023, Defendants reiterated their request for summary judgment on Plaintiff's claims for unlawful arrest and punitive damages against Defendant Kelly, and municipal (*Monell*) liability against Defendant County.

Dated: June 12, 2023         KJAR, MCKENNA & STOCKALPER, LLP

By: _____
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On June 12, 2023, I served the foregoing document described as **DEFENDANTS' REPLY IN SUPPORT MOTION FOR PARTIAL SUMMARY JUDGMENT** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

**By Mail** I caused such envelope(s) to be deposited in the mail at El Segundo, California.  The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX  **By Email** Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List.  My email address is mnixon@kmslegal.com.

**By Personal Service** I caused such document to be Personally Served on the parties listed in the Service List.

XX  **State** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 12, 2023, at El Segundo, California.

_____
Maria Nixon

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

# SERVICE LIST

**Assiff, Joshua vs. County of Los Angeles, et al.**
Central District- Case No.: 2:22-cv-05367 RGK(MAAx)

| | |
|---|---|
| Thomas M. Ferlauto, Esq.<br>Law Office of Thomas M. Ferlauto, APC<br>25201 Paseo de Alicia, Ste. 270<br>Laguna Hills, CA 92653<br>EM: tmf@lawofficetmf.com | Attorney for Plaintiff,<br>**JOSHUA ASSIFF** |
| Philip Cohen, Esq.<br>Law Offices of Philip Kent Cohen, APC<br>100 Wilshire Boulevard, Suite 1300<br>Santa Monica, CA  90401<br>Telephone:  310/451-9111<br>Facsimile:   310/451-9119<br>EM:  pcohen@pcohenlaw.com | Co-Attorney for Plaintiff.<br>**JOSHUA ASSIFF** |