PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,<br><br>Defendants. | **Case No.: 2:22-cv-05367 RGK(MAAx)**<br><br>**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT (L.R. 16-4)**<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br><br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

Defendants COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY (collectively "Defendants") hereby file their Memorandum of Contentions of Fact and Law:

///

///

## I. CLAIMS AND DEFENSES

### a. Plaintiff's Claims

Plaintiff Joshua Assiff's ("Plaintiff") First Amended Complaint alleges two causes of action against Defendants SERGEANT TRAVIS KELLY ("Defendant Kelly") and COUNTY OF LOS ANGELES ("Defendant County"). The first Cause of Action is for violations under 42 U.S.C. section 1983 against Defendant Deputy for arresting Plaintiff without probable cause and the use of excess force in violation of the Fourth and Fourteenth Amendment to the United States Constitution. The second Cause of Act is for violations under 42 U.S.C. section 1983 against Defendant County for allegedly knowingly and intentionally maintaining an unlawful custom and practice in violation of the Fourth and Fourteenth Amendment to the United States Constitution (*Monell* claim).

### b. Elements to Establish Each Claim

#### i. 42 U.S.C. section 1983 – Excessive Force

To establish an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer[s] used excessive force.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1) the nature of the crime or other circumstances known to the officer[s] at the time force was applied;

(2) whether the [plaintiff] [decedent] posed an immediate threat to the safety of the officer[s] or to others;

[(3) whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;]

(4) the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5) the relationship between the need for the use of force and the amount of force used;

(6) the extent of the [plaintiff's] [decedent's] injury;

(7) any effort made by the officer to temper or to limit the amount of force;

(8) the severity of the security problem at issue;

[(9) the availability of alternative methods [to take the plaintiff into custody] [to subdue the plaintiff;]]

[(10) the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;]

[(11) whether it was practical for the officer[s] to give warning of the imminent use of force, and whether such warning was given;]

[(12) whether the officer[s] [was] [were] responding to a domestic violence disturbance;]

[(13) whether it should have been apparent to the officer[s] that the person [he] [she] [they] used force against was emotionally disturbed;]

[(14) whether a reasonable officer would have or should have accurately perceived a mistaken fact;]

[(15) whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm; and]

["Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.]

### ii. 42 U.S.C. section 1983 – Unlawful Arrest

In order to prove Defendant Williams deprived Plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Defendant Williams seized Plaintiff's person;

2. in seizing Plaintiff's person, Defendant Williams acted intentionally; and

3. the seizure was unreasonable.

### iii. 42 U.S.C. section 1983 – *Monell* Liability

In order to prevail on [his] [her] § 1983 claim against Defendant County alleging liability based on an official policy, practice, or custom, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Defendant Kelly acted under color of state law;

2. the act[s] of Defendant Kelly deprived the plaintiff of [his] [her] particular rights under the United States Constitution;

3. Defendant Williams acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the Defendant County; and

4. the Defendant County's official policy or widespread or longstanding practice or custom caused the deprivation of the plaintiff's rights by Defendant Kelly; that is, the [*name of local governing body*]'s official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

### iv. Punitive Damages

As to § 1983 claims, "[i]t is well-established that a 'jury may award punitive damages . . . either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others.'" *Morgan v. Woessner,* 997 F.2d 1244, 1255 (9th Cir. 1993). In *Dang v. Cross,* the Ninth Circuit held this "statement of the law of punitive damages is incomplete, however. The standard for punitive damages under § 1983 mirrors the standard for punitive damages under common law tort cases. . . . [M]alicious, wanton, or oppressive acts or omissions are within the boundaries of traditional tort standards for assessing punitive damages and foster 'deterrence and punishment over and above that provided by compensatory awards.' . . . Such acts are therefore all proper predicates for punitive damages under § 1983." 422 F.3d 800, 807 (9th Cir. 2005) (citing *Smith v. Wade,* 416 U.S. 30, 49 (1983)). The *Dang* court held it was reversible error to decline to instruct that "oppressive acts" were an alternative basis for punitive damages in a § 1983 case.

### c. Defendants' Affirmative Defenses

First Affirmative Defense - Plaintiff Cannot Establish the Requisite Element of Causation

Second Affirmative Defense - Qualified Immunity

Third, Fifth, Sixth Affirmative Defenses – Plaintiff's contribution

Fourth Affirmative Defense – Failure to mitigate

Probable Cause

### d. Elements of Affirmative Defenses

First Affirmative Defense - Plaintiff Cannot Establish the Requisite Element of Causation: Defendants assert that plaintiff cannot meet his burden of establishing that Defendants violated his constitutional rights.

Second Affirmative Defense - Qualified Immunity: As to the federal claims and theories of recovery, the individual defendants are protected from liability under the doctrine of qualified immunity, because the individual defendants' conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known and was reasonable based upon the information that it possessed at the time. The individual defendants reasonably believed "in good faith" that what they did was lawful and appropriate, and relied upon information provided to them. Moreover, the individual defendants acted under a reasonable, even if mistaken, belief that what they did was reasonable, appropriate and lawful.

In *Thompson v. Raheem*, 885 F. 3d 582, 586 (9th Cir. 2018), the Ninth Circuit clarified that a qualified immunity defense to an excessive force claim is analyzed in three stages. In the first stage, the court assesses the severity of the intrusion by

evaluating the type and amount of force inflicted. In the second stage, the court evaluates the government's interest by assessing the severity of the crime; whether the suspect posed an immediate threat to the officers' or public's safety; and whether the suspect was resisting arrest or attempting to escape. In the third and final stage, the court balances the gravity of the intrusion against the government's need for the intrusion. *See also Williamson v. City of National City*, 23 F.4th 1146 (2022) (following same three-step analytical framework to analyze qualified immunity in excessive force claim).

<u>Third, Fifth, Sixth Affirmative Defenses</u> – Plaintiff's contribution: The damages, if any, alleged by Plaintiff was caused in whole or in part, or were contributed to by reason of the negligence and intentional acts of Plaintiff. That the incidents referred to in the First Amended Complaint, and resulting damages, if any, to Plaintiff was proximately caused or contributed to by Plaintiff's own negligence or culpable conduct, and such negligence or culpable conduct was greater than the negligence, if any, of this answering Defendant. That any damage suffered by Plaintiff was a direct and proximate result of his own misconduct and actions or the misconduct or actions of a third person.

<u>Fourth Affirmative Defense</u> – Failure to mitigate: Plaintiff has failed, in whole or in part, to mitigate his damages. Plaintiff had a duty to use reasonable efforts to mitigate his alleged damages. See, e.g., *Sangster v. UnitedAir Lines, Inc.,* 633 F.2d 864, 867 (9th Cir. 1980) (holding that "injured parties are expected to mitigate the damage they suffer"). To establish this affirmative defense, Qatar Airways has the burden of proving by a preponderance of the evidence: (1) that plaintiff failed to use reasonable efforts to mitigate his damages; and (2) the amount by which plaintiffs damages would have been reduced had plaintiff properly complied with his duty to mitigate his damages. See Ninth Circuit Manual of Model Civil Jury Instructions § 5.3 (2007).

<u>Probable Cause to Arrest</u> - Probable cause to arrest is an absolute defense to any claim under § 1983 against police officers for wrongful arrest or false imprisonment, as the lack of probable cause is a necessary element of each." *Burt v. City of Santa Barbara*, No. CV 16-07340-AG (JDE), 2017 WL 6334017, at *4 (C.D. Cal. Oct. 2,

2017), report and recommendation adopted, No. CV 16-07340-AG (JDE), 2017 WL 6343555 (C.D. Cal. Nov. 30, 2017), aff'd, 745 F. App'x 680 (9th Cir. 2018).

## II.     BIFURCATION OF ISSUES

Defendants MIL #9, filed on June 9, 2023, moves this Court for an order in *limine* to bifurcate trial into two phases as follows:

- o Phase One: Defendants request that the first phase address the liability of Defendants, and whether Defendants should be subject to an award of punitive damages;
- o Phase Two: Defendants request that a second phase, if necessary, address the issue of any compensatory and/or punitive damages award, if any, if the jury in Phase 1 determines liability and/or that an award of punitive damages is appropriate.

Defendants bring this Motion on the grounds that pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, separate trials on the issues of liability and punitive damages are needed in the furtherance of convenience, to avoid risk of substantial prejudice and jury confusion, and to promote the expeditious and economical trial of this action. The motion is also made on the basis of Rule 403 of the Federal Rules of Evidence to prevent the jury from considering "other acts" evidence and/or allowing such evidence to improperly influence the jury's liability verdict.

## III.    JURY TRIAL

This Court ordered a Jury Trial on November 7, 2022.

## IV.     ATTORNEYS' FEES

Plaintiff seeks attorneys' fees associated with his Section 1983 claims.

## V.      ABANDONMENT OF ISSUES

Neither party has abandoned any issues.

Dated: June 16, 2023             KJAR, MCKENNA & STOCKALPER, LLP

                                 By: /s/ Molshree Gupta
                                 PATRICK E. STOCKALPER
                                 MOLSHREE GUPTA
                                 Attorneys for Defendants,
                                 COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On June 16, 2023, I served the foregoing document described as **DEFENDANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT (L.R. 16-4)** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

    **By Mail**  I caused such envelope(s) to be deposited in the mail at El Segundo, California.  The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX    **By Email** Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List.  My email address is mnixon@kmslegal.com.

    **By Personal Service** I caused such document to be Personally Served on the parties listed in the Service List.

XX    **State**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 16, 2023, at El Segundo, California.

_____
Maria Nixon

# SERVICE LIST

**Assiff, Joshua vs. County of Los Angeles, et al.**
Central District- Case No.: 2:22-cv-05367 RGK(MAAx)

| | |
|---|---|
| Thomas M. Ferlauto, Esq.<br>Law Office of Thomas M. Ferlauto, APC<br>25201 Paseo de Alicia, Ste. 270<br>Laguna Hills, CA 92653<br>EM: tmf@lawofficetmf.com | Attorney for Plaintiff,<br>**JOSHUA ASSIFF** |
| Philip Cohen, Esq.<br>Law Offices of Philip Kent Cohen, APC<br>100 Wilshire Boulevard, Suite 1300<br>Santa Monica, CA 90401<br>Telephone: 310/451-9111<br>Facsimile: 310/451-9119<br>EM: pcohen@pcohenlaw.com | Co-Attorney for Plaintiff.<br>**JOSHUA ASSIFF** |