UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05367-RGK-MAA | Date | June 29, 2023 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion for Partial Summary Judgment [DE 48]

## I. INTRODUCTION

On December 14, 2022, Joshua Assiff ("Plaintiff") filed a First Amended Complaint ("FAC") against the County of Los Angeles ("County") and Sergeant Travis Kelly ("Kelly") (collectively, "Defendants"). (ECF No. 27.) Plaintiff alleges that Kelly arrested him without probable cause and with excessive force in violation of 42 U.S.C. § 1983. Additionally, Plaintiff contends that the County promulgated a policy or practice that enabled this violation of his constitutional rights.

Presently before the Court is Defendants' Motion for Partial Summary Judgment.[1] (ECF No. 48.) For the following reasons, the Court **GRANTS** the Motion **in part**.

## II. FACTUAL BACKGROUND

The following facts are undisputed unless otherwise noted:

### A. Traffic Stop and Arrest

On September 24, 2021, Kelly, a police officer, pulled over and ultimately arrested Plaintiff, a 21-year-old Black male. (Gray Decl. ¶ 5(a), ECF No. 48-5.) According to Kelly, he initiated the stop because Plaintiff made a right-hand turn without stopping at a red light or yielding to pedestrians. (Kelly Decl. ¶ 4, ECF No. 48-2.) Plaintiff, on the other hand, insists that he was obeying all traffic laws, the light was green, and the crosswalk was empty. (Assiff Decl. ¶ 2, ECF No. 55.)

---

[1] Defendants' Motion is styled as a Motion for Partial Summary Judgment. However, Defendants argue they are entitled to summary judgment on all claims asserted in the FAC. Accordingly, the Court treats the Motion as a Motion for Summary Judgment on all claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05367-RGK-MAA | Date | June 29, 2023 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al* | | |

Much of the incident was captured by Kelly's body worn camera. (Def.'s Ex. B.) Early in the traffic stop, Plaintiff and Kelly engaged in a brief exchange regarding the propriety of the stop. (*Id.* at 00:03–:35.)[2] Kelly then asked Plaintiff for his driver's license. (*Id.* at 00:35.) Plaintiff did not immediately comply with Kelly's request. (*Id.* at 00:38.) Less than ten seconds after his initial request, Kelly again asked for Plaintiff's driver's license. (*Id.* at 00:43.) This time, Kelly shouted, "give me your driver's license now or you're going to jail." (*Id.*) Instead of providing his driver's license, Plaintiff began recording the interaction on his phone. (*Id.* at 00:47.) Kelly then opened Plaintiff's car door and attempted to pull him out of the vehicle. (*Id.* at 00:49.) According to Kelly, Plaintiff kicked him. (Kelly Decl. ¶ 10.) Plaintiff denies this contention. (Assiff Decl. ¶ 7.)

After his unsuccessful attempt to remove Plaintiff from his vehicle, Kelly radioed for backup and asked officer Joshua Clark ("Clark"), who was already present at the scene, for assistance. (Kelly Decl. ¶ 11.) Kelly warned Plaintiff that he would employ pepper spray if Plaintiff did not comply with his instructions. (*Id.* ¶ 12.) Shortly thereafter, a physical struggle ensued. (*Id.* ¶ 13.) During the struggle, Defendant deployed pepper spray and punched Plaintiff in the face. (*Id.* ¶ 14.) Kelly additionally contends—and Plaintiff denies—that Plaintiff punched Clark in the chest during the struggle. (*Id.*; Assiff Decl. ¶ 7.)

When additional officers arrived at the scene, a third officer deployed his taser on Plaintiff's back. (Kelly Decl. ¶ 15.) Plaintiff was then removed from the vehicle and brought to the ground, where Kelly punched him in the stomach. (*Id.*) Plaintiff was tazed a second time and placed in handcuffs. (*Id.* ¶¶ 15, 17.)

**B. Kelly's Employment History**

The stop occurred in Santa Clarita, which is the station out of which Kelly works. (Assiff Decl. ¶ 5; Kelly Decl. ¶ 27.) To support his contention that the County is liable for Kelly's conduct, Plaintiff presents Kelly's employment records. Kelly has been accused of rude behavior towards members of the public and inappropriately challenging an incarcerated person to a fight. (Ferlauto Decl., Exs. 4–8, 10, ECF Nos. 79-5–79-9, 79-11.) Additionally, Kelly has been accused of being rude to an officer when he himself was pulled over while off duty. (Ferlauto Decl., Ex. 9, ECF No. 79-10.)

---

[2] Pin citations to Defendants' Exhibit B, a video file, refer to the Exhibit's time stamps.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05367-RGK-MAA | Date | June 29, 2023 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al* | | |

### III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 56(a), a court may grant summary judgment only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" only if dispute about them may affect the outcome under applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.*

On issues where the moving party does not have the burden of proof at trial, the moving party is required to show that no evidence supports the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To defeat a summary judgment motion, the nonmoving party may not merely rely on his pleadings or on conclusory statements. *Id.* at 324. Nor may the nonmoving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). Rather, the nonmoving party must affirmatively present specific evidence sufficient to create a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 324.

Excessive force cases are often factually specific, "requir[ing] a jury to sift through disputed factual contentions, and to draw inferences therefrom." *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005) (quoting *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002). Therefore, in excessive force cases, summary judgment "should be granted sparingly." *Id.*

### IV. DISCUSSION

Plaintiff contends that Kelly arrested him without probable cause and subjected him to excessive force. Additionally, Plaintiff asserts a *Monell* claim, asserting that the County maintained policies that violate his constitutional rights. The Court addresses each claim in turn.

#### A. Unlawful Arrest and Excessive Force by Kelly

An officer may conduct a traffic stop if he has a reasonable suspicion that the person stopped has engaged in criminal activity. *Navarette v. California*, 572 U.S. 393, 396–97 (2014). Additionally, an officer may make a warrantless arrest if he has probable cause that the arrestee has committed a crime. *Atwater v. City of Lago Vista*, 532 U.S. 318, 352 (2001). During an arrest, an officer may employ objectively reasonable force. *Graham v. Connor*, 490 U.S. 386, 388 (1989). To determine the reasonableness of an officer's use of force, a factfinder should consider "the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. These factors are not exhaustive. *See, e.g., Scott v. Harris*, 550 U.S. 372, 373 (2007) (considering "the relative culpability of the parties involved" when evaluating a seizure's reasonableness); *Smith* 394 F.3d at 703

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05367-RGK-MAA | Date | June 29, 2023 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al* | | |

(articulating "the availability of alternative methods of capturing or subduing a suspect" as an "additional factor" in the *Graham* analysis).

The instant case involves both a traffic stop and a warrantless arrest. The Court analyzes each incident separately.

### 1. Traffic Stop

The parties disagree about the facts relevant to determining if Kelly had reasonable suspicion to conduct the traffic stop. According to Kelly, the light was red; according to Plaintiff, the light was green. Kelly contends there was a pedestrian in the crosswalk; Plaintiff contends the crosswalk was empty. As summary judgment is appropriate only in the absence of a genuine dispute of material fact, granting summary judgment with respect to the traffic stop is clearly inappropriate.

### 2. Arrest

Plaintiff contends Kelly employed unreasonable force during the arrest. Remarkably, although Defendants insist that Kelly had probable cause for arresting Plaintiff, they do not argue that his use of force was reasonable. Because Defendants have failed to argue that Kelly's use of force was objectively reasonable, summary judgment is inappropriate regarding the arrest.

### 3. Qualified Immunity

Defendants contend that qualified immunity shields Kelly from any liability related to the alleged constitutional violation. An officer is entitled to qualified immunity if (1) a plaintiff alleges facts that establish a constitutional right was violated and (2) the right was clearly established at the time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 200 (2001).

If Plaintiff's account of his interaction with Kelly is accurate, Kelly violated Plaintiff's Fourth Amendment right to be free of unreasonable search and seizure. This right was clearly established. It is well settled law that a police officer may not conduct a traffic stop unsupported by reasonable suspicion. *Navarette*, 572 U.S. at 397 (citing *Terry v. Ohio*, 392 U.S. 1 (1968)). Similarly, if Kelly was not provoked—as Plaintiff contends—the law regarding excessive force is clearly established. *See Lolli v. Cnty. Of Orange*, 351 F.3d 410, 421–22 (9th Cir. 2003) (reasoning that officers were not entitled to summary judgement based on qualified immunity when the plaintiff contended he was physically struck and pepper sprayed without provocation).

Accordingly, the Court **DENIES** the Motion with respect to the § 1983 Claim against Kelly.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05367-RGK-MAA | Date | June 29, 2023 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al* | | |

### B. Monell Liability

Although a municipal entity cannot be held vicariously liable for an officer's § 1983 violation, a plaintiff may sue the entity directly if the entity's policies violate constitutional rights. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978).

Here, Plaintiff contends the County promulgated a policy "of employing deputies to bully and harass African American drivers." (Pl.'s Opp'n at 5, ECF No. 79.) To support this contention, Plaintiff submits reports by the Department of Justice ("DOJ") and the National Council on Crime and Delinquency ("NCCD") describing a pattern of racial profiling and discriminatory traffic stops in the Antelope Valley. Additionally, Plaintiff contends that Kelly's personnel records support his claim against the County. This evidence is insufficient to impose *Monell* liability.

The DOJ and NCCD reports about racial profiling and discrimination in the Antelope Valley do not address the relevant geographic area. The incident took place in Santa Clarita, where Kelly is stationed. Other than the Antelope Valley's geographic proximity to Santa Clarita, Plaintiff does not make any additional arguments justifying the imputation of the actions of Antelope Valley police officers to those in Santa Clarita.

Kelly's personnel records are also an insufficient basis for *Monell* liability. A municipal entity may be held liable for a singular personnel decision if a plaintiff can show that the particular officer at issue "was highly likely to inflict the *particular* injury suffered by the plaintiff." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 411 (1997) (emphasis in original). *See also Est. of Alvarado v. Shavatt*, 673 Fed. Appx. 777, 778 (9th Cir. 2017) (declining to impose liability for the hiring of a border patrol agent with a history of committing unlawful searches and seizures because it was not "plainly obvious" that his hiring was "highly likely" to result in the use of deadly force) (quoting *Brown*, 520 U.S. at 411–12).

While Plaintiff has produced evidence of multiple instances of misconduct by Kelly, none involve the use of excessive force during an improper traffic stop. Therefore, Plaintiff fails to show that the County should be liable for their personnel decisions regarding Kelly. Accordingly, the Court **GRANTS** the Motion with respect to the claim against the County and **DISMISSES** the County from the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05367-RGK-MAA | Date | June 29, 2023 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al* | | |

### V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion **in part**. The Court **DENIES** the Motion with respect to the claim against Kelly. The Court **GRANTS** the Motion with respect to the claim against the County and **DISMISSES** the claim against the County **with prejudice**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/ak |