THOMAS M. FERLAUTO (SBN 155503)
LAW OFFICE OF THOMAS M. FERLAUTO, APC
25201 Paseo de Alicia, Suite 270
Laguna Hills, California 92653
Telephone: 949-334-8650
Fax: 949-334-8691
Email: TMF@lawofficeTMF.com

Attorney for Plaintiff, JOSHUA ASSIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF LOS ANGELES;<br>SHERIFF DEPUTY BADGE<br>NUMBER 404532;<br>And DOES 1 through 10,<br><br>　　　　Defendants. | Case No. 2:22-cv-05367 RGK (MAAx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE #7**<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to: Hon. R. Gary Klausner, District Judge, Courtroom 850 |

Plaintiff, JOSHUA ASSIFF (hereinafter "Plaintiff") hereby respectfully submits the following memorandum of points and authorities in opposition to Defendants' motion in limine #7 to preclude any "evidence, references to evidence, witness testimony, contentions, or cross-examination relating to Plaintiffs economic damages that are not reasonable and/or necessary."

**I.　INTRODUCTION**

Plaintiff is a 21-year old black male and a student at Antelope Valley College where he plays basketball.  Plaintiff was driving from his home to a teammate's house

in order to carpool to basketball practice. For no apparent reason and without probable cause, KELLY, a male Caucasian motorcycle Sheriff deputy, pulled Plaintiff over. For no apparent reason and without probable cause, KELLY – as well as other deputies who subsequently responded to the call – all tasered, choked, pepper sprayed, beat and arrested Plaintiff. Plaintiff has asserted the First Cause of Action against KELLY for violation of 42 USC § 1983 (arrest without probable cause and with excessive force).

## II.  THIS MOTION IS DEFECTIVE, AND SHOULD BE DENIED

Defendants argue that "evidence, references to evidence, witness testimony, contentions, or cross-examination relating to Plaintiffs economic damages that are not reasonable and/or necessary" should be precluded. However, the motion does not really complain about the reasonableness or necessity of any alleged damages, but rather the discrepancy between Plaintiff's Rule 26 disclosure and the evidence that they discovered to back up that disclosure. However, even that argument is defective, as the evidence that Defendants refer to in their motion is obviously referring to PAST economic damages whereas are the Rule 26 disclosure refers to FUTURE economic damages. Defendants are comparing apples to oranges.

## III.  THIS MOTION IS VAGUE AND AMBIGUOUS AS TO WHAT EVIDENCE IT REFERS TO, AND SHOULD BE DENIED

Defendants argue that "evidence, references to evidence, witness testimony, contentions, or cross-examination relating to Plaintiffs economic damages that are not reasonable and/or necessary" should be precluded. However, it is unclear what evidence this motion refers to. The motion fails to identify what evidence the motion pertains to. Thus, any order based upon this motion would be fatally vague, and Plaintiff would not know how to comply with the order or what might violate it.

**IV. CONCLUSION**

For the reasons set forth above, this motion should be denied.

DATED: June 30th, 2023      The Law Office Of Thomas M. Ferlauto, APC

By: _____
Thomas M. Ferlauto
Attorney For: Plaintiff, JOSHUA ASSIFF