PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,<br><br>Defendants. | **Case No.: 2:22-cv-05367 RGK(MAAx)**<br><br>**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO.1 FOR ISSUE AND EVIDENCE SANCTIONS FOR FAILURE TO PRODUCE WITNESSES FOR DEPOSITION**<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br><br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Defendants COUNTY OF LOS ANGELES hereby respectfully submits the following Opposition to Plaintiff's Motion in Limine No. 1.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff continues to misrepresent the following to this Court: 1) that Plaintiff properly noticed the deposition of the persons most knowledgeable at COUNTY OF LOS ANGELES about 9 certain relevant topics for April 26, 2023 (See Plaintiff's Motion in Limine No.1 at p. 4, 23-25); and 2) that "Defendants have not complied with their discovery obligations." (See Plaintiff's Motion in Limine No.1 at p. 4, 21). The truth is that Plaintiff did not properly notice the deposition of the persons most knowledgeable at the County of Los Angeles ("COLA") – he did not meet and confer with Defendants to request the deponents' availability and he further violated FRCP 30(b)(6) by failing to "confer in good faith about the matters for examination," either before or promptly after the notice was served.

Moreover, in a Stipulation filed with this Court on April 5, 2023, Plaintiff's counsel admitted by signature that he unilaterally set notices for the Depositions of COLA to occur on April 26, 2023. [*See* Docket #41.] Further, Plaintiff's counsel has not been cooperative or accommodating with respect to the discovery limitations, as indicated by the fact that he proceeded with a non-appearance of COLA, despite having knowledge of the objection to the deposition and confirmation from defense counsel that the deposition would need to be rescheduled.

On November 7, 2022, this Court set a Jury Trial to proceed on July 25, 2023, at 9:00 a.m., and a Pretrial Conference for July 10, 2023, at 9:00 a.m. (Gupta Decl., ¶ 4; *see* Docket #23.) On the same date, the Court set a motion cut-off date of May 10, 2023, and a discovery cut-off date of April 26, 2023. (Gupta Decl., ¶ 4; *see* Docket #23.)

On March 31, 2023, without first inquiring as to the parties' availability, Plaintiff served notices for the depositions of COLA's person most knowledgeable ("PMK") for April 26, 2023. (Gupta Decl., ¶ 5.) Plaintiff had not previously noticed these depositions or requested the availability of these parties for a deposition; these depositions were set

unilaterally. (Gupta Decl., ¶ 5.) Moreover, Plaintiff failed to comply with FRCP 30(b)(6), as he did not "confer in good faith about the matters for examination," either before or promptly after the notice was served. (Gupta Decl., ¶ 5.)

On April 5, 2023, the parties filed a Joint Stipulation to extend pre-trial deadlines, and a proposed order. (Gupta Decl., ¶ 6; *see* Docket #41.) Therein, Plaintiff's counsel admitted that he unilaterally set notices for the Depositions of COLA to occur on April 26, 2023. (Gupta Decl., ¶ 6; *see* Docket #41.) On April 17, 2023, Defendant served objections to Plaintiff's notice for the deposition of the COLA's PMK based upon unavailability. (Gupta Decl., ¶ 7.)

As demonstrated above, Plaintiff's counsel waited almost 7 months after filing this action, and almost 5 months after Trial setting, to schedule Defendant's depositions. Moreover, Plaintiff never once conferred with opposing counsel for the deponents' availability or the subject matter of the entity deposition, as required by the Federal Rules of Civil Procedure. Then, upon receipt of both timely formal objections and notification from counsel as to the unavailability of the deponents on the noticed dates, Plaintiff proceeded with a non-appearance anyway.

On May 28, 2023, Plaintiff filed an Ex-Parte Application to Continue Hearing on Motion for Partial Summary Judgment. A basis of Plaintiff's Ex-Parte motion included that COLA "had not offered a workable mutually agreeable date for the deposition…". However, as stated in Defendant's opposition to Plaintiff's Ex-Parte, Defendants have offered Plaintiff various dates for the depositions of COLA's PMK as to 8 of the 9 enumerated categories, and maintained its timely objection to the final (9th) category enumerated by Plaintiff. (Gupta Decl., ¶ 8.) The witnesses have been prepared to proceed, but Plaintiff's counsel has declined to proceed with the depositions. (Gupta Decl., ¶ 8.)

On May 18, 2023, Plaintiff's counsel wrote to Defendants' counsel to communicate the intent not to proceed with the depositions of COLA's PMK unless each of the various witnesses are all made available on the same date. (Gupta Decl., ¶ 9.)

Moreover, Plaintiff's counsel hinted that he did not want to proceed with these depositions until after the scheduled Mediation on June 2, 2023. (Gupta Decl., ¶ 9.)

On June 23, 2023, Plaintiff's Counsel wrote to Defendant stating that "we are still waiting for your office for dates for the deposition of the County Representative". (Gupta Decl., ¶ 10.)

On June 23, 2023, Defendant responded stating that Plaintiff's unreasonable and arbitrary restriction to perform all PMK Depositions on one day was not possible, and deposition dates had already been provided many times. (Gupta Decl., ¶ 10.)

Despite being the cause of the purported discovery issues, Plaintiff now brings this motion in an attempt to remedy the outcome of his own lack of diligence.

## II. LEGAL ARGUMENT

### a. Plaintiff's Motion in *Limine* No. 1 is Moot

As a threshold matter, Plaintiff's Motion in *Limine* No. 1, must be denied as it is moot. On June 30, 2023, the Court issued a ruling on Defendants' Motion for Summary Judgment. In the Court's ruling, all claims against the COLA Defendant were dismissed with prejudice. [*See* Docket #83]. Given that there are no active claims against the COLA Defendant the subject motion is moot and must be denied.

### b. Plaintiff Cannot Seek any Relief Associated with Improper Discovery Efforts Which Failed to Comply with the FRCP

Plaintiff's Motion in *Limine* No. 1 must be denied as it fails to provide any factual or legal basis to exclude the nine categories of evidence. Plaintiff bases his motion solely on FRCP 37(d)(1)(A)(i), which states, in relevant part, that a party's failure to appear for deposition may be subject to sanctions if that party or party's officer fails to appear for deposition.

As noted above, COLA's PMK did not fail to appear for deposition. The noticed deposition for the COLA's PMK was unilaterally noticed by Plaintiff. The notice was improper; Plaintiff failed to comply with FRCP 30(b)(6), as he did not "confer in good faith about the matters for examination," either before or promptly after the notice was

1  served. Defendant properly served objections to Plaintiff's notices for the deposition of
2  COLA's PMK based upon unavailability. Despite Defendant providing alternative
3  dates, to date, Plaintiff has not re-noticed the deposition of the COLA's PMK.

### a. The Subject Motion *in Limine* is Improper

Motions in limine allow parties to resolve evidentiary disputes ahead of trial before attempted use of the evidence before the jury. *Ochoa v. Cnty. of Kern,* 2022 WL 4280157 (E.D. Cal. Sept. 15, 2022). The court will bar use of the evidence in question on a motion in limine only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. *Id.*

Plaintiff has brought this instant motion not to resolve evidentiary disputes, but to remedy the consequences of Plaintiff's own conduct. Plaintiff has failed to provide any legal basis to establish that the nine categories of evidence are not admissible for any valid purpose.

### b. Evidentiary Sanctions Would be Improper

In place of bringing forth a properly noticed discovery motion, Plaintiff attempts to obtain a discovery order and seek sanctions against Defendant through his Motion in Limine No. 1. Plaintiff's sanction request appears to be on the basis that Defendant allegedly suppressed evidence as a result of the purported failure of the COLA's PMK to appear for deposition. However, as noted above, Plaintiff unilaterally noticed COLA's PMK deposition, and Defendant properly served objections to Plaintiff's notice for the deposition. Despite Defendant providing alternative dates, to date, Plaintiff has not re-noticed the deposition of COLA's PMK.

Prior to serving an organization a deposition notice, the party must confer in good faith about the matters for examination. *Fed. R. Civ. P. 30.* However, on March 31, 2023, Plaintiff served noticed for Deposition of COLA's PMK with no prior effort to meet and confer on the topics of examination or the availability of the PMK prior to issuing notice. Defendant served a formal objection to the deposition of COLA's PMK.

However, despite the timely formal objection, Plaintiff proceeded with taking a non-appearance.

Plaintiff argues that "A party who fails to appear for deposition is subject to sanctions even in the absence of a prior order. [See, FRCP 37(d)(1)(A)(i); *Henry v. Gill Industries, Inc*., (9th Cir. 1993) 983 Fed.2d 943, 947; *Hilao v. Estate of Marcos* (9th Cir. 1996) 103 Fed.3d 762, 764-765]". (See Plaintiff's Motion in Limine No.1 at p. 5, 27-28, p. 6, 1-2.)

However, the Court in *Henry* found that a failure to appear occurred when a party "twice notified defendants the business day before his properly noticed depositions were to have taken place that he would not attend…" *Henry v. Gill Industries, Inc.,* 983 F.2d 943, 947 (9th Cir. 1993). Unlike the issues presented in *Henry*, Plaintiff has never properly noticed the deposition of COLA's PMK, as no attempt to meet and confer on the topics of the deposition were made. Further, unlike *Henry*, Defendant did not informally cancel on the eve of deposition, but rather properly served Plaintiff with an objection to the deposition nine days prior to the unilaterally selected deposition notice date.

Plaintiff cites a second circuit case stating that "an adverse inference instruction is proper in some cases even if the discovery violation was merely negligent, rather than intentional. [*Residential Funding Corp. v. Defeorge Fin'l Corp.,* supra, 306 Fed.3d at 107]. (See Plaintiff's Motion in Limine No.1 at p. 6, 12-15)

However, the Court in *Residential Funding Corp.* discusses that an adverse inference should be available for <u>negligent destruction of documents</u>. *Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 108 (2d Cir. 2002). To date, Plaintiff has not made any allegation that evidence has been destroyed by Defendant. Defendant, reluctantly, must repeat that Plaintiff improperly noticed the deposition of COLA's PMK. Further, despite being provided available dates for COLA's PMK deposition, Plaintiff has refused to notice the deposition for a date on which COLA's PMK(s) are available. Plaintiff's intentional delay in discovery, is his own doing and

Plaintiff has consistently thwarted Defendants' efforts to correct Plaintiff's lack of diligence.

### c. Plaintiff's Motion in *Limine* No. 1 Was Submitted Past the Court's Deadline

Plaintiff's Motion in Limine No. 1 must be denied as it was filed beyond the Court's deadline. Per the Court's Order regarding Jury/Court Trial, any Motions in *Limine* must be filed and served at "a minimum of forty-five (45) days prior to the scheduled trial date." [*See* Docket #24 at p. 4, 6-7]  The deadline to file Motions in *Limine* was June 10, 2023. However, despite this deadline, Plaintiff filed Motion in *Limine* No. 1 on June 12, 2023. On this basis, the Court should deny Plaintiff's Motion in *Limine* No. 1.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion in Limine No. 1 for issue and evidence sanctions for failure to produce witnesses for deposition should be denied.

Dated: June 30, 2023                        KJAR, MCKENNA & STOCKALPER, LLP


By: _____/s/ Molshree Gupta_____
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On June 30, 2023, I served the foregoing document described as **OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO.1 FOR ISSUE AND EVIDENCE SANCTIONS FOR FAILURE TO PRODUCE WITNESSES FOR DEPOSITION** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

**By Mail** I caused such envelope(s) to be deposited in the mail at El Segundo, California. The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX **By Email** Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List. My email address is mnixon@kmslegal.com.

**By Personal Service** I caused such document to be Personally Served on the parties listed in the Service List.

XX **State** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 30, 2023, at El Segundo, California.

Maria Nixon

# SERVICE LIST

**Assiff, Joshua vs. County of Los Angeles, et al.**
Central District- Case No.: 2:22-cv-05367 RGK(MAAx)

| | |
|---|---|
| Thomas M. Ferlauto, Esq.<br>Law Office of Thomas M. Ferlauto, APC<br>25201 Paseo de Alicia, Ste. 270<br>Laguna Hills, CA 92653<br>EM: tmf@lawofficetmf.com | Attorney for Plaintiff,<br>**JOSHUA ASSIFF** |
| Philip Cohen, Esq.<br>Law Offices of Philip Kent Cohen, APC<br>100 Wilshire Boulevard, Suite 1300<br>Santa Monica, CA  90401<br>Telephone:  310/451-9111<br>Facsimile:   310/451-9119<br>EM:  pcohen@pcohenlaw.com | Co-Attorney for Plaintiff.<br>**JOSHUA ASSIFF** |