PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,<br><br>Defendants. | **Case No.: 2:22-cv-05367 RGK(MAAx)**<br><br>**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE OR LIMIT EXPERT TESTIMONY OF DEFENDANT'S EXPERT MICHAEL GRAY**<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br><br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Defendants COUNTY OF LOS ANGELES and SEARGENT TRAVIS KELLY hereby respectfully submit the following Opposition to Plaintiff's Motion in Limine No. 2.

## I.    LEGAL ARGUMENT

As a threshold matter, Plaintiff's instant motion should be denied in its entirety, as it is nothing more than a thinly veiled attempt to disguise a motion for summary judgment as a motion in limine.

It is well established that motions in limine are improper vehicles to raise motions for summary judgment. *Pavo Sols. LLC v. Kingston Tech. Co., Inc.*, 2020 WL 1049911, at *1 (C.D. Cal. Feb. 18, 2020). Despite this, Plaintiff attempts to prevent Defendants from putting forth a proper defense to the claims asserted by Plaintiff in attempt to limit the entry of admissible relevant evidence.

The evidence Plaintiff seeks to limit through this motion is premature. For purposes of deciding a motion in limine, the court is almost always better situated during the actual trial to assess the value and utility of evidence. *Ochoa v. County of Kern* (E.D. Cal. 2022) 628 F.Supp.3d 1006.

The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. Rules Evid., rule 403, 28 U.S.C.A. However, the granting of Plaintiff's motion will have an inverse effect by barring Defendants from presenting relevant admissible evidence directly tied to their right to present a defense against the claims asserted by Plaintiff; the outcome would thus cause substantial prejudice to Defendants.

Defendants respectfully request that the Court deny Plaintiff's motion it its entirety, or in the alternative, decide on the admissibility of the subject evidence at the time it is presented at trial.

1. **Probable Cause & Excessive Force**

Plaintiff seeks to limit expert testimony relating to the following: (1.) Whether Defendant Kelly had "probably cause" to arrest Plaintiff (See Plaintiff's Motion in

Limine No.2 at p. 3, 21-22); and (2.) Whether Defendant Kelly used "excessive force" to arrest Plaintiff. (See Plaintiff's Motion in Limine No.2 at p. 3, 23 - 24).

Plaintiff argues that "Unlike Plaintiff expert who properly limited his opinions to matters of generally accepted police practices, Defendants' exert opines on improper matter that form the ultimate legal issues presented by this case…" (See Plaintiff's Motion in Limine No.2 at p. 3, 18-20).

However, this statement is misleading, as a review of Plaintiff's expert, Jeffrey J Noble's, report represents numerous instances of Mr. Noble opining on matters that Plaintiff attempts to classify as the "ultimate legal issues".

The following are directly cited from Plaintiff's Expert's Report:

a) Plaintiff's Expert opines that "Sergeant Kelly's Failure to Use De-Escalation Techniques Was Inconsistent with Generally Accepted police Practices" (Gupta Decl., ¶ 4.)

b) "Sergeant Kelly unnecessarily escalated the contact with Mr. Assiff creating the need to use force that would have likely not have been otherwise necessary." (Gupta Decl., ¶ 5)

c) "Sergeant Kelly failed to take basic reasonable steps to de-escalate the situation before telling Mr. Assiff that he would be arrested and using force to gain compliance." (Gupta Decl., ¶ 6.)

d) "Had Sergeant Kelly followed generally accepted police practices and his department policy and used de-escalation to gain voluntary compliance, it is likely that no force would have been necessary." (Gupta Decl., ¶ 7.)

e) "Sergeant Kelly's Use of Pepper Spray on Mr. Assiff was Objectively Unreasonable, Excessive and Inconsistent with Generally Accepted Police Practices" (Gupta Decl., ¶ 8.)

f) "While Mr. Assif was not complying with Sergeant Kelly's commands he was not actively resisting, but merely passively resisting." (Gupta Decl., ¶ 9.)

g) "The use of a punch to the face in these circumstances was excessive, objective unreasonable and inconsistent with generally accepted police practices." (Gupta Decl., ¶ 10.)

In consideration of Plaintiff's own arguments, each of the above pieces of expert testimony presented by Plaintiff's expert should be classified as Plaintiff's expert testifying towards the "ultimate legal issues".

However, it is well understood that an expert may provide an opinion on an ultimate issue of fact. *Est. of DeCrane through DeCrane v. Tenke,* 2022 WL 17792271 (D. Mont. Dec. 19, 2022). The line between expert opinion on an ultimate issue of fact and a legal conclusion is fine. *Id.*

Here Defendants' expert only attempts to provide testimony on issues of fact. It is the nature of the matter before the Court that the line between fact and legal conclusion are fine. To the extent the Court feels that the line between fact and legal conclusion is too fine, Defendant will limit expert opinion through the lens of hypothetical questions. Expert opinion that applies to facts in instances of excessive force is best done through hypothetical questions. *Ochoa v. Cnty. of Kern,* 2022 WL 4280157 (E.D. Cal. Sept. 15, 2022). For the purposes of deciding a motion in limine, the court is almost always better situated during the actual trial to assess the value and utility of evidence. *Id.*

2. **LASD Customs or Policies**

Plaintiff seeks to limit expert testimony relating to the following: (3.) Whether customs or policies promulgated, maintained, or enforced by the LASD caused Plaintiff's harm. (See Plaintiff's Motion in Limine No.2 at p. 3, 25-26); and (4.) Whether the LASD custom or practice violated the civil rights of its citizens. (See Plaintiff's Motion in Limine No.2 at p. 3, 27 - 28).

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion. Fed. R. Evid. 702. In the context of excessive force cases, a police expert may discuss policies and professional standards of practice. U.S. Const. Amend. 4; Fed. R. Evid. 704(a). *Ochoa v. County of Kern*, 628 F.

4
OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2

1  Supp. 3d 1006 (E.D. Cal. 2022). Motions in limine seeking the exclusion of broad
2  categories of evidence are disfavored. *Id.*

3  Despite Plaintiff's contentions the aforementioned topics are not legal
4  conclusions, but rather relevant expert opinion that is directly tied to the facts of the case
5  before the Court. These broad areas of customs and practices of the LASD are well
6  within the scope of discovery, and Plaintiff makes no assertion that Defendants' expert is
7  unqualified to testify on these topics. Instead, Plaintiff attempts to prevent the admission
8  of expert opinion which supports the defenses raised by Defendants. *Fed. R. Evid. 403*
9  permit the Court to exclude relevant evidence if the probative value is substantially
10 outweighed by its prejudicial value. However, the matters asserted in Plaintiff's instant
11 motion would substantially prejudice Defendant in its ability to provide a defense to
12 Plaintiff's allegations.

13  3. **Undisclosed Opinions**

14  Plaintiff "cites" the *Yeti by Molly, Ltd.* Court in stating that "Rule 37(c)(1) gives
15 teeth to these requirements by automatically excluding any evidence not properly
16 disclosed under Rule 26(a)….*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d
17 1101, 1106 (9th Cir. 2001)" (See Plaintiff's Motion in Limine No.2 at p. 5, 27-28; p.6
18 1-2).

19  However, in the *Yeti by Molly, Ltd.,* matter defendant failed to provide his expert
20 report until almost two years after the close of discovery and 28 days prior to the start of
21 trial. The Court in *Yeti by Molly, Ltd.*, had a clear issue on what evidence plaintiff was
22 attempting to preclude defendant from submitting to the court. However, it is unclear in
23 Plaintiff's instant motion, as it relates to "undisclosed opinions", on what opinions
24 Plaintiff is referring to.

25  The party facing exclusion of evidence as a discovery sanction has the burden of
26 showing that the failure to disclose was justified or harmless. Fed. R. Civ. P. 37(c)(1).
27 *People v. Kinder Morgan Energy Partners, L.P.,* 159 F. Supp. 3d 1182 (S.D. Cal.
28 2016). When a party fails to make the disclosures required by discovery rule, the party

is not allowed to use the witness to supply evidence at trial unless it establishes that the failure was substantially justified or is harmless. **Id.** At this juncture, Plaintiff has not established what evidence he attempts to prevent Defendants from providing. Without a clear understanding of the information Plaintiff is attempting to exclude, Defendants are unable to provide a justification on whether that omission, if any, was substantially justified or harmless. As such, Defendants respectfully request that the Court deny Plaintiff's motion as to the "Undisclosed Opinions Should Be Excluded" or in the alternative wait to rule until the time the issue becomes ripe at trial, if at all.

### 4. Plaintiff's Motion in *Limine* No. 2 Was Submitted Past the Court's Deadline

Plaintiff's Motion in Limine No. 2 must be denied as it was filed beyond the Court's deadline. Per the Court's Order regarding Jury/Court Trial, any Motions in *Limine* must be filed and served at "a minimum of forty-five (45) days prior to the scheduled trial date." [*See* Docket #24 at p. 4, 6-7]. The deadline to file Motions in *Limine* was June 10, 2023. However, despite this deadline, Plaintiff filed Motion in *Limine* No. 2 on June 12, 2023. On this basis, the Court should deny Plaintiff's Motion in *Limine* No. 2.

### I. CONCLUSION

For the foregoing reasons, Plaintiff's Motion in Limine No. 2 should be denied.

Dated: June 30, 2023                KJAR, MCKENNA & STOCKALPER, LLP

By: _____/s/ Molshree Gupta_____
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On June 30, 2023, I served the foregoing document described as **OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE OR LIMIT EXPERT TESTIMONY OF DEFENDANT'S EXPERT MICHAEL GRAY** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

**By Mail** I caused such envelope(s) to be deposited in the mail at El Segundo, California. The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX  **By Email** Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List. My email address is mnixon@kmslegal.com.

**By Personal Service** I caused such document to be Personally Served on the parties listed in the Service List.

XX  **State** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 30, 2023, at El Segundo, California.

_____
Maria Nixon

# SERVICE LIST

**Assiff, Joshua vs. County of Los Angeles, et al.**
Central District- Case No.: 2:22-cv-05367 RGK(MAAx)

| | |
|---|---|
| Thomas M. Ferlauto, Esq.<br>Law Office of Thomas M. Ferlauto, APC<br>25201 Paseo de Alicia, Ste. 270<br>Laguna Hills, CA 92653<br>EM: tmf@lawofficetmf.com | Attorney for Plaintiff,<br>**JOSHUA ASSIFF** |
| Philip Cohen, Esq.<br>Law Offices of Philip Kent Cohen, APC<br>100 Wilshire Boulevard, Suite 1300<br>Santa Monica, CA  90401<br>Telephone:  310/451-9111<br>Facsimile:   310/451-9119<br>EM:  pcohen@pcohenlaw.com | Co-Attorney for Plaintiff.<br>**JOSHUA ASSIFF** |