THOMAS M. FERLAUTO (SBN 155503)
LAW OFFICE OF THOMAS M. FERLAUTO, APC
25201 Paseo de Alicia, Suite 270
Laguna Hills, California 92653
Telephone: 949-334-8650
Fax: 949-334-8691
Email: TMF@lawofficeTMF.com

Attorney for Plaintiff, JOSHUA ASSIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSHUA ASSIFF,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,**<br><br>    **Defendants.** | **Case No. 2:22-cv-05367 RGK (MAAx)**<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE NO. 2**<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to: Hon. R. Gary Klausner, District Judge, Courtroom 850 |

Plaintiff, JOSHUA ASSIFF (hereinafter "Plaintiff") hereby respectfully submits the following reply memorandum of points and authorities in support of his motion in limine to limit evidence, references, argument and testimony from Defendants' police practices expert, Michael Gray.

**I.   INTRODUCTION**

In the Court's tentative ruling on Plaintiff's motion in limine #2 (expert testimony) and Defendant's motion in limine #4 (expert testimony), the Court issued matching tentative rulings excluding all expert testimony from both sides unless

1

Defendant pursues the defense of Qualified Immunity. Obviously, Plaintiff agrees that what is good for the goose is also good for the gander and either both sides should be permitted to introduce expert testimony or neither side should be permitted to introduce expert testimony. However, it is Plaintiff's position that both sides should be permitted to introduce properly limited expert testimony, regardless of whether Defendant pursues the defense of Qualified Immunity.

**II. THE TESTIMONY OF AN EXPERT ON PROPER POLICE PROCEDURES AND POLICIES IS RELEVANT AND ADMISSIBLE IN EXCESSIVE FORCE CASES**

Expert testimony on police practices and the use of force has generally been found to be admissible in cases concerning police misconduct, including when the expert's opinion is based on his experience as a police officer or experience with police training standards and policies. [*See, e.g., Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005) (en banc) -- expert submitted report regarding training of police dogs and police dog handlers, relying on California's Peace Officer Standards and Training); *Davis v. Mason Cty.*, 927 F.2d 1473, 1484-85 (9th Cir. 1991) -- testimony of plaintiffs' police practices expert that officer violated law enforcement standards properly received); *Larez v. City of Los Angeles*, 946 F.2d 630, 635, 647 (9th Cir. 1991); *Baldauf v. Davidonson*, No. 1:04-cv-1571-JDT-TAB, 2007 WL 2156065, at *5 (S.D. Ind. July 24, 2007) -- stating that "[k]nowledge about police training is a specialized body of knowledge" and "[a] police officer's testimony about that training can be helpful even when the testimony covers matters that are within the average juror's comprehension" (citing *Lawson v. Trowbridge*, 153 F.3d 368, 376 (7th Cir. 1998) (internal quotations omitted)); *see also, Larez v. City of Los Angeles*, 946 F.2d 630, 635 (9th Cir. 1991) (as amended) -- finding that testimony of "an expert on proper police procedures and policies" was relevant and admissible; *Davis v. Mason County*, 927 F.2d 1473, 1484-85 (9th Cir. 1991) (as

amended) -- testimony of plaintiffs' police practices expert that officers violated law enforcement standards properly received.]

No expert can testify as to conclusions of law or the ultimate facts to be determined by the jury. Neither expert should be permitted to testify as to "probable cause" or "excessive force," for example. However, Plaintiff's expert should be permitted to testify as to police policies, procedures and practices. For example, the law is clear that "[w]hile police officers need not employ the least intrusive degree of force possible during an arrest, they must at least consider less intrusive methods, and the presence of feasible alternatives is a relevant consideration in an excessive force analysis." *Bryan v. MacPherson*, 630 F.3d 805, 831 n.15 (9th Cir. 2010); *see also Kanda v. Longo*, 484 Fed. App'x 103, 104 (9th Cir. 2012). Expert testimony, particularly from an expert in police practices and training, may assist the trier of fact in considering whether there were "feasible alternatives" to the force used.

To an extent, this issue is moot. Defendant is pursuing the defense of Qualified Immunity. So, even under the Court's tentative ruling, both sides will be permitted to present expert testimony. However, Plaintiff contends that expert testimony should be permitted even if the Defendant decides to not pursue the defense.

## IV. CONCLUSION

For the reasons set forth above, the testimony of the parties' experts should be limited to police policies, practices, procedures and training, but should be permitted regardless of the defenses pursued by Defendants.

DATED: July 14, 2023          The Law Office Of Thomas M. Ferlauto, APC

By: _____
Thomas M. Ferlauto
Attorney For: Plaintiff, JOSHUA ASSIFF