THOMAS M. FERLAUTO (SBN 155503)
LAW OFFICE OF THOMAS M. FERLAUTO, APC
25201 Paseo de Alicia, Suite 270
Laguna Hills, California 92653
Telephone: 949-334-8650
Fax: 949-334-8691
Email: TMF@lawofficeTMF.com

Attorney for Plaintiff, JOSHUA ASSIFF

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES;<br>SHERIFF DEPUTY BADGE<br>NUMBER 404532;<br>And DOES 1 through 10,<br><br>    Defendants. | Case No. 2:22-cv-05367 RGK (MAAx)<br><br>**OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS**<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to: Hon. R. Gary Klausner, District Judge, Courtroom 850 |

Plaintiff, JOSHUA ASSIFF (hereinafter "Plaintiff") hereby respectfully submits the following objections to Defendant's [Proposed] Jury Instructions [Docket # 96] and Defendant's Further [Proposed] Jury Instructions [Docket # 97].

**Defendant's [Proposed] Jury Instructions [Docket # 96]:**

**DEFENDANT'S PROPOSED INSTRUCTION, 9.2 CAUSATION:**

Defendant proposes this instruction, but the instruction is empty. Defendant just provides an incomplete copy of the comments sections from the Ninth Circuit

approved instructions, deleting the important section on supervisor liability. The instruction, which Defendant failed to provide, should read as follows:

### 9.2 Causation

Plaintiff Joshua Assiff must show that Defendant Sergeant Kelly deprived plaintiff of his Constitutional rights, and that deprivation of his Constitutional rights was a substantial factor in causing Plaintiff Joshua Assiff's harm.

Defendant Sergeant Kelly deprived Plaintiff Joshua Kelly of his Constitutional rights if Defendant Sergeant Kelly does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of plaintiff's Constitutional rights.

Defendant Sergeant Kelly deprived Plaintiff Joshua Kelly of his Constitutional Rights as a supervisor if Defendant Sergeant Kelly:

(1) was personally involved in the constitutional deprivation;

(2) there is a sufficient causal connection between Defendant Sergeant Kelly's wrongful conduct and the constitutional violation;

(3) Defendant Sergeant Kelly set in motion a series of acts by others that resulted in the deprivation of plaintiff's Constitutional rights, or

(4) Defendant Sergeant Kelly acquiesced in plaintiff's constitutional deprivation by his subordinates.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

[Comments 9.2, CACI 430, *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) *see also OSU Student All. v. Ray,* 699 F.3d 1053, 1076 (9th Cir. 2012)]

**DEFENDANT'S PROPOSED INSTRUCTION, 9.21 TERRY STOP:**

Plaintiff is not asserting a claim against Defendant for a stop without reasonable suspicion. This instruction is inapplicable, unnecessary, and will confuse the jury.

**DEFENDANT'S PROPOSED INSTRUCTION, 9.34 QUALIFIED IMMUNITY:**

Again, Defendant proposes this instruction, but the instruction is empty. Defendant just provides a copy of the comments sections. This instruction is unnecessary as the question of Qualified Immunity is one for the Court, not the jury.

**DEFENDANT'S PROPOSED SPECIAL INSTRUCTION NO. 1**

Unnecessary and confusing, 9.23 defines probable cause.

**DEFENDANT'S PROPOSED SPECIAL INSTRUCTION NO. 2**

Unnecessary and confusing, 9.23 defines probable cause.

**DEFENDANT'S PROPOSED SPECIAL INSTRUCTION NO. 3**

Unnecessary and confusing, 9.25 defines reasonable force.

**DEFENDANT'S PROPOSED SPECIAL INSTRUCTION NO. 4**

Unnecessary and confusing, investigatory stop is not at issue, 9.25 defines reasonable force.

**DEFENDANT'S PROPOSED SPECIAL INSTRUCTION NO. 5**

Unnecessary and confusing, 9.25 defines reasonable force.

**DEFENDANT'S PROPOSED SPECIAL INSTRUCTION NO. 6**

Unnecessary and confusing, 9.25 defines reasonable force.

**<u>Defendant's Further [Proposed] Jury Instructions [Docket # 97]</u>**:

**DEFENDANT'S PROPOSED INSTRUCTION, 1.5 CLAIMS AND DEFENSES:**

Defendant's proposed instruction contains improper defenses: 1) Defendant's First Affirmative Defense is not a defense, it is just a denial of Plaintiff's claim; 2) Defendant's Second Affirmative Defense (Qualified Immunity) is a question for the Court, not the jury. It's inclusion in this instruction is unnecessary, improper and will just confuse the jury; 3) Defendant's Third, Fifth, and Sixth Affirmative Defenses are not defenses to Plaintiff's claims. This is not a negligence claim. This is an intentional tort. There is no contributory negligence on a 1983 claim; and 4) Defendant's Seventh Affirmative Defense (Probable Cause) is again not a defense, it is just a denial of Plaintiff's claim. The inclusion of these improper defenses will confuse the jury. This instruction should read as follows:

### 1.5 Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff Joshua Assiff asserts that Defendant Sergeant Kelly violated plaintiff's Constitutional rights by wrongfully arresting plaintiff and arresting plaintiff with excessive force. The plaintiff has the burden of proving these claims.

Defendant Sergeant Kelly denies those claims and also asserts the following affirmative defense: Failure to mitigate: Defendant Sergeant Kelly asserts that Plaintiff has failed, in whole or in part, to mitigate his damages. Plaintiff had a duty to use reasonable efforts to mitigate his alleged damages.

Defendant Sergeant Kelly has the burden of proof on his <u>*affirmative defense.*</u>

Plaintiff Joshua Assiff denies Defendant's affirmative defense.

**DEFENDANT'S PROPOSED INSTRUCTION, 9.25 EXCESSIVE FORCE:**

In the twelfth element for the jury to consider, the Defendants changed the Ninth Circuit approved language from "emotionally disturbed" to "emotionally distressed and/or disturbed" The instruction should read as follows:

**9.25 Particular Rights—Fourth Amendment—Unreasonable Seizure of Person—Excessive Force**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest and/or in defending himself or another and/or in attempting to overcome the resistance of a noncompliant suspect. Therefore, to establish an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that Defendant Sergeant Kelly used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1) the nature of the crime or other circumstances known to Defendant Sergeant Kelly at the time force was applied;

(2) whether the plaintiff posed an immediate threat to the safety of Defendant Sergeant Kelly or to others;

(3) whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

(4) the amount of time Defendant Sergeant Kelly had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(5) the relationship between the need for the use of force and the amount of force used;

(6) the extent of the plaintiff's injury;

(7) any effort made by the officer to temper or to limit the amount of force;

(8) the severity of the security problem at issue;

(9) the availability of alternative methods to take the plaintiff into custody and/or to subdue the plaintiff;

(10) the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

(11) whether it was practical for Defendant Sergeant Kelly to give warning of the imminent use of force, and whether such warning was given;

(12) whether it should have been apparent to Defendant Sergeant Kelly that the person he used force against was emotionally disturbed; and

(13) whether a reasonable officer would have or should have accurately perceived a mistaken fact.

"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

DATED: July 3rd, 2023           The Law Office Of Thomas M. Ferlauto, APC

By: _____
Thomas M. Ferlauto
Attorney For: Plaintiff, JOSHUA ASSIFF