THOMAS M. FERLAUTO (SBN 155503)
LAW OFFICE OF THOMAS M. FERLAUTO, APC
25201 Paseo de Alicia, Suite 270
Laguna Hills, California 92653
Telephone: 949-334-8650
Fax: 949-334-8691
Email:

Attorney for Plaintiff, JOSHUA ASSIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSHUA ASSIFF,**<br><br>            **Plaintiff,**<br><br>    **v.**<br><br>**COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,**<br><br>         **Defendants.** | **Case No. 2:22-cv-05367 RGK (MAAx)**<br><br>**NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT AND SANCTIONS FOR DELAY; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF THOMAS M. FERLAUTO IN SUPPORT THEREOF**<br><br>**DATE:**          November 18, 2024<br>**TIME:**          9:00 a.m.<br>**COURTROOM:**  850<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to: Hon. R. Gary Klausner, District Judge, Courtroom 850 |

TO THE COURT, ALL PARTIES IN THIS ACTION, AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

1      PLEASE TAKE NOTICE THAT Plaintiff, JOSHUA ASSIFF (hereinafter

2  "Plaintiff") on November 18, 2024, at 9:00 a.m., at Roybal Federal Building and U.S.

3  Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850,

4  8th Floor will and hereby does makes this motion to enforce a settlement against

5  Defendants TRAVIS KELLY and COUNTY OF LOS ANGELES and to sanction

6  Defendants for their unreasonable delay in an amount necessary to make Plaintiff

7  whole, including interest on amounts owed ($46,794.52 plus $109.59 per day) and

8  attorney fees (approximately $6,000).

9      This motion shall be made pursuant to the Court's inherent power to enforce

10  settlements between the parties in pending cases and on the grounds that Defendants

11  failed to comply with the agreed upon terms of settlement.

12      This motion is made following the conference of counsel pursuant to Local

13  Rule 7-3 which took place on October 8, 2024.

14      This Motion is based upon the Memorandum of Points and Authorities and

15  Declaration of Thomas M. Ferlauto, served herewith, upon the pleadings and papers

16  on file herein, and upon such other and further oral argument and evidence as may

17  be presented at the hearing on this Motion.

18

19

20  DATED: October 16, 2024      The Law Office Of Thomas M. Ferlauto, APC

21

22  By: _____

23  Thomas M. Ferlauto
    Attorney For:  Plaintiff, JOSHUA ASSIFF

24

25

26

27

28

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff, JOSHUA ASSIFF (hereinafter "Plaintiff") hereby respectfully submits the following memorandum of points and authorities in support of his motion to enforce a settlement against Defendants TRAVIS KELLY and COUNTY OF LOS ANGELES (hereinafter "Defendants").

## I.    INTRODUCTION

Plaintiff is a 21-year old black male and a student at Antelope Valley College where he plays basketball. Plaintiff was driving from his home to a teammate's house in order to carpool to basketball practice. For no apparent reason and without probable cause, KELLY, a male Caucasian motorcycle Sheriff deputy, pulled Plaintiff over. For no apparent reason and without probable cause, KELLY – as well as other deputies who subsequently responded to the call – all tasered, choked, pepper sprayed, beat and arrested Plaintiff.

This case was scheduled for trial on July 25, 2023. On the eve of trial the parties reached a conditional settlement with the Defendants agreeing to pay Plaintiff $400,000 -- subject to the approval of the Los Angeles County Contract Cities Board and the County of Los Angeles Board of Supervisors.

The settlement was announced on the record. The Court suggested a 6 week continuance of the trial to make sure that the settlement is approved and concluded in a timely fashion. Defense counsel stated it would probably take longer than 6 weeks to secure the necessary approvals. So, Defense counsel suggested the action be dismissed with the court maintaining jurisdiction to enforce the settlement. Based upon Defense counsel's representations, Plaintiff's counsel agreed to the dismissal of the action – with jurisdiction retained to enforce the settlement. (See, **Exhibit 1**, Civil Minutes – General, Status Conference RE: Settlement, Doc. No. 106)

The case was subsequently "dismissed with the court retaining jurisdiction with respect to any settlement." (See, **Exhibit 2**, Order Dismissing Case, Doc. No. 109)

1  After the case was dismissed, Defense counsel presented Plaintiff with a

2  formal written settlement agreement (the "Settlement Agreement").  The Settlement

3  Agreement indicated that the process of securing the necessary approvals "will take

4  a minimum of 180 days…"  This lengthy delay in the approval process was NOT

5  discussed prior to the case being dismissed, and was much longer than what

6  Plaintiff's counsel was led to believe at the time that Plaintiff agreed to dismiss the

7  case.  Nevertheless, Plaintiff agreed to the terms of the Settlement Agreement, and a

8  fully executed copy of the Settlement Agreement was returned to Defense counsel

9  on August 14, 2023.  (See, **Exhibit 3**, Settlement Agreement)

10  It seems Plaintiff's faith in the representations of Defendants and Defense

11  counsel was misplaced.  It does not appear that any effort whatsoever was made to

12  secure the necessary approvals during the 180 day period mentioned in the Settlement

13  Agreement.  In fact, an entire year passed without a satisfactory explanation of the

14  delay.  (See, **Exhibit 4:3-13**, Email Chain Between Counsel)

15  After Plaintiff threatened to seek the Court's intervention, Defendants finally

16  made a representation that the approvals should be secured and payment made by the

17  end of October of 2024 – 14 months after the fully executed Settlement Agreement

18  had been returned.  Based upon that representation, Plaintiff refrained from seeking

19  Court intervention.  However, when the long waited month for payment, October,

20  finally arrived, the goal posts were moved yet again.  Now, Defense counsel claims

21  the settlement "is expected" be on the Board of Supervisors agenda in November at

22  the earliest but more likely December." (See, **Exhibit 4:3**)

23  It has been well over a year, and the current estimate is that the settlement

24  *might* be on the agenda after 16 months, and who knows when payment might be

25  expected, if ever.  *Plaintiff has no faith that Defendants will ever conclude this*

26  *settlement without Court intervention.*

27

28

NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT AND SANCTIONS FOR DELAY;  MEMORANDUM OF POINTS
AND AUTHORITIES AND DECLARATION OF THOMAS M. FERLAUTO IN SUPPORT THEREOF

## II.    THE COURT CAN GRANT THE RELIEF REQUESTED BY THIS MOTION

Courts have inherent power to enforce settlements between the parties in pending cases. [*Dacanay v. Mendoza* (9th Cir. 1978) 573 F2d 1075, 1078; *Hensley v. Alcon Laboratories, Inc.* (4th Cir. 2002) 277 F3d 535, 540; *Román-Oliveras v. Puerto Rico Elec. Power Auth. (PREPA)* (1st Cir. 2015) 797 F3d 83, 86-87—power to enforce binding oral settlement before case dismissal]  Parties who wish to retain the court's jurisdiction to enforce their settlement agreement may do so either by having the court expressly "retain jurisdiction" or by incorporating the terms of the settlement agreement in the order of dismissal. In the latter event, breach of the settlement agreement violates the court's order, thereby creating ancillary jurisdiction to enforce the agreement. [*Kokkonen v. Guardian Life Ins. Co. of America* (1994) 511 US 375, 381, 114 S.Ct. 1673, 1677; *K.C. ex rel. Erica C. v. Torlakson* (9th Cir. 2014) 762 F3d 963, 967; see *Hill v. Baxter Healthcare Corp.* (7th Cir. 2005) 405 F3d 572, 576-577]

Where the action is still pending or the federal court otherwise has jurisdiction, either party may move for an order to enforce a settlement agreement. [See, *Golden v. California Emergency Physicians Med. Group* (9th Cir. 2015) 782 F3d 1083, 1088 (plaintiff's former attorney sought to enforce settlement agreement to collect contingency fee)]  The court has the power to order specific performance of the settlement agreement or to award damages against the party in breach (or to impose sanctions for contempt). [*TNT Mktg., Inc. v. Agresti* (9th Cir. 1986) 796 F2d 276, 278]  A party may, on noticed motion, be sanctioned for refusing to sign a written settlement that embodies terms orally agreed to before the court: "An agreement announced on the record becomes binding even if a party has a change of heart after [he or she] agreed to its terms but before the terms are reduced to writing." [*Doi v. Halekulani Corp.* (9th Cir. 2002) 276 F3d 1131, 1138 (internal quotes omitted)—monetary sanctions imposed; see also *Lynch, Inc. v. SamataMason Inc.* (7th Cir.

2002) 279 F3d 487, 491—case dismissed with prejudice where plaintiff refused to sign settlement agreed to before judge]  The court has inherent power to sanction a party for bad faith conduct in executing the settlement—e.g., repeatedly advising the court a settlement had been reached while at the same time making demands to change the settlement terms, refusing to sign the agreement, seeking extensions of the payment due date and failing to make timely payment as required under the agreement. [*Farmer v. Banco Popular of North America* (10th Cir. 2015) 791 F3d 1246, 1258]

## III.    MEET AND CONFER

On October 8, 2024, pursuant to Local Rule 7-3, counsel for Plaintiff and Defendants met and conferred on this dispute, and the issues were thoroughly discussed.  Defendants' counsel confirmed the conference as follows:

> This will confirm that we conferred this afternoon regarding Plaintiff's prospective Motion to Enforce (attached).

> You indicated your belief that the County has been acting in bad faith with respect to the settlement with Plaintiff, given the delay in the settlement approval process. You also indicated that you felt deceived by the County regarding the settlement approval process, and that you felt humiliated for having allowed yourself to be so deceived. The sentiments caught me by surprise, so I was unable to convey this during our Zoom call – however, I am sorry that you feel deceived and humiliated. This was certainly never the intention of the defense.

> In response to the accusation that the County has been acting in bad faith with respect to the settlement with Plaintiff - I indicated to you that I had recently learned (in the context of another similarly situated settlement approval) of changes in the Department's settlement

approval processes, which have caused the subject delay. I also offered to provide you filed Declarations in that other case regarding the changes and explaining the delay, to provide further context and information regarding the same. As promised, the Declaration are attached. I can also advise that the court in that case continued settlement completion deadline by 4-5 months in response to the explanations provided by the County.

The subject settlement in the Assiff case was approved by the Contract Cities Claims Board on October 2, 2024. During the call, I confirmed to you the most recent update (of today) that this settlement is on the Public Safety Cluster Agenda Review (CAR) for November 13, 2024, which is required for the settlement to be placed on the Board of Supervisors agenda for December 2024.

In response, you indicated that Plaintiff will agree not to file the attached Motion to Enforce only on two conditions:

    • Agreement by the County to pay interest on the settlement amount; and

    • Agreement by the County to complete payment of funds by end of 2024.

As promised, your sentiments and additional terms have been conveyed to the County. Unfortunately, we cannot accept Plaintiff's proposed additional terms. However, we continue to hope that you will extend your patience just a little bit further, as we are at the last steps of settlement approval.

NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT AND SANCTIONS FOR DELAY;  MEMORANDUM OF POINTS
AND AUTHORITIES AND DECLARATION OF THOMAS M. FERLAUTO IN SUPPORT THEREOF

1  Thus, the parties have meet and conferred in good faith, but no agreement could be

2  reached.

3  **IV.   CONCLUSION**

4        For the reasons set forth above, the settlement agreement should be enforced

5  and sanctions should be imposed on Defendants sufficient to make Plaintiff whole,

6  interest on amounts owed ($46,794.52 plus $109.59 per day) and attorney fees

7  (approximately $6,000) as set forth in the attached declaration of Thomas M. Ferlauto.

8

9  DATED: October 16, 2023        The Law Office Of Thomas M. Ferlauto, APC

10

11                         By: _____

12                             Thomas M. Ferlauto
                               Attorney For:  Plaintiff, JOSHUA ASSIFF

13

14

15                    **<u>Certificate of Compliance</u>**

16  The undersigned, counsel of record for Plaintiff, certifies that this brief contains 1532

17  words, which complies with the word limit of L.R. 11-6.1.

18

19  DATED: October 16, 2023        The Law Office Of Thomas M. Ferlauto, APC

20

21                         By: _____

22                             Thomas M. Ferlauto
                               Attorney For:  Plaintiff, JOSHUA ASSIFF

23

24

25

26

27

28

8

NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT AND SANCTIONS FOR DELAY;  MEMORANDUM OF POINTS
AND AUTHORITIES AND DECLARATION OF THOMAS M. FERLAUTO IN SUPPORT THEREOF

## **DECLARATION OF THOMAS M. FERLAUTO**

I, Thomas M. Ferlauto, declare as follows:

1.     I am an attorney licensed to practice law in the State of California and in the Federal Central District of California.  I am attorney of record herein for Plaintiff, Joshua Assiff.  Consequently, I have personal knowledge of the following:

2.     According to the allegations of Plaintiff's Complaint in this action: Plaintiff is a 21-year old black male and a student at Antelope Valley College where he plays basketball.  Plaintiff was driving from his home to a teammate's house in order to carpool to basketball practice.  For no apparent reason and without probable cause, KELLY, a male Caucasian motorcycle Sheriff deputy, pulled Plaintiff over. For no apparent reason and without probable cause, KELLY – as well as other deputies who subsequently responded to the call – all tasered, choked, pepper sprayed, beat and arrested Plaintiff.

3.     This case was scheduled for trial on July 25, 2023.  On the eve of trial the parties reached a conditional settlement with the Defendants agreeing to pay Plaintiff $400,000 subject to the approval of the Los Angeles County Contract Cities Board and the County of Los Angeles Board of Supervisors.

4.     The settlement was announced on the record.  The Court suggested a 6 week continuance of the trial to make sure that the settlement is approved and concluded in a timely fashion.  Defense counsel stated it would probably take longer than 6 weeks to secure the necessary approvals.  So, Defense counsel suggested the action be dismissed with the court maintaining jurisdiction to enforce the settlement. Based upon Defense counsel's representations, I agreed to the dismissal of the action – with jurisdiction retained to enforce the settlement.  (See, **Exhibit 1**, Civil Minutes – General, Status Conference RE: Settlement, Doc. No. 106)

5.     The case was subsequently "dismissed with the court retaining jurisdiction with respect to any settlement." (See, **Exhibit 2,** Order Dismissing Case, Doc. No. 109)

6.     After the case was dismissed, Defense counsel presented Plaintiff with a formal written settlement agreement (The Settlement Agreement"). The Settlement Agreement indicated that the process of securing the necessary approvals "will take a minimum of 180 days…" This lengthy delay in the approval process was NOT discussed prior to the case being dismissed, and was much longer than what I was led to believe at the time that Plaintiff agreed to dismiss the case. Nevertheless, Plaintiff agreed to the terms of the Settlement Agreement, and a fully executed copy of the Settlement Agreement was returned to Defense counsel on August 14, 2023. (A true and accurate copy of the Settlement Agreement is attached as **Exhibit 3**.)

7.     It seems Plaintiff's faith in the representations of Defendants and Defense counsel was misplaced. It does not appear that any effort whatsoever was made to secure the necessary approval during the 180 day period mentioned in the Settlement Agreement. In fact, an entire year passed without a satisfactory explanation of the delay. (Attached hereto as **Exhibit 4** is a true and accurate copy of the Email Chain Between Counsel discussing the settlement approval process.)

8.     After Plaintiff threatened to seek the Court's intervention, Defendants finally made a representation that the approvals should be secured and payment made by the end of October, 2024 – 14 months after the fully executed Settlement Agreement had been returned. Based upon that representation, Plaintiff refrained from seeking Court intervention. However, when the long waited month for payment, October, finally arrived, the goal posts were moved yet again. Now, Defense counsel claims the settlement "is expected" be on the Board of Supervisors agenda in "November at the earliest but more likely December."

9.     It has been well over a year and the settlement has not been completed, and the current estimate is that the settlement *might* be on the agenda after 16 months, and who knows when payment might be expected, if ever. *Plaintiff has no faith that Defendants will ever conclude this settlement without Court intervention.*

10.    Plaintiff has been damaged by Defendants unreasonable delay as follows:  Interest at 10% per annum, or $109.59 per day until payment is received.  This would be $46,794.52 from the date the Settlement Agreement was delivered through the date of this declaration, plus $109.59 per day until payment is received.

11.    Plaintiff has also had to bring this motion.  I have over 30 years of litigation experience.  I charge clients $600 per hour for attorney time.  I estimate that I will spend approximately ten hours preparing this motion, reviewing the opposition, preparing a reply and appearing at the hearing, for a reasonable attorney fee of $6,000.

12.    This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on October 8, 2024.  The issues presented by this motion were thoroughly discussed, but a resolution could not be reached.


I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  Executed this 16th day of October, 2024, in Laguna Hills, Orange County, California.


_____

THOMAS M. FERLAUTO

Exhibit 1

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-05367-RGK-MAAx | Date | July 25, 2023 |
|---|---|---|---|
| Title | Joshua Assiff v. County of Los Angeles et al | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. District Judge | |
|---|---|---|
| Joseph Remigio | | Myra Ponce |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Thomas Ferlauto | | Molshree Gupta / Patrick Stockalper |

**Proceedings:**  **STATUS CONFERENCE RE: SETTLEMENT**

The case is called and counsel make their appearances.

As more fully reflected on the record, the Court and counsel confer regarding settlement of the action.

The case is dismissed and the Court shall retain jurisdiction over the settlement. All pending dates are vacated. Counsel to submit a proposed document of dismissal for the Court's review and signature forthwith.

SO ORDERED.

:  **06**

Initials of Preparer   jre

Exhibit 2

JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JOSHUA ASSIFF,

      Plaintiffs,

      v.

COUNTY OF LOS ANGELES;
SHERIFF DEPUTY BADGE
NUMBER 404532; And DOES 1
through 10,

      Defendants.

Case No.: 2:22-cv-05367 RGK(MAAx)

[~~PROPOSED~~] ORDER DISMISSING
CASE  [107]

Action Filed: August 3, 2022
Pretrial Conference: July 10, 2023
Trial Date: July 25, 2023

Assigned to:
Hon. R. Gary Klausner, District Judge
Courtroom 850

All Discovery Matters Referred to:
Hon. Maria A. Audero, District Judge

**TO ALL PARTIES HEREIN AND THEIR ATTORNEY OF RECORD:**

    This matter is hereby dismissed with the court retaining jurisdiction with respect to any settlement.

    A conditional settlement has been reached between the parties subject to the approval of the Los Angeles County Contract Cities Claims Board and the County of Los Angeles Board of Supervisors.

    **IT IS SO ORDERED**

Dated:  7/28/2023

_____
HON. R. GARY KLAUSNER
U.S. DISTRICT JUDGE

Exhibit 3

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (the "Agreement") is made and entered into effective as of the date of its signing as set out at the end of this Agreement, by and among plaintiff JOSHUA ASSIFF (hereinafter referred to as "Releasor") and defendants COUNTY OF LOS ANGELES (hereinafter referred to as "the County") and TRAVIS KELLY (erroneously sued and served as "SHERIFF DEPUTY BADGE NUMBER 404532") and any affiliated entities, and their predecessors, successors, officers, directors, supervisors, assigns, employees, agents, servants and attorneys (hereinafter collectively referred to as "Releasees"). All of the foregoing persons or entities may be referred to herein collectively as "the parties." Releasor warrants and represents that he has authority to execute this general release, that he has adequate knowledge of the matters referenced in this general release to fully understand its effects and that this general release is fully binding.

## <u>RECITALS</u>

**A.**     On or about August 2, 2022, Releasor filed a Complaint against Releasees in the United States District Court for the Central District of California, Case No. 2:22-cv18STCV00809. On or about December 14, 2022, Releasor filed a First Amended Complaint ("the Complaint"), which Complaint arose out of certain alleged negligent acts or omissions by Defendants on September 24, 2021 in the County of Los Angeles, State of California. In the Complaint, Releasor sought to recover monetary damages for alleged injuries by Releasees.

**B.**     The parties desire to enter into this Agreement in order to provide for full settlement and discharge of all claims which have been, or might be, made by reason of the incident described in Recital A above, upon the terms and conditions set forth below. This proposed settlement is subject to the County of Los Angeles approval processes, and contingent upon approval by both the Los Angeles County Contract Cities Claims Board and the County of Los Angeles Board of Supervisors. In order to comply with the Brown Act, it is understood and anticipated that this process will take a minimum of 180 days from the date that the executed copy of this release is provided to the County by the Plaintiff.

## <u>AGREEMENT</u>

The parties hereto agree as follows:

1.     <u>Release and Discharge</u>

In consideration of the payments set forth in Section 3, Releasor hereby completely releases and forever discharges the County and its Board of Supervisors, departments, divisions, special districts, predecessors, successors, officers, directors, supervisors, assigns, employees (including TRAVIS KELLY), agents, servants, and attorneys (all collectively the "Releasees") from any and all past, present and future liabilities, claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on tort, contract, or other theory of recovery, which Releasor has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of, or which are the subject of, the Complaint (and all related pleadings) and the Action including, without limitation, any and all known or unknown

claims for bodily injury, property damage, and personal injuries to Releasor, or any future wrongful death claim by Releasor's representatives or heirs, which have resulted or may result from the alleged acts or omissions of Releasees.

This release shall be a fully binding and complete settlement among Releasor, Releasees, and their heirs, successors and assigns. Releasor acknowledges and agrees that the release and discharge set forth above is a general release. Releasor expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but of which Releasor does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect Releasor's decision to enter into this Agreement. Releasor accepts payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact. Releasor assumes the risk that the facts or law may be other than what he believes. It is understood and agreed to by the parties that this Agreement is a compromise of a doubtful and disputed claim, and the payments are not to be construed as an admission of liability on the part of Releasees, by whom liability is expressly denied.

Releasor hereby waives any and all rights based on the provisions of California Civil Code Section 1542 which reads as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

2.    <u>Delivery of Dismissal with Prejudice as to Entire Action</u>

Releasor has authorized his attorney to execute a dismissal on his behalf and hereby authorizes counsel for Releasees to file the dismissal of the entire action with prejudice with the Court and enter it as a matter of record following execution of the herein Release and receipt of settlement funds which are subject to final approval by both the Los Angeles County Contract Cities Claims Board and the County of Los Angeles Board of Supervisors.

3.    <u>Payments</u>

In consideration for the Settlement Agreement and Release to which this document is attached and incorporated, COUNTY OF LOS ANGELES hereby agrees to pay Plaintiff JOSHUA ASSIFF the total collective and conclusive sum of $400,000.00 (Four Hundred Thousand Dollars) made payable to "JOSHUA ASSIFF, LAW OFFICE OF THOMAS M. FERLAUTO, APC, and LAW OFFICE OF PHILIP KENT COHEN, APC" in exchange for full resolution of this matter and a dismissal of the entire action with prejudice. This settlement and payment of the stated total settlement amount shall be contingent upon the final approval of the settlement by both the Los Angeles County Contract Cities Claims Board and the County of Los Angeles Board of Supervisors.

///

///

///

4.    <u>No Admissions</u>

It is understood and agreed that this settlement is the compromise of a doubtful and disputed claim and that payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and that the County enters into this Agreement to avoid the inconvenience and expense of costly litigation.

5.    <u>Warranty of Capacity to Execute Agreements</u>

Releasor represents and warrants that no other person or entity has or has had any interest in the claims, demands, liabilities, obligations or causes of action referred to in this Agreement except as otherwise set forth herein and that he has the sole right and exclusive authority to execute this Agreement and receive the sums specified in it; and that he has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Agreement.

6.    <u>Governing Law</u>

This Agreement shall be construed and interpreted in accordance with the laws of the State of California.

7.    <u>Attorneys' Fees and Costs</u>

Each party hereto shall bear all attorneys' fees and costs arising from the actions of their counsel in connection with the Complaint, the Action, this Agreement and the matters and documents referred to herein and all related matters.

8.    <u>Additional Documents</u>

The parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement which are not inconsistent with its terms.

9.    <u>Entire Agreement and Successors in Interest</u>

This Agreement contains the entire agreement between Releasor and Releasees with regard to the matters set forth in it and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.  This is an integrated agreement.

10.    <u>Declaration of Non-Eligibility for Medicare</u>

Releasor declares under penalty of perjury under the laws of the State of California that:  1) he is not currently entitled to Medicare; and 2) none of the treatment he will have or will receive for injuries claimed to have resulted from the alleged negligent acts or omissions giving rise to this lawsuit, or released in this agreement, were submitted to or paid for by Medicare.

///

///

11.    <u>Medicare Eligibility</u>

Releasor and Releasor's Attorneys of Record understand that this settlement may impact, limit or preclude Releasor's right or ability to receive future Medicare benefits arising out of the injuries alleged in this lawsuit, and nevertheless wish to proceed with the settlement.

12.    <u>Medical Expenses and Liens</u>

Releasor hereby agrees and acknowledges that he is responsible for any and all statutory rights, liens, claims or right of reimbursement or recovery which exist, or in the future may exist, on any of the proceeds of the settlement, including, but not limited to any claims by the California Department of Health Care Services (DHCS) and the Centers for Medicare & Medicaid Services (CMS) for medical care, goods or services deemed to be related to the injury, illness or incident of Releasor, and agrees to satisfy all such rights, liens, claims or right of reimbursement or recovery out of the proceeds of the settlement reflected in this Agreement. Releasor warrants that he has advised Releasees of any rights, liens, claims, or right of reimbursement or recovery of which Releasor is or should be aware, and that in the event any claim is made against Releasees, or any of their respective officers, directors, agents, servants, employees, attorneys, and/or insurers by any third party on account of a statutory right, lien, claim or right of reimbursement or recovery which exists, or in the future may exist, Releasor agrees to hold harmless and indemnify Releasees and all their officers, directors, agents, servants, employees, attorneys and/or insurers, including the payment of reasonable attorney's fees, fines, penalties and interest, for any and all such claims which Releasees may be forced to defend and/or indemnify. This paragraph applies to, but is not limited to, statutory rights, any other rights, liens, claims or right of reimbursement or recovery asserted by any health care providers, medical insurance carriers, or governmental entities that might have any interest in or claim against the proceeds of this settlement, expressly including, but not limited to the DHCS, pursuant to Health and Safety Code Section 14124.70 et seq, and CMS pursuant to the Medicare Secondary Payer Act of 1980 and Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 (MMSEA). Releasor expressly agrees to satisfy any and all DHCS and CMS claims or liens out of the proceeds of the settlement.

13.    <u>Waiver of Private Cause of Action</u>

In consideration of the payments set forth in this Agreement, Releasor waives, releases and forever discharges Releasees from any obligations for any claim, known or unknown, arising out of the failure of Releasees to provide for a primary payment or appropriate reimbursement pursuant to 42 U.S.C. 1395y(b)(3)(A).

14.    <u>Right to Seek Waiver, Compromise or Reduction for Procurement Costs</u>

Releasor and Releasor's Attorneys of Record understand that Releasor has the right to seek a waiver, compromise or otherwise reduce the amount of conditional payments sought by CMS based upon the cost of procurement and/or hardship.

15.    <u>Cooperation with CMS and/or DHCS</u>

In the event Releasees are pursued or sued by the United States or the State of California due to Releasor's failure to fully reimburse CMS or DHCS, Releasor and Releasor's Attorneys of Record agree to execute and deliver to Releasees copies of all documents or agreements and do

such further acts and things as Releasees may reasonably request when necessary to effectuate the purposes of the Agreement including, but not limited to, providing copies of all documents between Releasor and CMS or DHCS.  Should any person or entity not a party hereto challenge the validity of this Agreement, or any term thereof, pursue recovery of monies from Releasees or bring a claim or claims against Releasees arising out of 42 U.S.C. Section 1395y(b) related to payment for items or services related to the injuries claimed in this action, Releasor and Releasor's Attorneys of Record shall provide to Releasees such cooperation and assistance as Releasees may reasonably request in order to resist such a challenge or defend such a claim.

16.    <u>Conditions</u>

This settlement is conditioned on the approval of the settlement by the County's approval of settlements processes, including final approval by both the Los Angeles County Contract Cities Claims Board and the County of Los Angeles Board of Supervisors.

17.    <u>Severability</u>

The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other paragraphs shall remain in full force and effect.  This Agreement shall survive the termination of any arrangements contained herein.

18.    <u>Advice of Counsel</u>

In entering into this Agreement, each party represents that they have relied upon the advice of counsel, who is an attorney of their own choice, and that the terms of this Agreement have been completely read and explained by such attorney and that these terms are fully understood and voluntarily accepted by them.

Releasor acknowledges that he has read and understands each and every provision of this release and by placing his signature at the end of this agreement represents that he has voluntarily assumed the obligations contained herein and intentionally waives the rights stated herein, of his own free act.

19.    <u>Construction</u>

The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against any party.  The Parties acknowledge and agree that the attorneys for each party have had an equal opportunity to participate in the negotiation and preparation of this Agreement.  The paragraph headings are for convenience only and are not part of this Agreement.

20.    <u>Waiver/Modification</u>

No provision hereof may be waived, modified or amended, except by a written agreement executed by all of the parties affected thereby.

21.    <u>Signature in Counterparts</u>

This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same agreement.

22.    <u>Facsimile and Digital Signatures</u>

The parties incorporate the provisions of California Rules of Court, Rule 2.305(d), and make them a part hereof for all purposes, which provides: "Notwithstanding any provision of law to the contrary, including *Evidence Code* sections 255 and 260, a signature produced by fax transmission is deemed to be an original."

The parties incorporate the provisions of California *Civil Code* § 1633.1 *et seq.*, known as the "Uniform Electronic Transactions Act," which provides in relevant part that the parties to an Agreement (*CC* §1633.2(a)), or Contract (*CC* §1633.2(d)), can agree to conduct a transaction by electronic means, and that such agreements shall not be denied legal effect solely because it is in electronic form. "If a law requires a record to be in writing, an electronic record satisfies the law." [*CC* §1633.7].

23.    <u>Enforcement of Agreement</u>

The parties hereby stipulate that the Court will maintain jurisdiction for purposes of enforcing this Agreement, and that this Agreement may be enforced by the Court.  This Agreement may be used as evidence in any proceedings related to the enforceability of or breach of this Agreement.  However, the proposed $400,000.00 settlement of this matter is contingent upon approval by both the Los Angeles County Contract Cities Claims Board and the County of Los Angeles Board of Supervisors.  Without said approval, there is no agreement.

**<u>PLAINTIFF HEREBY FURTHER REPRESENTS AND WARRANTS THAT PLAINTIFF HAS READ AND UNDERSTANDS THE ABOVE PROVISIONS AND THAT PLAINTIFF HAS HAD A SUFFICIENT OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH HER COUNSEL PRIOR TO SIGNING BELOW. FURTHER, IN SIGNING THIS AGREEMENT EXCEPT FOR DISCUSSIONS WITH PLAINTIFF'S OWN COUNSEL, PLAINTIFF HAS NOT RELIED ON OR BEEN INDUCED TO EXECUTE THIS RELEASE BY ANY STATEMENTS, REPRESENTATIONS, AGREEMENTS OR PROMISES, ORAL OR WRITTEN, MADE BY ANY OTHER PARTY OR ANY OTHER PARTY'S ATTORNEYS, AGENTS, EMPLOYEES, OR REPRESENTATIVES, OTHER THAN THOSE EXPRESSLY WRITTEN ABOVE IN THIS RELEASE.</u>**

**IN WITNESS WHEREOF**, the undersigned parties have executed this Release Agreement as of the date indicated.  Execution and exchange of copies of the aforesaid Agreement shall be deemed sufficient execution thereof.

///

///

///

///

///

**I FURTHER STATE THAT I HAVE CAREFULLY READ THE FOREGOING RELEASE AND KNOW THE CONTENTS THEROF, AND I SIGN THE SAME AS MY OWN FREE ACT.**

DATE: 8/10/23

JOSHUA ASSIFF

RATIFIED AND APPROVED:

LAW OFFICE OF THOMAS M. FERLAUTO, APC

DATE: 8/14/23          By:

THOMAS M. FERLAUTO
Attorneys for Plaintiff,
JOSHUA ASSIFF

LAW OFFICE OF PHILIP KENT COHEN, APC

DATE:          By:

PHILIP KENT COHEN
Attorneys for Plaintiff,
JOSHUA ASSIFF

Exhibit 4

**From:** **Molshree Gupta** mgupta@kmslegal.com 📎
**Subject:** RE: (610-2) Assif, Joshua v. County of Los Angeles / Request for W-9s
**Date:** October 8, 2024 at 5:47 PM
**To:** Thomas Ferlauto tmf@lawofficetmf.com, Patrick Stockalper pstockalper@kmslegal.com
**Cc:** Arlene King aking@kmslegal.com, Philip Cohen pcohen@pcohenlaw.com, Barbara Ezra bezra@kmslegal.com, Maria L. Nixon mnixon@kmslegal.com

Good afternoon, Mr. Ferlauto:

This will confirm that we conferred this afternoon regarding Plaintiff's prospective Motion to Enforce (attached).

You indicated your belief that the County has been acting in bad faith with respect to the settlement with Plaintiff, given the delay in the settlement approval process. You also indicated that you felt deceived by the County regarding the settlement approval process, and that you felt humiliated for having allowed yourself to be so deceived. The sentiments caught me by surprise, so I was unable to convey this during our Zoom call – however, I am sorry that you feel deceived and humiliated. This was certainly never the intention of the defense.

In response to the accusation that the County has been acting in bad faith with respect to the settlement with Plaintiff - I indicated to you that I had recently learned (in the context of another similarly situated settlement approval) of changes in the Department's settlement approval processes, which have caused the subject delay. I also offered to provide you filed Declarations in that other case regarding the changes and explaining the delay, to provide further context and information regarding the same. As promised, the Declaration are attached. I can also advise that the court in that case continued settlement completion deadline by 4-5 months in response to the explanations provided by the County.

The subject settlement in the _Assif_ case was approved by the Contract Cities Claims Board on October 2, 2024. During the call, I confirmed to you the most recent update (of today) that this settlement is on the Public Safety Cluster Agenda Review (CAR) for November 13, 2024, which is required for the settlement to be placed on the Board of Supervisors agenda for December 2024.

In response, you indicated that Plaintiff will agree not to file the attached Motion to Enforce _only_ on two conditions:
• Agreement by the County to pay interest on the settlement amount; and
• Agreement by the County to complete payment of funds by end of 2024.

As promised, your sentiments and additional terms have been conveyed to the County. Unfortunately, we cannot accept Plaintiff's proposed additional terms. However, we continue to hope that you will extend your patience just a little bit further, as we are at the last steps of settlement approval.

Thanks,



Molshree Gupta
Partner
**KJAR, McKENNA & STOCKALPER, LLP**

**From:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Sent:** Monday, October 7, 2024 1:30 PM
**To:** Patrick Stockalper <pstockalper@kmslegal.com>
**Cc:** Molshree Gupta <mgupta@kmslegal.com>; Arlene King <aking@kmslegal.com>; Philip Cohen <pcohen@pcohenlaw.com>; Barbara Ezra <bezra@kmslegal.com>; Maria L. Nixon <mnixon@kmslegal.com>
**Subject:** Re: (610-2) Assif, Joshua v. County of Los Angeles / Request for W-9s

Patrick:

I took the liberty of scheduling our Rule 7-3 conference tomorrow 10/8/24 at 2:00 p.m. The conference information is below. Please let me know whether you or Molshree will be attending.

Thank you,

Tom

Exhibit 4 - 1

RingCentral Video meeting.

Please join using this link:
   https://v.ringcentral.com/join/477236005

Meeting ID: 477236005

One tap to join audio only from a smartphone:
   +16504191505,,477236005# United States (San Mateo, CA)

Or dial:
   +1 (650) 4191505 United States (San Mateo, CA)

   Access Code / Meeting ID: 477236005

International numbers available: https://v.ringcentral.com/teleconference

LAW OFFICE OF
THOMAS M. FERLAUTO
A PROFESSIONAL LAW CORPORATION

DIRECT DIAL 310-849-7554

25201 PASEO DE ALICIA, SUITE 270
LAGUNA HILLS, CA  92653
PHONE: 949-334-8650
FACSIMILE: 949-334-8691

EMAIL: TMF@LAWOFFICETMF.COM
WEBSITE: WWW.LAWOFFICETMF.COM

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

On Oct 7, 2024, at 12:18 PM, Thomas Ferlauto <tmf@lawofficetmf.com> wrote:

Patrick:

We cannot wait any longer.  Please contact me today or tomorrow to discuss the enclosed proposed motion.

Thanks,

Tom

LAW OFFICE OF
THOMAS M. FERLAUTO
A PROFESSIONAL LAW CORPORATION

DIRECT DIAL 310-849-7554

25201 PASEO DE ALICIA, SUITE 270
LAGUNA HILLS, CA  92653
PHONE: 949-334-8650
FACSIMILE: 949-334-8691

EMAIL: TMF@LAWOFFICETMF.COM
WEBSITE: WWW.LAWOFFICETMF.COM

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

On Oct 7, 2024, at 8:00 AM, Patrick Stockalper, pstockalper@kmclegal.com, wrote:

Exhibit 4 - 2

On Oct 7, 2024, at 8:29 AM, Patrick Stockalper <pstockalper@kmslegal.com> wrote:

Tom:

Apologize for the delay in responding but I just got some further info this morning.  The matter is expected to be on Board Supervisor agenda for approval in November at the earliest but more likely December.

Thank you and let me know if you have any further questions.

**From:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Sent:** Thursday, October 3, 2024 11:47 AM
**To:** Molshree Gupta <mgupta@kmslegal.com>
**Cc:** Patrick Stockalper <pstockalper@kmslegal.com>; Arlene King <aking@kmslegal.com>; Philip Cohen <pcohen@pcohenlaw.com>; Barbara Ezra <bezra@kmslegal.com>; Maria L. Nixon <mnixon@kmslegal.com>
**Subject:** Re: (610-2) Assif, Joshua v. County of Los Angeles / Request for W-9s
**Importance:** High

Counsel:

Can we get a status on this?

It is October, and your last statement was that funds would be disbursed by month's end.

Thanks,

Tom

---

LAW OFFICE OF
THOMAS M. FERLAUTO
**A Professional Law Corporation**

**Direct Dial 310-849-7554**

**25201 Paseo de Alicia, Suite 270**
**Laguna Hills, CA  92653**
**Phone: 949-334-8650**
**Facsimile: 949-334-8691**

**Email: TMF@lawofficetmf.com**
**Website: www.lawofficetmf.com**

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

On Aug 7, 2024, at 12:33 PM, Molshree Gupta <mgupta@kmslegal.com> wrote:

Good afternoon, Counsel:

Apologies for the delay in providing an update on this matter.  In candor, Risk Management has been bogged down due to the sheer number of cases requiring CAP/SCAP completion.

However, we are pleased to report that we have received an update in this matter this afternoon as follows:
- The CAP/SCAP is being circulated for final approval this week;
- Thereafter, we will be on an approximate 2-month timeline to complete various Board approvals to proceed with disbursement of settlement funds.

As such, we anticipate that the settlement will be completed and funds disbursed by the end of October 2024.

Thanks,

Exhibit 4 - 3

Molshree Gupta
Partner
**KJAR, McKENNA & STOCKALPER, LLP**

_____

**From:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Sent:** Monday, July 8, 2024 4:16 PM
**To:** Molshree Gupta <mgupta@kmslegal.com>
**Cc:** Patrick Stockalper <pstockalper@kmslegal.com>; Arlene King
<aking@kmslegal.com>; Philip Cohen <pcohen@pcohenlaw.com>;
Barbara Ezra <bezra@kmslegal.com>; Maria L. Nixon
<mnixon@kmslegal.com>
**Subject:** Re: (610-2) Assif, Joshua v. County of Los Angeles / Request for
W-9s

Counsel:

It has now been 11 months since the settlement agreement was fully
executed and delivered, and we cannot even get a straight answer from
you as to where in the process the settlement is.  This is far beyond what
was contemplated when my client agreed to the settlement —
approaching twice as long.  I do not believe that this process has been
pursued in good faith.  I believe absolutely nothing was done for the first
six months, and there has been nothing but foot dragging since then.  If
my client is not provided with the settlement proceeds by the anniversary
of the delivery of the executed settlement agreement, we will bring an ex
parte application to make the Court aware of the situation.  We reserve
the right to ask the Court to enforce the terms of the settlement and/or to
set aside the settlement and demand the matter be reset for the earliest
available trial date.

Do not bother thanking me for my patience, because it is at its end.

Sincerely,

Thomas M. Ferlauto

_____

LAW OFFICE OF
THOMAS M. FERLAUTO
A PROFESSIONAL LAW CORPORATION

DIRECT DIAL 310-849-7554

25201 PASEO DE ALICIA, SUITE 270
LAGUNA HILLS, CA  92653
PHONE: 949-334-8650
FACSIMILE: 949-334-8691

EMAIL: TMF@LAWOFFICETMF.COM
WEBSITE: WWW.LAWOFFICETMF.COM

The information contained in this e-mail message is information protected by attorney-client and/or the
attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are
not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other
reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named
recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have
received this communication in error, please delete it immediately.

On Jun 10, 2024, at 11:33 AM, Molshree Gupta
<mgupta@kmslegal.com> wrote:

Good morning:

Thank you for your patience.  We have just been advised that,
while the process is taking much longer than was originally

Exhibit 4 - 4

while the process is taking much longer than was originally expected, we are anticipating the completion of review within 3-4 weeks, and then will require an additional 2-3 months to make sure the CAP/SCAP is approved by the two boards (Contact Cities and Board of Supervisor).

Also, just pointing out that the Settlement Agreement states the process "**will take a _minimum_ of 180 days**."

Thanks again for your patience. We will let you know as soon as we hear anything further from the County.

<image001.jpg>

Molshree Gupta
Partner
**KJAR, McKENNA & STOCKALPER, LLP**

---

**From:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Sent:** Friday, June 7, 2024 12:44 PM
**To:** Molshree Gupta <mgupta@kmslegal.com>
**Cc:** Patrick Stockalper <pstockalper@kmslegal.com>; Arlene King <aking@kmslegal.com>; Philip Cohen <pcohen@pcohenlaw.com>; Barbara Ezra <bezra@kmslegal.com>; Maria L. Nixon <mnixon@kmslegal.com>
**Subject:** Re: (610-2) Assif, Joshua v. County of Los Angeles / Request for W-9s

It is now coming up on ten (10) months since the settlement agreement was fully executed and delivered.

Where exactly are we on the CAP/SCAP process? You indicated that would be approved within six months. We are far beyond that. When will my client be paid what he is owed?

Thanks,

Tom

---

LAW OFFICE OF
THOMAS M. FERLAUTO
A PROFESSIONAL LAW CORPORATION

DIRECT DIAL 310-849-7554

25201 PASEO DE ALICIA, SUITE 270
LAGUNA HILLS, CA 92653
PHONE: 949-334-8650
FACSIMILE: 949-334-8691

EMAIL: TMF@LAWOFFICETMF.COM
WEBSITE: WWW.LAWOFFICETMF.COM

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

On May 3, 2024, at 6:03 PM, Molshree Gupta <mgupta@kmslegal.com> wrote:

Good afternoon, and thank you for your patience.

Exhibit 4 - 5

As outside counsel, our insight into the process is limited. Based on information and belief, to approve the subject settlement, Defendant COUNTY requires a Corrective Action Plan (CAP) and Summary Corrective Action Plan (SCAP). Preparation of a CAP/SCAP requires comprehensive review of the underlying incident and applicable laws, legal authorities and precent, policies and procedures, etc.

Based on prior experience with the process, we believed that the settlement approval process, including approval of the CAP/SCAP, may take up to 6 months. However, based on more recent experience, it appears that the settlement approval process, including approval of the CAP/SCAP, may take 9-12 months for settlement sums as large as the one in this action.

That being said, once the settlement is approved by Defendant COUNTY, it can disburse the settlement funds to Plaintiff quickly to allow for a dismissal to be filed.

Thanks,

<image001.jpg>

Molshree Gupta
Partner
**KJAR, McKENNA & STOCKALPER, LLP**

<Motion To Enforce.pdf>



Dec of Lt. Jennifer Roth [#59-1].pdf.pdf

Dec of M. Gupta re OSC Why Sanction Should Not Be Issued...
213 KB

Motion To Enforce.pdf
161 KB

Exhibit 4 - 6

**From:** **Thomas Ferlauto** tmf@lawofficetmf.com
**Subject:** Re: (610-2) Assif, Joshua v. County of Los Angeles / Request for W-9s
**Date:** May 3, 2024 at 2:55 PM
**To:** Molshree Gupta mgupta@kmslegal.com
**Cc:** Patrick Stockalper pstockalper@kmslegal.com, Arlene King aking@kmslegal.com, Philip Cohen pcohen@pcohenlaw.com, Barbara Ezra bezra@kmslegal.com, Maria L. Nixon mnixon@kmslegal.com

Counsel:

Please provide a response to these questions.

What does that mean?
How much longer is this going to take?
When can my client expect payment?

At some point the County needs to perform its obligations under the settlement. Either the settlement needs to be enforced, or set aside and the matter set for trial.

If we are not provided with prompt answers, we will have no choice other than to bring an ex parte application to bring this matter to the Court's attention.

My client's patience is at an end.

Thanks,

Tom

---

LAW OFFICE OF
THOMAS M. FERLAUTO
A Professional Law Corporation

Direct Dial 310-849-7554

25201 Paseo de Alicia, Suite 270
Laguna Hills, CA 92653
Phone: 949-334-8650
Facsimile: 949-334-8691

Email: TMF@lawofficeTMF.com
Website: WWW.LAWOFFICETMF.COM

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

On Apr 25, 2024, at 12:41PM, Thomas Ferlauto <tmf@lawofficetmf.com> wrote:

What does that mean?
How much longer is this going to take?
When can my client expect payment?

---

LAW OFFICE OF
THOMAS M. FERLAUTO
A Professional Law Corporation

Direct Dial 310-849-7554

25201 Paseo de Alicia, Suite 270
Laguna Hills, CA 92653
Phone: 949-334-8650
Facsimile: 949-334-8691

Email: TMF@lawofficeTMF.com
Website: WWW.LAWOFFICETMF.COM

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

On Apr 25, 2024, at 11:40AM, Molshree Gupta <mgupta@kmslegal.com> wrote:

Good afternoon,

The settlement is still under the CAP/SCAP process.

Thanks,

<image001.jpg>

Molshree Gupta
Partner
**KJAR, McKENNA & STOCKALPER, LLP**

**From:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Sent:** Thursday, April 25, 2024 11:38 AM
**To:** Molshree Gupta <mgupta@kmslegal.com>
**Cc:** Patrick Stockalper <pstockalper@kmslegal.com>; Arlene King <aking@kmslegal.com>; Philip Cohen <pcohen@pcohenlaw.com>; Barbara Ezra <bezra@kmslegal.com>; Maria L. Nixon <mnixon@kmslegal.com>
**Subject:** Re: (610-2) Assif, Joshua v. County of Los Angeles / Request for W-9s

Following up...

---

LAW OFFICE OF
THOMAS M. FERLAUTO
A Professional Law Corporation

Direct Dial 310-849-7554

25201 Paseo de Alicia, Suite 270
Laguna Hills, CA 92653
Phone: 949-334-8650
Facsimile: 949-334-8691

Email: TMF@lawofficeTMF.com
Website: WWW.LAWOFFICETMF.COM

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

On Apr 18, 2024, at 1:18PM, Molshree Gupta <mgupta@kmslegal.com> wrote:

Exhibit 4 - 7

We are checking, thanks.

<image001.jpg>

Molshree Gupta
Partner
**KJAR, McKENNA & STOCKALPER, LLP**

**From:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Sent:** Tuesday, April 16, 2024 1:12 PM
**To:** Molshree Gupta <mgupta@kmslegal.com>
**Cc:** Patrick Stockalper <pstockalper@kmslegal.com>; Arlene King <aking@kmslegal.com>; Philip Cohen <pcohen@pcohenlaw.com>; Barbara Ezra <bezra@kmslegal.com>; Maria L. Nixon <mnixon@kmslegal.com>
**Subject:** Re: (610-2) Assif, Joshua v. County of Los Angeles / Request for W-9s

Can we get another update.

We are well past the time frame contemplated by the settlement agreement, and my client is extremely frustrated.

---

LAW OFFICE OF
THOMAS M. FERLAUTO
A Professional Law Corporation

Direct Dial 310-849-7554

25201 Paseo de Alicia, Suite 270
Laguna Hills, CA  92653
Phone: 949-334-8650
Facsimile: 949-334-8691

Email: TMF@lawofficeTMF.com
Website: www.lawofficeTMF.com

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

> On Mar 26, 2024, at 9:22 AM, Molshree Gupta <mgupta@kmslegal.com> wrote:
>
> Good morning:
>
> We have been advised that LASD Risk Management has been delayed, but is aiming to have their internal required documentation completed by April.  It then will need to be sent out for signatures, then placed on the Contract Cities Claims Board Agenda for approval (their Board meets once a month – second Wednesday of the month).  Once the Contract Cities Claims Board approves, the settlement will need to be placed on the Board of Supervisors Agenda for their final approval.
>
> We will advise as soon as we hear back from the County.
>
> Thanks,
>
>
> <image001.jpg>
>
> Molshree Gupta
> Partner
> **KJAR, McKENNA & STOCKALPER, LLP**

**From:** Patrick Stockalper <pstockalper@kmslegal.com>
**Sent:** Thursday, March 21, 2024 9:29 AM
**To:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Cc:** Molshree Gupta <mgupta@kmslegal.com>; Arlene King <aking@kmslegal.com>; Philip Cohen <pcohen@pcohenlaw.com>; Barbara Ezra <bezra@kmslegal.com>; Maria L. Nixon <mnixon@kmslegal.com>
**Subject:** RE: (610-2) Assif, Joshua v. County of Los Angeles / Request for W-9s

Checking.

**From:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Sent:** Wednesday, March 20, 2024 11:48 AM
**To:** Patrick Stockalper <pstockalper@kmslegal.com>
**Cc:** Molshree Gupta <mgupta@kmslegal.com>; Arlene King <aking@kmslegal.com>; Philip Cohen <pcohen@pcohenlaw.com>; Barbara Ezra <bezra@kmslegal.com>; Maria L. Nixon <mnixon@kmslegal.com>
**Subject:** Re: (610-2) Assif, Joshua v. County of Los Angeles / Request for W-9s

Can we get another update?

It has been over seven months since the fully executed agreement was delivered.

Thanks,

Tom

---

LAW OFFICE OF
THOMAS M. FERLAUTO
A Professional Law Corporation

Direct Dial 310-849-7554

25201 Paseo de Alicia, Suite 270
Laguna Hills, CA  92653
Phone: 949-334-8650
Facsimile: 949-334-8691

Email: TMF@lawofficeTMF.com
Website: www.lawofficeTMF.com

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

> On Feb 21, 2024, at 4:39 PM, Patrick Stockalper <pstockalper@kmslegal.com> wrote:
>
> Tom:

Exhibit 4 - 8

form.

We have been advised by County Counsel that LASD Risk Management anticipates having their internal required documentation completed in March.  It then will need to be sent out for signatures, then placed on the Contract Cities Claims Board Agenda for approval (their Board meets once a month – second Wednesday of the month).  Once the Contract Cities Claims Board approves, the settlement will need to be placed on the Board of Supervisors Agenda for their final approval.

---

**From:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Sent:** Wednesday, February 21, 2024 10:57 AM
**To:** Patrick Stockalper <pstockalper@kmslegal.com>
**Cc:** Molshree Gupta <mgupta@kmslegal.com>; Arlene King <aking@kmslegal.com>; Philip Cohen <pcohen@pcohenlaw.com>; Barbara Ezra <bezra@kmslegal.com>; Maria L. Nixon <mnixon@kmslegal.com>
**Subject:** Re: (610-2) Assif, Joshua v. County of Los Angeles / Request for W-9s

Can I get the courtesy of a response please?

---

LAW OFFICE OF
THOMAS M. FERLAUTO
A PROFESSIONAL LAW CORPORATION

DIRECT DIAL 310-849-7554

25201 PASEO DE ALICIA, SUITE 270
LAGUNA HILLS, CA  92653
PHONE: 949-334-8650
FACSIMILE: 949-334-8691

EMAIL: TMF@LAWOFFICETMF.COM
WEBSITE: WWW.LAWOFFICETMF.COM

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

---

On Feb 14, 2024, at 9:08 AM, Thomas Ferlauto <tmf@lawofficetmf.com> wrote:

Counsel:

It has now been six months, and more than 180 days, since the fully executed settlement agreement was delivered to defendants.

Can we please be provided with an update on the efforts to complete this settlement and when Plaintiff can expect performance?

Thank you,

Thomas M. Ferlauto

---

LAW OFFICE OF
THOMAS M. FERLAUTO
A PROFESSIONAL LAW CORPORATION

DIRECT DIAL 310-849-7554

25201 PASEO DE ALICIA, SUITE 270
LAGUNA HILLS, CA  92653
PHONE: 949-334-8650
FACSIMILE: 949-334-8691

EMAIL: TMF@LAWOFFICETMF.COM
WEBSITE: WWW.LAWOFFICETMF.COM

The information contained in this e-mail message is information protected by attorney-client and/or attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

---

On Dec 20, 2023, at 9:57 AM, Patrick Stockalper <pstockalper@kmslegal.com> wrote:

Agreed

Get Outlook for iOS

---

**From:** Molshree Gupta <mgupta@kmslegal.com>
**Sent:** Wednesday, December 20, 2023 9:56:54 AM
**To:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Cc:** Arlene King <aking@kmslegal.com>; Philip Cohen <pcohen@pcohenlaw.com>; Patrick Stockalper <pstockalper@kmslegal.com>; Barbara Ezra <bezra@kmslegal.com>; Maria L. Nixon <mnixon@kmslegal.com>
**Subject:** RE: (610-2) Assif, Joshua v. County of Los Angeles / Request for W-9s

Any assertion that the County is "sitting" on the settlement is speculative (and not true at all).  There is a consuming and comprehensive corrective action and internal review process, which is ongoing.

<image001.jpg>

Molshree Gupta
Partner
**KJAR, McKENNA & STOCKALPER, LLP**

---

**From:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Sent:** Wednesday, December 20, 2023 9:45 AM
**To:** Molshree Gupta <mgupta@kmslegal.com>
**Cc:** Arlene King <aking@kmslegal.com>; Philip Cohen <pcohen@pcohenlaw.com>; Patrick Stockalper <pstockalper@kmslegal.com>; Barbara Ezra <bezra@kmslegal.com>; Maria L. Nixon <mnixon@kmslegal.com>
**Subject:** Re: (610-2) Assif, Joshua v. County of Los Angeles / Request for W-9s

What has been done and when was it done?

Exhibit 4 - 9

That provision was not carte blanche to sit on the settlement for five months, which is what appears happened.

Thank you,

Tom

LAW OFFICE OF
THOMAS M. FERLAUTO
A PROFESSIONAL LAW CORPORATION

DIRECT DIAL 310-849-7554

25201 PASEO DE ALICIA, SUITE 270
LAGUNA HILLS, CA 92653
PHONE: 949-334-8650
FACSIMILE: 949-334-8691

EMAIL: TMF@LAWOFFICETMF.COM
WEBSITE: WWW.LAWOFFICETMF.COM

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

On Dec 20, 2023, at 9:41 AM, Molshree Gupta <mgupta@kmslegal.com> wrote:

Good morning, Counsel:

As contemplated by the Settlement Agreement ("In order to comply with the Brown Act, it is understood and anticipated that this process will take a minimum of 180 days from the date that the executed copy of this release is provided to the County by the Plaintiff"), we anticipate this will be wrapped up by March/April 2024.

We are still only 130 days past execution, well away from the minimum 180 days contemplated by the Agreement.

Your patience and professionalism moving forward are appreciated.

Thanks,

<image001.jpg>

Molshree Gupta
Partner
**KJAR, McKENNA & STOCKALPER, LLP**

**From:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Sent:** Wednesday, December 20, 2023 9:20 AM
**To:** Arlene King <aking@kmslegal.com>
**Cc:** Philip Cohen <pcohen@pcohenlaw.com>; Patrick Stockalper <pstockalper@kmslegal.com>; Molshree Gupta <mgupta@kmslegal.com>; Barbara Ezra <bezra@kmslegal.com>; Maria L. Nixon <mnixon@kmslegal.com>
**Subject:** Re: (610-2) Assif, Joshua v. County of Los Angeles / Request for W-9s

WTF does that mean?  2024?  2025?

What exactly has been done over the past 5 months?

Any intentional delay would be a breach of the settlement.

Sincerely,

Tom

LAW OFFICE OF
THOMAS M. FERLAUTO
A PROFESSIONAL LAW CORPORATION

DIRECT DIAL 310-849-7554

25201 PASEO DE ALICIA, SUITE 270
LAGUNA HILLS, CA 92653
PHONE: 949-334-8650
FACSIMILE: 949-334-8691

EMAIL: TMF@LAWOFFICETMF.COM
WEBSITE: WWW.LAWOFFICETMF.COM

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

On Dec 20, 2023, at 9:12 AM, Arlene King <aking@kmslegal.com> wrote:

Hi Mr. Ferlauto:

We have been advised that the LASD continues to work on its internal review procedures which need to be completed before the matter can undergo further County review/approval for scheduling with the Claims Board, and then the Board of Supervisors.

We will be sure to forward any updates received from the County.

Thank you.

Arlene

**From:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Sent:** Friday, December 8, 2023 4:40 PM

Exhibit 4 – 10

Sent: Friday, December 8, 2023 4:46 PM
To: Arlene King <aking@kmslegal.com>
Cc: Philip Cohen <pcohen@pcohenlaw.com>; Patrick Stockalper <pstockalper@kmslegal.com>; Molshree Gupta <mgupta@kmslegal.com>; Barbara Ezra <bezra@kmslegal.com>; Maria L. Nixon <mnixon@kmslegal.com>
Subject: Re: (610-2) Assif, Joshua v. County of Los Angeles / Request for W-9s

Just following up again.

Any update as to when we can expect the settlement to be fulfilled?

Thanks,

Tom

---

LAW OFFICE OF
THOMAS M. FERLAUTO
A PROFESSIONAL LAW CORPORATION

DIRECT DIAL 310-849-7554

25201 PASEO DE ALICIA, SUITE 270
LAGUNA HILLS, CA 92653
PHONE: 949-334-8650
FACSIMILE: 949-334-8691

EMAIL: TMF@LAWOFFICETMF.COM
WEBSITE: WWW.LAWOFFICETMF.COM

The information contained in this e-mail message is information protected by attorney-client and/or the attorney-work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

> On Nov 13, 2023, at 11:17 AM, Arlene King <aking@kmslegal.com> wrote:
>
> Hi Mr. Ferlauto:
>
> We are checking and will let you know when we receive an update.
>
> Thank you.
>
> Arlene
>
> From: Thomas Ferlauto <tmf@lawofficetmf.com>
> Sent: Monday, November 13, 2023 10:22 AM
> To: Arlene King <aking@kmslegal.com>
> Cc: Philip Cohen <pcohen@pcohenlaw.com>; Patrick Stockalper <pstockalper@kmslegal.com>; Molshree Gupta <mgupta@kmslegal.com>; Barbara Ezra <bezra@kmslegal.com>; Maria L. Nixon <mnixon@kmslegal.com>
> Subject: Re: (610-2) Assif, Joshua v. County of Los Angeles / Request for W-9s
>
> Following up again.  Please let us know where we are on this settlement.  Any estimate as to when the check will be processed?
>
> Thanks,
>
> Tom
>
> ---
>
> LAW OFFICE OF
> THOMAS M. FERLAUTO
> A PROFESSIONAL LAW CORPORATION
>
> DIRECT DIAL 310-849-7554
>
> 25201 PASEO DE ALICIA, SUITE 270
> LAGUNA HILLS, CA 92653
> PHONE: 949-334-8650
> FACSIMILE: 949-334-8691
>
> EMAIL: TMF@LAWOFFICETMF.COM
> WEBSITE: WWW.LAWOFFICETMF.COM
>
> The information contained in this e-mail message is information protected by attorney-client and/or the attorney-work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

>> On Oct 27, 2023, at 11:05 AM, Thomas Ferlauto <tmf@lawofficetmf.com> wrote:
>>
>> Arlene:
>>
>> You should have Mr. Cohen's W-9 by now.  Let me know if you need anything else.  Also, please provide us with an updated estimate as to when the check will be processed.
>>
>> Thank you,
>>
>> Tom
>>
>> --

Exhibit 4 - 11

LAW OFFICE OF
THOMAS M. FERLAUTO
A PROFESSIONAL LAW CORPORATION

DIRECT DIAL 310-849-7554

25201 PASEO DE ALICIA, SUITE 270
LAGUNA HILLS, CA 92653
PHONE: 949-334-8650
FACSIMILE: 949-334-8691

EMAIL: TMF@LAWOFFICETMF.COM
WEBSITE: WWW.LAWOFFICETMF.COM

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

On Oct 23, 2023, at 2:48 PM, Arlene King <aking@kmslegal.com> wrote:

Following up again. Mr. Cohen, can you please forward your W-9 so we can provide for check processing?  Thank you.

Arlene

**From:** Arlene King
**Sent:** Tuesday, October 17, 2023 8:47 AM
**To:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Cc:** Philip Cohen <pcohen@pcohenlaw.com>; Patrick Stockalper <pstockalper@kmslegal.com>; Molshree Gupta <mgupta@kmslegal.com>; Barbara Ezra <bezra@kmslegal.com>; Maria L. Nixon <mnixon@kmslegal.com>
**Subject:** RE: (610-2) Assif, Joshua v. County of Los Angeles / Request for W-9s

Thank you, Mr. Ferlauto.  We still need Mr. Cohen's W-9.  When we have both W-9s, we will forward on for further processing and check if there is any update at this time.

Thanks.

Arlene

**From:** Thomas Ferlauto <tmf@lawofficetmf.com>
**Sent:** Tuesday, October 17, 2023 8:33 AM
**To:** Arlene King <aking@kmslegal.com>
**Cc:** Philip Cohen <pcohen@pcohenlaw.com>; Patrick Stockalper <pstockalper@kmslegal.com>; Molshree Gupta <mgupta@kmslegal.com>; Barbara Ezra <bezra@kmslegal.com>; Maria L. Nixon <mnixon@kmslegal.com>
**Subject:** Re: (610-2) Assif, Joshua v. County of Los Angeles / Request for W-9s

Here is the W-9 for my firm.

What is the current estimate for completion of this settlement.

Thank you,

Thomas M. Ferlauto

LAW OFFICE OF
THOMAS M. FERLAUTO
A PROFESSIONAL LAW CORPORATION

DIRECT DIAL 310-849-7554

25201 PASEO DE ALICIA, SUITE 270
LAGUNA HILLS, CA  92653
PHONE: 949-334-8650
FACSIMILE: 949-334-8691

EMAIL: TMF@LAWOFFICETMF.COM
WEBSITE: WWW.LAWOFFICETMF.COM

The information contained in this e-mail message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this e-mail or any other reader of the e-mail is not the name recipient or any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please delete it immediately.

On Oct 12, 2023, at 1:40 PM, Arlene King <aking@kmslegal.com> wrote:

Hello:

Exhibit 4 - 12

Following up, can you please forward your W-9 forms?  Thank you.

Arlene

**From:** Arlene King
**Sent:** Wednesday, October 11, 2023 3:05 PM
**To:** tmf@lawofficetmf.com; pcohen@pcohenlaw.com
**Cc:** Patrick Stockalper <pstockalper@kmslegal.com>; Molshree Gupta <mgupta@kmslegal.com>; Barbara Ezra <bezra@kmslegal.com>; Maria L. Nixon <mnixon@kmslegal.com>
**Subject:** (610-2) Assif, Joshua v. County of Los Angeles / Request for W-9s

Dear Counsel:

Please forward a copy of your respective 2023 W-9 forms as soon as possible for processing purposes.

Thank you.

<image001.png>
Arlene King
Legal Assistant
**KJAR, McKENNA & STOCKALPER LLP**
841 Apollo Street, Suite 100
El Segundo, CA 90245
(424) 217-3026 – Telephone
(424) 367-0400 – Facsimile
(424) 217-3065 – Direct Dial
aking@kmslegal.com
www.kmslegal.com

THIS MESSAGE IS CONFIDENTIAL INTENDED FOR THE NAMED RECIPIENT(S) AND MAY CONTAIN INFORMATION THAT IS (I) PROPRIETARY TO THE SENDER, AND/OR, (II) PRIVILEGED, CONFIDENTIAL, AND/OR OTHERWISE EXEMPT FROM DISCLOSURE UNDER APPLICABLE STATE AND FEDERAL LAW, INCLUDING, BUT NOT LIMITED TO, PRIVACY STANDARDS IMPOSED PURSUANT TO THE FEDERAL HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 ("HIPAA"). IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR BY TELEPHONE AT 424-217-3026 AND DESTROY THE ORIGINAL TRANSMISSION AND ITS ATTACHMENTS WITHOUT READING OR SAVING THEM TO DISK. THANK YOU

Exhibit 4 – 13