PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,<br><br>Defendants. | Case No.: 2:22-cv-05367 RGK(MAAx)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT**<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br><br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

**TO THE HON. R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE:**

Defendants submit this Opposition to Plaintiffs' Motion to Enforce Settlement (ECF #110, filed October 15, 2024).

///

///

1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT

## I. INTRODUCTION

Plaintiff's Motion to Enforce is improper, as Plaintiff cannot establish Defendants' breach or failure to comply, *actual or anticipatory*, with their obligations under the subject settlement agreement. Plaintiff's Motion also misrepresents Defendants' diligence with respect to compliance with the settlement terms, and further misrepresents defense counsel's routine communication with Plaintiff's counsel with respect to the status of settlement approval.

Notably, Plaintiff concedes that he knew when he agreed to dismiss this case (*by and through his counsel of record*) that the settlement agreement was "conditional", and "subject to the approval of the Los Angeles County Contract Cities Board and the County of Los Angeles Board of Supervisors." (Motion, ECF # 110, at 3:14-28.) Plaintiff further concedes that he knew when he signed the "formal written settlement agreement … that the process of securing the necessary [County Board] approvals 'will take a minimum of 180 days…'." (*Id.* at 4:1-4.)

## II. STATEMENT OF FACTS

On July 25, 2023, the parties agreed to dismiss the action, pending execution of settlement agreement and completion of settlement - in lieu of proceeding with a Trial that day. (Motion, ECF # 110, at 3:14-28.) Plaintiff returned the executed the formal Settlement Agreement on August 14, 2023. (*Id.* at 4:7-9.)

### A. Routine Defense Updates to Plaintiff re: Status of Settlement Approval

Starting in mid-October of 2023, Plaintiff's counsel began to routinely inquire regarding the status of settlement completion with defense counsel. (Gupta Decl., ¶ 5.)

On December 20, 2023, defense counsel advised Plaintiff's counsel that "that the LASD continues to work on its internal review procedures which need to be completed before the matter can undergo further County review/approval." (Gupta Decl., ¶ 6.) Plaintiff's counsel immediately responded with "WTF does that mean?... Any intentional delay would be a breach of the settlement." (Gupta Decl., ¶ 6.) Upon reminder from defense counsel regarding the settlement terms pertaining to the approval process,

Plaintiff's counsel responded with his suspicion that Defendants have chosen to "sit on the settlement for five months." (Gupta Decl., ¶ 6.) Defense counsel immediately responded to advise Plaintiff's counsel regarding the County's requisite, "consuming and comprehensive corrective action and internal review process." (Gupta Decl., ¶ 6.)

In February of 2024, defense counsel advised Plaintiff's counsel that "LASD Risk Management anticipates having their internal required documentation completed in March." (Gupta Decl., ¶ 7.) However, by May of 2024, defense counsel learned that structural changes and staffing challenges at the LASD Risk Management Bureau resulted in a backlog of pending corrective action plans, and that the foregoing may cause the Bureau to be unable to complete the subject corrective action plan until June of 2024. (Gupta Decl., ¶ 8.) In May of 2024, defense counsel wrote to Plaintiff's counsel to explain the backlog. (Gupta Decl., ¶ 9.) In June of 2024, defense counsel advised Plaintiff's counsel that the subject corrective action plan was anticipated to be complete within 3-4 weeks. (Gupta Decl., ¶ 10.) In August of 2024, defense counsel apologized for the unintentional delay in completion of the corrective action plan due to unanticipated backlog, and updated Plaintiff's counsel that the completed corrective action plan was being circulated for final approval. (Gupta Decl., ¶ 11.) On October 7, 2024, defense counsel again updated Plaintiff's counsel that the settlement funds were anticipated to be disbursed by December of 2024. (Gupta Decl., ¶ 12.)

### B. The Subject Delay Was Not Anticipated at the Time of Settlement

In March of 2023, the LASD Risk Management Bureau, previously under the Professional Standards Division, became part of the Office of Constitutional Policing. (Gupta Decl., ¶ 13.) At that time, a new format and structure of the Corrective Action Plans were implemented within the Department. (Gupta Decl., ¶ 13.) With said change, the format and structure of Corrective Action Plans required all earlier pending plans to be revised. (Gupta Decl., ¶ 13.) The foregoing changes structural changes, in addition to staffing challenges, resulted in a backlog of over fifteen (15) pending CAP/SCAPs and three (3) court orders. (Gupta Decl., ¶ 14.) The LASD Risk Management Bureau

3

was unable to complete the CAP/SCAP in this action prior to August 2024 due to the aforementioned backlog.  (Gupta Decl., ¶ 14.)

However, in August of 2023, defense counsel was not aware that the foregoing structural changes and other challenges would impact the rate at which the Department would be able to complete the backlog of pending CAP/SCAPs.  (Gupta Decl., ¶ 15.)  At that time, defense counsel reasonably believed that the CAP/SCAP would be completed, reviewed and executed, and that the County's settlement approval process should thereafter be completed by Spring 2024.  (Gupta Decl., ¶ 15.)  Defendants did not intend to make any misrepresentation to Plaintiff or to the Court regarding the timeline of the completion of the settlement approval process, and any unintentional misrepresentation was due to inadvertent, *but good faith*, belief.  (Gupta Decl., ¶ 16.)

## C. Defendants Did Not Breach the Settlement Agreement

Despite Plaintiff's accusations of intentional delay and purported breach starting in December of 2023, Defendants have been working to comply with the Settlement Agreement, as established above.  As part of Defendants' efforts, defense counsel routinely updated Plaintiff's counsel regarding the status of completion of the various approval steps, and advised regarding the reasons for the unintentional delay.

On October 8, 2024, defense counsel advised Plaintiff's counsel that the subject settlement "was approved by the [Los Angeles County] Contract Cities Claims Board on October 2, 2024," and that the "settlement is on the Public Safety Cluster Agenda Review (CAR) for November 13, 2024."  (Gupta Decl., ¶ 17.)  Defense counsel further advised that the settlement is anticipated "to be placed on the Board of Supervisors agenda for December 2024."  (Gupta Decl., ¶ 17.)

During a conference with Plaintiff's counsel on October 8, 2024, defense counsel again communicated the reasons for the delay in the settlement approval process in response to Plaintiff's counsel's accusations of intentional delay.  (Gupta Decl., ¶ 18.) As such, Defendants pled with Plaintiff to refrain from the subject Motion - as there was

no intended breach by Defendants and the parties were at the "last steps of settlement approval." (Gupta Decl., ¶ 18.)

## III. ARGUMENT

### A. Plaintiff Has Failed to Show that Defendants Have Breached the Settlement Agreement

"[A] motion to enforce [a] settlement agreement essentially is an action to specifically enforce a contract." *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989). Therefore, the doctrine of substantial compliance, or substantial performance, may be employed. *Jeff D. v. Otter*, 643 F.3d 278, 283–84 (9th Cir. 2011) (internal citation omitted).

Plaintiff's Motion is devoid of any argument that Defendants have (*actually or effectively*) breached the Settlement Agreement. Notably, Plaintiff concedes that the Settlement Agreement in this case warned Plaintiff that the requisite settlement approval process "will take a ***minimum* of 180 days**…" (Motion, ECF # 110, at 4:2-4 (emphasis added).) Given the foregoing express term of the Settlement Agreement, Plaintiff cannot show that completion of the settlement approval process in more than 180 days is a breach of the Settlement Agreement.

Moreover, as established above, Defendants did not, and do not, intend to effectively breach the Settlement Agreement. Rather, as shown above, Defendants have been making efforts to complete the County's settlement approval process. The delay in completion of the settlement approval was unanticipated by Defendants at the time of the settlement, and wholly unintentional. Nevertheless, Defendants have substantially complied with the terms of the Settlement Agreement by continuing to work on the settlement approval, which is currently in the very last steps.

Based on the foregoing, Plaintiff cannot establish that Defendants have not substantially complied with the Settlement Agreement, or that Defendants are in anticipatory breach of the Settlement Agreement.

### B. Plaintiff's Requested Sanctions Are Improper

Plaintiff's Motion concedes that sanctions are allowed where the Court finds evidence of contempt or willful breach. (Motion, ECF # 110, at 5:20-22.) Here, the parties engaged in good faith negotiation, subject to which Plaintiff agreed that settlement in this matter was contingent on County approval, was advised as to the settlement approval process, and agreed in writing that the process will take a minimum of 180 days.

As established above, there has been no breach, rescission, or "change of heart" by Defendants with respect to the terms of the Settlement Agreement. Instead, Defendants have worked to comply with the terms by completing the requisite settlement approval process. As such, Defendants have engaged in no "bad faith" conduct which should subject them to Court sanctions.

## IV. CONCLUSION

Defendants (and the County) will continue to work expeditiously through the settlement approval process. As such, Plaintiff has failed to show that Defendants are in breach of the Settlement Agreement, or subject to Court sanctions. Based on the foregoing, Defendants respectfully request that this Court deny Plaintiff's Motion to Enforce, and allow the parties to continue working to realize the anticipated settlement approval.

Dated: October 28, 2024        KJAR, MCKENNA & STOCKALPER, LLP

By: _____
PATRICK E. STOCKALPER
MOLSHREE GUPTA
Attorneys for Defendants,
COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On October 28, 2024, I served the foregoing document described as **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

**By Mail**  I caused such envelope(s) to be deposited in the mail at El Segundo, California.  The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX  **By Email** Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List.  My email address is mnixon@kmslegal.com.

**By Personal Service** I caused such document to be Personally Served on the parties listed in the Service List.

XX  **State**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 28, 2024, at El Segundo, California.

_____
Maria Nixon

# SERVICE LIST

**Assiff, Joshua vs. County of Los Angeles, et al.**
Central District- Case No.: 2:22-cv-05367 RGK(MAAx)

| | |
|---|---|
| Thomas M. Ferlauto, Esq.<br>Law Office of Thomas M. Ferlauto, APC<br>25201 Paseo de Alicia, Ste. 270<br>Laguna Hills, CA 92653<br>EM: tmf@lawofficetmf.com | Attorney for Plaintiff,<br>**JOSHUA ASSIFF** |