PATRICK E. STOCKALPER, SBN 156954
MOLSHREE GUPTA, SBN 275101
KJAR, MCKENNA & STOCKALPER, LLP
841 Apollo Street, Suite 100
El Segundo, California 90245
Telephone (424) 217-3026
Facsimile (424) 367-0400
pstockalper@kmslegal.com
mgupta@kmslegal.com

Attorneys for Defendants,
**COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY**
*(Defendants is exempt from filing fees pursuant to Government Code § 6103)*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ASSIFF,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; SHERIFF DEPUTY BADGE NUMBER 404532; And DOES 1 through 10,<br><br>Defendants. | Case No.: 2:22-cv-05367 RGK(MAAx)<br><br>**DECLARATION OF MOLSHREE GUPTA IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT**<br><br>Action Filed: August 3, 2022<br>Pretrial Conference: July 10, 2023<br>Trial Date: July 25, 2023<br><br>Assigned to:<br>Hon. R. Gary Klausner, District Judge<br>Courtroom 850<br><br>All Discovery Matters Referred to:<br>Hon. Maria A. Audero, District Judge |

## DECLARATION OF MOLSHREE GUPTA

I, Molshree Gupta, declare as follow:

1. I am an attorney at law duly licensed to practice as such before all the courts of the State of California and am a partner in the law offices of Kjar, McKenna & Stockalper, LLP, attorneys of record for Defendants, COUNTY OF LOS ANGELES and SERGEANT TRAVIS KELLY.

2. This declaration is made in support of Defendant's Opposition to Plaintiff's Motion to Enforce Settlement.

3. On July 25, 2023, the parties agreed to dismiss the action, pending execution of settlement agreement and completion of settlement - in lieu of proceeding with a Trial that day.

4. The settlement in this case was contingent upon the County of Los Angeles approval process. The Settlement Agreement in this case was executed on August 14, 2023.

5. Starting in mid-October of 2023, Plaintiff's counsel began to routinely inquire regarding the status of settlement completion with defense counsel. See **Exhibit A**.

6. On December 20, 2023, defense counsel advised Plaintiff's counsel that "that the LASD continues to work on its internal review procedures which need to be completed before the matter can undergo further County review/approval." See **Exhibit A**. Plaintiff's counsel immediately responded with "WTF does that mean?... Any intentional delay would be a breach of the settlement." See *id.* Upon reminder from defense counsel regarding the settlement terms pertaining to the approval process, Plaintiff's counsel responded with his suspicion that Defendants have chosen to "sit on the settlement for five months." See *id.* Defense counsel immediately responded to advise Plaintiff's counsel regarding the County's requisite, "consuming and comprehensive corrective action and internal review process." See *id.*

7. In February of 2024, defense counsel advised Plaintiff's counsel that "LASD Risk Management anticipates having their internal required documentation completed in March."

8. However, by May of 2024, defense counsel learned that structural changes and staffing challenges at the LASD Risk Management Bureau resulted in a backlog of pending corrective action plans, and that the foregoing may cause the Bureau to be unable to complete the subject corrective action plan until June of 2024. In May of 2024, defense counsel wrote to Plaintiff's counsel to explain the backlog. See **Exhibit B**.

10. In June of 2024, defense counsel advised Plaintiff's counsel that the subject corrective action plan was anticipated to be complete within 3-4 weeks. See **Exhibit B**.

11. In August of 2024, defense counsel apologized for the unintentional delay in completion of the corrective action plan due to unanticipated backlog, and updated Plaintiff's counsel that the completed corrective action plan was being circulated for final approval. See **Exhibit B**.

12. On October 7, 2024, defense counsel again updated Plaintiff's counsel that the settlement funds were anticipated to be disbursed by December of 2024. See **Exhibit B**.

13. In March of 2023, the LASD Risk Management Bureau, previously under the Professional Standards Division, became part of the Office of Constitutional Policing. See *concurrently filed* **Declaration of Lieutenant Roth**. At that time, a new format and structure of the Corrective Action Plans were implemented within the Department. See *id.* With said change, the format and structure of Corrective Action Plans required all earlier pending plans to be revised. See *id.*

14. The foregoing changes structural changes, in addition to staffing challenges, resulted in a backlog of over fifteen (15) pending CAP/SCAPs and three (3) court orders. The LASD Risk Management Bureau was unable to complete the CAP/SCAP in this

Case 2:22-cv-05367-RGK-MAA    Document 113-2    Filed 10/28/24    Page 4 of 6    Page ID #:4188

action prior to August 2024 due to the aforementioned backlog.

15. However, in August of 2023, defense counsel was not aware that the foregoing structural changes and other challenges would impact the rate at which the Department would be able to complete the backlog of pending CAP/SCAPs. At that time, defense counsel reasonably believed that the CAP/SCAP would be completed, reviewed and executed, and that the County's settlement approval process should thereafter be completed by Spring 2024.

16. Defendants did not intend to make any misrepresentation to Plaintiff or to the Court regarding the timeline of the completion of the settlement approval process, and any unintentional misrepresentation was due to inadvertent, *but good faith*, belief.

17. On October 8, 2024, defense counsel advised Plaintiff's counsel that the subject settlement "was approved by the [Los Angeles County] Contract Cities Claims Board on October 2, 2024," and that the "settlement is on the Public Safety Cluster Agenda Review (CAR) for November 13, 2024." See **Exhibit C**. Defense counsel further advised that the settlement is anticipated "to be placed on the Board of Supervisors agenda for December 2024." See *id.*

18. During a conference with Plaintiff's counsel on October 8, 2024, defense counsel again communicated the reasons for the delay in the settlement approval process in response to Plaintiff's counsel's accusations of intentional delay. As such, Defendants pled with Plaintiff to refrain from the subject Motion - as there was no intended breach by Defendants and the parties were at the "last steps of settlement approval." See **Exhibit C**.

I declare under penalty of perjury under the laws of the State California that the foregoing is true and correct.

Executed on October 28, 2024, at Los Angeles, California.

_____
Molshree Gupta

4
DECLARATION OF MOLSHREE GUPTA IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 841 Apollo Street, Suite 100, El Segundo, California 90245.

On October 28, 2024, I served the foregoing document described as **DECLARATION OF MOLSHREE GUPTA IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT** on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

**By Mail** I caused such envelope(s) to be deposited in the mail at El Segundo, California. The envelope was mailed with postage thereon fully prepaid and addressed to the parties listed on the Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

XX **By Email** Based upon a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in the Service List. My email address is mnixon@kmslegal.com.

**By Personal Service** I caused such document to be Personally Served on the parties listed in the Service List.

XX **State** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 28, 2024, at El Segundo, California.

Maria Nixon

DECLARATION OF MOLSHREE GUPTA IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT

## SERVICE LIST

**Assiff, Joshua vs. County of Los Angeles, et al.**
Central District- Case No.: 2:22-cv-05367 RGK(MAAx)

| | |
|---|---|
| Thomas M. Ferlauto, Esq.<br>Law Office of Thomas M. Ferlauto, APC<br>25201 Paseo de Alicia, Ste. 270<br>Laguna Hills, CA 92653<br>EM: tmf@lawofficetmf.com | Attorney for Plaintiff,<br>**JOSHUA ASSIFF** |

DECLARATION OF MOLSHREE GUPTA IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT