UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-05367-RGK-MAA | Date | November 25, 2024 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Motion to Enforce Settlement and Sanctions for Delay [DE 112]

## I. INTRODUCTION

On July 25, 2023, Plaintiff Joshua Assiff and Defendants County of Los Angeles (the "County") and Travis Kelly agreed to dismiss this action pending execution of a settlement agreement. On July 28, 2023, the Court dismissed the case but retained jurisdiction over the settlement. (ECF No. 109.) Plaintiff has not received the payment contemplated by the settlement agreement for over a year. (Mot., ECF No. 112). Accordingly, he filed the instant Motion on October 16, 2024.

For the foregoing reasons, the Motion is **DENIED**.

## II. JUDICIAL STANDARD

Federal courts "have no inherent power to enforce settlement agreements entered into by parties litigating before them." *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1268 (9th Cir.1996) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). Courts have ancillary jurisdiction to enforce a settlement agreement only "if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Kokkonen*, 511 U.S. at 381.

Where "the dismissal order incorporates the settlement terms, or the court has retained jurisdiction over the settlement contract . . . the party seeking enforcement of the settlement agreement must allege a violation of the settlement agreement in order to establish ancillary jurisdiction." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1017 (9th Cir. 2007) (citing *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-05367-RGK-MAA | Date | November 25, 2024 |
|---|---|---|---|
| Title | *Joshua Assiff v. County of Los Angeles et al.* | | |

### III.  DISCUSSION

Although there is no dispute the Court retained jurisdiction over the settlement agreement in this case, Plaintiff has not demonstrated any breach thereof. Plaintiff argues he has not received the payment contemplated under the settlement agreement for "well over a year" and "has no faith that Defendants will ever conclude [the] settlement." (Mot. at 4.) However, Plaintiff concedes that the settlement agreement was conditioned on the County's approval. (*Id.* at 3.) Plaintiff also concedes that the express terms of the settlement agreement provided that the County's approval process would "take a *minimum of 180 days* . . . ." (*Id.* at 4 (emphasis added).) Because Plaintiff has not alleged any violation of the settlement agreement, the Court cannot enforce it.[1]

### IV.  CONCLUSION

Accordingly, the Court **DENIES** the Motion.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/aa |

---

[1] Plaintiff also asks that Defendants be sanctioned for their delay in performing under the settlement agreement. In support of this contention, Plaintiff cites various cases where a party was sanctioned for refusing to sign a written settlement that embodies terms orally agreed to before a court. (*See* Mot. at 5.) There is no similar conduct in this case. Regardless, the Court cannot glean any bad faith from Defendants' delay to justify sanctions. The Court recognizes that the delay in payment has been significant and frustrating, but the record indicates that Defendants have remained willing to perform and have kept Plaintiff apprised of the obstacles that have caused the delay.